Philip E. Cook (State Bar No. 149067)
  pcook@cooklawfirm.la
Brian J. Wright (State Bar No. 166753)
  bwright@cooklawfirm.la
THE COOK LAW FIRM, P.C.
601 S. Figueroa St, Suite 2050
Los Angeles, CA 90017
Telephone: (213) 988-6100
Facsimile: (213) 988-6099

Attorneys for Defendant
ROBERT PRUITT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA HUBBARD, *et al*., | Case No. 2:22-cv-07957-FLA-MAA |
| Plaintiffs, | Assigned to Honorable<br>Fernando L. Aenlle-Rocha |
| vs. | **DEFENDANT ROBERT PRUITT'S** |
| TRAMMELL S. CROW, JR., *et al*., | **NOTICE OF MOTION AND**<br>**MOTION TO DISMISS FOR LACK**<br>**OF PERSONAL JURISDICTION;** |
| Defendants. | **MEMORANDUM OF POINTS AND**<br>**AUTHORITIES** |
| | (Filed concurrently with Declaration of<br>Robert Pruitt and [Proposed] Order) |
| | Date:          Mar. 10, 2023<br>Time:         1:30 p.m.<br>Place:        Courtroom 6B |

1   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2   PLEASE TAKE NOTICE THAT ON March 10, 2023, at 1:30 p.m., or as

3   soon thereafter as the matter may be heard, before the Honorable Fernando L.

4   Aenlle-Rocha at the First Street Courthouse, 350 West 1st Street, Courtroom 6B,

5   6th Floor, Los Angeles, California 90012, Defendant Robert Pruitt will and hereby

6   does specially appear and move pursuant to Rule 12(b)(2) of the Federal Rules of

7   Civil Procedure for an order dismissing this action because the Court lacks personal

8   jurisdiction over this Defendant.

9   This Motion is based on the following grounds:

10   First, this District Court has neither general nor specific jurisdiction over

11   Mr. Pruitt. None of the traditional bases of personal jurisdiction is present here—

12   *i.e.,* physical presence, domicile, or consent. Nor do Plaintiffs allege any conduct by

13   Mr. Pruitt in California.

14   Second, nationwide jurisdiction is not appropriate under the RICO statute

15   relied upon by Plaintiffs (*i.e.,* 18 U.S.C. § 1965(b)). Justice does not require

16   nationwide jurisdiction, based upon the alleged California residency of a single

17   Defendant, particularly because an alternative forum (Texas) is available where

18   nearly all of the parties reside, where nearly all of the alleged conduct occurred and

19   where any witnesses to the acts alleged in the Complaint are likely to reside.

20   This Motion is based on this Notice of Motion and Motion, the attached

21   Memorandum of Points and Authorities, the concurrently filed Declaration of

22   Defendant Robert Pruitt, those matters of which the Court properly may take

23   judicial notice, on such further evidence and argument as may be presented to the

24   Court in further briefing and at oral argument at the hearing on this Motion, and on

25   the papers, records, and pleadings on file herein.

26   / / /

27   / / /

28   / / /

**DEFENDANT PRUITT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION;**
**CASE NO. 2:22-CV-07957-FLA-MAA**

1    This Motion is made following the conference of counsel pursuant to Local

2  Rule 7-3 which took place by telephone on January 25, 2023.

3   Dated:  February 1, 2023                    THE COOK LAW FIRM, P.C.

4

5                                              By:   */s/ Philip E. Cook*
                                                       Philip E. Cook
6
                                               Attorneys for Defendant
7                                              ROBERT PRUITT

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.    INTRODUCTION AND SUMMARY OF ARGUMENT ................................7

II.   SUMMARY OF PERTINENT ALLEGATIONS AND FACTS......................8

      A.  Brief summary of the Complaint....................................................8

      B.  Summary of residence allegations in the Complaint....................................9

      C.  Jurisdiction allegations in the Complaint ...................................................10

      D.  Allegations against Defendant Robert Pruitt............................................11

      E.  Declaration of Robert Pruitt .......................................................................11

III.  LEGAL DISCUSSION ............................................................................12

      A.  This Court cannot exercise personal jurisdiction over Defendant Pruitt. ..12

          1.  The Court lacks general jurisdiction over Defendant Pruitt. ..............12

          2.  The Court lacks specific jurisdiction over Defendant Pruitt. .............13

      B.  Nationwide jurisdiction does not apply here.............................................14

          1.  Plaintiffs do not satisfy the statutory standard for nationwide
              jurisdiction. ..........................................................................................14

          2.  The California residence of only one Defendant does not justify haling
              all Defendants to an inconvenient forum.............................................17

          3.  Nationwide jurisdiction is not warranted here....................................17

IV.   CONCLUSION........................................................................................18

CERTIFICATE RE WORD COUNT ...................................................................17

-4-

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Bristol-Myers Squibb Co. v. Superior Court*,
  582 U.S. __, 137 S.Ct. 1773 (2017) ................................................................. 12

*Brown v. Kerkhoff*,
  504 F.Supp.2d 464 (S.D. Iowa 2007) .............................................................. 16

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985) ......................................................................................... 13

*Butcher's Union Local No. 498, United Food & Commercial Workers
  v. SDC Inv., Inc.*,
  788 F.2d 535 (9th Cir. 1986) ...................................................................... 15, 16

*Doe v. Am. Nat'l Red Cross*,
  112 F.3d 1048 (9th Cir. 1997) ......................................................................... 13

*Eastman v. Initial Invs., Inc.*,
  827 F.Supp. 336 (E.D. Pa. 1993) ..................................................................... 16

*Goodyear Dunlop Tires Ops., S.A. v. Brown*,
  564 U.S. 915 (2011) ......................................................................................... 12

*High Adventure Ministries, Inc. v. Tayloe*,
  309 F.Supp.3d 461 (W.D. Ky. 2018) ............................................................... 16

*Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*,
  456 U.S. 694 (1982) ......................................................................................... 12

*Int'l Shoe Co. v. State of Wash.*,
  326 U.S. 310 (1945) ......................................................................................... 13

*J. McIntyre Mach., Ltd. v. Nicastro*,
  564 U.S. 873 (2011) ......................................................................................... 12

*Magic Toyota, Inc. v. Southeast Toyota Distrib., Inc.*,
  784 F.Supp. 306 (D.S.C.1992) ......................................................................... 16

*Omni Capital Int'l, Ltd. v. Rudolph Wolff & Co., Ltd.*,
    484 U.S. 97 (1987) ............................................................................ 12

*Shuman v. Computer Assocs. Int'l, Inc.*,
    762 F.Supp. 114 (E.D. Pa. 1991) ...................................................... 15

*Walden v. Fiore*,
    571 U.S. 277 (2014) .......................................................................... 13

*World-Wide Volkswagen Corp. v. Woodson*,
    444 U.S. 286 (1980) .......................................................................... 13

**Federal Statutes**

18 U.S.C. § 1962 ................................................................................... 10

18 U.S.C. § 1962(c) .............................................................................. 10

18 U.S.C. § 1962(d) .............................................................................. 10

18 U.S.C. § 1964 ................................................................................... 14

18 U.S.C. § 1965(b) ....................................................................7, 10, 15

**Other Authorities**

Fed. R. Civ. P. 12(b)(2) ........................................................................ 12

Fed. R. Civ. P. 4(k)(1)(A) ..................................................................... 12

-6-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION AND SUMMARY OF ARGUMENT

Despite Plaintiffs' improper attempt to select the Central District for strategic reasons, this action belongs (if anywhere) in Texas—not California. The Court should grant this Motion to Dismiss for Lack of Personal Jurisdiction.

The District Court in California has neither general nor specific jurisdiction over Defendant Robert Pruitt. None of the traditional bases of general personal jurisdiction is present here—*i.e.*, physical presence, domicile, or consent. Mr. Pruitt also lacks significant contacts with California and has no contacts with California related to the subject of the Complaint. Nor does the Complaint allege any conduct by Mr. Pruitt in California.

Plaintiffs allege that nationwide jurisdiction against the dozens of Texas defendants is appropriate here under the RICO jurisdictional statute. 18 U.S.C. § 1965(b). But Plaintiffs cannot satisfy the statutory standard—*i.e.*, the ends of justice do not "require" nationwide jurisdiction. Instead, a comprehensive review of the allegations set forth in the Complaint reveal that the "ends of justice" require that this action be prosecuted and defended in the State of Texas.

The Ninth Circuit applies a strict interpretation of the RICO jurisdictional statute, requiring a plaintiff to prove that a viable alternative forum *does not* exist. Here, an alternative forum is plainly available—*i.e.*, Texas. Plaintiffs themselves admit that twenty-five of the twenty-eight Defendants reside in Texas (Compl. [ECF No. 1], ¶¶ 62-89). Plaintiffs further admit that essentially all of the alleged conduct occurred there. Even the conduct of a single Defendant that allegedly occurred in California only manifested itself in Texas, according to the Complaint, which would be sufficient to establish personal jurisdiction in Texas as to all Defendants.

In a blatant act of forum-shopping, Plaintiffs—both of whom are Virginia residents—filed this action in California without any legitimate basis. For manifest

due process reasons, and because Plaintiffs cannot show that Texas is not an alternative forum, the Court should grant the Motion to Dismiss for Lack of Personal Jurisdiction.

## II.    SUMMARY OF PERTINENT ALLEGATIONS AND FACTS

The Complaint alleges the following facts pertaining to personal jurisdiction (which are taken as true for purposes of this Motion but remain subject to later challenge for factual accuracy):

### A. Brief summary of the Complaint

The gravamen of the Complaint is that Defendant Richard Hubbard ("Rick") "ran a sex and labor trafficking venture" in which he forced his wife Plaintiff Julia Hubbard (a former Texas nightclub waitress) and later his fiancée Plaintiff Kayla Goedinghaus to "engage in commercial sex acts" for Rick's financial benefit. (Compl., ¶¶ 1, 4, 167.) This "Venture" became an alleged illegal racketeering "Enterprise." (*Id.,* ¶ 6.) Apart from the conduct of Defendant Eller, discussed below, all of the conduct and work of the Enterprise occurred in Texas. (*Id.,* ¶ 332.) The Complaint alleges four counts against all Defendants for violation of Human Trafficking Laws, civil RICO racketeering, and civil RICO conspiracy.

This Enterprise included the following components (using the nomenclature from the Complaint):

- "Dr. Todd Eller and the Medical Doctor Defendants":  Rick used prescription medications to control Plaintiffs. (*Id.,* ¶¶ 7-16.) He obtained these medications through Dr. Eller, a psychologist residing in Santa Monica, California. Rick used Eller's written recommendations to get Texas doctors to write prescriptions for Plaintiffs. (*Id.,* ¶ 14.) These "Medical Doctor Defendants" all resided in Texas. (*Id.,* ¶ 305.) Dr. Eller, in turn, "submitted false affidavits and testimony to courts in Texas." (*Id.,* ¶ 304; *e.g.,* ¶ 132.)

- "Fixer Defendants," including a Texas Ranger who allegedly helped

-8-

threaten Hubbard. (*Id.,* ¶ 18.)

- "Investor Defendants," including Texas philanthropist Defendant Trammell S. Crow , Jr., and "eight other prominent Texas businessmen" who allegedly provided funds for the Venture. (*Id.,* ¶ 1.)
- "Labor Trafficking Defendants," who were managers "at a gentleman's club in Dallas, Texas." (*Id.,* ¶ 44.) These Defendants allegedly forced Plaintiffs to sell drugs at clubs in Texas. (*Id.,* ¶ 48.)
- A series of Texas companies that Rick founded to facilitate the processing of funds for the Venture, all of which were registered and domiciled in Texas. (*Id.,* ¶ 235.)
- Rick and Hubbard have apparently already litigated a number of their disputes in Texas courts, including an arrest for harassment and court actions for dissolution, custody and a restraining order. (*Id.,* ¶¶ 132-134, 304.)
- In other Texas court litigation, Plaintiff Goedinghaus had Rick arrested on harassment charges, following which she obtained a lifetime protection order against him. (*Id.,* ¶ 302.)

**B. Summary of residence allegations in the Complaint**

The following summarizes the residence allegations in the Complaint:

- In total, twenty-five (25) of the twenty-eight (28) named Defendants reside in Texas. (Compl., ¶¶ 62-89.)
- Defendant Rick resides in Texas. (*Id.,* ¶ 64.)
- Defendant Dr. Eller resides in California – the only alleged California resident. (*Id.,* ¶ 63.)
- All Medical Doctor Defendants reside in Texas (with one now incarcerated in North Carolina). (*Id.,* ¶¶ 65-68.)
- All Investor Defendants reside in Texas. (*Id.,* ¶¶ 62, 69-72, 74-77.)
- All five Labor Trafficking Defendants reside in Texas (except for one

Delaware corporation that owns the Texas gentleman's club). (*Id.*, ¶¶ 44, 78-81.)

• All Defendant companies formed by Rick for the Venture are limited liability companies registered in Texas. (*Id.*, ¶¶ 85-89.)

• Defendants Shawn Mayer and Jade Mayer (Hubbard's former husband and his wife) reside in Texas. (*Id.*, ¶¶ 82-83.)

• All of the seven identified non-party persons reside in Texas. (*Id.*, ¶¶ 92-94.)

• Plaintiffs both reside in Virginia, not California. (*Id.*, ¶¶ 60-61.)

**C. Jurisdiction allegations in the Complaint**

The Complaint alleges the following basis for personal jurisdiction:

"53.   Venue is appropriate in the Central District of California as Defendant Eller resides and operates his business in the District and his acts were central to and essential to the work of the Venture described herein.

\*        \*        \*

"58    This Court has personal jurisdiction over the parties, as the actions that constitute the violations of 18 U.S.C. § 1962(c) and (d) were made possible by the acts of Defendant Eller, which occurred in this District. Further, the Court has personal jurisdiction over each Defendant because each Defendant who does not reside in this District purposefully availed themselves of the legal protection of the State of California and purposefully directed business to this State.

"59.   Moreover, nationwide service of process is conferred by 18 U.S.C. § 1965(b) for violations of 18 U.S.C. § 1962 as long as the Court has personal jurisdiction over at least one party."

(Compl., ¶¶ 53, 58-59.)

-10-

**D. Allegations against Defendant Robert Pruitt**

The Complaint contains the following scant allegations against Mr. Pruitt, who is alleged to be one of the "Investor Defendants":

- Pruitt is the president of Data Center Equipment & Support, LLC. (*Id.,* ¶ 218.)

- "Pruitt provided financial support to the Venture, often in the form of paying for expenses at Rick's request, such as Rick's utility bill." (*Id.,* ¶ 219.)

- Mr. Pruitt employed Rick. An image of a 2016 Form 1099 shows payment to Rick of $100,059 in compensation. (*Id.,* ¶ 220.)

- Mr. Pruitt allegedly insisted that Rick send him naked photos of Hubbard. (*Id.,* ¶ 221.)

- During 2010-2017, it is alleged that "Rick would force Hubbard to sit in Pruitt's lap, while Pruitt would grope Hubbard, smell her hair, and kiss her cheek." (*Id.,* ¶¶ 222-223.)

- By their own allegations, Plaintiffs admit that any alleged conduct by Mr. Pruitt occurred solely in the State of Texas.

**E. Declaration of Robert Pruitt**

Mr. Pruitt's Declaration, filed concurrently in support of this Motion, confirms that there is no basis upon which this Court could exercise personal jurisdiction over him:

- Pruitt was served the Complaint in Texas.

- Pruitt's domicile and residence is in Texas.

- Pruitt never consented to California jurisdiction.

- Pruitt has never resided or owned or leased property in California.

- Pruitt has had no significant contacts with California.

- Pruitt has never used California courts or paid taxes in California.

-11-

As for the allegations of the Complaint, Mr. Pruitt never has interacted in California with Plaintiffs or any other party named in the litigation. All of Mr. Pruitt's limited interactions with Rick and Hubbard were in Texas.

## III.   LEGAL DISCUSSION

### A. This Court cannot exercise personal jurisdiction over Defendant Pruitt.

Rule 12(b)(2) of the Federal Rules of Civil Procedure permits a defendant to assert a defense by motion for lack of personal jurisdiction.

Personal jurisdiction is required whenever a judgment is sought that would impose an obligation on defendant personally—*e.g*., a judgment for money damages, as here. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 711 n.1 (1982). Further, federal courts do not ordinarily have nationwide personal jurisdiction. Rather, they have no broader power over persons outside the state in which they sit than do the local state courts. *Omni Capital Int'l, Ltd. v. Rudolph Wolff & Co., Ltd*., 484 U.S. 97, 104-05 (1987); Fed. R. Civ. P. 4(k)(1)(A).

Personal jurisdiction may be "general" or "specific." *Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. __, 137 S.Ct. 1773, 1785 (2017). For an individual, the paradigm of general (or "all-purpose") jurisdiction is the person's domicile. *Id*. Specific jurisdiction, in contrast, requires an "an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State." *Id.,* quoting *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 919 (2011).

### 1.  The Court lacks general jurisdiction over Defendant Pruitt.

The three bases for the exercise of general personal jurisdiction recognized since early common law are service within the state (physical presence), domicile, and consent. *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 880 (2011) (consent, domicile or presence reveal "a course of conduct, from which it is proper

-12-

1   to infer an intention to benefit from and thus an intention to submit to the laws of

2   the forum State").

3          As applied here, Mr. Pruitt's Declaration establishes that these traditional

4   bases of personal jurisdiction are not present here—*i.e.*, physical presence,

5   domicile, or consent. Mr. Pruitt was served the Complaint in Texas. His domicile is

6   in Texas. He has never consented to California jurisdiction. (Pruitt Decl., ¶¶ 2-4.)

7                **2.  The Court lacks specific jurisdiction over Defendant Pruitt.**

8          Nor did Pruitt have minimum contacts with California sufficient to establish

9   personal jurisdiction. Absent one of the traditional bases for personal jurisdiction

10  (presence, domicile or consent), due process requires that a defendant have "certain

11  minimum contacts with [the forum state] such that the maintenance of the suit does

12  not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v.*

13  *State of Wash.,* 326 U.S. 310, 316 (1945). The purpose of requiring minimum

14  contacts is to (1) protect the defendant against the burdens of litigating in a distant

15  or inconvenient forum, and (2) ensure that states do not reach out beyond the limits

16  of their sovereignty imposed by their status in a federal system. *World-Wide*

17  *Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980).

18         A defendant who is not "at home" in the forum state and thus not subject to

19  general or all-purpose jurisdiction may still be subject to jurisdiction on claims

20  related to its activities or contacts there. *Walden v. Fiore*, 571 U.S. 277, 283 n.6

21  (2014); *Int'l Shoe Co.*, 326 U.S. at 317. To establish specific jurisdiction, a plaintiff

22  must show that his or her claim arises out of or results from defendant's forum-

23  related contacts.

24         Plaintiff bears the burden on the first two factors ("purposeful" availment and

25  "arising out of"). If plaintiff establishes both factors, defendant must demonstrate a

26  "compelling case" that the exercise of jurisdiction would be "unreasonable." *Burger*

27  *King Corp. v. Rudzewicz,* 471 U.S. 462, 477 (1985). To determine whether the

28  claim "arises out of" the nonresident's forum-related activities, activities that are

-13-

1    deemed "too attenuated" do not satisfy the "but for" test. *Doe v. Am. Nat'l Red*
2    *Cross*, 112 F.3d 1048, 1051 (9th Cir. 1997).

3         Here, Mr. Pruitt's Declaration shows that he has had almost no contacts with
4    California. Those contacts he has had involve only limited familial and business
5    contacts, no evidence of any intent on Mr. Pruitt's part to maintain a residence or
6    place a business in California, or to otherwise avail himself of the benefits of
7    California law. (Pruitt Decl., ¶¶ 5-13, 22.) Even more pertinent here, those contacts
8    had nothing to do with the facts alleged in the Complaint, none of which "arose out
9    of" any of Mr. Pruitt's California contacts.

10        Finally, Plaintiffs allege in conclusory fashion that "each Defendant . . .
11   purposefully availed themselves of the legal protection of the State of California
12   and purposefully directed business to this State" (Compl. at ¶ 58) But this
13   boilerplate language lacks the factual support to satisfy Plaintiffs' burden.

14        **B. Nationwide jurisdiction does not apply here.**

15        Some federal statutes include a basis for nationwide jurisdiction, typically to
16   address in one forum a series of multistate wrongs. But nationwide service of
17   process remains limited by due process concerns of fairness and convenience, as the
18   RICO statute itself directs.

19        **1. Plaintiffs do not satisfy the statutory standard for nationwide**
20           **jurisdiction.**

21        Plaintiffs allege statutory nationwide jurisdiction under Section 1965(b) of
22   RICO, which provides as follows:

23        In any action under section 1964 of this chapter in any district court of
24        the United States in which it is shown that *the ends of justice require*
25        that other parties residing in any other district be brought before the
26        court, the court may cause such parties to be summoned, and process
27        for that purpose may be served in any judicial district of the United
28        States by the marshal thereof.

18 U.S.C. § 1965(b) (emphasis added). The Court must analyze whether a RICO plaintiff has fulfilled the requirements of Section 1965(b) in order to apply jurisdiction on a nationwide basis:

> Congress intended the "ends of justice" provision to enable plaintiffs to bring all members of a nationwide RICO conspiracy before a court in a single trial. . . . [T]he court must have personal jurisdiction over at least one of the participants in the alleged multidistrict conspiracy and the plaintiff must show that there is no other district in which a court will have personal jurisdiction over all of the alleged co-conspirators. . . .  Thus, *merely naming persons in a RICO complaint does not, in itself, make them subject to section 1965(b)'s nationwide service provisions*.

*Butcher's Union Local No. 498, United Food & Commercial Workers v. SDC Inv., Inc.*, 788 F.2d 535, 539 (9th Cir. 1986) (holding plaintiff "failed to allege a multidistrict conspiracy") (emphasis added). In other words, the Ninth Circuit requires a plaintiff to show that no other district would have personal jurisdiction over all of the alleged co-conspirators.

Following the Ninth Circuit's "rigid" test, a number of District Courts have rejected nationwide RICO jurisdiction because of the presence of an alternative forum:

- *Shuman v. Computer Assocs. Int'l, Inc.*, 762 F. Supp. 114, 117-18 (E.D. Pa. 1991) (weight of contacts underlying former employee's RICO claim pointed substantially and obviously to New Jersey as appropriate venue because former employee worked in New Jersey for New Jersey corporation where she claimed she was sexually harassed and alternatively defrauded and extorted sexual favors and she failed to identify any specific factor which would have suggested that ends of justice required defendants to appear elsewhere);

-15-

- *Eastman v. Initial Invs., Inc.*, 827 F.Supp. 336, 338-39 (E.D. Pa. 1993) (ends of justice would not be threatened by declining to exercise nationwide jurisdiction where venue was clearly proper in Texas as to Texas defendants);

- *High Adventure Ministries, Inc. v. Tayloe*, 309 F.Supp.3d 461, 473 (W.D. Ky. 2018) (applying *Butcher's Union* to reject nationwide jurisdiction under RICO "to hale two individual defendants across the country to a venue already deemed improper under the traditional specific jurisdiction analysis" absent a "nationwide conspiracy," *i.e.,* absent "overly complicated jurisdictional issues concerning numerous defendants across multiple states");

- *Magic Toyota, Inc. v. Southeast Toyota Distrib., Inc.,* 784 F.Supp. 306, 311-12 (D.S.C.1992) (noting Ninth Circuit's "rigid test" under *Butcher's Union* and holding alternative forum had personal jurisdiction over all defendants, and no evidence, other than convenience to plaintiff, "that justice requires haling" those persons to other district); and

- *Brown v. Kerkhoff*, 504 F.Supp.2d 464, 493-94 (S.D. Iowa 2007) (following *Butcher's Union* case, holding plaintiffs failed to show that an alternative forum did not exist).

The jurisdictional facts before the Court do not even begin to approach the level of justice *requiring* California jurisdiction. Instead, an alternative forum for this case exists in Texas. And based on their own allegations, Plaintiffs will not be able to show why Texas would not be a sufficient alternative forum. A Texas court would have personal jurisdiction over all of the Texas-resident Defendants—as well as Eller, given the allegations of his conduct in Texas, including transmitting false information to Texas courts and Texas medical doctors for their alleged treatment of Texas residents. (Compl. at ¶¶ 304-305.)

-16-

1        In addition, Plaintiff Hubbard and Rick Hubbard already have litigated

2    certain claims and issues between themselves in certain Texas courts (*Id.*, ¶¶ 132-

3    134), potentially vesting continuing jurisdiction in those courts (especially Texas

4    family courts) to adjudicate those parties' disputes.

5              **2.  The California residence of only one Defendant does not justify**

6              **haling all Defendants to an inconvenient forum.**

7        Plaintiffs try to base nationwide jurisdiction only on the California residence

8    of Eller. This is an insufficient basis. The Complaint vaguely alleges that Eller (a

9    psychologist) facilitated the Venture by providing the written basis for the

10   prescription medications that Rick used to control Hubbard. But this allegation is

11   insufficient for many reasons, including that (a) Eller's conduct does not appear to

12   be a central part of the Enterprise, which included all types of manipulation and

13   abuse of Plaintiffs; and (b) Eller did not even write the prescriptions at issue, which

14   all were allegedly written by Texas doctors.

15             **3.  Nationwide jurisdiction is not warranted here.**

16       The following considerations all militate against nationwide jurisdiction here.

17   Of course, Plaintiffs do not themselves reside in California. Nor have Plaintiffs

18   alleged a bona fide multistate conspiracy. To the contrary, the principal parties (*i.e.*,

19   Rick and Hubbard) have already litigated a number of related disputes in Texas

20   courts, including an arrest for harassment and court actions for dissolution, custody

21   and a restraining order.

22       Plaintiffs further allege that twenty-five (25) of the twenty-eight (28) named

23   Defendants reside in Texas and that nearly all of the alleged conduct occurred in

24   Texas. And beyond the thirty (30) named parties to this litigation, Plaintiffs do not

25   allege that any of the number of witnesses to the conduct alleged in the Complaint

26   that one might reasonably expect are currently located anywhere other than Texas

27   (including without limitation the seven Texas-based non-parties that are identified

28   in the Complaint).

-17-

1    Finally, the Complaint's sole allegations concerning California involve

2   Defendant Eller, and his alleged conduct in California was merely tangential to the

3   alleged Enterprise. On the extensive facts alleged, Plaintiffs' commencement of suit

4   in this Court is forum-shopping at its finest. Regardless, given Plaintiffs'

5   allegations that all of Eller's relevant communications were aimed at and caused an

6   impact in Texas, he would be subject to personal jurisdiction in Texas.

7   **IV.    CONCLUSION**

8    For all of the reasons set forth above, Defendant Robert Pruitt asks the Court

9   to grant this Motion to Dismiss for Lack of Personal Jurisdiction.

10   Dated:  February 1, 2023                Respectfully submitted,

11                                           THE COOK LAW FIRM, P.C.

12

13                                           By:  ___*/s/ Philip E. Cook*_____
                                                    Philip E. Cook

14                                           Attorneys for Defendant
                                             ROBERT PRUITT
15

16

17

18

19

20

21

22

23

24

25

26

27

28

-18-

**CERTIFICATE RE WORD COUNT**

The undersigned, counsel of record for Defendant Robert Pruitt, certifies that this brief contains approximately 3,196 words, as calculated by Microsoft Word Word-Count (exclusive of the caption, the table of contents, the table of authorities, the signature block, and this certification required by L.R. 11-6.2), which complies with the 7,000 word limit of Local Rule 11-6.1. Further, this brief contains only 13 pages, which complies with the page limit set by the December 5, 2022 Initial Standing Order entered in this case [ECF No. 24].

Dated:  February 1, 2023                    THE COOK LAW FIRM, P.C.


                                            By:  */s/ Philip E. Cook*
                                                     Philip E. Cook

                                            Attorneys for Defendant
                                            ROBERT PRUITT

-19-