John G. Balestriere*
Matthew W. Schmidt (Cal. Bar No. 302776)
**BALESTRIERE FARIELLO**
225 Broadway, 29th Floor
New York, New York 10007
Telephone: (415) 966-2656
Facsimile: (212) 208-2613
john.balestriere@balestrierefariello.com
matthew.schmidt@balestrierefariello.com
*Attorneys for Plaintiffs*
*\*Admitted Pro Hac Vice*

Anastasia Mazzella (Cal. Bar. No. 245201)
**KABATECK LLP**
633 West Fifth Street, Suite 3200
Los Angeles, California 90071
Telephone: (213) 217-5007
Facsimile: (213) 217-5010
am@kbklawyers.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JULIA HUBBARD and KAYLA GOEDINGHAUS,<br><br>Plaintiffs,<br><br>–against–<br><br>TRAMMELL S. CROW, JR., DR. BENJAMIN TODD ELLER, RICHARD HUBBARD, DR. MELISSA MILLER, DR. JOSEPH BOLIN, DR. SCOTT WOODS, DR. MRUGESHKUMAR SHAH, MICHAEL CAIN, COE JURACEK, PHILIP ECOB, H.J. COLE, TEXAS RANGER CODY MITCHELL, KURT KNEWITZ, PAUL PENDERGRASS, RALPH ROGERS, ROBERT PRUITT, SCOTT BRUNSON, CASE GROVER, RICHARD BUTLER, MARK MOLINA, MICHAEL HYNES, JR., SHAWN MAYER, JADE MAYER, RCI | Case No. 2:22-cv-7957-FLA-MAA<br><br>**JOINT RULE 26(f) REPORT**<br><br>SCHEDULING CONFERENCE<br>Date: February 24, 2023<br>Time: 1:00 P.M.<br>Location: Courtroom 6B<br>350 West 1st Street<br>Los Angeles, California 90012 |

HOSPITALITY HOLDINGS, INC., INTEGRITY BASED MARKETING, LLC, STORM FITNESS NUTRITION, LLC, ULTRA COMBAT NUTRITION, LLC, ECOLOFT HOMES LLC, ELEVATED WELLNESS PARTNERS LLC, DOE INDIVIDUALS 1–20, and DOE COMPANIES 21–30

     Defendants.

1  In accordance with Federal Rule of Civil Procedure ("Rule") 26(f), Local Rule 26-1, and the Court's Order Setting Scheduling Conference (Dkt. No. 27), Plaintiffs Julia Hubbard ("Hubbard") and Kayla Goedinghaus ("Goedinghaus") (collectively, "Plaintiffs") and Defendants Trammell Crow ("Crow"), Dr. Scott Woods ("Woods"), and Robert Pruitt ("Pruitt"), who have met and conferred with each Defendant separately, by telephone and email, submit the following Rule 26(f) Report (the "Report") for the Court's consideration.

### A.   STATEMENT OF THE CASE

**Plaintiffs' Statement**

On November 1, 2022, Plaintiffs filed their Complaint against Defendants Trammell S. Crow, Jr. ("Crow"), Dr. Benjamin Todd Eller ("Eller"), Richard Hubbard ("Rick"), Dr. Melissa Miller ("Miller"), Dr. Joseph Bolin ("Bolin"), Dr. Scott Woods ("Woods"), Dr. Mrugeshkumar Shah ("Shah"), Michael Cain ("Cain"), Coe Juracek ("Juracek"), Philip Ecob ("Ecob"), H.J. Cole ("Cole"), Texas Ranger Cody Mitchell ("Mitchell"), Kurt Knewitz ("Knewitz"), Paul Pendergrass ("Pendergrass"), Ralph Rogers ("Rogers"), Robert Pruitt ("Pruitt"), Scott Brunson ("Brunson"), Case Grover ("Grover"), Richard Butler ("Butler"), Mark Molina ("Molina"), Michael Hynes, Jr. ("Hynes"), Shawn Mayer ("Shawn Mayer"), Jade Mayer ("Jade Mayer"), RCI Hospitality Holdings, Inc. ("RCI"), Integrity Based Marketing, LLC, Storm Fitness Nutrition, LLC, Ultra Combat Nutrition, LLC, EcoLoft Homes LLC, Elevated Wellness Partners LLC, Doe Individuals 1–20, and Doe Companies 21–30, alleging that for nearly a decade or more, Defendant Richard Hubbard ("Rick") ran a sex and labor trafficking venture (the "Venture") for his financial gain, with the essential financial assistance and influence of environmental philanthropist Defendant Trammell S. Crow , Jr., and at least eight other prominent Texas businessmen.

To develop and run this successful Venture, including controlling the victims—who included at least Rick's then-wife Plaintiff Julia Hubbard ("Hubbard"), whom Rick made into a virtual long-term sex slave, his later fiancée Plaintiff Kayla Goedinghaus

("Goedinghaus"), whom he also had those in the Venture beat and rape, and others whose identities are unknown at this time—Rick utilized the essential services of numerous doctors, a prominent police officer, and others.

Dozens of times, generally at "parties" (the "Forced Sex Parties") over the course of years, Rick forced Hubbard, Goedinghaus, and others to perform sex acts for payment, which payments he retained, and to secure business relationships. Rick used force, threats of force, fraud, or coercion to compel Hubbard and Goedinghaus to engage in commercial sex acts with the knowledge or reckless disregard of all Defendants, who each individually benefitted from the Venture.

This force and threats included beatings to the point of hospitalization—twice Rick injured Hubbard's neck, requiring spinal surgery—and threats to harm Hubbard's and Goedinghaus's children, who were all under six years old at the time Rick, threatened them with the support of others in the Venture.

Indeed, the misconduct and crimes of the Defendants were so egregious that the Venture became an illegal racketeering enterprise (the "Enterprise"), whereby the Defendants conspired together to commit various unlawful predicate acts, including coercion, human trafficking, dealing in controlled substances, and wire fraud, all of which proximately harmed Plaintiffs and almost certainly other victims.

Plaintiffs have made efforts to include all Defendants who have appeared in this action in Rule 26(f) discussions but appreciate that further discussions may be productively had including with counsel for Defendant Pruitt. And while Plaintiffs recognize that not all named Defendants have yet appeared, Plaintiffs believe that a status conference as scheduled on February 24, 2023, will allow the Court and Parties to determine the most efficient and expeditious way to proceed in this matter.

**Defendants' Statement**

*Mr. Crow's Position*

Plaintiffs attempt to leverage their long-running domestic quarrels into federal human trafficking and RICO claims is a cynical attempt to extract financial gain from

persons who were unfortunate enough to cross paths with them. The law does not permit Plaintiffs to gerrymander their inter-personal disputes (no matter how serious) into federal claims against Mr. Crow or other defendants.

(1) As to the First Cause of Action for violation of the Trafficking and Violence Protection Act of 2000 ("TVPA") alleging perpetrator fails as against Mr. Crow because he did not (a) knowingly obtain sex acts with Plaintiffs by prohibited means or (b) exchange anything of value "on account of" the alleged sex acts. The First Cause of Action for violation of the TVPA alleging beneficiary liability fails as against Mr. Crow because he did not (a) knowingly participate in or (b) benefit financially or receive a "thing of value" from the supposed sex-trafficking venture.

(2) As to the Second Cause of Action for violation of labor trafficking laws, it fails as against Mr. Crow because he did not obtain Plaintiffs' labor. Even if he did obtain their labor, it was not by improper means, nor did he receive any "thing of value" for his alleged participation in the supposed labor trafficking ring.

(3) As to the Third Cause of Action for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), it fails as to Mr. Crow (and other defendants) because (a) Plaintiffs did not suffer injuries cognizable under RICO, and therefore Plaintiffs lack standing; (b) Plaintiffs cannot show the existence of any RICO enterprise; (c) Plaintiffs cannot show a pattern of racketeering; (d) Plaintiffs cannot show that Mr. Crow "conducted or participated, directly or indirectly, in the conduct of the alleged enterprise," and at most he was a bystander to the alleged enterprise and was merely managing his personal affairs, not those of any RICO enterprise; (e) Plaintiff Ms. Hubbard's RICO claims are barred by the applicable statute of limitations.

(4) The Fourth Cause of Action for RICO conspiracy under Section 1962(d) fails against Mr. Crow Plaintiffs cannot show a predicate RICO claim under Section 1962(c).

*Defendant Pruitt's Position*

On February 1, 2023, Defendant Pruitt filed his Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. No. 50). The Motion asserts that jurisdiction is not

proper in this District, given Mr. Pruitt's Texas domicile and lack of contacts with the State of California, as well as the failure of Plaintiffs to establish a basis for nationwide jurisdiction under RICO—assuming they have even properly pleaded a claim under this statutory scheme (*see* Dkt. No. 26).

With Defendant Pruitt's motion pending, and despite a February 24, 2023 Scheduling Conference that has been set in this case (Dkt. No. 27), none of the discussions referred to in this Report involved Defendant Robert Pruitt. He was first provided a draft of this Rule 26(f) Report by email, after hours, on February 7, 2023. To the extent the parties are willing and able in advance of the Scheduling Conference to continue to discuss the matters in this Report, Defendant Pruitt will participate. At this time, however, Defendant Pruitt was not involved in any discussion among counsel and *does not* join in any of the statements in, or the timetable attached as an exhibit to, this Report.

Specially appearing, Defendant Pruitt requests that the Court continue the February 24, 2023, Scheduling Conference. Even if this case is not ultimately dismissed on jurisdictional grounds, good cause exists for such a continuance (see Dkt. No. 27, ¶ II.a.). First, this Rule 26(f) Report is premature, given that only one Defendant has been served, appeared and apparently been included by Plaintiffs in the discussions about the subject matter of this Report, and only three (3) of the twenty-eight (28) named defendants even signing onto the Report.

As the Court knows, Plaintiffs admit in their recently filed Ex Parte Application for an extension of time to serve defendants (Dkt. 54), Plaintiffs have not yet served sixteen (16) of the twenty-eight (28) named Defendants. In granting that Application, the Court gave Plaintiffs an additional sixty days—to April 10, 2023—to complete service (Dkt. No. 57). Second, this Rule 26(f) Report is also premature in light of Plaintiffs' failure to timely confer with Defendant Pruitt, and perhaps other Defendants. At the least, the Rule 26(f) process is intended to involve all of the parties—not just those Plaintiffs choose to involve.

Respectfully, understanding that Plaintiffs have no objection, Defendant Pruitt asks that the Court continue the February 24, 2023 Scheduling Conference: (i) to resolve

1  whether the Court has jurisdiction over various parties Plaintiffs have named and served
2  and, in the event the case is not dismissed, (ii) to allow Plaintiffs to complete service and
3  properly confer with all Defendants as required by Rule 26(f), Local Rule 26-1, and the
4  Court's Order Setting Scheduling Conference.

*Defendant Woods's Position*

Defendant Woods echoes the comments of Defendant Pruitt. Defendant Woods treated one of the Plaintiff's, Julia Hubbard, for a period of time. Beyond that, he had no communications with any of the other parties to the case to this case, save and except one of the medical defendants (Dr. Bolin) who is his colleague and with whom he discussed patients in a general sense (but not about this litigation or the facts alleged therein). Accordingly, Dr. Woods denies all allegations in this matter and is frankly surprised to be a part of it.

Further, on February 8, 2023, Defendant Woods joined in Defendant Pruitt's Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. No. 50) and also filed his own motion for the same relief (Dkt. No. 55). The basis for Defendant Woods' motion is that jurisdiction is not proper in this District, given that Defendant Woods resides, works and is otherwise domiciled in Texas, and has a nearly complete lack of contacts with California to justify this Court exercising personal jurisdiction over him. Further, the motion argues that Plaintiffs have failed to meet the required standard to allow nationwide jurisdiction over Defendant Woods under the RICO jurisdictional statutes. Both motions are set for hearing on March 10, 2023.

It should be noted that to the extent this report references communications with counsel regarding its contents, those comments would not apply to counsel for Defendant Woods as he was not contacted regarding same until February 10, 2023, following an inquiry regarding the status of the report (it should be noted that Defendant Woods' specially appeared in the case via his motion to dismiss on February 8, 2023). That said, Defendant Woods and his counsel remain willing and able to meet and confer at any time regarding the contents of this report, the Scheduling Conference and any issues related to

this case.

Defendant Woods concurs with Defendant Pruitt that a continuance of the February 24, 2023, Scheduling Conference is appropriate given that: 1) Defendants Woods and Pruitt's motions to dismiss are set for March 10, 2023; 2) only a smattering of the approximately 30 defendants have been served in this case and even less have actually appeared; and 3) Plaintiffs' ex parte to extend the deadline to serve the remaining defendants was just granted giving Plaintiffs an additional 60 days- to April 10, 2023- to serve those parties. These issues need to be resolved, all defendants need to appear and participate in the creation of a meaningful Rule 26(f) report, and to participate in the Scheduling Conference so that the conference is productive and meets the goal of same, to wit, organizing and scheduling the case in an efficient manner, especially given the number of parties named herein.

### B. SUBJECT MATTER JURISDICTION

This Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 18 U.S.C. § 1964(a), which provides the district courts of the United States jurisdiction over violations of 18 U.S.C. § 1962.

This Court also has subject matter jurisdiction over this action pursuant to 18 U.S.C. § 1595, which provides the district courts of the United States jurisdiction over violations of 18 U.S.C. § 1591. This Court also has subject matter jurisdiction over this action pursuant to 18 U.S.C. § 1030(g), which provides the district courts of the United States jurisdiction over violations of 18 U.S.C. § 1030.

### C. LEGAL ISSUES

Plaintiffs' Description of Key Legal Issues

    i. Whether Defendants Crow, Pruitt, and Woods's actions and participation in the Venture violated the Trafficking Victims Protection Act, 18 U.S.C. §§ 1591, 1589.

    ii. Whether Defendants engaged in a pattern of racketeering in violation of the Racketeer Influence and Corrupt Organizations Act.

      iii.    Whether Defendants engaged in a RICO conspiracy in violation of the Racketeer Influence and Corrupt Organizations Act.

<u>Defendants' Description of Key Legal Issues</u>

*Mr. Crow's Position*

      i.    Whether Plaintiffs consented to the sex acts described in the Complaint.

      ii.    Whether Mr. Crow "participated" in the alleged sex trafficking venture described in the Complaint.

      iii.    Whether there exists a RICO enterprise under the Racketeer Influence and Corrupt Organizations Act.

      iv.    Whether there exists a RICO conspiracy in violation of the Racketeer Influence and Corrupt Organizations Act.

Based on the pleadings, it is likely that there will be a considerable amount of discovery and evidence that involves sexually explicit material (e.g., photographs and videos) and other intimate or personal data (including information implicating the privacy rights of third parties).

All but one of the twenty-nine defendants are domiciled outside of California and Plaintiffs are domiciled in Virginia.

*Defendant Pruitt's Position*

At this time, the key legal issue is whether the Court can properly exercise personal jurisdiction over Defendant Pruitt, as Plaintiffs have failed to establish a basis for nationwide jurisdiction under RICO—assuming they have even pleaded a claim under this statutory scheme (see Dkt. No. 26). Further, because the vast majority of the named defendants and non-party witnesses are in Texas (with only one of them resident in California), virtually all of the alleged conduct and its effects took place in Texas, and Plaintiffs themselves are residents of Virginia, this action belongs (if anywhere) in Texas, not California.

*Defendant Woods's Position*

Defendant Woods echoes Mr. Pruitt's comments and will not repeat same for the sake of brevity.

### D. PARTIES AND EVIDENCE

Plaintiffs in this case reside in Virginia. Defendants are individuals who reside in California, Arizona, Colorado, Texas, and companies residing in Texas, Delaware, and New York.

### E. DAMAGES

Plaintiffs seek compensatory damages plus trebling and punitive damages, for each Plaintiff for injuries caused by the Enterprise and its individual members, the cost of suit and attorneys' fees pursuant to the provisions of Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1964(c); and attorneys' fees pursuant to the civil remedy for human trafficking in 18 U.S.C. § 1595(a), all of which should add up to an amount no less than $1,000,000.

### F. INSURANCE

Plaintiffs are unaware of any insurance agreement under which the Parties may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

### G. MOTIONS

Defendants Crow filed a motion to dismiss on January 9, 2023. Plaintiffs' opposition is due by February 15, 2023, and the motion hearing date is currently scheduled for March 24, 2023. Mr. Crow does not anticipate bringing motions seeking to add other parties or claims, file amended pleadings, transfer venue, or challenge the court's jurisdiction. However, considering that all but one of the other defendants is domiciled outside California it is likely other defendants will challenge venue and the court's jurisdiction.

Defendant Pruitt also filed a motion to dismiss on February 1, 2023. Plaintiffs' opposition is due by February 15, 2023, and the motion hearing date is currently scheduled for March 10, 2023. Defendant Woods joined in Defendant Pruitt's motion and filed a similar motion to dismiss on February 8, 2023. Defendant Woods' motion is set to be heard on the same date as Defendant Pruitt, to wit, March 10, 2023.

The Parties believe it would be productive at the status conference to discuss potential streamlined motion practice for potential future motions to dismiss.

### H. MANUAL FOR COMPLEX LITIGATION

The Parties do not believe that, at this time, this case warrants the application of the procedures of the Manual for Complex Litigation.

### I. STATUS OF DISCOVERY

Plaintiffs anticipate that they will seek at least communications between the defendants in discovery, and conduct depositions of each of the Defendants.

### J. DISCOVERY PLAN

Pursuant to Federal Rule of Civil Procedure Rule 26(f), the Parties, by and through their respective counsel, hereby submit the following proposed discovery plan as set for:

i. The Parties do not wish to make other changes to Rule 26 procedures for Initial Disclosures.

ii. The Parties anticipate that Plaintiffs and Defendants will soon send their Initial Disclosures

iii. It is unnecessary to conduct discovery in phases or change the limitations on discovery imposed under the Civil Rules. Supplemental discovery responses under Rule 26(e) are due as required by the Federal Rules of Civil Procedure.

iv. Plaintiffs anticipate over 30 depositions but reserve the right to depose more based on further discovery. Plaintiffs anticipate that depositions will be needed on all of the witnesses identified by the Parties Rule 26(a) Initial Disclosures. Plaintiffs submit that written and deposition discovery of parties and non-

parties will be needed but limited to communication between Defendants.

*Mr. Crow's Position*

Topics of Discovery:

The Parties anticipate exchanging discovery on, among other things, the following: (1) Plaintiffs' work histories; (2) Plaintiffs' domestic and sexual relationships; (3) Plaintiffs' communications with Defendants, each other and third parties; (4) Plaintiffs' medical, psychiatric and substance abuse/addiction histories; (5) Plaintiffs' social media accounts; Plaintiffs bank accounts and other accounts (e.g., Venmo); (7) records regarding Plaintiffs' drug prescriptions and usage; (8) records regarding Plaintiffs child custody, domestic violence and criminal proceedings; (8) Plaintiffs' notes and recorded recollections (e.g., diaries, interviews, etc.); and (9) the information regarding the existence and amount of any claimed damages as to each Plaintiff.

Other than a separate brief period of expert discovery following the Parties' expert disclosures, the Parties agree that discovery need not be conducted in phases.

The Parties anticipate that discovery will also be directed to third parties.

Electronically Stored Information:

The Parties do not foresee any issues regarding the disclosure or discovery of electronically stored information.

Privilege Issues:

The Parties do not foresee any unique issues regarding privilege in this action.

Changes to Discovery Limitations:

The Parties propose the following modest amendment to the limitations imposed on discovery by the Federal Rules of Civil Procedure:

1. Given the existence of twenty-nine named defendants and the likelihood of extensive third-party discovery, the Parties agree that they should be relieved from Rule 30's limit of 10 depositions per side. The Parties believe it is too early to estimate how many depositions each side will need, but counsel commit to meet and confer to try to obviate the need to move for a

protective order in the event they believe it is supported.

Additional Orders:

The Parties intend to propose a protective order, permitting certain information produced in discovery to be designated as confidential, and providing for the filing under seal of certain categories of explicit or confidential information.

**K.     DISCOVERY CUT-OFF**

The Parties have proposed discovery cut-offs as set forth in Exhibit A.

**L.     EXPERT DISCOVERY**

The Parties have proposed Rule 26(a)(2) Disclosure dates, as set forth in Exhibit A.

**M.     DISPOSITIVE MOTIONS**

*Mr. Crow's Position*

Mr. Crow's motion to dismiss is pending and is set for hearing on March 24, 2023. The motion seeks to dismiss all the claims against Mr. Crow and some or all of the claims as to the other defendants.

In the event any of Plaintiffs' claims are not dismissed, Mr. Crow anticipates filing a motion for summary judgment depending on what discovery shows regarding Plaintiffs' claims.

Plaintiffs have not disclosed any expert witnesses yet, but Mr. Crow may bring Daubert motions depending on the opinions offered by Plaintiffs' experts and the bases therefore.

**N.     SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION**

The Parties have had settlement discussions and at this time, the Parties do not believe mediation would be helpful, but the Parties will alert the Court if the discussions do not develop.

*Defendant Pruitt's Position*

As set forth above, Defendant Pruitt has not participated in the settlement discussions with Plaintiffs referred to above. Defendant Pruitt does not join in this statement and proposes that the parties elect to proceed under ADR Procedure No. 3.

1 | *Defendant Woods' Position*

2 | Defendant Woods agrees with Defendant Pruitt's position in this regard.

3 | **O.     TRIAL ESTIMATE**

4 | The Plaintiffs request a trial by jury, and currently anticipate up to 28 court days
5 | with up to 32 witnesses per side.

6 | *Mr. Crow's Position*

7 | Plaintiffs have demanded a jury trial. Considering the scope of the allegations and
8 | the number of Parties, Mr. Crow estimates 21 days for trial. Based on the allegations, each
9 | of the individual defendants have unique experiences or relationships with Plaintiffs and
10 | many will likely testify at trial. Mr. Crow anticipates calling at least fifteen witnesses at
11 | trial and/or introducing deposition testimony from a similar number of witnesses.

12 | **P.     TRIAL COUNSEL**

13 | <u>Plaintiffs</u>

14 | John G. Balestriere of Balestriere Fariello

15 | Matthew W. Schmidt of Balestriere Fariello

16 | Anastasia Mazzella of Kabateck LLC

17 | <u>Defendants</u>

18 | Gerald E. Hawxhurst of Hawxhurst LLP for Defendant Crow

19 | Kyle Dewitt Foltyn-Smith of Hawxhurst LLP for Defendant Crow

20 | Patrick Bryan Nichols of Hawxhurst LLP for Defendant Crow

21 | Kenneth C. Stone of Gray Reed and McGraw LLP for Defendant Crow

22 | London England of Gray Reed and McGraw LLP for Defendant Crow

23 | David Jonathan Rubaum and Brian Hoffman of Wood Smith Henning Berman LLP for
24 | Defendant Woods

25 | Philip E. Cook of The Cook Law Firm for Defendant Pruitt

26 | **Q.     INDEPENDENT EXPERT OR MASTER**

27 | The Parties do not anticipate any need for the Court to appoint an independent
28 | expert or master pursuant to Rule 53.

**R. TIMETABLE**

Pursuant to the Court's Standing Order, the Parties propose the case schedule attached as Exhibit A hereto.

**S. OTHER ISSUES**

Defendants would like to address issues related to Defendants Dr. Shah, Cain, Ecob, Cole, Knewitz, Pendergrass, Rogers, Butler, Molina, Shawn Mayer, Jade Mayer, Integrity Based Marketing, LLC, Storm Fitness Nutrition, LLC, Ultra Combat Nutrition, LLC, EcoLoft Homes LLC, and Elevated Wellness Partners LLC (collectively the "Unserved Defendants"), including but not limited to the fact that Plaintiffs had not affected service on the Unserved Defendants.

Dated: February 10, 2023

By: _____

Matthew W. Schmidt*

John G. Balestriere*

**BALESTRIERE FARIELLO**

225 Broadway, 29th Floor

New York, New York 10007

Telephone:      (212) 374-5401

Facsimile:       (212) 208-2613

john.balestriere@balestrierefariello.com

matthew.schmidt@balestrierefariello.com

*Admitted Pro Hac Vice*

Anastasia Mazzella

**KABATECK LLP**

633 West Fifth Street, Suite 3200

Los Angeles, California 90071

Telephone:     (213) 217-5007

Facsimile:      (213) 217-5010

am@kbklawyers.com

*Attorneys for Plaintiffs*

Dated: February 10, 2023

                GRAY REED & McGRAW LLP

                HAWXHURST LLP

                By: /s/ Gerald E. Hawxhurst

                Gerald E. Hawxhurst

                Kenneth Stone

                *Attorneys for Defendant*

                Trammell S. Crow, Jr.

Dated: February 10, 2023

                THE COOK LAW FIRM, P.C.

                By: /s/ Philip E. Cook

                Philip E. Cook

                Brian J. Wright

                *Attorneys for Defendant*

                ROBERT PRUITT

Dated: February 10, 2023

                WOOD, SMITH, HENNING & BERMAN LLP

                By: /s/ David J. Rubaum

                Brian L. Hoffman

                David J Rubaum

                *Attorneys for Defendant*, MICHAEL SCOTT WOODS, M.D. (erroneously sued and served herein as DR. SCOTT WOODS)

## **SIGNATURE CERTIFICATION**

Under Local Rule 5-4.3.4(a)(2)(i), I hereby certify that all other signatories listed, on whose behalf this filing is submitted, concur with the contents of this filing and have authorized the filing.

Dated: New York, New York

February 10, 2023

By: _____

Matthew W. Schmidt

**BALESTRIERE FARIELLO**

225 Broadway, 29th Floor

New York, New York 10007

Telephone:     (212) 374-5401

Facsimile:       (212) 208-2613

matthew.schmidt@balestrierefariello.com

*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date, the foregoing document and its attachment filed electronically using the Court's CM/ECF System are served on counsel of record pursuant to the Federal Rules of Civil Procedure through the Court's Notice of Electronic Filing generated by the CM/ECF System, per L.R. 5-3.2.1.

Dated: New York, New York

      February 10, 2023

By: _____

      Matthew W. Schmidt

      **BALESTRIERE FARIELLO**

      225 Broadway, 29th Floor

      New York, New York 10007

      Telephone:    (212) 374-5401

      Facsimile:    (212) 208-2613

      matthew.schmidt@balestrierefariello.com

      *Attorneys for Plaintiffs*