John G. Balestriere*
Matthew W. Schmidt (Cal. Bar No. 302776)
**BALESTRIERE FARIELLO**
225 Broadway, 29th Floor
New York, New York 10007
Telephone:  (212) 374-5401
Facsimile:   (212) 208-2613
john.balestriere@balestrierefariello.com
matthew.schmidt@balestrierefariello.com
*Admitted Pro hac vice

Anastasia Mazzella (Cal. Bar. No. 245201)
**KABATECK LLP**
633 West Fifth Street, Suite 3200
Los Angeles, California 90071
Telephone: (213) 217-5007
Facsimile:   (213) 217-5010
am@kbklawyers.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JULIA HUBBARD, et al.,**<br><br>　　　　　Plaintiffs,<br><br>　–against–<br><br>**TRAMMELL S. CROW, JR., et al.,**<br><br>　　　　　Defendants. | Case No.: 2:22-cv-7957-FLA-MAA<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT WOODS'S MOTION TO DISMISS** |

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................ 1

STATEMENT OF FACTS ........................................................................................ 2

LEGAL STANDARD ................................................................................................ 4

ARGUMENT .............................................................................................................. 4

    I.    WOODS PURPOSEFULLY AVAILED HIMSELF OF CALIFORNIA JURISDICTION ............................................................................................ 5

    II.    PLAINTIFFS' CLAIMS ALL ARISE OUT OF WOODS'S ACTIVITIES DIRECTED TO CALIFORNIA ...................................................................... 5

    III.    THE COURT SHOULD, AT A MINIMUM, ALLOW JURISDICTIONAL DISCOVERY AS TO WOODS ................................................................... 5

CONCLUSION ........................................................................................................... 6

# TABLE OF AUTHORITIES

**Cases**

*Am. West Airlines, Inc. v. GPA Group, Ltd.*
    877 F.2d 793 (9th Cir. 1989) .................................................................................. 5

*Doe v. Am. Nat'l Red Cross*
    112 F.3d 1048 (9th Cir. 1997) ............................................................................ 4, 5

*Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*
    326 U.S. 310 (1945) ................................................................................................ 4

*Lazar v. Kroncke*
    862 F.3d 1186 (9th Cir. 2017) ................................................................................ 4

*Orchid Biosciences, Inc. v. St. Louis Univ.*
    198 F.R.D. 670 (S.D. Cal. 2001) ............................................................................ 5

*Wells Fargo & Co. v. Wells Fargo Exp. Co.*
    556 F.2d 406 (9th Cir. 1977) .................................................................................. 6

**PRELIMINARY STATEMENT[1]**

Defendant Dr. Michael Scott Woods, M.D. ("Woods"), with his co-conspirators, for years participated in a sex trafficking scheme (the "Venture") that unlawfully trafficked Plaintiffs Julia Hubbard ("Hubbard") and Kayla Goedinghaus ("Goedinghaus"), subjecting them to hundreds of forced commercial sex acts, as well as the beatings, threats, and misuse of medications needed to compel Hubbard and Goedinghaus to engage in such acts.

Woods provided the Venture with medications used to force Plaintiff Hubbard to engage in sex acts against her will. Defendant Richard Hubbard ("Rick Hubbard") would force Plaintiff Hubbard to visit Woods and obtain the drug prescriptions identified by Defendant Dr. Benjamin Todd Eller ("Eller"), a Santa Monica-based psychologist. For this work, Rick Hubbard would pay Woods $100 for each time that Plaintiff Hubbard visited Woods. The drugs that Woods prescribed included fluoxetine (Prozac), alprazolam (Xanax), and amitriptyline (an antidepressant). In 2017, Plaintiff Hubbard outright told Woods that she did not need the drugs he was prescribing, and that she was being forced by Rick Hubbard to engage in sex acts against her will. Woods took no action in response to Plaintiff Hubbard's request for help, and also ignored Hubbard's visible bruising and medical history of frequent injuries and surgeries made necessary by such injuries.

Plaintiffs do not seek to apply general jurisdiction in California to Woods, but Woods is subject to specific personal jurisdiction in California arising out of his actions directed to this State, as alleged in the Complaint. While residing in Texas, Woods carried out the bidding of Eller and Rick Hubbard in writing prescriptions for medication that Eller had "recommended" for Hubbard to the Venture in writing. Woods's activities, availing himself of California's jurisdiction, meet both of the requirements for specific personal jurisdiction to exist.

---

[1] All capitalized terms are defined in the Complaint, Dkt. No. 1 (the "Complaint" or "Compl."). Some terms are redefined herein for the Court's convenience.

First, Woods purposefully availed himself of the protections of the State of California. Dr. Eller's role in the Venture was not only central, but also essential, and without it the Venture could not have existed. Eller, who was involved in the formation of the Venture at its earliest stages, assisted the Venture through the fraudulent use of his psychological practice, including allowing the Venture to procure large doses of highly potent and controlled drugs. These drugs were used by the Venture to force Plaintiff Hubbard to engage in commercial sex acts, both because (especially when Hubbard was forced to take them together in large doses) the drugs made it difficult for Plaintiffs to resist the Venture's demands, and because the drugs' addictive nature meant that the Venture could withhold the drugs as a further means to control Plaintiff Hubbard.

Second, Plaintiffs' claims here arise out of Woods's contacts with California. Had Eller not participated in the Venture, not only would the Venture not have existed, but Woods's specific role in the Venture—prescribing drugs that Eller had selected for Hubbard—would certainly not have existed.

At a minimum, the Court should permit jurisdictional discovery into Woods and his communications with Eller and Rick Hubbard, and his knowledge of Eller's role in the Venture. Due to the nature of the Venture—and assisted by the heavy medication that Plaintiff Hubbard was on due to Woods —Rick Hubbard and other Venture members took steps to conceal from Plaintiff Hubbard the details of the Venture's activities. Specifically, Rick Hubbard and Eller themselves would have concealed from Plaintiff Hubbard any communications they had with Woods concerning instructions they gave to Woods to prescribe medications for the Venture's interests, opposed to what was best medically for Plaintiff Hubbard.

The Court can and should properly exercise jurisdiction over Defendant Woods and deny his motion to dismiss on grounds of jurisdiction.

## STATEMENT OF FACTS

Plaintiff Hubbard married Defendant Rick Hubbard in February 2010. (Compl. ¶¶ 96–97.) Following an arrest later that year for financial fraud, Rick Hubbard became desperate for new financial opportunities. (Compl. ¶¶ 104–106.) Rick Hubbard then, along with Defendant Eller, and later, with key financing from Defendant Crow and his colleagues, formulated the Venture, which began to force Plaintiff Hubbard to perform sex acts for money. (Compl. ¶¶ 121–123.) The Venture forced Plaintiff Hubbard, through means that included Eller using his psychological practice, to claim that Hubbard had serious psychological issues and needed to be on high doses of drugs such as Xanax, Adderall, Oxycodone, Marinol, Soma, Lorezapan, Ambien, and Trazadone. (Compl. ¶¶ 123–24.) Certain of these drugs, when combined, are known as the "Holy Trinity" due to their potent effects when taken together. (Compl. ¶¶ 123–24.) This medication scheme made Plaintiff Hubbard, and, later, Plaintiff Goedinghaus—and likely others—pliable, and susceptible to other forms of threats and force. (Compl. ¶¶ 123–24.) Eller's contributions to the Venture also involved swearing false affidavits claiming that both Plaintiffs were seriously psychiatrically troubled persons under his care. (Compl. ¶¶ 8–12.)

Woods is a medical doctor and psychiatrist who resides in Texas. (Compl. ¶¶ 67, 145.) Rick Hubbard paid him, with the other Medical Doctor Defendants—Dr. Melissa Miller, Dr. Joseph Bolin, and Dr. Mrugeshkumar Shah—to provide prescriptions for controlled medication to the Venture in order to assist in the force, threats, and coercion that the Venture applied to Plaintiffs in order to force them to perform commercial sex. (*See* Compl. ¶¶ 7–8, 15–16.) The Venture, through Rick Hubbard, would force Plaintiff Hubbard to visit Woods in order to obtain medication based on Eller's "written recommendations" (made to the Venture so that Rick Hubbard would know what drugs to seek) in exchange for payment from the Venture. (*See* Compl. ¶ 139.) Woods prescribed numerous drugs to Plaintiff Hubbard,

including fluoxetine, alprazolam, and amitriptyline. (Compl. ¶ 121.) Woods continued in these actions—receiving $100 from the Venture through Rick Hubbard for each time that Plaintiff Hubbard visited Woods—even though, in 2017, Hubbard told Woods that she did not need the drugs that Woods was prescribing and she was being forced to engage in sex against her will. (Compl. ¶¶ 143, 145.)

## **LEGAL STANDARD**

A California court may exercise specific personal jurisdiction over a non-resident defendant where a plaintiff shows that such defendant purposefully avails himself of the privilege of transacting business in California and that the claims against him arise from such purposeful availment, provided that the defendant cannot show that. *Doe v. Am. Nat'l Red Cross*, 112 F.3d 1048, 1051 (9th Cir. 1997).

## **ARGUMENT**

This Court can, and should, exercise specific personal jurisdiction over Defendant Woods. As Woods admits (Dkt. No. 55 at 11), a court properly exercises specific personal jurisdiction over a defendant when that defendant has minimal contacts with the forum state. A defendant establishes such minimum contacts when he (1) purposefully avails himself of the forum state and (2) the claim at issue arises out of the defendant's forum-related activities. *Am. Nat'l Red Cross*, 112 F.3d at 1051; *see Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945) (recognizing due process necessity of "minimum contacts" with the forum state). Plaintiffs satisfy both these prongs, such that Woods is properly subject to the jurisdiction of this Court.

### I. WOODS PURPOSEFULLY AVAILED HIMSELF OF CALIFORNIA JURISDICTION

Woods purposefully availed himself of California jurisdiction through his participation in the Venture and issuing of prescriptions to Plaintiff Hubbard. A plaintiff "purposefully avails" himself of a forum when he avails himself "of the privilege of conducting activities in the forum State, thus invoking the benefits and

protections of its laws." *Lazar v. Kroncke*, 862 F.3d 1186, 1201–02 (9th Cir. 2017).

Here, Woods purposefully availed himself of California jurisdiction through his participation in the Venture, particularly in carrying out Eller's instructions of medication for Plaintiff Hubbard, which Rick Hubbard forced her to consume in order to further the goals of the Venture. Woods either knew, or at a minimum should have known with the exercise of proper diligence, of Eller's role in the Venture. By participating in the Venture—and effectively making out prescriptions at Eller's direction—Woods knowingly availed himself of the benefits of California jurisdiction.

## II. PLAINTIFFS' CLAIMS ALL ARISE OUT OF WOODS's ACTIVITIES DIRECTED TO CALIFORNIA

Not only did Woods purposefully avail himself of California jurisdiction, but all of Plaintiffs' claims against him arise out of those activities. Courts apply a "but for" causation test to determine "whether a plaintiff's injury arises out of a defendant's forum-related activities." *Am. Nat'l Red Cross*, 112 F.3d at 1051. Here, none of Plaintiffs' claims against Woods would have occurred but for Eller. While Woods is responsible for his own wrongful actions towards Plaintiffs, had Eller not been involved the Venture would not have existed, none of Plaintiffs' claims against Woods would have arisen. Plaintiffs' claims all arise, out of Woods's activities directed at this State.

## III. THE COURT SHOULD, AT A MINIMUM, ALLOW JURISDICTIONAL DISCOVERY AS TO PRUITT

At a minimum, the Court should allow limited jurisdictional discovery into communications between Woods and Rick Hubbard and Woods's actual knowledge of Eller, his location, and his role in the Venture. Granting of jurisdictional discovery is within the sound discretion of the Court, and appropriate where "pertinent facts bearing on the question of jurisdiction are in dispute." *Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 672 (S.D. Cal. 2001) (quoting *Am. West Airlines, Inc.*

*v. GPA Group, Ltd.*, 877 F.2d 793, 801 (9th Cir. 1989)). Such discovery is appropriate except where a Defendant can show that "it is clear that further discovery would *not* demonstrate facts sufficient to constitute a basis for jurisdiction." *Id.* at 674 (emphasis added) (quoting *Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977)).

Here, the Court should respectfully find that it has personal jurisdiction over Woods, but at a minimum the Court should allow jurisdictional discovery into communications between Woods and Eller, as well as Rick Hubbard, and Woods's own knowledge of Eller, Eller's location in California, and Eller's central role in the Venture, including his role in "recommending" medication for Plaintiff Hubbard. While the Venture took steps to conceal from Plaintiffs the workings on the Venture, as detailed in the complaint, Eller did regularly hold himself out in writing as the Plaintiffs' psychologist, including (at least in the case of Plaintiff Goedinghaus) expressing an opinion as to their psychological diagnosis. (Compl. ¶ 140; *see id.* ¶¶ 131–139.) If Eller either communicated directly with Woods, or if Rick Hubbard (or another member of the Venture) provided Woods with information from Eller which Woods relied upon in treating Plaintiff Hubbard, then Woods would have been aware of Eller's role in the Venture, as further evidence that Woods directed his activity (from which Plaintiffs' claims arise) towards California.

## **CONCLUSION**

Woods knowingly participated in and benefitted from a sex trafficking scheme which he knew or should have known had a nexus in California, through Defendant Dr. Eller, whom he directly assisted through the prescribing of drugs to Plaintiff Hubbard that had been selected by Eller. Through this, both Eller and Woods had a crucial role in the Venture and in causing Plaintiff Hubbard to be forced, threatened, and coerced into commercial sex acts. In this way, Woods purposefully availed himself of the jurisdiction of California, and all of Plaintiffs' claims here arise from that availment.

Case No. 2:22-cv-7957-FLA-MAA

For these reasons, and all those other foregoing reasons, the Court should respectfully deny Woods's motion to dismiss, or at a minimum allow Plaintiffs jurisdiction discovery into Woods and his relevant knowledge of Eller.

Dated: New York, New York
February 22, 2023

By: _____

Matthew W. Schmidt

John G. Balestriere*

**BALESTRIERE FARIELLO**

225 Broadway, 29th Floor

New York, New York 10007

Telephone: (212) 374-5401

Facsimile: (212) 208-2613

john.balestriere@balestrierefariello.com

matthew.schmidt@balestrierefariello.com

*Admitted Pro hac vice*

Anastasia Mazzella

**KABATECK LLP**

633 West Fifth Street, Suite 3200

Los Angeles, California 90071

Telephone: (213) 217-5007

Facsimile: (213) 217-5010

am@kbklawyers.com

*Attorneys for Plaintiffs*

Case No. 2:22-cv-7957-FLA-MAA

# CERTIFICATION OF SERVICE

The undersigned hereby certifies that on this date, the foregoing document filed electronically using the Court's CM/ECF System are served on counsel of record pursuant to the Federal Rules of Civil Procedure through the Court's Notice of Electronic Filing generated by the CM/ECF System, per L.R. 5–3.2.1.

Dated: New York, New York

   February 22, 2023.

                BALESTRIERE FARIELLO

                By: _____

                Matthew W. Schmidt

                Attorney for Plaintiffs