Alec Simpson (SBN: 300809)
Alec.simpson@oag.texas.gov
Office of the Attorney General State of Texas
Law Enforcement Defense Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Phone: (512) 936-1284; Fax: 312-370-9814

Attorney for Defendant,
CODY MITCHELL

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA HUBBARD, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>TRAMMELL S. CROW, JR., *et al.*,<br><br>Defendants. | No. 2:22-cv-07957-FLA-MAA<br><br>Assigned to Honorable<br>Fernando L. Aenelle-Rocha<br><br>**DEFENDANT CODY MITCHELL NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>(Filed concurrently with the Declaration of Cody Mitchell and [Proposed] Order)<br><br>Date: March 31, 2023<br>Time: 1:30 P.M.<br>Place: Courtroom 6B<br><br>Trial Date: None set |

# NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT ON March 31, 2023, a 1:30 P.M., or as soon as thereafter as the matter may be heard, before Hon. Fernando L. Anelle-Rocha at the First Street Courthouse, 350 West 1st Street, Courtroom 6B, Sixth Floor, Los Angeles, California 90012, Defendant Cody Mitchell will and hereby does specially appear and move under Federal Rules of Civil Procedure for an order to dismiss this action against Defendant Mitchell because it lacks jurisdiction over him and failed to state a RICO claim against him.

The motion is based on the following:

(1) This Court does not have general or specific jurisdiction over Mr. Mitchell because he has never lived in California, does not live in California, has no contacts in California, and never availed himself to the protection and laws of California. Further, nationwide jurisdiction over this matter is inappropriate because a Texas court is the proper alternative forum to bring this claim because it is where a majority of the parties resided and continued to reside, and where all the relevant transactions and occurrences of the commercial sex acts venture took place.

(2) Further, Plaintiffs failed to allege a cognizable RICO claim against him, and the other defendants, because there is little to no specifically alleged involvement, conduct, or participation by Mr. Mitchell in the alleged venture. Mr. Hubbard simply used the threat of his friendship with Mr. Mitchell to force Plaintiffs to engage in commercial sex acts.

///
///
///
///

1 | This motion is made following the conference of counsel under Local Rule 7-3, which took place on February 21, 2023, via telephone.  This motion is based on this Notice of Motion and Motion; the Memorandum of Points and Authorities; all pleadings and other matters already before the Court in this action, and such further information presented at or before any hearing on the motion.

Dated:  February 24, 2023

OFFICE OF THE ATTORNEY GENERAL, STATE OF TEXAS

By:  */s/ Alec Simpson*
Alec Simpson
Assistant Attorney General

**Attorneys for Defendant CODY MITCHELL**

**TABLE OF CONTENTS**

I.   Introduction ............................................................................................................. 7
II.  Allegations of the Complaint................................................................................. 7
   A.  Allegations of the Venture's Locations............................................................ 8
   B.  Allegations Against Mr. Mitchell..................................................................... 9
      1.  "Rick said" Allegations ............................................................................... 9
      2.  *Specific Allegations of Mr. Mitchell*.......................................................... 10
   C.  Mr. Mitchell's Interaction with California..................................................... 10
   D.  Basis of Jurisdiction....................................................................................... 11
III.  STANDARD OF REVIEW ................................................................................. 11
   A.  Motion to Dismiss Under Rule 12(b)(2) ........................................................ 11
   B.  Motion to Dismiss Under Rule 12(b)(6) ........................................................ 13
IV.  DISCUSSION...................................................................................................... 13
   A.  The Ends of Justice Are in Texas................................................................... 13
   B.  This Court Does Not Have Specific Jurisdiction Over Mr. Mitchell ................ 15
   C.  No General Jurisdiction.................................................................................. 17
   D.  Mr. Mitchell Did Not Participate in the Venture's Affairs ............................... 17
V.  CONCLUSION .................................................................................................... 18
CERTIFICATE OF SERVICE .................................................................................... 20

# TABLE OF AUTHORITIES

Page(s)

Cases

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................. 13

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*,
  874 F.3d 1064 (9th Cir. 2017) ....................................................................... 15, 16

*Barantsevich v. VTB Bank*,
  954 F. Supp. 2d 972 (C.D. Cal. 2013) ................................................................. 15

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................. 13

*Calder v. Jones*,
  465 U.S. 783 (1984) ............................................................................................. 16

*CollegeSource, Inc. v. AcademyOne, Inc.*,
  653 F.3d 1066 (9th Cir. 2011) ....................................................................... 12, 13

*Doe v. Unocal Corp.*,
  248 F.3d 915 (9th Cir. 2001) ............................................................................... 12

*Elofson v. Bivens*,
  774 F. App'x 409 (9th Cir. 2019) ........................................................................ 15

*Gilbert v. Bank of Am.*, No. C,
  13-01171 JSW, 2014 WL 4748494 (N.D. Cal. Sept. 23, 2014) .......................... 14

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
  466 U.S. 408 ........................................................................................................ 12

*Int'l Shoe Co. v. Washington*,
  326 U.S. 310 (1945) ............................................................................................. 11

*Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*,
  940 F.2d 397 (9th Cir. 1991) ............................................................................... 16

*Manzarek v. St. Paul Fire & Marine Ins. Co.*,
  519 F.3d 1025 (9th Cir. 2008) ............................................................................. 13

*Morrill v. Scott Fin. Corp.*,
  873 F.3d 1136 (9th Cir. 2017) ............................................................................. 12

*No. 498, United Food & Com. Workers v. SDC Inv., Inc.*,
  788 F.2d 535 (9th Cir. 1986) ............................................................................... 14

*Papasan v. Allain*,
  478 U.S. 265 (1986) ............................................................................................. 13

*Reves v. Ernst & Young*,
  507 U.S. 170 (1993) ....................................................................................... 17, 18

*Rupert v. Bond*,
  68 F. Supp. 3d 1142 (N.D. Cal. 2014) ................................................................. 14

*Schwarzenegger v. Fred Martin Motor Co.*,
  374 F.3d 797 (9th Cir. 2004) ................................................................. 12, 16
*Walden v. Fiore*,
  571 U.S. 277 (2014) .............................................................................. 16, 17
*Walter v. Drayson*,
  538 F.3d 1244 (9th Cir. 2008) ..................................................................... 18
*Wegner v. Wells Fargo Bank, N.A.*,
  791 F. App'x 669 (9th Cir. 2020) ................................................................. 15
*World-Wide Volkswagen Corp. v. Woodson*,
  444 U.S. 286, (1980) ................................................................................... 12

Statutes

18 U.S.C. §1985(b) ........................................................................................... 15
18 U.S.C. § 1962(c) .......................................................................................... 17
18 U.S.C. § 1962(c) and (d) ............................................................................. 11
18 U.S.C. § 1965(b) ................................................................................... passim

Rules

Fed. R. Civ. P. 12(b)(2) .................................................................................... 11
Federal Rule of Civil Procedure 9(b) ............................................................... 16
Rule 12(b)(6) .................................................................................................... 13

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    Introduction

It is clear from the face of the Complaint this matter belongs in Texas. Twenty-five of the twenty-eight defendants reside in Texas, the alleged commercial sex acts at issue all took place in Texas, and ultimately, the ends of justice require this matter take place in Texas. This motion to dismiss is specifically for Defendant Cody Mitchell and to highlight to the Court it does not have jurisdiction over him. Mr. Mitchell has never lived in California, he does not consent to California jurisdiction, he does not own land in California, he has never worked in California, and any alleged interaction he had with any party did not take place in California. The only time Mr. Mitchell has been to California was for connecting flights at Los Angeles International Airport ("LAX").

Plaintiffs allege a cause of action that permits nationwide service only if the ends of justice require such service. Here, the ends of justice, as interpreted by the Ninth Circuit, does not make California the only viable forum for this case when Texas is the appropriate forum.

Lastly, the Plaintiffs conflate Mr. Hubbard's threats of use of his friend, Mr. Mitchell, as the threats of force and coercion of Mr. Mitchell himself. Plaintiffs failed to specifically allege any participation by Mr. Mitchell in the alleged commercial sex acts venture, and as such, all claims against Mr. Mitchell in this action should be dismissed.

## II.   Allegations of the Complaint

The core of the Complaint is an unfortunate story about a husband, Defendant Richard Hubbard ("Mr. Hubbard") forcing his then-wife, Plaintiff Julia Hubbard ("Ms. Hubbard") and his soon thereafter fiancée, Plaintiff Kayla Goedinghaus (Plaintiff Hubbard and Goedinghaus collectively referred to as "Plaintiffs" hereinafter) to engage in commercial sex acts. ECF No. 1 at ¶¶ 1-2, 4. Plaintiffs allege their forced

arrangement with Defendant Hubbard took place over a decade. *Id.* at ¶ 1. Although not explicit, these commercial sex acts Plaintiffs took place solely in Texas. *See generally id.* at ¶¶ 1, 44, 62, 64-67, 69-83, 85-89, 93-94, 105, 176-78, 192, 216, 225, 235, 249, 268, 282, 286, 295-302, 304-05, 332.

Plaintiffs group the twenty-eight named defendants into four groups: (1) Medical Defendants; (2) Fixer Defendants; (3) Investor Defendants; and (4) Labor Trafficking Defendants. *See id.* at pp. 2, 4, 5, 9. Plaintiffs placed Mr. Mitchell in the "Fixer Defendants" group.

A.   Allegations of the Venture's Locations

At all relevant times, an overwhelming majority of the parties named in this suit resided in Texas and continue to do so. Defendants Mr. Hubbard, Mr. Crow, Dr. Miller, Dr. Bolin, Dr. Woods, Mr. Cain, Mr. Juracek, Mr. Ecob, Mr. Cole, Mr. Mitchell, Mr. Pendergrass, Mr. Pruitt, Mr. Brunson, Mr. Grover, Mr. Butler, Mr. Molina, Mr. Hynes, Mr. Mayer, Ms. Mayer reside in Texas. Business entity defendants Integrity Based Marketing, LLC, Storm Fitness Nutrition, LLC, Ultra Combat Nutrition, LLC, EcoLoft Homes, LLC, Elevated Wellness Partners, LLC have their principal place of business in Texas. *Id.* at ¶¶ 62, 64-67, 69-83, 85-89. All identified non-parties Michael Hynes, Sr., Laura Ellwell, Monique Farkas, Renee Heaton, Angela Pace, and Kim Ponder reside in Texas. *Id.* at ¶¶ 92-93. Both Plaintiffs now reside in Virginia, Defendant Dr. Eller resides in California, Defendant Dr. Shah resides in North Carolina, and Defendant RCI Hospitality Holdings, Inc.'s principal place of business is in New York. *Id.* at ¶¶ 60-61, 63, 68, 84.

Further, all specific allegations about the commercial sex acts took place in Texas. Plaintiffs provide an example of a "Forced Sex Party" calendar invite taking place in Richardson, Texas ( *Id.* at ¶166), sex parties would take place after Mr. Trammel's EarthX Expo in Dallas, Texas (*Id.* at ¶¶176-87), Ms. Goedinghaus would perform sex acts on Mr. Brunson in Austin, Texas (*Id.* at ¶¶192-95, 286), Ms. Hubbard

performed sex acts on Dallas, Texas real estate broker, Mr. Cole (*Id*. at ¶¶201-04), Mr. Pendergrass witnessed the alleged forced sex parties with Ms. Goedinghaus in Austin, Texas (*Id*. at ¶216), Mr. Hubbard made Ms. Goedinghaus participate in forced sex parties in Marble Falls, Texas (*Id*. at ¶225), Mr. Hubbard made Ms. Goedinghaus participate in forced sex at a club called "Friends" in "on at least twenty-five times" Austin, Texas (*Id*. at ¶¶287-88), and another instance of Mr. Hubbard forcing Ms. Goedinghaus to perform sex acts at Mr. Crow's residence in Dallas, Texas (*Id*. at ¶295).

The Complaint alleges part of the "sex and labor trafficking venture" had a California component where Defendant Dr. Eller, a psychologist, resided in California, recommended prescription drugs for Plaintiffs to take, and it was these drugs that "force[d] [Plaintiffs] to commit sex acts." *See* i*d*. at ¶¶ 7-11. However, Plaintiffs admit Dr. Eller did not prescribe them the medications, rather, a trio of Texas physicians and one North Carolina physician prescribed these drugs. *See id*. at ¶¶ 14, 65-68. Dr. Eller only "met or spoke with Ms. Hubbard twice" and had phone calls with Ms. Goedinghaus beginning in early 2019. *Id*. at ¶¶ 136, 284.

In all, twenty-five or the twenty-eight named defendants reside in Texas, Plaintiffs now reside in Virginia, Dr. Eller resides in California, all seven non-party individuals reside in Texas, and a substantial majority, if not all, of the salient events took place in Texas.

B. <u>Allegations Against Mr. Mitchell</u>

The specific allegations against Mr. Mitchell's involvement in the sex trafficking venture are unclear because some generic allegations involve Mr. Mitchell, while others are imputed on Mr. Mitchell by what Mr. Hubbard told Plaintiffs. For clarity, Mr. Mitchell will separate them as such below.

1. *"Rick said" Allegations*

Plaintiffs allege Mr. Hubbard was friends with Mr. Mitchell. *Id*. at ¶ 20. And

through this friendship, Plaintiffs allege Mr. Hubbard would "use beatings, choking guns, and threats of legal process to cause [Plaintiffs] to do as he wished, often through the use of the Fixer Defendants: Texas Ranger Cody Mitchell and Kurt Knewitz." *Id*. at ¶ 18. How Plaintiffs allege Mr. Hubbard did these alleged acts through Mr. Mitchell was by "Rick […] would regularly threaten [Plaintiffs] with arrest under false charges, telling them that if they did go to law enforcement, no one would believe them." *Id*. at ¶ 20. Mr. Hubbard was in possession of a photo depicting Mr. Mitchell in his police cruiser showing a bottle of whiskey and his penis, and this photo was "presented as a threat to Hubbard" by Mr. Hubbard that Mr. Mitchell was above the law and "would do what he needed to do to protect Rick and the Venture." *Id*. at ¶¶ 22-23. Additionally, "Rick *told* Hubbard that Mitchell had had done research and that her former husband, Shawn Mayer, had been under 'investigation' by the Texas Rangers for child exploitation." (emphasis added). *Id*. at ¶160. And "Rick *would tell* Hubbard that Mitchell could cause her to be arrested. Rick also repeatedly *told* Hubbard that if she did attempt to contact law enforcement, a call from Mitchell (as well as Eller) would quickly cause the police to be disregarded." (emphasis added). *Id*. at ¶ 163.

### 2. *Specific Allegations of Mr. Mitchell*

The specific allegations of Mr. Mitchell's participation in the commercial sex acts are as follows: (1) "Rick informed Mitchell in detail of the operations of the Venture and provided him with naked photos of [Plaintiffs]" and "Rick also sought, with the help of Mitchell, to report abuse in order to take custody of Hubbard's children with Mayer away from him in order to better control Hubbard." *Id*. at ¶¶ 21, 162.

### C. Mr. Mitchell's Interaction with California

In support of this Motion, Mr. Mitchell provides his declaration regarding his interactions with California. Mr. Mitchell affirms he has lived in Texas for his entire 49-year life thus far, he has never worked in California, he has never been employed in

California, he has never owned property in California, he has never previously been a litigant in California, he has never consented to jurisdiction in California, he was served this lawsuit in Texas, and any interaction he ever had with any other party in this lawsuit was with Mr. Hubbard in Texas. Declaration of Cody Mitchell at ¶¶ 2-12, 14-17. The only time Mr. Mitchell interacted with California was at LAX for layover or connecting flights. *Id*. at ¶13.

### D. Basis of Jurisdiction

Plaintiffs now bring this suit in California. Plaintiffs assert personal jurisdiction over each defendant under 18 U.S.C. § 1962(c) and (d) through "the acts" of Dr. Eller, and "each Defendant […] availed themselves of the legal protection of the State of California and purposefully directed business to this State. *Id*. at ¶ 58. Additionally, Plaintiffs' assert nationwide service of process under 18 U.S.C. § 1965(b) through Dr. Eller's residence in California. *Id*. at ¶ 59. Lastly, Plaintiffs allege each Defendant purposefully availed themselves of the legal protection of California and directed business to it.

## III. STANDARD OF REVIEW

### A. Motion to Dismiss Under Rule 12(b)(2)

Rule 12(b)(2) permits a defendant to move to dismiss a complaint for "lack of personal jurisdiction." Fed. R. Civ. P. 12(b)(2). Courts without personal jurisdiction over a defendant lack the power to issue a valid and enforceable judgment against that defendant. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945). For personal jurisdiction to comport with due process protections guaranteed by the Fourteenth Amendment, there must be sufficient " 'minimum contacts' between a defendant and the forum" to avoid subjecting the defendant to "the burdens of litigating in a distant or inconvenient forum" while "ensur[ing] that the States through their courts, do not reach out beyond the limits imposed on them by their status as coequal sovereigns in a

federal system." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92, (1980). Accordingly, the exercise of personal jurisdiction comports with due process if "the defendant's contacts with the forum State" prevent "maintenance of the suit" from "offend[ing] traditional notions of fair play and substantial justice." *Id.* at 292, 100 S.Ct. 559 (citations and internal quotation marks omitted).

"When a defendant moves to dismiss for lack of personal jurisdiction, 'the plaintiff bears the burden of demonstrating that jurisdiction is appropriate.'" *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1141 (9th Cir. 2017) (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004)). Where "no evidentiary hearing [has] occurred in [an] action, the plaintiff need only make a prima facie showing of jurisdictional facts." *Id.* (citation and internal quotation marks omitted). Courts may consider evidence contained in affidavits or order discovery related to jurisdictional issues. *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001), *abrogated on other grounds by Williams v. Yamaha Motor Co.*, 851 F.3d 1015 (9th Cir. 2017). In so doing, courts deem all uncontroverted allegations in the complaint to be true and resolve factual disputes in favor of the nonmoving party. *Id.* However, courts "may not assume the truth of allegations in a pleading which are contradicted by affidavit." *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011) (citation and internal quotation marks omitted).

Courts may exercise either general or specific personal jurisdiction over a defendant. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 nn.8-9 (1984). "The standard for general jurisdiction 'is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be hauled into court in the forum state to answer for any of its activities anywhere in the world.'" *CollegeSource, Inc.*, 653 F.3d at 1074 (quoting *Schwarzenegger*, 374 F.3d at 801). And "[a] nonresident defendant's discrete, isolated contacts with the forum support jurisdiction on a cause of action arising directly out of its forum contacts, but

12
DEFENDANT CODY MITCHELL MOTION TO DISMISS
CASE NO. 2:22-cv-07957-FLA-MAA

this is specific rather than general jurisdiction." *Id.* at 1075.

B.  Motion to Dismiss Under Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, this court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir.2008). The court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

## IV.  DISCUSSION

This Court lacks general and specific personal jurisdiction over Mr. Mitchell because his lack of contacts with California.  And of the causes of action that could permit this Court to have jurisdiction over Mr. Mitchell, 18 U.S.C. § 1965(b) is inapplicable because the "ends of justice" do not require haling twenty-five of twenty-eight named Defendants out of Texas into this Court.

Further, Plaintiffs failed to allege any specific conduct by Mr. Mitchell for purposes of their RICO claim when all he alleged did was help Mr. Hubbard report abuse of Ms. Hubbard's children.

A.  <u>The Ends of Justice Are in Texas</u>

Congress authorizes nationwide service of process upon Racketeer Influenced

and Corrupt Organizations Act ("RICO") defendants if "the ends of justice" require it. 18 U.S.C. § 1965(b). "Under 18 U.S.C. § 1965(b), a court may exercise personal jurisdiction over non-resident participants in an alleged RICO conspiracy, even if those parties would otherwise not be amenable to jurisdiction in that court." *Rupert v. Bond*, 68 F. Supp. 3d 1142, 1161 (N.D. Cal. 2014). "[T]he right to nationwide service in RICO suits is not unlimited," however, and "merely naming persons in a RICO complaint does not, in itself, make them subject to section 1965(b)'s nationwide service provisions." *Butcher's Union Loc. No. 498, United Food & Com. Workers v. SDC Inv., Inc.*, 788 F.2d 535, 539 (9th Cir. 1986). "In order to establish personal jurisdiction under Section 1965(b), Plaintiff[ ] must show: (1) the Court has personal jurisdiction over at least one of the participants in the action; (2) there is no other district in which a court will have personal jurisdiction over the alleged co-conspirators; and (3) the facts show a single nationwide RICO conspiracy exists." *Gilbert v. Bank of Am.*, No. C 13-01171 JSW, 2014 WL 4748494, at *4 (N.D. Cal. Sept. 23, 2014) (internal quotation marks omitted).

Here, Plaintiffs allege one defendant, Dr. Eller, resided in California, and as such, the Court is thereby granted personal jurisdiction over all non-resident defendants ECF No. 1 at ¶¶ 53, 58-59. However, "As section 1965(b) makes clear, the right to nationwide service in RICO suits is not unlimited […] merely naming persons in a RICO complaint does not, in itself, make them subject to section 1985(b)'s nationwide service provisions." *Butcher's Union*, 788 F.2d at 539.

Plaintiffs cannot satisfy the second prong of the test used in *Butcher's Union*, "there is no other district in which a court will have personal jurisdiction over the alleged co-conspirators." *Id*. No matter how much Plaintiffs contend Dr. Eller and California were essential to the commercial sex acts venture, it does not defeat the fact that Texas is not only available forum, but the most appropriate forum.

Here, twenty-five of twenty-eight defendants reside in Texas, all identified non-

party individuals reside in Texas, all alleged bad acts performed by Dr. Eller are substantially linked to Texas, and a large majority of the relevant commercial sex acts of the venture occurred in Texas. See generally ECF No. 1 at ¶¶ 1, 44, 62, 64-67, 69-83, 85-89, 93-94, 105, 176-78, 192, 216, 225, 235, 249, 268, 282, 286, 295-302, 304-05, 332. Simply put, Plaintiffs cannot meet their burden of showing the Court no other district could exercise jurisdiction over all Defendants. *See Barantsevich v. VTB Bank*, 954 F. Supp. 2d 972, 989–90 (C.D. Cal. 2013) ("While it is not clear that there is another district that could exercise jurisdiction over all defendants, plaintiff has the burden of showing affirmatively that this is the case."). And because Plaintiffs fail to allege sufficient facts showing that no other district court could exercise jurisdiction over all Defendants, they may not rely on § 1965(b) to supply a basis for personal jurisdiction. *See, e.g., Wegner v. Wells Fargo Bank, N.A.*, 791 F. App'x 669, 671 (9th Cir. 2020) (finding in support of the lower court's dismissal for lack of personal jurisdiction under 18 U.S.C. §1985(b) that the plaintiff did not allege "facts showing there is no other district in which a court would have personal jurisdiction over all of the alleged co-conspirators."); *Elofson v. Bivens*, 774 F. App'x 409, 410 (9th Cir. 2019), cert. denied, 140 S. Ct. 903 (2020).

   B. <u>This Court Does Not Have Specific Jurisdiction Over Mr. Mitchell</u>

  "There are three requirements for a court to exercise specific jurisdiction over a nonresident defendant: (1) the defendant must either purposefully direct his activities toward the forum or purposefully avail[ ] himself of the privileges of conducting activities in the forum; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017) (internal quotation marks and citation omitted). The plaintiff bears the burden of establishing the first two prongs of the test. *Id*. "If the plaintiff meets that burden, 'the burden then shifts to the defendant

to "present a compelling case" that the exercise of jurisdiction would not be reasonable.'" *Id*. at 1068-69 (quoting Schwarzenegger, 374 F.3d at 802).

It is unclear exactly what Mr. Mitchell did in furtherance of this alleged venture when the only specific allegation against him is "Rick sought, with the help of Mitchell, to report abuse in order to take custody of Hubbard's children with Mayer away from him in order to better control Hubbard." ECF No.1 at ¶162. If the Court reads this as fraud, then this claim, or the others referencing Mr. Mitchell, do not contain allegations meeting the heightened pleading standard of Federal Rule of Civil Procedure 9(b). *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991).

But if the Court ascribes Plaintiffs' claims against Mr. Mitchell are sound in tort, then the "effects" test is used to analyze the purposeful direction prong. *See Calder v. Jones*, 465 U.S. 783 (1984). This test requires Plaintiffs to show Mr. Mitchell: (1) committed an intentional act, (2) expressly aimed at the forum state, and (3) caused harm [he] knows is likely to be suffered in the forum state." *Id*.

Here, Plaintiffs' allegations fail to satisfy any part of this test because Mr. Mitchell did not commit any intentional acts expressly aimed at California. Admittedly, Mr. Mitchell cannot determine which of the alleged acts he himself intentionally committed beyond possibly helping Mr. Hubbard report abuse of to take Ms. Hubbard's children with Mr. Mayer away from him to control Ms. Hubbard. ECF No.1 at ¶ 162. Even if true, this reporting would have been to a court in Texas —not California. Regardless, this would not satisfy the second part of the test because "The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Walden v. Fiore*, 571 U.S. 277, 290 (2014). Helping reporting abuse of children to a Texas court has no connection to California no matter the reading. And if Plaintiffs allege the mere fact that Mr. Mitchell possibly knew Plaintiffs were recommend

medications from a psychologist in California, then this still does not subject Mr. Mitchell to specific jurisdiction in California. *See id*. at 285, 291 ("[T]he plaintiff cannot be the only link between the defendant and the forum.").

Plaintiffs also allege "each Defendant purposefully availed themselves to the legal protection of the State of California and purposefully directed business to this State." ECF No.1 at ¶58. However, it is clear from Mr. Mitchell's declaration that he never lived, owned property, worked, paid taxes, or had any contacts in California. *See* Mitchell Decl. at ¶¶ 2-16.

Accordingly, Plaintiffs have not established jurisdiction over Mr. Mitchell through specific jurisdiction.

C. <u>No General Jurisdiction</u>

This Court lacks general jurisdiction over Mr. Mitchell. Mr. Mitchell does not live in California, has never lived in California, was not served process of this lawsuit in California, and has never consented California jurisdiction. *See* Mitchell Decl. at ¶¶ 2-4, 15.

\* \* \* \* \* \* \*

In all, Plaintiffs cannot establish jurisdiction under RICO 18 U.S.C. § 1965(b), specific jurisdiction, nor general jurisdiction over Mr. Mitchell. As such, Mr. Mitchell respectfully requests this Court grant his motion to dismiss for lack of personal jurisdiction.

D. <u>Mr. Mitchell Did Not Participate in the Venture's Affairs</u>[1]

Part of the way to successfully plead a RICO claim requires a plaintiff sufficiently allege a defendant "conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs…" 18 U.S.C. § 1962(c). The Supreme Court defined "conduct" through an "operation and management test.*" Reves v. Ernst &*

---

[1] Defendant Trammel Crow eloquently briefed how and why Plaintiffs failed to allege a Victims of Trafficking and Violence Protection Act of 2000 cause of action and RICO causes of action. *See* ECF No. 26 at pp. 8, 11, 14-25. Mr. Mitchell joins such arguments in which he is referenced and incorporates herein. Mr. Mitchell, however, will use this section of the brief to explain how Plaintiffs' specific allegations failed to allege sufficient participation by Mr. Mitchell in the alleged venture to state a RICO claim against him.

*Young*, 507 U.S. 170, 179 (1993). This test requires courts to consider inter alia, a "showing that the defendants conducted or participated in the conduct of the 'enterprise's affairs,' not just their own affairs." *Reves*, 507 U.S. at 185. And under this test, a defendant does not "direct" the enterprise's affairs by "simply being involved" or "performing services for the enterprise." *Walter v. Drayson*, 538 F.3d 1244, 1248-49 (9th Cir. 2008). Further, it "is not enough that [a defendant] failed to stop illegal activity." *Id*. at 1249.

This is exactly what Plaintiffs allege against Mr. Mitchell here. There are numerous conclusory allegations that Mr. Mitchell participated in the venture and threatened Plaintiffs, but when focusing on the specific allegations with Mr. Mitchell one thing becomes clear—Mr. Hubbard used the threat of his friendship with Mr. Mitchell against Plaintiffs, not Mr. Mitchell himself. ECF No. 1 at ¶¶ 20, 22-23, 160, 163. And the one allegation that could possibly be viewed as Mr. Mitchell's "conduct" is Mr. Hubbard seeking Mr. Mitchell's help to report child abuse. Id. at ¶ 162. Even if this allegation is true, as a law enforcement official in Texas, Mr. Mitchell would be well within his duty to report such abuse given the number of allegations of drug abuse, domestic violence, and overall, truly sad environment for children to be raised. *See Walter*, 538 F.3d at 1248 (noting Reves requires "some degree of direction" and that "fail[ure] to stop illegal activity" is not enough").

Plaintiffs' have not alleged Mr. Mitchell's conduct sufficiently to ascribe legally recognizable participation in the alleged venture, let alone specific personal involvement by any means. Therefore, the RICO cause of action against Mr. Mitchell should be dismissed.

## V.     CONCLUSION

This Court does not have general or specific jurisdiction over Mr. Mitchell because he has never lived in California, does not live in California, has no contacts in California, and never availed himself to the protection and laws of California. Further,

nationwide jurisdiction over this mater is inappropriate because a Texas court is the proper alternative forum to bring this claim because it is where a majority of the parties resided and continued to reside, and where all the relevant transactions and occurrences of the commercial sex acts venture took place.  Lastly, Mr. Mitchell Plaintiffs failed to allege Mr. Mitchell failed to participate in the alleged venture. Accordingly, Mr. Mitchell respectfully request this Court to grant his motion to dismiss.

DATED: February 24, 2023

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**SHAWN E. COWLES**
Deputy Attorney General for Civil Litigation

**SHANNA E. MOLINARE**
Assistant Attorney General
Chief, Law Enforcement Defense Division

<u>/s/ Alec Simpson</u>
**ALEC SIMPSON**
Attorney-In-Charge
Assistant Attorney General
Texas State Bar No. 24118534

Law Enforcement Defense Division
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2080 / Fax (512) 370-9814
Alec.Simpson@oag.texas.gov

ATTORNEYS FOR DEFENDANT
CODY MITCHELL

### CERTIFICATE OF SERVICE

I, **ALEC SIMPSON**, certify that a true and correct copy of the foregoing, **Defendant Cody Mitchell's Motion to Dismiss Plaintiff's Complaint**, was filed and served via the Electronic Case Files System of the Central District of California on February 24, 2023:

/s/ *Alec Simpson*
**ALEC SIMPSON**
Assistant Attorney General

### CERTIFICATE OF COMPLAINCE

The undersigned, counsel of record for Defendant Cody Mitchell, certifies that this brief contains approximately 4,316 words as calculated by Microsoft Word in compliance with Local Rule 11-6.1.  Further, this brief contains only 19 pages, which complies with the page limit requirement in the Initial Standing Order. ECF No. 24.

DATED:     February 24, 2023

/s/ *Alec Simpson*
**ALEC SIMPSON**
Assistant Attorney General