DELMAR S. THOMAS (SBN 210825)
  dthomas@yukelaw.com
JUSTIN M. MARVISI (SBN 294498)
  jmarvisi@yukelaw.com
OLIVIA H. KIM (SBN 322535)
  okim@yukelaw.com
YUKEVICH | CAVANAUGH
355 S. Grand Avenue, 15th Floor
Los Angeles, California 90071-1560
Telephone:   (213) 362-7777
Facsimile:   (213) 362-7788
Email:        eservice@yukelaw.com

Attorneys for Specially Appearing
Defendant RCI HOSPITALITY
HOLDINGS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JULIA HUBBARD and KAYLA GOEDINGHAUS, <br><br> Plaintiffs, <br><br> vs. <br><br> TRAMMELL S. CROW, JR., DR. BENJAMIN TODD ELLER, RICHARD HUBBARD, DR. MELISSA MILLER, DR. JOSEPH BOLIN, DR. SCOTT WOODS, DR. MRUGESHKUMAR SHAH, MICHAEL CAIN, COE JURACEK, PHILIP ECOB, H.J. COLE, TEXAS RANGER CODY MITCHELL, KURT KNEWITZ, PAUL PENDERGRASS, RALPH ROGERS, ROBERT PRUITT, SCOTT BRUNSON, CASE GROVER, RICHARD BUTLER, MARK MOLINA, MICHAEL HYNES, JR., SHAWN MAYER, JADE MAYER, RCIHH HOSPITALITY HOLDINGS, INC., INTEGRITY BASED MARKETING, LLC, STORM FITNESS NUTRITION, LLC, ULTRA COMBAT NUTRITION, LLC, ECOLOFT HOMES LLC, ELEVATED WELLNESS PARTNERS LLC, DOE INDIVIDUALS 1–20, and DOE COMPANIES 21–30, <br><br> Defendants. | CASE NO. 2:22-cv-7957 <br><br> **DEFENDANT RCI HOSPITALITY HOLDINGS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR IN THE ALTERNATIVE, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** <br><br> Date:   April 7, 2023 <br> Time:   1:30 p.m. <br> Dept:   6B, 6th Floor <br><br> Assigned to the Hon. Fernando L. Aenlle-Rocha |

2514162.1

TO THE COURT, ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

Please take notice that on April 7, 2023, at 1:30 p.m., in Courtroom 6B of the above-titled Court, located at 350 W. 1st St., 6th Floor, Los Angeles, California 90012, the Honorable Fernando L. Aenlle-Rocha shall hear Defendant RCI Hospitality Holdings, Inc.'s ("RCIHH") Motion to Dismiss.

RCIHH moves to dismiss based on the lack of personal jurisdiction and, alternatively, for Plaintiffs Julia Hubbard ("Julia") and Kayla Goedinghaus' ("Kayla") failure to state a claim. Good cause exists to grant this Motion for the following reasons:

Lack of Personal Jurisdiction: Personal jurisdiction over RCIHH is absent, and the Court should dismiss Plaintiffs' claims against it under Fed. R. Civ. P. 12(b)(2). RCIHH is a holding company incorporated in Delaware with its principal place of business in Texas, barring general jurisdiction over it. It lacks significant contacts with California and has no contacts with California related to the subject of the Complaint, precluding specific jurisdiction. Nationwide jurisdiction under the RICO statute is unavailable because Plaintiffs do not sufficiently allege a multidistrict conspiracy, and because an alternative forum, Texas, exists for Plaintiffs' claims against all Defendants.

Failure to State a Claim: In the alternative, Plaintiffs' claims against RCIHH should be dismissed under Fed. R. Civ. P. 12(b)(6).

First, Plaintiffs' improper shotgun Complaint with its "everyone-did-everything" approach fails to comply with Rule 8 notice requirements.

Second, Kayla does not allege any facts suggesting RCIHH had any connection to her, and therefore her claims against it should be dismissed.

Third, the sex-trafficking claims fail as no facts suggest RCIHH was part of the sex-trafficking, labor-trafficking venture Plaintiffs allege. At best Plaintiffs allege isolated misconduct by RCIHH's alleged agents.

2

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

Fourth, the labor-trafficking claims fail for lack of any facts plausibly showing RCIHH's participation in the previously-mentioned venture.

Fifth, Julia's RICO claims are time-barred, having been filed around a year after the four-year deadline.

Finally, the RICO claims fail because no pled facts plausibly show RCIHH's participation in an enterprise, namely, the aforementioned venture.

This Motion is made following the conference of counsel pursuant to <u>Local Rule 7-3</u>, which took place on February 17, 2023, and is based on this Notice of Motion and Motion; the attached Memorandum of Points and Authorities; all pleadings and other matters already before the Court in this action, and such further information presented at or before any hearing on the Motion.

DATED:  February 27 , 2023          YUKEVICH | CAVANAUGH

By: _____

Delmar S. Thomas
Justin M. Marvisi
Olivia H. Kim

Attorneys for Specially Appearing
Defendant RCI HOSPITALITY
HOLDINGS, INC.

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

# __Table of Contents__

Memorandum of Points and Authorities ...................................................9

Introduction..................................................................................................9

Plaintiffs' Allegations against RCIHH ....................................................10

Declaration of Scott Sherman....................................................................11

Argument – 12(b)(2) ...................................................................................13

    A.    Governing Principles.............................................................13

    B.    No general jurisdiction over RCIHH exists. ......................14

    C.    Specific jurisdiction over RCIHH is absent........................15

    D.    The Court cannot exercise nationwide jurisdiction over RCIHH.......17

Argument – 12(b)(6) ...................................................................................19

    A.    Governing Principles.............................................................19

    B.    Rule 8 notice pleading requirements are not satisfied.......................20

    C.    Kayla does not allege any facts relevant to RCIHH. ......................20

    D.    Julia does not plausibly allege a sex-trafficking claim against RCIHH. ...............22

    E.    Julia does not plausibly allege a labor-trafficking claim against RCIHH. ...............26

    F.    Julia's RICO claims are time-barred...................................27

    G.    Julia does not plausibly allege a RICO claim against RCIHH ...........28

Conclusion ..................................................................................................31

Certificate of Compliance...........................................................................32

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

# **Table of Authorities**

**Page(s)**

## **Cases**

*Afifeh v. Ahmadabadi,*
 No.: 2:22-cv-00928-SB-AFM, 2022 WL 2898945 (C.D. Cal. July
 11, 2022) .................................................................................................... 13

*Anagnostou v. County of Los Angeles*,
 No. 2:19-cv-08111-VAP-PLAx, 2020 WL 4919599 (C.D. Cal. June
 8, 2020) ....................................................................................................... 22

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ..................................................................................... 24

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*,
 874 F.3d 1064 (9th Cir. 2017) ..................................................................... 16

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) ............................................................................... 21, 24

*Butcher's Union Local No. 498, United Food & Commercial Workers
 v. SDC Inv., Inc.*,
 788 F.2d 535 (9th Cir. 1986) ....................................................................... 17

*Cedric Kushner Promotions, Ltd. v. King*,
 533 U.S. 158 (2001) ..................................................................................... 28

*In re Century Aluminum Co. Sec. Litig.*,
 729 F.3d 1104 (9th Cir. 2013) ..................................................................... 24

*Coffey v. Mesa Airlines Inc.*,
 No. CV 18-3688-DMG, 2019 WL 4492952 (C.D. Cal. Apr. 15,
 2019) ............................................................................................................ 15

*Destfino v. Reiswig*,
 630 F.3d 952 (9th Cir. 2011) ....................................................................... 20

*Doe v. Fitzgerald*,
 No. CV 20-10713-MWF, 2022 WL 2784805 (C.D. Cal. May 13,
 2022) ............................................................................................................ 22

*Doe v. Mindgeek USA Inc.*,
   558 F.Supp.3d 828 (C.D. Cal. 2021) ........................................................... 23, 24

*Ebner v. Fresh*,
   838 F.3d 958 (9th Cir. 2016) ................................................................................ 19

*Fraser v. Team Health Holdings, Inc.*,
   No. 20-cv-04600-JSW, 2022 WL 971579 (N.D. Cal. Mar. 31, 2022) ............... 29

*High Adventure Ministries, Inc. v. Tayloe*,
   309 F.Supp.3d 461 (W.D. Ky. 2018) .................................................................. 18

*Howard v. Am. Online Inc.*,
   208 F.3d 741 (9th Cir. 2000) ................................................................................ 30

*Isaacs v. USC Keck Sch. of Med.*,
   No. 20-55239, 853 Fed.Appx. 114 ...................................................................... 27

*J.M. v. Choice Hotels Int'l, Inc.*,
   No. 2:22-cv-00672-KJM-JDP, 2022 WL 10626493 (E.D. Cal. Oct.
   18, 2022) .............................................................................................................. 24

*Jones v. Bock*,
   549 U.S. 199 (2007) ............................................................................................. 28

*Krantz v. Bloomberg, L.P.*,
   No. 2:21-CV-06275-AB, 2022 WL 2102111 (C.D. Cal. Jan. 19,
   2022) ............................................................................................................... 14, 15

*L-Nutra, Inc. v. Prevail Solutions, LLC*,
   No.: 2:21-cv-04564-SB-KK, 2021 WL 6103084 (C.D. Cal. Oct. 12,
   2021) .................................................................................................................... 15

*Lee v. City of Los Angeles*,
   250 F.3d 668 (9th Cir. 2001) ................................................................................ 20

*Linlor v. Whetsell*,
   No. 3:18-cv-00096-MMD-CBC, 2018 WL 5019383 (D. Nev. Oct.
   16, 2018) .............................................................................................................. 17

*LNS Enter. LLC v. Cont'l Motors Inc.*,
   464 F.Supp.3d 1065 (D. Ariz. 2020) .................................................................. 13

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

*Magic Toyota, Inc. v. Southeast Toyota Distrib., Inc.*,
    784 F.Supp. 306 (D.S.C.1992) ................................................................. 19

*Martinez v. Aero Caribbean*,
    764 F.3d 1062 (9th Cir. 2014) ................................................................. 13

*Moore v. Trader Joe's Co.*,
    4 F.4th 874 (9th Cir. 2021) ..................................................................... 19

*Navarro v. Block*,
    250 F.3d 729 (9th Cir. 2001) ................................................................... 19

*Oasis Med., Inc. v. Biocia, Inc.*,
    No. CV 21-8879-DMG, 2022 WL 2189616 (C.D. Cal. Jan. 10,
    2022) ........................................................................................................ 13

*Odom v. Microsoft Corp.*,
    486 F.3d 541 (9th Cir. 2007) ................................................................... 28

*Orellana v. Mayorkas*,
    6 F.4th 1034 (9th Cir. 2021) .............................................................. 21, 23

*Pincay v. Andrews*,
    238 F.3d 1106 (9th Cir. 2001) ................................................................. 27

*Ranza v. Nike, Inc.*,
    793 F.3d 1059 (9th Cir. 2015) ....................................................... 13, 14, 15

*Ratha v. Phattana Seafood Co.*,
    35 F.4th 1159 (9th Cir. 2022) ......................................................... 14, 15, 22

*Retail Prop. Trust v. United Brotherhood of Carpenters and Joiners of
    Am.*,
    768 F.3d 938 (9th Cir. 2014) ................................................................... 19

*Reves v. Ernst & Young*,
    507 U.S. 170 (1993) ................................................................................. 29

*Sears v. Russell Rd. Food and Beverage, LLC*,
    460 F.Supp.3d 1065 (D. Nev. 2020) ........................................................ 28

*Shaw v. Nissan N. Am., Inc.*,
    220 F.Supp.3d 1046 (C.D. Cal. 2016) ................................................. 28, 29

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

DEFENDANT RCI HOSPITALITY HOLDINGS, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION, OR IN THE ALTERNATIVE, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

*Shuman v. Computer Assocs. Int'l, Inc.*,
  762 F. Supp. 114 (E.D. Pa. 1991)......................................................................18

*Sollberger v. Wachovia Sec., LLC*,
  No. SACV 09–0766......................................................................................22

*Standard v. Nygren*,
  658 F.3d 792 (7th Cir. 2011) .........................................................................20

*Walden v. Fiore*,
  571 U.S. 277 (2014) .......................................................................................17

*Yellowcake Inc. v. Morena Music, Inc.*,
  522 F. Supp. 3d 747 (E.D. Cal. 2021)............................................................20

*In re ZF-TRW Airbag Control Units Products Liab. Litig.*,
  601 F. Supp. 3d 625 (C.D. Cal. 2022).............................................................18

**Statutes**

18 U.S.C. §1595(a) ..............................................................................22, 26

18 U.S.C. §1962(c) .............................................................................28, 29

18 U.S.C. §1962(d) ............................................................................28, 30

18 U.S.C. §1965.........................................................................................17

18 U.S.C. §1965(b) ....................................................................9, 17, 18

Cal. Code Civ. P. 410.10 .........................................................................13

RICO .................................................................................................*passim*

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

DEFENDANT RCI HOSPITALITY HOLDINGS, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION, OR IN THE ALTERNATIVE, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

# MEMORANDUM OF POINTS AND AUTHORITIES

## Introduction

This case concerns an alleged sex- and labor-trafficking venture purportedly operated by Richard Hubbard ("Richard"), which allegedly victimized Plaintiffs Julia Hubbard ("Julia") and Kayla Goedinghaus ("Kayla"). Plaintiffs allege that they were forced into the venture where they were verbally abused and threatened, sexually and physically abused, and compelled to perform sex acts for payment and to secure business relationships for Richard. Plaintiffs identify a large cast of characters as venture members, ranging from various doctors who drugged Plaintiffs into submission to assorted investors who financed the venture to a Texas Ranger who threatened Plaintiffs with arrest on false charges. Yet, Plaintiffs' case is doomed from the outset solely based on their strategic, but improper, selection of California for the battleground. If this case belongs anywhere, it is Texas, not California.

This Court has neither general nor specific jurisdiction over Defendant RCI Hospitality Holdings, Inc. ("RCIHH"). RCIHH is a holding company incorporated in Delaware with its principal place of business in Texas. It lacks significant contacts with California and has no contacts with California related to the subject of the Complaint. In fact, the Complaint does not allege any conduct by RCIHH in California. To the extent Plaintiffs allege that nationwide jurisdiction is appropriate against the numerous out-of-state Defendants under the RICO jurisdictional statute, 18 U.S.C. §1965(b), they cannot satisfy the statutory standard that the ends of justice "require" nationwide jurisdiction. Instead, the Complaint's allegations reveal that the "ends of justice" require that this case be prosecuted and defended in Texas. The Court should therefore grant RCIHH's Motion to Dismiss for Lack of Personal Jurisdiction.

Even if this Court considers the merits of Plaintiffs' allegations against RCIHH, they fail to pass muster under Fed. R. Civ. P. 12(b)(6). Plaintiffs' account

has RCIHH playing a fairly minor, and largely unconnected, role in the venture. According to Plaintiffs' Complaint, RCIHH owns the Silver City Cabaret in Dallas, Texas where managers there abused Julia through various methods. Setting aside Plaintiffs' failure to connect these alleged bad acts to RCIHH, the only supposed connection from RCIHH to the venture is Plaintiffs' allegation that Silver City manager Casey Grover ("Grover") was in regular contact with Richard. That is insufficient to support the serious claims of sex- and labor-trafficking and RICO violations against RCIHH. Therefore, even if this case remains in California, the Court should still dismiss it against RCIHH pursuant to Fed. R. Civ. P. 12(b)(6).

## Plaintiffs' Allegations against RCIHH

Over their 62-page Complaint with 343 numbered paragraphs, Plaintiffs provide little details on RCIHH's alleged role in their story.

In the summer of 2017, several years after the venture's beginning in 2012 (Compl. ¶¶ 232, 238, 314, 316, 340), Julia left Richard and took a job in Dallas, Texas at the Silver City Cabaret, which Plainitffs claim is owned by RCIHH. (Id. ¶¶ 247, 249.) There, Julia met Grover, who was employed as a manager. (Id.) After meeting Julia, Grover supposedly used abusive tactics to "force [Julia] to do as he wished for his financial benefit." (Id. ¶ 250.) These tactics allegedly included Grover refusing to disburse her wages, threatening to cut her hours or fire her, depriving her of her vehicle and tracking her using her phone, all tactics allegedly done in Texas. (Id. ¶¶ 250, 252-253.)

Julia supposedly reported Grover's conduct to Mark Molina ("Molina"), Silver City's alleged waitress manager, and Richard Butler ("Butler"), Silver City's alleged owner,[1] but neither of them did anything. (Id. ¶ 254.) Instead, Butler

---

[1] Further demonstrating the problems with Plaintiffs' Complaint is their confusion as to Silver City's owner. Plaintiffs first allege that Silver City was owned by RCIHH, who Plaintiffs call "RCI Entertainment, Inc." (Compl. ¶¶ 44, 249). Yet, later in the Complaint, Plaintiffs allege that Butler owned Silver City. (Id. ¶ 254.)

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

2514162.1

10

DEFENDANT RCI HOSPITALITY HOLDINGS, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR IN THE ALTERNATIVE, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

allegedly asked Julia repeatedly for sexual favors and threatened to fire her if she did not comply. (Id.)

Julia alleges she learned that Grover was part of the venture and had been in regular contact with Richard since Julia began working at Silver City, with Richard even contacting Grover's wife.  (Id. ¶ 255.)  Julia recounts one supposed incident in the fall of 2017 when Richard came to visit Julia and offered to allow her to see her daughter, but only if she gave him her earnings from Silver City that day and she had sex with him.  (Id. ¶ 256.)  Julia says that "[t]his request showed that [Richard] knew that Grover was himself confiscating Hubbard's wages, and [Richard] knew that such a demand was impossible."  (Id.)

Julia's relationship with Grover apparently ended when he allegedly broke her ribs in October 2017, prompting her to leave him and quit her job at Silver City. (Id. ¶¶ 257-258.)  She then became involved with a man named Michael Hynes (Id. ¶ 258), who, among other things, forced Julia, through physical violence, to "[sell] cocaine and other drugs at various clubs owned by Defendant RCIHH, called XTC and Temptations, and Hynes would collect the money."  (Id. ¶ 272)  RCIHH's role in the story appears to end here with Julia allegedly escaping Hynes in November 2018.  (Id. ¶¶ 277, 279.) There are no allegations in the Complaint suggesting RCIHH had any connection to Kayla.

On November 1, 2022, Plaintiffs filed this lawsuit against RCIHH and others, based on the facts alleged above, and asserting claims for (1) sex-trafficking; (2) labor-trafficking; and (3) violations of the Racketeer Influenced and Corrupt Organizations Act.  (Id. ¶¶ 319-321, 323-325, 327-343.)

### Declaration of Scott Sherman

Filed concurrently in support of this Motion is the declaration of Scott Sherman.  Mr. Sherman is the general counsel for RCI Management Services, Inc. which provides administrative and other support to RCIHH and its various subsidiary companies.  His declaration confirms there is no basis upon which this

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

Court could exercise personal jurisdiction over RCIHH:

- On November 1, 2022, the day the Complaint was filed, RCIHH was incorporated in Delaware with its principal place of business in Houston, Texas.

- RCIHH received service of the Complaint through mail at its principal place of business.

- RCIHH has never consented to California jurisdiction.

- During any and all times identified in the Complaint, RCIHH was and remains a holding company. For the clubs identified in the Complaint, "Silver City," "XTC," and "Temptations," those are owned and operated by Texas-based companies which are wholly-owned subsidiaries of RCIHH. Silver City Cabaret is located in Dallas, Texas. There are two XTC Cabarets, one located in Dallas, Texas and the other located in Austin, Texas. There are also two Temptations Cabarets, one located in Fort Worth, Texas and the other located in Beaumont, Texas.

- During any and all times identified in the Complaint, RCIHH did not (1) own any real property or fixed assets in California, (2) conduct any business or operations in California, (3) have any offices in California, (4) have any employees who lived or resided in California, or (5) register to do business or have been qualified to do business in California.

- During any and all times identified in the Complaint, RCIHH's subsidiaries did not conduct any business or operations in California save for one exception. In 2013, 1957 Del Amo, LLC, a subsidiary of RCIHH, opened a club in Los Angeles, California, but that club was closed in 2014, and that subsidiary was sold that same year.

- RCIHH has never been party to litigation in California except for this lawsuit.

- Having RCIHH's employees and representatives travel to California for

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

discovery and trial of this case would impose a financial burden on RCIHH.

**Fed. R. Civ. P. 12(b)(2) - Motion to Dismiss for Lack of Personal Jurisdiction**

A.    <u>Governing Principles</u>.

A defendant may bring a personal jurisdiction challenge in a motion under Federal Rule of Civil Procedure 12(b).  Fed. R. Civ. P. 12(b)(2).  "'In opposing a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper.'"  *Ranza v. Nike, Inc*., 793 F.3d 1059, 1068 (9th Cir. 2015) (citing *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011)); *see also Afifeh v. Ahmadabadi*, No.: 2:22-cv-00928-SB-AFM, 2022 WL 2898945, at *2 (C.D. Cal. July 11, 2022) (same).  A plaintiff may not simply rest on the 'bare allegations of [the] complaint.'"  *Ranza*, 793 F.3d at 1068; *see Afifeh*, 2022 WL 2898945, at *2 (same).

"'Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over [defendants].'"  *Ranza*, 793 F.3d at 1068; *see Oasis Med., Inc. v. Biocia, Inc.*, No. CV 21-8879-DMG (AGRx), 2022 WL 2189616, at *5 (C.D. Cal. Jan. 10, 2022).  California's long-arm statute authorizes personal jurisdiction to the full extent allowed by the U.S. Constitution.  *See* Cal. Code Civ. P. 410.10; *Oasis*, 2022 WL 2189616, at *5.  "For the exercise of personal jurisdiction over a defendant, due process requires that the defendant 'have certain minimum contacts' with the forum state 'such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"  *Ranza*, 793 F.3d at 1068; *see Oasis*, 2022 WL 2189616, at *5 (same).

Personal jurisdiction over an out-of-state defendant comes in two forms, general and specific.  *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1067 (9th Cir. 2014); *see LNS Enter. LLC v. Cont'l Motors Inc.*, 464 F.Supp.3d 1065, 1072 (D. Ariz. 2020).  Neither is present here for RCIHH.

2514162.1

13

DEFENDANT RCI HOSPITALITY HOLDINGS, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR IN THE ALTERNATIVE, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

B.   <u>No general jurisdiction over RCIHH exists</u>.

Because RCIHH has no contacts with California, let alone contacts that would make it essentially at home in California, the Court cannot exercise general jurisdiction over it.

General jurisdiction "permits a court to hear 'any and all claims' against a defendant, whether or not the conduct at issue has any connection to the forum." *Ranza*, 793 F.3d at 1068-69; *Ratha v. Phattana Seafood Co*., 35 F.4th 1159, 1171 (9th Cir. 2022) ("General jurisdiction is not limited to claims arising out of or relating to the forum but rather 'permits a court to hear any and all claims against a defendant, whether or not the conduct at issue has any connection to the forum.'") (cleaned up).

"Because the scope of general jurisdiction, once established, is broader than the scope for specific jurisdiction, 'a plaintiff invoking general jurisdiction must meet an exacting standard for the minimum contacts required.'" *Ratha*, 35 F.4th at 1171 (quoting *CollegeSource*, 653 F.3d at 1069). "Courts may exercise general jurisdiction over a defendant only if the defendant's connections to the forum state are so continuous and systematic as to render [it] essentially at home in the forum.'" (cleaned up). *Ratha*, 35 F.4th at 1171 (quoting *Williams v. Yamaha Motor Co.,* 851 F.3d 1015, 1020 (9th Cir. 2017). "The paradigmatic locations where general jurisdiction is appropriate over a corporation are its place of incorporation and its principal place of business. Only in an 'exceptional case' will general jurisdiction be available anywhere else." *Ranza*, 793 F.3d at 1069 (quoting *Martinez*, 764 F.3d at 1070).

Because RCIHH is not incorporated in California and it does not have its principal place of business there, the normal bases for applying general jurisdiction to a corporation do not apply here. And no facts suggest this is an "exceptional case" in which RCIHH is "at home" in California despite not being incorporated there and not having its principal place of business there. *See Krantz v. Bloomberg,*

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

1  *L.P.*, No. 2:21-CV-06275-AB (RAOx), 2022 WL 2102111, at *4 (C.D. Cal. Jan. 19,

2  2022) ("[T]o establish general jurisdiction over BLP, Plaintiff must make a prima

3  facie showing that this is an 'exceptional case' where BLP's contacts with California

4  are 'so substantial and of such a nature as to render [it] at home' in the forum.").

5  Cases routinely find no general jurisdiction even where the contacts are far more

6  substantial than those here.  *See Ranza*, 793 F.3d at 1070 (no general jurisdiction

7  over company in Oregon even though company "sends employees and products into

8  Oregon and engages in commercial transactions there"); *Krantz*, 2022 WL 2102111,

9  at *3-4 (no general jurisdiction over company in California even though it derived

10  $334 million annually from its California operations); *Coffey v. Mesa Airlines Inc.*,

11  No. CV 18-3688-DMG (PLAx), 2019 WL 4492952, at *4 (C.D. Cal. Apr. 15, 2019)

12  (no general jurisdiction over company in California even though company allegedly

13  conducted business in California for around three decades, operated around 160

14  flights in and out of California every week, and employed hundreds of California

15  citizens that it actively recruited).  Accordingly, there is no general jurisdiction over

16  RCIHH in California.

17  C.    Specific jurisdiction over RCIHH is absent.

18        There is also no basis to exercise specific jurisdiction over RCIHH as it never

19  had contacts with California relevant to Plaintiffs' claims.

20        "Specific jurisdiction exists when a case 'aris[es] out of or relate[s] to the

21  defendant's contacts with the forum.'"  *Ranza*, 793 F.3d at 1068 (quoting

22  *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8 (1984));

23  *see L-Nutra, Inc. v. Prevail Solutions, LLC*, No.: 2:21-cv-04564-SB-KK, 2021 WL

24  6103084, at *2 (C.D. Cal. Oct. 12, 2021).  "It 'depends on an affiliation between the

25  forum and the underlying controversy, principally, activity or an occurrence that

26  takes place in the forum State and is therefore subject to the State's regulation.'"

27  *Ranza*, 793 F.3d at 1068 (quoting *Goodyear Dunlop Tires Operations, S.A. v.*

28  *Brown*, 131 S. Ct. 2846, 2851 (2011)); *see Ratha*, 35 F.4th at 1171 (same).

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

"Specifically, 'the defendant's suit-related conduct must create a substantial connection with the forum State.'" *Axiom Foods, Inc. v. Acerchem Int'l, Inc*., 874 F.3d 1064, 1068 (9th Cir. 2017).

"Two principles animate the 'defendant-focused' inquiry.' First, the relationship between the nonresident defendant, the forum, and the litigation 'must arise out of contacts that the 'defendant himself' creates with the forum State.' Second, the minimum contacts analysis examines 'the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there.' It follows that 'a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction.'" *Axiom*, 874 F.3d at 1068.

"There are three requirements for a court to exercise specific jurisdiction over a nonresident defendant: (1) the defendant must either purposefully direct his activities toward the forum or purposefully avail[ ] himself of the privileges of conducting activities in the forum; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable. The plaintiff bears the burden of satisfying the first two prongs of the test. If the plaintiff meets that burden, "the burden then shifts to the defendant to present a compelling case that the exercise of jurisdiction would not be reasonable." *Id*. at 1068-69 (cleaned up).

Plaintiffs allege that specific jurisdiction exists because RCIHH "purposefully availed [itself] of the legal protection of the State of California and purposefully directed business to this State." (Compl. ¶ 58.)   That is not correct.   The claims against RCIHH are based on supposed abusive or negligent behavior committed in Texas against Julia by RCIHH's alleged agents, Grover, Molina, and Butler, or Hynes, a stranger to RCIHH. (Id. ¶¶ 249-257, 272.)   There are no allegations that any alleged tortious conduct connected to RCIHH occurred in California. (Id. ¶¶ 58, 249-257, 272.)   All of the alleged tortious conduct with respect to RCIHH occurred

2514162.1

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

in Texas, and Julia does not contend otherwise.  Julia does not explain, nor do law and common sense substantiate, her apparent argument that a company which allegedly allows misconduct in Texas somehow avails itself of the legal protection of California or directs business to California.  *See Walden v. Fiore*, 571 U.S. 277, 288-89 (2014) (no minimum contacts in Nevada lawsuit against airline passengers' lawsuit in Nevada against Georgia police officer wrongfully seizing and retaining passengers' cash in Georgia, as "no part of [officer's] course of conduct occurred in Nevada" – officer "never traveled to, conducted activities within, contacted anyone in, or sent anything or anyone to Nevada"); *Linlor v. Whetsell*, No. 3:18-cv-00096-MMD-CBC, 2018 WL 5019383, at *4 (D. Nev. Oct. 16, 2018) (no specific jurisdiction in Nevada assault case by pilot against nonresident TSA screener, where screener allegedly assaulted pilot in Virginia, not Nevada, and the only tie to Nevada was TSA's loading report of incident to nationwide storage system, accessible in Nevada, among other places).  Accordingly, there is no purposeful availment and the claims against RCIHH should be dismissed.[2]

D.     The Court cannot exercise nationwide jurisdiction over RCIHH.

Plaintiffs assert nationwide personal jurisdiction under 18 U.S.C. § 1965(b). § 1965(b) does not allow for nationwide jurisdiction in every case involving RICO claims.  *See* 18 U.S.C. §1965.  Rather, §1965(b) allows the court to exercise nationwide jurisdiction if the plaintiff shows that "the ends of justice require" it.  *Id.* The "right to nationwide service in RICO is not unlimited."  *Butcher's Union Local No. 498, United Food & Commercial Workers v. SDC Inv., Inc.*, 788 F.2d 535, 539 (9th Cir. 1986).  Instead, a plaintiff "must establish (1) that they have sufficiently alleged a multidistrict conspiracy that encompasses the defendants; (2) that the court has personal jurisdiction over at least one of the participants in the alleged

_____

[2]  Kayla does not even allege a factual ground for any claims against RCIHH (probably a result of Plaintiffs' "shotgun-pleading" approach), so her claims and allegations add nothing to this personal jurisdiction analysis. (Compl. ¶¶ 280-302.)

multidistrict conspiracy; and (3) there is no other district in which a court will have personal jurisdiction over all of the alleged co-conspirators." *In re ZF-TRW Airbag Control Units Products Liab. Litig.*, 601 F. Supp. 3d 625, 693 (C.D. Cal. 2022). Plaintiffs bear the burden on each of these elements. *Id*. Here, Plaintiffs cannot establish the first element or third elements.

As to the first element, Plaintiffs have not sufficiently alleged a multidistrict conspiracy. Nearly all of the alleged conduct of the venture occurred in Texas. (Compl. ¶332.) Dr. Benjamin Eller is the only actor that resided outside of Texas. (Id. ¶ 303-305.) Dr. Eller's conduct, however, solely involved activity in Texas. Plaintiffs have alleged that he submitted false affidavits and testimony to Texas courts. (Id. ¶304.) They allege that he caused doctors in Texas named as Defendants to prescribe and provide the enterprise with medications. (Id. ¶305.) Plaintiffs do not allege that they ever left and experienced trafficking outside Texas. Thus, Plaintiffs have failed to allege a multidistrict conspiracy, but rather a conspiracy solely in Texas, and the Court cannot exercise national jurisdiction under §1965(b).

As to the third element, Plaintiffs' Complaint makes clear that Texas would have personal jurisdiction over each of the Defendants in this case. Out of the 22 individuals named in the Complaint, 20 reside in Texas, thus providing Texas courts with general jurisdiction over them. (Id. ¶¶ 62-83.) Only Dr. Eller and Dr. Mrugeshkumar Shah do not currently reside in Texas. (Id. ¶¶ 63, 68.) Both, however, have sufficient minimum contacts with Texas that a Texas court could exercise personal jurisdiction over them. (Id.) Plaintiffs alleged that Dr. Eller wrote recommendations for the Defendants who were doctors, which includes Dr. Shah, to prescribe medications for Julia in Texas. (Id. ¶ 305.)

Courts routinely reject nationwide jurisdiction because of the presence of an alternative forum. *See e.g., Shuman v. Computer Assocs. Int'l, Inc.*, 762 F. Supp. 114, 117-18 (E.D. Pa. 1991) (weight of contacts in the claim pointed obviously to New Jersey as an alternative forum where all the alleged events occurred); *High*

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

18

*Adventure Ministries, Inc. v. Tayloe*, 309 F.Supp.3d 461, 473 (W.D. Ky. 2018) (applying *Butcher* to reject nationwide jurisdiction and noting the ends of justice would not be served by bringing defendants across the country to an improper forum); *Magic Toyota, Inc. v. Southeast Toyota Distrib., Inc*., 784 F.Supp. 306, 311-12 (D.S.C.1992) (noting plaintiff had no evidence justice required haling the defendants to the district when an alternative forum existed.). The ends of justice would not be served by haling every defendant into this Court when all or nearly all of the evidence likely exists in Texas, all but one Defendant resides in Texas, and the events occurred in Texas.   Plaintiffs cannot even claim California as a convenient forum as both Plaintiffs reside in Virginia.   The Court should therefore decline to exercise nationwide jurisdiction.

**Fed. R. Civ. P. 12(b)(6) - Motion to Dismiss for Failure to State a Claim**

Alternatively, the Court should dismiss the case against RCIHH pursuant to Fed. R. Civ. P. 12(b)(6) for Plaintiffs' failure to state valid claims against it.

A.   Governing Principles.

"A Rule 12(b)(6) motion tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "Dismissal of a complaint under Rule 12(b)(6) is appropriate when the complaint fails to state sufficient facts creating a plausible claim to relief." *Moore v. Trader Joe's Co*., 4 F.4th 874, 880 (9th Cir. 2021). The court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail Prop. Trust v. United Brotherhood of Carpenters and Joiners of Am*., 768 F.3d 938, 945 (9th Cir. 2014).

"Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Ebner v. Fresh*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009)). "[W]hen the legal sufficiency of a complaint's allegations is tested by a motion under Rule 12(b)(6),

2514162.1

19

DEFENDANT RCI HOSPITALITY HOLDINGS, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR IN THE ALTERNATIVE, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

1  '[r]eview is limited to the complaint.'"  *Lee v. City of Los Angeles*, 250 F.3d 668,

2  688 (9th Cir. 2001) (quoting *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th

3  Cir. 1993)).

4  **B.**  Rule 8 notice pleading requirements are not satisfied.

5  "To form a defense, a defendant must know what he is defending against; that

6  is, he must know the legal wrongs he is alleged to have committed and the factual

7  allegations that form the core of the claims asserted against him." *Standard v.*

8  *Nygren*, 658 F.3d 792, 799-800 (7th Cir. 2011).  While the allegations in the

9  Complaint are dense, the claims themselves are sparse.  The first sentence of each

10  count adopts and re-alleges all prior paragraphs. (Compl. ¶¶ 318, 322, 326, 336.)

11  And each count is merely a recitation of the elements without specific facts.

12  The Complaint also heavily relies on "everyone did everything" allegations.

13  (See e.g. id. ¶ 309 (stating all defendants participated in alleged predicate acts).)

14  The Complaint is not clear on which allegations relate to which defendant for each

15  claim, and even less clear on how Plaintiffs' claims are connected to any alleged

16  injuries.   Because of these failings, the Complaint should be dismissed for

17  noncompliance with Rule 8(a).  *See Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir.

18  2011) (dismissing complaint containing "everyone did everything allegations"); *see*

19  *also Yellowcake Inc. v. Morena Music, Inc.*, 522 F. Supp. 3d 747, 769-70 (E.D. Cal.

20  2021) (incorporation by reference of all preceding allegations is "an improper

21  shotgun pleading technique that does not given proper notice to [defendants] or the

22  Court").

23  **C.**  Kayla does not allege any facts relevant to RCIHH.

24  Because Kayla does not allege that RCIHH had any connection to her of any

25  kind, and she does not plausibly allege RCIHH was part of any larger criminal

26  venture, her claims against RCIHH should be dismissed.

27  Plaintiffs' Complaint alleges, in shotgun-pleading, everyone-did-everything

28  style, that all Defendants are liable on all claims. (Compl. ¶¶ 319-321, 324-325, 327,

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

DEFENDANT RCI HOSPITALITY HOLDINGS, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION, OR IN THE ALTERNATIVE, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

337.)   However, Plaintiffs do not allege any facts suggesting that RCIHH ever interacted with, had contact or other involvement with, or even knew of Kayla, let alone acted tortiously toward her.  Plaintiffs allege only facts showing involvement by RCIHH with Julia, not Kayla.

Further, Plaintiffs do not plead any facts plausibly showing membership or participation by RCIHH in the sex-trafficking, labor-trafficking venture posited across the 64-page Complaint, precluding RCIHH's liability against Kayla on an agency, coconspirator, or similar theory.  The Complaint states that alleged venture participant Grover, who supposedly physically abused Julia and forced her to work at a club allegedly owned by RCIHH, was in regular contact with purported venture participant Richard, but this does not plausibly demonstrate participation by RCIHH (or even Grover) in the venture. (Id. ¶¶ 255-56.)  Mere consistency with Plaintiffs' proffered explanation is not enough.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) ("The need at the pleading stage for allegations plausibly suggesting (<u>not merely consistent with</u>) agreement reflects the threshold requirement of Rule 8(a)(2) that the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief.'") (emphasis added); *Orellana v. Mayorkas*, 6 F.4th 1034, 1044 (9th Cir. 2021) ("[W]hen a complaint's allegations are merely consistent with the plaintiff's theory of relief, the complaint cannot survive a motion to dismiss.").

The Complaint also says that after leaving Grover in 2017, Julia became involved with supposed venture participant Hynes, who allegedly made her sell drugs at other clubs allegedly owned by RCIHH, but there are no facts pled plausibly suggesting that Hynes was an agent of RCIHH, or that RCIHH participated, knew of, or had any involvement with this drug-selling and Hynes' involvement in same. (<u>Compl</u>. ¶¶ 258, 272.)  This allegation therefore fails to plausibly show participation by RCIHH in the venture Plaintiffs posit.

Therefore, because Plaintiffs do not plead facts supporting any claim by Kayla against RCIHH, all of Kayla's claims against RCIHH should be dismissed.

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

DEFENDANT RCI HOSPITALITY HOLDINGS, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR IN THE ALTERNATIVE, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

1   *See* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain: . .

2   . . (2) a short and plain statement of the claim showing that the pleader is entitled to

3   relief[.]"); *Sollberger v. Wachovia Sec., LLC*, No. SACV 09–0766 AG (ANx), 2010

4   WL 2674456, at *3 (C.D. Cal. June 30, 2010) ("Rule 8(a) requires sufficient facts

5   supporting a plausible claim."); *Anagnostou v. County of Los Angeles*, No. 2:19-cv-

6   08111-VAP-PLAx, 2020 WL 4919599, at *9 (C.D. Cal. June 8, 2020) (dismissing

7   battery claims against defendants where plaintiff did not even allege that defendants

8   harmfully or offensively touched plaintiff or caused plaintiff to be so touched).

9   D.   <u>Julia does not plausibly allege a sex-trafficking claim against RCIHH.</u>

10        Julia's factual allegations do not plausibly state a sex-trafficking claim against

11   RCIHH, so that claim should be dismissed.

12        "An individual who is a victim of a violation of this chapter [here, someone

13   who was sex-trafficked] may bring a civil action against the perpetrator (or whoever

14   knowingly benefits, financially or by receiving anything of value from participation

15   in a venture which that person knew or should have known has engaged in an act in

16   violation of this chapter)[.]"  18 U.S.C. § 1595(a).  There are two types of liability

17   under § 1595(a), perpetrator and beneficiary. *Ratha v. Phatthana Seafood Co*., 35

18   F.4th 1159, 1175 (9th Cir. 2022).  Here, Julia pleads both. (<u>Compl</u>. ¶¶ 319-20.)

19        To prove perpetrator liability, Julia must establish that RCIHH "(i)

20   knowingly; (ii) in interstate or foreign commerce; (iii) recruit[ed], entic[ed],

21   harbor[ed], transport[ed], provid[ed], obtain[ed], maintain[ed], patronize[d], or

22   solicit[ed] by any means a person; (iv) knowing, or, in reckless disregard of the fact,

23   that means of force, threats of force, fraud or any combination of such means will be

24   used; (v) to cause the person to engage in a commercial sex act." *Doe v. Fitzgerald*,

25   No. CV 20-10713-MWF (RAOx), 2022 WL 2784805, at *3 (C.D. Cal. May 13,

26   2022).  To prove beneficiary liability, Julia must prove that RCIHH "(1) knowingly

27   benefitted, (2) from participation in a venture[], (3) which [RCIHH] knew or should

28   have known was engaged in conduct that violated the TVPRA." *Ratha*, 35 F.4th at

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

1175.

Both of Julia's sex-trafficking theories rest on her allegation that RCIHH was aware of, recklessly disregarded, or participated in the larger criminal venture that forms the central focus of the Complaint, a supposed sex-trafficking, labor-trafficking enterprise masterminded by Richard. (<u>Compl</u>. ¶¶ 319-20.)   However, there are no allegations to plausibly support any such knowledge, disregard, or concerted action by RCIHH, causing her claim to fail.

The sum total of factual allegations against RCIHH in the Complaint is meager.  The Complaint alleges Silver City manager Grover was abusive to Julia, forcing her to work there, terrorizing her, and refusing to pay her for her work. (<u>Compl</u>. ¶¶ 249-53.)   Julia purportedly complained about Grover's conduct to Molina, another manager there, and to Butler, the alleged owner, but neither did anything, and Butler repeatedly asked Julia for sexual favors and threatened to fire her if she declined. (<u>Id</u>. ¶ 254.) Additionally, after Julia quit her job at Silver City in October 2017, she met Hynes who supposedly forced her to sell drugs at other clubs allegedly owned by RCIHH.  (<u>Id</u>. ¶ 272.)  Nothing in these allegations supports that RCIHH had awareness of any larger criminal venture.

 "In the absence of direct association with traffickers, Plaintiff must 'allege at least a showing of a continuous business relationship between the trafficker and [Defendants] such that it would appear that the trafficker and [Defendants] have established a pattern of conduct or could be said to have a tacit agreement.'"  *Doe v. Mindgeek USA Inc*., 558 F.Supp.3d 828, 837 (C.D. Cal. 2021).  The only alleged direct association between RCIHH and any non-RCIHH venture is Grover's supposedly regular contact with Richard.  But this only shows mere <u>consistency</u> with Julia's reading of the (alleged) facts; it is not a <u>plausible</u> reading.  *See Orellana*, 6 F.4th at 1044 (consistency insufficient to survive dismissal motion).

Julia also pleads no facts explaining what Richard and Grover discussed, and never explains why her reading (that Grover was a venture participant) is a plausible

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

one.  *See In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1108 (9th Cir. 2013) ("When faced with two possible explanations, only one of which can be true and only one of which results in liability, plaintiffs cannot offer allegations that are "merely consistent with" their favored explanation but are also consistent with the alternative explanation. Something more is needed, such as facts tending to exclude the possibility that the alternative explanation is true, in order to render plaintiffs' allegations plausible within the meaning of *Iqbal* and *Twombly*.") (cleaned up). Julia's threadbare allegation does not offer a plausible basis to choose her preferred theory from among many other explanations.

With no other direct association allegations, Julia must allege a continuous business relationship between RCIHH and some other member of the purported venture.  *Mindgeek*, 558 F.Supp.3d at 837.  On this score she fails.  She only alleges that Grover abused her, that Butler demanded sex from her and threatened her job, and that Molina ignored her complaint about Grover's misconduct.  None of this plausibly suggests that Grover, Butler, Molina, or RCIHH by extension, knew of, ignored, or participated in a multi-person criminal venture, let alone the sex-trafficking, labor-trafficking enterprise Julia posits.  Rather, the alleged facts at best show isolated misconduct.

Finally, there is no basis to impute alleged misconduct by RCIHH's alleged agents, Grover, Butler, and Molina, to RCIHH.  Ordinary federal-law agency principles apply to federal claims where the governing statute is silent on the matter, and federal courts have applied this principle to civil claims under Chapter 77.  *See J.M. v. Choice Hotels Int'l, Inc*., No. 2:22-cv-00672-KJM-JDP, 2022 WL 10626493, at *5 (E.D. Cal. Oct. 18, 2022) (applying federal agency law to Chapter 77 claims and collecting cases).  In the Ninth Circuit, federal courts apply principles from the Third Restatement of Agency.  *See id*. According to the Third Restatement, "[a]n employer is subject to vicarious liability for a tort committed by its employee acting within the scope of employment."  Restatement (Third) Of Agency § 7.07(a) (2006).

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

The Restatement explains that serious criminal conduct by an employee may fall outside the scope of employment:

> In determining whether an employee's tortious conduct is within the scope of employment, the nature of the tort is relevant, as is whether the conduct also constitutes a criminal act. An employee's intentionally criminal conduct may indicate a departure from conduct within the scope of employment, not a simple escalation. The nature and magnitude of the conduct are relevant to determining the employee's intention at the time.

*Id*. at § 7.07 cmt. 3.  Julia alleges that Grover used force and threats to cause her to work, including working as an exotic dancer, for "his financial benefit."  (Compl. ¶ 250.)  If true, this would constitute serious criminal conduct falling outside the scope of employment – Julia nowhere alleges that forcing people to work against their will was part of Grover's job as a Silver City manager, nor is it plausible to infer that it was.  Julia's allegation that Grover's conduct was committed for his benefit, and not RCIHH's, furthers the case against imputing, since a principal is generally not vicariously liable where the agent acts for his own purposes and not the principal's.  *See* § 7.07 cmt. d ("[A] tortious act committed in connection with purely personal conduct is not within the scope of employment if the employee is motivated solely by purposes other than the employer's.").  Nor is Grover's other alleged misconduct, such as stalking and terrorizing Julia, plausibly readable as providing any benefit to RCIHH.  As such, his alleged torts, including any violation of the sex-trafficking statute, is not attributable to RCIHH.  The same holds true for Butler, whom Julia says pressured her for sex by threatening her job.  This alleged conduct served only Butler's personal interests, not RCIHH's, so it is not imputable. As to Molina, Julia does not plausibly allege a sex-trafficking violation by him.  Her only allegation against Molina is that he ignored her report of Grover's alleged misconduct, and as explained above, Julia does not plead facts plausibly supporting the criminal venture her Complaint strives to prove.  Accordingly, there is no sex-

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

1  trafficking misconduct by Molina to impute to RCIHH, and RCIHH cannot be liable
2  for sex-trafficking based on any conduct of Molina.

3  E.    Julia does not plausibly allege a labor-trafficking claim against RCIHH.

4       The facts pled in the live Complaint do not plausibly state a labor-trafficking
5  claim against RCIHH, so that claim should be dismissed.

6       The same statutory provision granting a civil sex-trafficking claim also grants
7  a civil labor-trafficking claim.  18 U.S.C. § 1595(a).  As with sex-trafficking, civil
8  liability for labor-trafficking comes in two forms, perpetrator and beneficiary.
9  Perpetrator liability requires a violation of the criminal labor-trafficking statute,
10 while § 1595 governs beneficiary liability.  Julia again pleads both liability types.
11 (Compl. ¶¶ 323-24.)  Her beneficiary theory, which presupposes the existence of a
12 large criminal venture between RCIHH and others not under its control (Id. ¶ 324),
13 is dismissible for the reason discussed above, namely, that Julia has not pled facts
14 plausibly showing that RCIHH or any of its agents was part of the criminal
15 enterprise or venture she alleges.  This leaves her perpetrator theory.

16      Julia's perpetrator labor-trafficking claim alleges violations of § 1589(a)(1)-
17 (4).  (Id. ¶ 323)  The relevant statutory text reads as follows:

         (a) Whoever knowingly provides or obtains the labor or
18       services of a person by any one of, or by any combination
19       of, the following means--

            (1) by means of force, threats of force, physical
20          restraint, or threats of physical restraint to that
21          person or another person;

            (2) by means of serious harm or threats of serious
22          harm to that person or another person;
23
            (3) by means of the abuse or threatened abuse of
24          law or legal process; or

            (4) by means of any scheme, plan, or pattern
25          intended to cause the person to believe that, if that
26          person did not perform such labor or services, that
            person or another person would suffer serious harm
27          or physical restraint,

28       shall be punished as provided under subsection (d).

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

2514162.1

DEFENDANT RCI HOSPITALITY HOLDINGS, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION, OR IN THE ALTERNATIVE, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

§ 1589(a). Julia's Subsection (3) theory is dismissible because Julia does not allege any facts, let alone plausible facts, suggesting or stating that anyone connected with RCIHH threatened to use the law or the legal process to force her to work.

Next, the only potential labor-trafficking-related conduct Julia alleges with respect to RCIHH is Grover supposedly forcing Julia to work through "forcing dependency and physical violence." (<u>Compl</u>. ¶ 250.) However, as explained above, this would be serious criminal misconduct removing it from the scope of Grover's employment, precluding imputation of that conduct to RCIHH. Further, Julia pleads that this conduct was committed for Grover's personal financial benefit, not RCIHH's, which militates against imputation. (<u>Id</u>.) Accordingly, she does not state a plausible labor-trafficking claim against RCIHH.

F.    <u>Julia's RICO claims are time-barred</u>.

The four-year limitations period on Julia's RICO claims against RCIHH passed before she filed suit, so those claims should be dismissed.

Civil claims under the Racketeer Influenced and Corrupt Organizations Act are subject to a four-year limitations period. *See Pincay v. Andrews*, 238 F.3d 1106, 1108 (9th Cir. 2001) ("The statute of limitations for civil RICO actions is four years."); *Isaacs v. USC Keck Sch. of Med*., No. 20-55239, 853 Fed.Appx. 114 (Mem), 115 (9th Cir. 2021) (unpublished) (same).

The factual allegations against RCIHH are limited to the time period starting in "summer 2017", when Julia took a job at Silver City, the club allegedly owned by RCIHH and where the three individual Defendants (Grover, Butler, and Molina) worked, and ending in October 2017, when she "left [Grover] and quit her job at the Cabaret." (<u>Compl</u>. ¶¶ 249, 257) The Complaint does not plausibly allege any post-October 2017 wrongful conduct by RCIHH, nor does it show participation by RCIHH in a wrongful venture, including the sex- and labor-trafficking venture Plaintiffs allege.

Four years from October 2017 is November 2021 at the latest. Plaintiffs filed

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

1  their Complaint on November 1, 2022, a year after the November 2021 deadline.

2  Accordingly, Julia's RICO claims are time-barred and proper for dismissal. *See*

3  *Jones v. Bock*, 549 U.S. 199, 215 (2007) ("A complaint is subject to dismissal for

4  failure to state a claim if the allegations, taken as true, show the plaintiff is not

5  entitled to relief. If the allegations, for example, show that relief is barred by the

6  applicable statute of limitations, the complaint is subject to dismissal for failure to

7  state a claim[.]"); *Sears v. Russell Rd. Food and Beverage, LLC*, 460 F.Supp.3d

8  1065, 1068 (D. Nev. 2020) (dismissing time-barred claims on Rule 12(b)(6)

9  motion).

10  **G.**    Julia does not plausibly allege a RICO claim against RCIHH.

11          The RICO statute sets out four paths to liability; Julia pleads violations of two

12  of them. (Compl. ¶¶ 327, 337.) The first one at issue forbids a person employed by

13  or associated with any enterprise affecting interstate commerce from conducting or

14  participating in the conduct of the enterprise's affairs through a pattern of

15  racketeering activity. 18 U.S.C. § 1962(c). The second one prohibits conspiring to

16  violate any of the three substantive RICO provisions. § 1962(d).

17          "To state a claim under § 1962(c), a plaintiff must allege '(1) conduct (2) of

18  an enterprise (3) through a pattern (4) of racketeering activity.'" *Odom v. Microsoft*

19  *Corp.*, 486 F.3d 541, 547 (9th Cir. 2007). "As a threshold matter, 18 U.S.C. §

20  1962(c) requires that the Defendant be employed by or associated with an

21  'enterprise.'" *Shaw v. Nissan N. Am., Inc*., 220 F.Supp.3d 1046, 1053 (C.D. Cal.

22  2016); *see Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 161 (2001) (§

23  1962(c) liability requires an enterprise). An enterprise includes "any union or group

24  of individuals associated in fact although not a legal entity[.]" § 1961(4). Julia

25  alleges an association-in-fact enterprise. (Compl. ¶¶ 329, 339.) "'Such an

26  enterprise ... is proved by evidence of an ongoing organization, formal or informal,

27  and by evidence that the various associates function as a continuing unit.' 'An

28  association-in-fact enterprise must have at least three structural features: a purpose,

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose.'" *Shaw*, 220 F.Supp.3d at 1053-54.

Regarding her § 1962(c) claim, Julia contends that the relevant "enterprise" is the alleged network among all of the Defendants to this lawsuit to, among other things, engage in sex-trafficking and labor-trafficking of the Plaintiffs. (Compl. ¶¶ 329-333.) A claim under § 1962(c) "requires a showing that defendant 'conduct[s] or participate[s], directly or indirectly, in the conduct of [the] enterprise's affairs.'" *Fraser v. Team Health Holdings, Inc*., No. 20-cv-04600-JSW, 2022 WL 971579, at *10 (N.D. Cal. Mar. 31, 2022); *see Reves v. Ernst & Young*, 507 U.S. 170, 185 (1993) ("§ 1962(c) cannot be interpreted to reach complete 'outsiders' because liability depends on showing that the defendants conducted or participated in the conduct of the 'enterprise's affairs,' not just their own affairs. Of course, 'outsiders' may be liable under § 1962(c) if they are 'associated with' an enterprise and participate in the conduct of its affairs—that is, participate in the operation or management of the enterprise itself[.]"). However, except for its statement that Grover communicated with Richard, the Complaint contains no facts suggesting that RCIHH or any of its alleged agents or employees was involved with the criminal venture Julia alleges. Julia even pleads facts in conflict with the alleged enterprise – for example, when she says that Grover forced her to work, she notes that this was for Grover's financial benefit, not the venture's. (Id. ¶ 250.) Similarly, Butler supposedly demanding sex by threatening to fire Julia does not plausibly suggest he was part of an alleged venture, nor does Molina's alleged failure to act on her complaint about Grover's supposed misconduct. (Id.)

Instead, the facts alleged show only that RCIHH's various alleged agents and employees were each conducting his own affairs, and not that any of them, and by extension, RCIHH, were participating in or conducting the affairs of the enterprise Julia alleges. *See Fraser*, 2022 WL 971579, at *12 (dismissing § 1962(c) claims on

2514162.1

29

DEFENDANT RCI HOSPITALITY HOLDINGS, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION, OR IN THE ALTERNATIVE, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

1  a Rule 12(b)(6) motion because "the allegations are consistent with Defendants'
2  conducting their own affairs, not the affairs of the enterprise").  And, as discussed,
3  the alleged fact of communications between Grover and Richard does not plausibly
4  support a determination that Grover (or RCIHH) was a participant in the venture
5  Hubbard alleges, particularly since she provides no details about the substance of
6  those communications.

7       Finally, Julia does not adequately state a conspiracy-based RICO claim.
8  §1962(d).  A 1962(d) claim fails automatically if the plaintiff has no claim under
9  one of the other substantive provisions of §1962, specifically, under Subsections (a)-
10  (c).  *See Howard v. Am. Online Inc*., 208 F.3d 741, 751 (9th Cir. 2000) ("Plaintiffs
11  cannot claim that a conspiracy to violate RICO existed if they do not adequately
12  plead a substantive violation of RICO.").  Because Julia has no valid substantive
13  RICO claim against RCIHH, her conspiracy-based RICO claim fails as well.
14  Additionally, the conspiracy theory fails on the merits.  "A defendant must also have
15  been 'aware of the essential nature and scope of the enterprise and intended to
16  participate in it.'"  *Id*.  For the reasons already explained, Julia does not plead facts
17  plausibly showing that RCIHH or its alleged agents were part of the alleged
18  enterprise referenced in the Complaint.  The conspiracy theory should be dismissed
19  accordingly.
20  / / /
21  / / /
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

2514162.1

30

## __Conclusion__

For the foregoing reasons, the Court cannot permissibly exercise personal jurisdiction over RCIHH, and alternatively, Plaintiffs do not state a claim against it. Accordingly, RCIHH respectfully prays that the Court dismiss the claims against it, award RCIHH its costs of court, and grant it all other proper relief.

DATED:  February 27, 2023          YUKEVICH | CAVANAUGH


By: _____
                     Delmar S. Thomas
                     Justin M. Marvisi
                     Olivia H. Kim

                     Attorneys for Specially Appearing
                     Defendant RCI HOSPITALITY
                     HOLDINGS, INC.

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

2514162.1

31

DEFENDANT RCI HOSPITALITY HOLDINGS, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION, OR IN THE ALTERNATIVE, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for RCI Hospitality Holdings, Inc., certifies that this brief contains 25 pages, which complies with the page limit set by the Court's Initial Standing Order in this case, dated December 5, 2022 (Dkt. 24).

DATED:  February 27, 2023          YUKEVICH | CAVANAUGH

By:  _____
     Delmar S. Thomas
     Justin M. Marvisi
     Olivia H. Kim

     Attorneys for Specially Appearing
     Defendant RCI HOSPITALITY
     HOLDINGS, INC.

2514162.1

32

DEFENDANT RCI HOSPITALITY HOLDINGS, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION, OR IN THE ALTERNATIVE, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

## PROOF OF SERVICE

**JULIA HUBBARD, et al. v. TRAMMELL S. CROW, JR. et al.**
**United States District Court -- Central District Case No. 2:22-cv-07957**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 355 South Grand Avenue, Fifteenth Floor, Los Angeles, CA 90071-1560.

On February 27, 2023, I served true copies of the following document(s) described as **DEFENDANT RCI HOSPITALITY HOLDINGS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR IN THE ALTERNATIVE, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 27, 2023, at Los Angeles, California.

_____
Chantel Y Estrada

2514162.1

DEFENDANT RCI HOSPITALITY HOLDINGS, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION, OR IN THE ALTERNATIVE, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

1

## SERVICE LIST

2

***JULIA HUBBARD and KAYLA GOEDINGHAUS v. TRAMMELL S. CROW, JR. et al.***

3

**United States District Court -- Central District Case No. 2:22-cv-07957**

4

John G. Balestriere, Esq.
Matthew W. Schmidt

Attorneys for PLAINTIFFS

5

BALESTRIERE FARIELLO
225 Broadway, 29th Floor
New York, NY 10007

Tel:  (415) 966-2656
Fax:  (212) 208-2613
Email:

6

john.balestriere@balestrierefariello.com
matthew.schmidt@balestrierefariello.com

7

8

Anastasia Mazzella, Esq.
KABATECK LLP

Attorneys for PLAINTIFFS

9

633 West Fifth St., Suite 3200
Los Angeles, CA 90071

Tel:  (213) 217-5007
Fax:  (213) 217-5010
Email:   am@kbklawyers.com

10

11

12

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

Attorneys for DEFENDANT COE
JURACEK

13

Diane Doolittle, Esq.
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065

Tel:  (650) 801-5000
Fax:  (650) 801-5100
Email:   dianedoolittle@quinnemanuel.com

14

15

Alex Bergjans, Esq.
865 South Figueroa St., 10th Floor
Los Angeles, CA 90017-2543

16

Tel:  (213) 443-3000
Fax:  (213) 443-3100
Email: alexbergjans@quinnemanuel.com

17

18

Adam J. DiClemente, Esq.
51 Madison Ave., 22nd Floor
New York, NY 10010

19

Tel:  (212) 849-7000
Fax:  (212) 849-7100
Email:adamdiclemente@quinnemanuel.com

20

21

22

23

24

25

26

27

28

2514162.1

DEFENDANT RCI HOSPITALITY HOLDINGS, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION, OR IN THE ALTERNATIVE, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788