Indira J. Cameron-Banks (Cal. Bar No. 248634)
*indira@cameronjones.law*
Terrence M. Jones (Cal. Bar No. 256603)
*terrence@cameronjones.law*
CAMERON | JONES LLP
8383 Wilshire Boulevard, Suite 800 Beverly Hills, California 90211 424.757.0585 |
www.cameronjones.law

Attorneys for DEFENDANT
Benjamin Todd Eller

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JULIA HUBBARD and KAYLA GOEDINGHAUS

Plaintiff(s),

vs.

TRAMMELL S. CROW JR., et al.

Defendant(s).

Case No.: 2:22-CV-7957-FAR-MAA

**DEFENDANT BENJAMIN TODD ELLER'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) and 8(a)**

DATE: April 28, 2023
TIME: 1:30 p.m.
CRTM: 6B

Honorable Fernando L. Aenlle-Rocha

CAMERON | JONES

**TO THIS HONORABLE COURT, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD—**

PLEASE TAKE NOTICE that on April 28, 2023, or as soon thereafter as the matter may be heard, Defendant Benjamin Todd Eller, will, and hereby does, move this Court an Order dismissing the Complaint for failure to set forth factual allegations that plausibly establish a cognizable claim for relief against Defendant Benjamin Todd Eller. This motion is made pursuant Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that Plaintiffs' shotgun pleading approach to the Complaint fails to meet the minimum pleading standards set forth by Fed. R. Civ. P. 8(a), and that it further fails to set forth allegations that sufficiently plead a cognizable claim for relief against Defendant Benjamin Todd Eller such that dismissal is warranted pursuant to Fed. R. Civ. P. 12(b)(6).

This motion will be made before the Honorable Fernando L. Aenlle-Rocha, United States District Judge, in Courtroom 6B at the 1st Street Courthouse located at 350 West 1st Street, Los Angeles, California 90012.

This motion is based upon this Notice, the attached Memorandum of Points and Authorities, all pleadings, records, and other documents on file with the Court in this action, and upon such oral and/or documentary evidence as may be presented at, before, and after the hearing of this motion.

DATED: March 14, 2023

CAMERON JONES LLP

*/s/ Indira J. Cameron-Banks*
Indira J. Cameron-Banks
Terrence M. Jones

*Attorneys For* DEFENDANT
Benjamin Todd Eller

## TABLE OF CONTENTS

I. INTRODUCTION ........ - 1 -

II. RELEVANT BACKGROUND ........ - 1 -

III. THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P 8(a) AND 12(b)(6) FOR FAILURE TO SET FORTH ALLEGATIONS THAT ESTABLISH ANY COGNIZABLE CLAIMS FOR RELIEF AGAINST ELLER ........ - 4 -

A. The Shotgun Pleading Warrants Dismissal of the Complaint For Failure to Comply with Fed. R. Civ. P 8(a) Pleading Requirements. ........ - 4 -

B. The Complaint Should Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6) for Failure to Allege Facts That Give Rise to Any Cognizable Claim Against Eller for Violation of the TVPRA or RICO Statutes. ........ - 5 -

1. The Complaint Fails to Set Forth Factual Allegations Sufficient to Establish a Cognizable Claim against Eller for Violation of TVPRA Provisions 18 U.S.C. § 1591 or §1589 ........ - 7 -

a. Plaintiffs Fails to Allege Any Facts Giving Rise to a Cognizable Claim Against Eller for Violation of 18 U.S.C. § 1591(a). ........ - 7 -

b. Plaintiffs Fails to Allege Any Facts Giving Rise to a Cognizable Claim Against Eller For Violation of 18 U.S.C. § 1589. ........ - 10 -

2. The Complaint Fails to Set Forth Factual Allegations Sufficient to Establish a Cognizable Claim against Eller for Violation of RICO Provisions 18 U.S.C. § 1962(c) or (d). ........ - 12 -

a. Plaintiffs Fails to Allege Any Facts Giving Rise to a Cognizable Claim Against Eller For Violation of 18 U.S.C. § 1962(c). ........ - 12 -

b. Plaintiffs Fails to Allege Any Facts Giving Rise to a Cognizable Claim Against Eller For Violation of 18 U.S.C. § 1962(d). ........ - 14 -

IV. CONCLUSION ........ - 15 -

## TABLE OF AUTHORITIES

**Statutes**

18 U.S.C. 1595 .......... passim
18 U.S.C. 1962 .......... passim
18 U.S.C. § 1589 .......... passim
18 U.S.C. § 1591 .......... passim
18 U.S.C. § 1961 .......... 13

**Rules**

Fed. R. Civ. P. 8 .......... passim
Fed. R. Civ. P. 12 .......... passim
Fed. R. Civ. P. 41 .......... 4

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .......... 6

*Boyle v. United States*, 556 U.S. 938 (2009) .......... 13

*Conservation Force v. Salazar*, 646 F.3d 1240–42 (9th Cir. 2011) .......... 5

*Destfino v. Reiswig*, 630 F.3d 952 (9th Cir. 2011) .......... 5, 7, 12

*Doe v. Fitzgerald*, 2022 U.S. Dist. LEXIS 8194 .......... 10

*Does v. Reddit, Inc.*, 51 F.4th 1137 (9th Cir. 2022) .......... 9

*Howard v. America Online, Inc.*, 208 F.3d 741 (9th Cir. 2000) .......... 14

*In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049 (9th Cir. 2008) .......... 6

*Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681 (9th Cir. 2011) .......... 2, 6

*Jackson v. Carey*, 353 F.3d 750 (9th Cir. 2003) .......... 6

*Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621 (9th Cir. 1988) .......... 6

*Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*,
431 F.3d 353 (9th Cir. 2005) .......... 12

*Moss v. U.S. Secret Serv.*,
572 F.3d 962 (9th Cir. 2009) .......... 6

*Noble v. Weinstein*,
335 F. Supp. 3d 504 (S.D.N.Y. 2018) .......... 7

*Oscar v. Univ. Students Coop. Ass'n*
965 F.2d 783 (9th Cir. 1992) .......... 12

*Oki Semiconductor Co. v. Wells Fargo Bank*,
298 F.3d 768 (9th Cir. 2002) .......... 14

*Reves v. Ernst & Young*,
507 U.S. 170 (1993) .......... 13

*Salinas v. United States*,
522 U.S. 52 (1997) .......... 14

*Sollberger v. Wachovia Sec., LLC, No. SACV 09-0766-AG-ANx*,
2010 U.S. Dist. LEXIS 66233 (C.D. Cal. June 30, 2010) .......... passim

*Somers v. Apple, Inc.*,
729 F.3d 953 (9th Cir. 2013) .......... 6

*Starr v. Baca*,
652 F.3d 1202 (9th Cir. 2011) .......... 6

*Tuinstra v. Bonner Cty.*,
2021 U.S. Dist. LEXIS 116252 .......... 4

*United States v. Christensen*,
801 F.3d 970 (9th Cir. 2015) .......... 13

*United States v. Todd*,
627 F.3d 329 (9th Cir. 2010) .......... 8

*Walter v. Drayson*,
538 F.3d 1244 (9th Cir. 2008) .......... 13

*Weiland v. Palm Beach Cnty. Sheriff's Office*,
792 F.3d 1313 (11th Cir. 2015) .......... 4, 5

## I. INTRODUCTION

In an attempt to capitalize on their traumatic life experiences, many of which are alleged to be at the hands of their partner Rick Hubbard, Plaintiffs Julia Hubbard (Hubbard) and Kayla Goedinghaus (Goedinghaus) (collectively "Plaintiffs") filed a shotgun pleading Complaint that takes aim at no less than thirty individuals and entities, but fails to set forth any cognizable claim whatsoever for a violation of federal criminal statutes, namely provisions of the Trafficking Victims Reauthorization Act ("TVPRA"), 18 U.S.C. § 1589 and/or § 1591, or the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. 1962(c) and (d), let alone any a cognizable claim against Defendant Benjamin Todd Eller ("Eller") specifically for any such violations. Accordingly, Eller moves to dismiss the Complaint in its entirety pursuant to Fed. R. Civ. P. 8(a) and 12(b)(6).[1]

The shotgun pleading Complaint should be dismissed for failure to comply with Rule 8(a) requirements for a Complaint to set out how each defendant is alleged to have violated Plaintiffs' legal rights. The "everyone is liable for everything" allegations upon which the four causes of action for violations of the TVPRA and RICO rest, fall short of the Rule 8(a) pleading requirements, and warrant dismissal of the Complaint. Additionally, the 300+ paragraphs of the Complaint set forth disconnected, conclusory and implausible allegations that fail to give rise to any cognizable claim for relief against Eller and should also be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## II. RELEVANT BACKGROUND

Plaintiffs initiated this civil action in the Central District of California with a Complaint asserting four separate causes of action for violation of criminal statutes,

---

[1] Eller specifically and expressly reserves the right to raise additional grounds to challenge the Complaint pursuant to other provisions of Fed. R. Civ. P. 12(b) should they become applicable after an amendment of the Complaint, transfer to a different venue, or any other change in the procedural posture of this case.

namely the TVPRA and RICO, against Eller, along with other defendants that have also moved to dismiss the Complaint. The allegations set forth in the Complaint against Eller fall into the following categories[2]:

- **Conclusory Statements that Eller Controlled "the Venture" and/or "the Enterprise"**: ¶ 7 (Eller's work was "key to Rick's control of [Plaintiffs]"), ¶120 (Eller "took the initial steps in creating the Venture"), ¶ 303 ("The Venture relied on the essential work of [Eller]"), ¶ 310 (Eller "engaged in such wire fraud in order to force Plaintiffs to engage in commercial sex acts."), ¶ 332 ("the Enterprise relied on the work of Eller"), and ¶ 341 ("the object of the conspiracy . . . to the financial benefit of . . . Eller")
- **Eller Was Paid To Provide Business Consulting to Rick Hubbard:** ¶ 116 ("Rick began using Eller's services as a 'business consultant' to advice him in Chet Holmes methods"), ¶ 119 ("Eller failed to help Rick form a successful legitimate business"), ¶ 126 (containing an image from Rick Hubbard to his own business, LLC in Texas -- "TXEcoloft – "for Dr. Eller")
- **Eller Is Factually and Legally <u>Precluded</u> from Securing, Procuring, Providing, Prescription Drugs for Anyone:** ¶ 14 ("As a psychologist, Eller was unable to write prescriptions on his own"), and ¶ 139 ("Because Eller was not a medical doctor, he was unable to write prescriptions that were essential for the Venture").
- **Eller Did <u>Not</u> Secure, Procure, Provide, or Deliver Prescription Drugs to Plaintiffs**: ¶11 ("Rick was fraudulently obtaining drugs in order to force [Plaintiffs] to commit sex acts"), ¶ 15-16 (the Medical Doctor Defendants spoke to

---

[2] Eller does not concede that any of these allegations or the documents embedded in the allegations are true or accurate, but recognizes for the purposes of this Motion, the Court will accept well-pled factual allegations as true and construe them in the light most favorable to the Plaintiffs. *See Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).

Plaintiffs and "Medical Doctor Defendants prescribed drugs" to Plaintiffs), ¶ 124 ("Rick would then procure high doses of drugs . . . kept . . .in what he called his prescription bar").

- **An Unverified, Unsigned Seemingly Altered and Incomplete Document about Goedenhaus's Reporting of Medications She Took:** ¶140 (embedding an unverified, unsigned and seemingly altered document purportedly stating undisputed facts that Goedenhaus reported being "on the following medications: Zoloft, Prazosin Amblify" to Eller)
- **A Seemingly False, Unverified, Altered and Incomplete Document about Rick Hubbard's Custody of Hubbard's Child After She Leaves the Venture:** ¶ 132 (embedding an unverified and seemingly altered document purportedly submitted to a court on or about October 3, 2019 by Eller about Hubbard having custody of her child); ¶ 51 ("Hubbard . . . escaped the Venture in November 2018)
- **Conclusory Statement that Eller Held Himself Out as Hubbard's Psychologist to Unidentified Third Part(ies):** ¶ 135 ("Eller held himself out as Hubbard's psychologist").
- **Rick Hubbard Threated to Call Eller:** ¶ 163 ("Rick repeatedly told Hubbard . . . a call from Mitchell (as well as Eller) would quickly cause the police to disregard what Hubbard said"); ¶ 293 ("Rick would use Eller as a threat").
- **Plaintiffs Had Limited Phone Call Conversations with Eller:** ¶10 (Eller and Hubbard "spoke only twice"), ¶11 (Plaintiffs "informed Eller Rick was fraudulently obtaining drugs in order to force them to commit sex acts"), ¶283 ("Goedinghaus began having phone calls with Eller once a week beginning in January or February 2019").

## III. THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P 8(a) AND 12(b)(6) FOR FAILURE TO SET FORTH ALLEGATIONS THAT ESTABLISH ANY COGNIZABLE CLAIMS FOR RELIEF AGAINST ELLER

### A. The Shotgun Pleading Warrants Dismissal of the Complaint For Failure to Comply with Fed. R. Civ. P 8(a) Pleading Requirements.

The Federal Rules of Civil Procedure require a Complaint to contain a short and plain statement "of the grounds for the court's jurisdiction" and "of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2). "Shotgun pleadings are pleadings that overwhelm defendants with an unclear mass of allegations and make it difficult or impossible for defendants to make informed responses to the plaintiff's allegations." *Sollberger v. Wachovia Sec., LLC*, No. SACV 09-0766-AG-ANx, 2010 U.S. Dist. LEXIS 66233, *11 (C.D. Cal. June 30, 2010) "Shotgun pleadings are contrary to the Federal Rules of Civil Procedure, corrosive to the adversarial process, and consume courts' already scarce judicial resources." *Tuinstra v. Bonner Cty.*, 2021 U.S. Dist. LEXIS 116252, *6 (*citing Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021))

There are at least four common types of shotgun pleading in a Complaint, and the instant complaint falls into two of the four types of shotgun pleading – (1) drafting a Complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action" and (2) "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015) (setting forth four common types of shotgun pleading in complaints).

"Shotgun pleading style deprives Defendants of knowing exactly what they are accused of doing wrong . . . and this defect alone warrants dismissal." *See* Fed. R. Civ. P. 41(b). *Sollberger*, 2010 U.S. Dist. LEXIS 66233, *13. The Ninth Circuit has affirmed dismissal of a complaint based on shotgun pleading, where the complaint

failed "to state clearly how each and every defendant is alleged to have violated plaintiffs' legal rights" where they continued "to make 'everyone did everything' allegations." *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011).

Here the Complaint states four separate causes of action – (1) Violation of TVPRA, 18 U.S.C. § 1591 (sex trafficking), (2) Violation of TVPRA 18 U.S.C. § 1589 (labor trafficking), (3) Violation of RICO 18 U.S.C. § 1962(c) (Pattern of Racketeering Activity), and (4) Violation of RICO 18 U.S.C. § 1962(d) (RICO Conspiracy). Each and every cause of action is supported by an allegation that all of the 300+ paragraphs preceding the claim are "repeat[ed] and reallege[ed]" and followed by a limited series of allegations that that "Defendants" collectively violated the operative criminal statute through a threadbare recitation of the legal elements required to establish a violation of the criminal statute. The 300+ paragraphs preceding each cause of action are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1323. As such the Complaint should be dismissed in its entirety and Plaintiffs directed "to state clearly how each and every defendant is alleged to have violated Plaintiffs' legal rights" so that each defendant knows "exactly what they are accused of doing wrong." *See Destfino*, 630 F.3d at 958, *Sollberger*, 2010 U.S. Dist. LEXIS 66233, *13.

**B. The Complaint Should Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6) for Failure to Allege Facts That Give Rise to Any Cognizable Claim Against Eller for Violation of the TVPRA or RICO Statutes.**

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (*quoting Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). A complaint must (1) "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and (2) "plausibly suggest an entitlement

to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese*, 643 F.3d at 690. However, the Court need not "accept as true . . . allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted).

A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[T]o survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc*., 729 F.3d 953, 959 (9th Cir. 2013).

As set forth herein, the instant Complaint fails to set forth facts sufficient to support the finding of liability under any cognizable legal theory. Accordingly, the complaint should be dismissed.[3]

---

[3] Dismissal without leave to amend is proper when "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment," *Karim-Panahi v. Los Angeles Police Dep't,* 839 F.2d 621, 623 (9th Cir. 1988) (internal quotation marks omitted), or when the Court is satisfied that the deficiencies of the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

**1. The Complaint Fails to Set Forth Factual Allegations Sufficient to Establish a Cognizable Claim against Eller for Violation of TVPRA Provisions 18 U.S.C. § 1591 or §1589.**

Under 18 U.S.C. 1595(a), Plaintiffs may bring a civil action against either (1) the perpetrator of a violation of §1591 or §1589, and/or (2) a beneficiary who "knowingly benefits, financial or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of" §1591 or §1589. 18 U.S.C. § 1595(a)(emphasis added).

As an initial matter, the Complaint alleges violations of the First Cause of Action, violation of 18 U.S.C. § 1591(a)(sex trafficking) and the Second Cause of Action, violation of 18 U.S.C. § 1589 (labor trafficking), based on shotgun pleading "everyone did everything" approach that falls short of the Fed. R. Civ. P Rule 8(a) pleading requirements, making it impossible to discern what any defendant, including Eller, did to perpetrate a violation of any statute, or how any defendant, including Eller, is a beneficiary from the participation of a venture that violated either statute. On this basis alone, the Complaint should be dismissed. *See Destfino*, 630 F.3d at 958, *Sollberger*, 2010 U.S. Dist. LEXIS 66233, *13.

**a. Plaintiffs Fails to Allege Any Facts Giving Rise to a Cognizable Claim Against Eller for Violation of 18 U.S.C. § 1591(a).**

To be liable as a "perpetrator" of a violation of § 1591(a), a defendant must have "(i) knowingly; (ii) in interstate or foreign commerce; (iii) recruit[ed], entic[ed], harbor[ed], transport[ed], provid[ed], obtain[ed], maintain[ed], patronize[d], or solicit[ed] by any means a person; (iv) knowing, or, in reckless disregard of the fact, that means of force, threats of force, fraud or any combination of such means will be used; (v) to cause the person to engage in a commercial sex act." See 18 U.S.C. § 1591(a); *Noble v. Weinstein*, 335 F. Supp. 3d 504, 515 (S.D.N.Y. 2018) A "commercial sex act" is not any sex act, as the TVPRA defines it as a sex act

specifically performed on account of "anything of value [being] given to or received by any person." 18 U.S.C. § 1591(e)(3).

In this case there are no factual allegations whatsoever to plausibly conclude that Eller ever "recruited, enticed, harbored, transported, provided, obtained, maintained, patronized or solicited" Plaintiffs to engage in a commercial sex act that he knew was being performed by force or threats of force, let alone "knowingly" engaged in such conduct. *See United States v. Todd*, 627 F.3d 329, 334 (9th Cir. 2010)("What the statute means to describe, and does describe awkwardly, is a state of mind in which the knower is familiar with a pattern of conduct . . . [t]he statute requires . . . that the defendant know in the sense of being aware of an established *modus operandi* that will in the future cause a person to engage in prostitution.")

Aside from unexplained conclusory allegations that Eller somehow controlled "the Venture" (Comp. ¶¶ 7, 120, 303, 310, 332, 341), there are no factual allegations that Eller "caused" Plaintiff's to engage in a commercial sex act. Indeed the allegations, if taken as true, confirm that Eller had no knowledge of Plaintiff's purported commercial sex acts, and had no ability whatsoever to cause them to engage in such conduct. (Comp. ¶¶ 11, 14-16, 51, 124, 132, 139)

There are no allegations that Eller ever met the Plaintiffs. There are no allegations that Eller ever housed or transported the Plaintiffs. There no allegations that Eller ever patronized or solicited Plaintiffs to engage in any acts whatsoever, much less any sex acts (commercial or otherwise). There are no allegations Eller ever promised anything to any of the Plaintiffs, or withheld anything from Plaintiffs. There are no allegations that Eller engaged in any *quid pro quo* arrangement with Plaintiffs for them engage in any sex acts in exchange for something of value.

There are no allegations that Eller caused the Plaintiffs to engage in any sex act, much less a *commercial* sex act. Indeed, the Complaint alleges that it was Rick Hubbard who obtained drugs to somehow force Plaintiff to commit unspecified sex acts that are not alleged to be commercial sex acts. (Comp. ¶11) The Complaint

further confirms that Eller never procured or provided drugs to Plaintiffs, and that it would be a legal and factual impossibility for him to do so. (Compl. ¶¶ 11, 14-16, 124, 139)

Moreover, the absence of any non-conclusory factual allegations that Eller had any knowledge whatsoever of Plaintiffs' purported engagement in commercial sex acts, highlights the implausibility – indeed impossibility – for him to be liable for a violation of §1591(a) under a "beneficial liability" theory.

As set forth by § 1595, beneficial liability requires a defendant to knowingly benefit (by receiving anything of value) from participating in a "venture" that the defendant knew or should have known has engaged in an act in violation of" §1591(a). 18 U.S.C. § 1595(a)(emphasis added). 18 U.S.C. § 1591(e)(4) and (6) clarifies that "participation in a venture" (or "group of tow or more individuals associated in fact") specifically means knowingly assisting, supporting, or facilitating a violation of subsection §1591(a). As such "[t]he standard for beneficiary liability is "higher than under perpetrator liability, requiring a defendant to have actual knowledge of the purported trafficking and "assist[], support[], or facilitat[e]" the trafficking venture." *See Does v. Reddit, Inc*., 51 F.4th 1137, 1141 (9th Cir. 2022), petition for cert. filed, _U.S.L.W. _ (U.S. Jan. 25, 2023) (No. 22-695)

Again, aside from unexplained conclusory allegations that Eller somehow controlled "the Venture" (Comp. ¶¶ 7, 120, 303, 310, 332, 341), there are no plausible factual allegations that Eller actually "participat[ed] in a venture" that he knew violated § 1591(a), causing Plaintiffs, under force or the threat of force, to engage in commercial sex acts. There are no factual allegations that Eller knowingly "assist[ed], support[ed] or facilitate[ed]" any trafficking venture – there are no factual allegations that Eller took any concrete actions that plausibly caused Plaintiffs to engage in commercial sex acts. In fact, the allegations in the Complaint, if taken as true, establish that Eller could neither factually or legally deliver, procure, or

prescribe drugs that the Complaint alleges Rick Hubbard obtained in order to somehow force Plaintiffs "to commit sex acts." (Compl.¶11)

What is more there are no allegations that Eller "knowingly benefit[ed]" from a trafficking venture as required by 18 U.S.C. § 1595(a). For a defendant to "knowingly benefit," under this statute, he must have benefitted either financially or by receiving a "thing of value" from his participation in the venture. *See Doe v. Fitzgerald*, 2022 U.S. Dist. LEXIS 8194, *24.

Here the factual allegations in the Complaint on their face only establish that Eller was paid to provide business consulting to Rick Hubbard and provide him with advice in Chet Holmes methods even though Rick Hubbard failed to form a successful legitimate business. (Compl. ¶¶ 116 and 119) This fact is confirmed by an image purported to be a screenshot of a payment that Rick Hubbard made in the amount of $2000 *to his own business*, TXEcoloft (presumably referring to "Ecoloft Homes LLC") for Eller's business consulting services. (Compl. ¶ 126) This screenshot is intended to support the conclusory statement that Rick Hubbard paid Eller a monthly fee "resulting in hundreds of thousands of dollars" over the years. (Compl. ¶ 125) Assuming the allegation that such payments occurred is true, there are no factual, non-conclusory, allegations to reflect that such payments were made for anything other than Eller's business consulting advice. (Compl. ¶¶ 116, 119, 126.) As such the Complaint fails to state any cognizable claim against Eller for a violation of 18 U.S.C. § 1591 on either a perpetrator or beneficiary theory of liability.

### b. Plaintiffs Fails to Allege Any Facts Giving Rise to a Cognizable Claim Against Eller For Violation of 18 U.S.C. § 1589.

In order to perpetrate a violation of 18 U.S.C. § 1589 such to be liable for "perpetrator liability" a defendant has to "knowingly provide[] or obtain[] the labor or services of a person" through "(1) by means of force, threats of force, physical restraint, or threats of physical restraint to that person or another person; (2) by means

of serious harm or threats of serious harm to that person or another person; (3) by means of the abuse or threatened abuse of law or legal process; or (4) by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint" 18 U.S.C. § 1589(a).

Again, there are no factual allegations that Eller "knowingly provided or obtained the labor or services of Plaintiffs' for anyone through force, threats of force, physical restraint, harm, threats of harm, abuse of law or legal process. Even if the seemingly false, unverified, altered and incomplete document embedded in the Complaint that was purportedly submitted to the Court were taken as true (Compl. ¶ 132), there are no factual allegations as to how Eller *knowingly* provided, or obtained the labor or services from Plaintiff through a document purportedly submitted in a court proceeding after Hubbard leaves the venture. (Compl. ¶ 132) Moreover, the Complaint itself confirms that the document was submitted to the Court after Hubbard left the purported venture. (Compl. ¶ 51) In other words, there is no allegation of a *quid pro quo* arrangement resulting in Hubbard providing labor or services based on the submission of the document to the court, or conversely from the withholding of such submission from the court. Indeed, there could not be any sort of bargain since the document was alleged to have been submitted in the court custody proceedings after Hubbard left the Venture. (Id.)

The legal standard for "beneficial liability" under § 1589 as set forth by § 1595(a), requires a defendant to knowingly benefit (by receiving anything of value) from participating in a "venture" that the defendant knew or should have known has engaged in an act in violation of" §1589. 18 U.S.C. § 1595(a)(emphasis added). For all the reasons already set forth herein, the Complaint fails to allege any plausible facts to establish a basis for this theory of liability against Eller. There are no factual allegations that plausibly establish that Eller actually knew, or should have known, about a venture that was providing or obtaining the labor or services of Plaintiffs

through threats, harm, physical restraint, or abuse of process. Moreover, as set forth above, the factual allegations in the Complaint, on their face, only establish that Eller was paid to provide business consulting services to Rick Hubbard to provide him with advice in Chet Holmes methods. (Compl. ¶¶ 116, 119, 125, 126).

As such the Complaint fails to state any cognizable claim against Eller for a violation of 18 U.S.C. § 1589 on either a perpetrator or beneficiary theory of liability.

**2. The Complaint Fails to Set Forth Factual Allegations Sufficient to Establish a Cognizable Claim against Eller for Violation of RICO Provisions 18 U.S.C. § 1962(c) or (d).**

RICO was "intended to combat organized crime, not to provide a federal cause of action and treble damages to every tort plaintiff." *Oscar v. Univ. Students Coop. Ass'n,* 965 F.2d 783, 786 (9th Cir. 1992), abrogated on other grounds by *Diaz v. Gates*, 420 F.3d 897 (9th Cir. 2005). Again the shotgun pleading approach of "everyone did everything" in the Third Cause of Action, violation of 18 U.S.C. § 1962(c) (pattern of racketeering) and the Fourth Cause of Action, violation of 18 U.S.C. § 1962(d) (RICO conspiracy) falls below Rule 8(a) pleading requirements, and on this basis alone, the Complaint fails to set forth any cognizable RICO claim against Eller and should be dismissed. *See Destfino*, 630 F.3d at 958, *Sollberger*, 2010 U.S. Dist. LEXIS 66233, *13.

**a. Plaintiffs Fails to Allege Any Facts Giving Rise to a Cognizable Claim Against Eller For Violation of 18 U.S.C. § 1962(c).**

In order to set forth a cognizable claim against Eller for a violation of § 1962(c), the Complaint must sufficiently plead facts to establish the following elements of such claim: (1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity (known as "predicate acts"), (5) causing injury to the plaintiff's "business or property" by the conduct constituting the violation. *See Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005).

With respect to the first element, "conduct," an individual cannot be not liable under § 1962(c) absent participation in the operation or management of the enterprise itself. *See Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993). Relevant conduct that will satisfy this element include whether the defendant "occupies a position in the chain of command," "knowingly implements [the enterprise's] decisions," or is "indispensable to achieving the enterprise's goal." W*alter v. Drayson*, 538 F.3d 1244, 1248-49 (9th Cir. 2008).

An "enterprise" for purposes of the RICO, can be based on an association in fact, or "group of persons associated together for a common purpose of engaging in a course of conduct." *Boyle v. United States*, 556 U.S. 938, 945-46 (2009) ("It is apparent that an association-in-fact enterprise must have at least three structural features: a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose."). Accordingly, RICO defendants must have "some knowledge of the nature of the enterprise . . . to avoid an unjust association of the defendant[s] with the crimes of others," and at a minimum each defendant needs to be "aware of the essential nature and scope of [the] enterprise <u>and</u> intend[] to participate in it." *United States v. Christensen*, 801 F.3d 970, 985 (9th Cir. 2015).

Setting aside that Plaintiffs have failed to plead facts sufficient to establish (1) a "pattern" of "racketeering activity" (predicate acts as set forth in 18 U.S.C. § 1961), the third and fourth elements of a RICO §1962(c) violation, or (2) any injury whatsoever to Plaintiffs' "business or property," the fifth element of a RICO § 1962(c) violation, the Complaint on its face fails to set forth any plausible allegations that Eller engaged in conduct that furthers the purported enterprise's purpose. As such the Complaint fails to set forth allegations that establish any plausible basis for a cognizable claim under 18 U.S.C. § 1962(c).

There are no factual, non-conclusory, allegations that plausibly establish Eller even had any knowledge of any "enterprise" or was even "indispensable to achieving

the [purported] enterprise's goal" or otherwise knowingly acted in furtherance of the purported enterprise's purpose. The Complaint's allegations, when taken as true, establish that Eller was, in fact, irrelevant and dispensable to the purported enterprise. He was factually and legally precluded from prescribing, procuring, or delivering drugs to Plaintiffs (Compl. ¶¶ 11, 14-16, 124, 139), and any alleged filings in a custodial court proceeding involving Hubbard's parental rights did not direct, affect, alter or impact Plaintiffs' conduct in any way, or even their rights or benefits, because the purported document was allegedly filed after Hubbard escaped from the purported criminal enterprise. (Compl. ¶¶ 51 and 132)

**b. Plaintiffs Fails to Allege Any Facts Giving Rise to a Cognizable Claim Against Eller For Violation of 18 U.S.C. § 1962(d).**

In order to be liable as part of a RICO conspiracy, a defendant does not have to have committed the substantive criminal predicate, but has to have knowledge of the nature of the conspiracy, or criminal objective of the conspiracy. *See Salinas v. United States*, 522 U.S. 52, 61-66 (1997); *Howard v. America Online, Inc.*, 208 F.3d 741, 751 (9th Cir. 2000) (the conspirator must have been "aware of the essential nature and scope of the enterprise and intended to participate in it.") A RICO conspiracy under § 1962(d) may be established by proof of an agreement to commit a substantive violation of RICO. *Oki Semiconductor Co. v. Wells Fargo Bank*, 298 F.3d 768, 774-75 (9th Cir. 2002)( "agreement need not be express as long as its existence can be inferred from words, actions, or interdependence of activities and persons involved.")

Again as discussed herein, there are no factual, non-conclusory, allegations in the Complaint that plausibly establish Eller had any knowledge of any conspiracy or its purported criminal objective. The Complaint fails to set forth factual allegations from which to reasonably infer an agreement by Eller to participate in any RICO

conspiracy.  As such, the Complaint fails to set forth any cognizable claim against Eller based on a RICO conspiracy in violation of 18 U.S.C. § 1962(d).

## IV.   CONCLUSION

For the reasons set forth herein, Defendant Eller seeks dismissal of the Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and 8(a).

DATED: March 14, 2023                                  CAMERON JONES LLP

                 */s/ Indira J. Cameron-Banks*
                 Indira J. Cameron-Banks
                 Terrence M. Jones

                 *Attorneys For* DEFENDANT
                 Benjamin Todd Eller