DELMAR S. THOMAS (SBN 210825)
  *dthomas@yukelaw.com*
JUSTIN M. MARVISI (SBN 294498)
  *jmarvisi@yukelaw.com*
OLIVIA H. KIM (SBN 322535)
  *okim@yukelaw.com*
YUKEVICH | CAVANAUGH
355 S. Grand Avenue, 15th Floor
Los Angeles, California 90071-1560
Telephone:   (213) 362-7777
Facsimile:   (213) 362-7788
Email:       eservice@yukelaw.com

Attorneys for Defendants
CASEY GROVER and RCI
HOSPITALITY HOLDINGS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JULIA HUBBARD and KAYLA GOEDINGHAUS,<br><br>            Plaintiffs,<br><br>      vs.<br><br>TRAMMELL S. CROW, JR., DR. BENJAMIN TODD ELLER, RICHARD HUBBARD, DR. MELISSA MILLER, DR. JOSEPH BOLIN, DR. SCOTT WOODS, DR. MRUGESHKUMAR SHAH, MICHAEL CAIN, COE JURACEK, PHILIP ECOB, H.J. COLE, TEXAS RANGER CODY MITCHELL, KURT KNEWITZ, PAUL PENDERGRASS, RALPH ROGERS, ROBERT PRUITT, SCOTT BRUNSON, CASE GROVER, RICHARD BUTLER, MARK MOLINA, MICHAEL HYNES, JR., SHAWN MAYER, JADE MAYER, RCI HOSPITALITY HOLDINGS, INC., INTEGRITY BASED MARKETING, LLC, STORM FITNESS NUTRITION, LLC, ULTRA COMBAT NUTRITION, LLC, ECOLOFT HOMES LLC, ELEVATED WELLNESS PARTNERS LLC, DOE INDIVIDUALS 1–20, and DOE COMPANIES 21–30,<br><br>            Defendants. | CASE NO. 2:22-cv-07957-FLA-MAA<br><br>**DEFENDANT CASEY GROVER'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR IN THE ALTERNATIVE, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**<br><br>Date:   March 31, 2023<br>Time:   1:30 p.m.<br>Dept:   6B, 6th Floor |

1    TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

2    Defendant Casey Grover ("Mr. Grover") files this <u>Reply In Support of His</u>

3    <u>Motion to Dismiss for Lack of Personal Jurisdiction, or in the Alternative, Motion to</u>

4    <u>Dismiss for Failure to State a Claim</u> (ECF 72).

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

1

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

Arguments and Authorities ................................................................................. 7

    A.    There is no specific jurisdiction over Mr. Grover ............................. 7

    B.    Limited jurisdictional discovery is unnecessary ............................ 11

    C.    Plaintiffs' Complaint is an improper shotgun pleading. ................... 12

    D.    Plaintiffs' Response fails to show Mr. Grover's participation in a sex-trafficking venture or that he gained anything from such participation ......................... 14

    E.    Plaintiffs fail to show a labor-trafficking claim against Mr. Grover ........................................................... 16

    F.    Plaintiffs' Response fails to show that the RICO claims are timely. ......................................................... 16

    G.    Plaintiffs' Response does not adequately defend the RICO claims. ............................................................ 18

Conclusion .................................................................................................... 20

Certificate of Compliance ............................................................................. 21

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*A.B. v. Hilton Worldwide Holdings Inc.*,
    484 F.Supp.3d 921 (D. Or. 2020) ........................................................................... 13

*Borrego Cmty. Health Found. v. Inland Valley Inv., LLC*,
    No.: 3:21-cv-1417-L-AGS, 2022 WL 673266 (S.D. Cal. Mar. 7,
    2022) ......................................................................................................................... 18

*Boschetto v. Hansing*,
    539 F.3d 1011 (9th Cir. 2008) ................................................................................ 12

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462 (1985) .................................................................................................. 9

*Butcher's Union Local No. 498, United Food and Comm. Workers v.
    SDC Inv., Inc.*,
    788 F.2d 535 (9th Cir. 1986) .................................................................................. 12

*C.S. v. Corp. of the Catholic Bishop of Yakima*,
    No. 13–CV–3051–TOR, 2013 WL 5373144 (E.D. Wash. Sept. 25,
    2013) ......................................................................................................................... 9

*Chirila v. Conforte*,
    No. 00–16878, 47 Fed.Appx. 838 (9th Cir. Sept. 20, 2002)
    (unpublished) ................................................................................................ 9, 10, 12

*Cochran v. Air & Liquid Sys. Corp.*,
    No.: 2:21-cv-09612-MEMF, 2022 WL 7609937 (C.D. Cal. Oct. 13,
    2022) ......................................................................................................................... 12

*CSX Transp., Inc. v. Norfolk S. Ry. Co.*,
    No. 2:18cv530, 2023 WL 25344 (E.D. Va. Jan. 3, 2023) .................................... 17

*Destfino v. Kennedy*,
    No. CV–F–08–1269 LJO DLB, 2009 WL 63566 (E.D. Cal. Jan. 8,
    2009) ......................................................................................................................... 13

*Does v. Reddit, Inc.*,
    51 F.4th 1137 (9th Cir. 2015) ................................................................................ 16

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

*Gianelli v. Schoenfeld*,
   No. 2:21-cv-0477-KJM-KJN (PS), 2022 WL 3230097 (E.D. Cal.
   Aug. 10, 2022) .................................................................................. 19

*Harris Rutsky & Co. Ins. Serv., Inc. v. Bell & Clements Ltd.*,
   328 F.3d 1122 (9th Cir. 2003) ........................................................ 11

*James Lee Constr., Inc. v. Gov't Emp. Ins. Agency*,
   478 F.Supp.3d 1057 (D. Mont. 2020) ............................................. 10

*Jimenez v. Serv. Emp. Int'l Union Loc. 775*,
   590 F.Supp.3d 1349 (E.D. Wash. 2022) ......................................... 19

*Klehr v. A.O. Smith Corp.*,
   521 U.S. 179 (1997) ......................................................................... 17

*Lu v. Deng*,
   No. 2:16-cv-07283-CAS, 2017 WL 373438 (C.D. Cal. Jan. 23,
   2017) ................................................................................................. 19

*Mavrix Photo, Inc. v. Brand Tech., Inc.*,
   647 F.3d 1218 (9th Cir. 2011) .......................................................... 8

*Menken v. Emm*,
   503 F.3d 1050 (9th Cir. 2007) ........................................................ 11

*Morgan v. Aurora Loan Serv., LLC*,
   No. 14–55203, 646 Fed.Appx. 546 (9th Cir. Mar. 28, 2016)
   (unpublished) ................................................................................... 15

*In re Mortg. Ltd.*,
   No. 2:08–bk–07465–RJH, No. 2:12–ap–01849–RJH, 2013 WL
   1336830 (D. Ariz. Mar. 29, 2013) ................................................... 14

*Pebble Beach Co. v. Caddy*,
   453 F.3d 1151 (9th Cir. 2006) ......................................................... 12

*Pincay v. Andrews*,
   238 F.3d 1106 (9th Cir. 2001) ......................................................... 17

*Reves v. Ernst & Young*,
   507 U.S. 170 (1993) ......................................................................... 19

*Schneider v. Cal. Dept. of Corr.*,
  151 F.3d 1194 (9th Cir. 1998) ....................................................................... 15, 19

*Schwarzenegger v. Fred Martin Motor Co.*,
  374 F.3d 797 (9th Cir. 2004) ............................................................................... 11

*Von Grabe v. Sprint PCS*,
  312 F.Supp.2d 1285 (S.D. Cal. 2003) ................................................................. 19

*In re W. States Wholesale Nat. Gas Litig.*,
  605 F.Supp.2d 1118 (D. Nev. 2009) ................................................................... 10

*Walden v. Fiore*,
  571 U.S. 277 (2014) ............................................................................................... 8

*Wescott v. SC Anderson, Inc.*,
  No. 17-CV-05676-LB, 2018 WL 2317895 (N.D. Cal. May 21,
  2018) ..................................................................................................................... 17

*Yagman v. Garcetti*,
  852 F.3d 859 (9th Cir. 2017) ............................................................................... 15

**Statutes**

RICO ..............................................................................................................*passim*

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

**Arguments and Authorities**

Plaintiffs' Response to Defendant Casey Grover's Motion to Dismiss fails repeatedly in convincing this Court to entertain their claims. The Court simply lacks jurisdiction over Mr. Grover (as well as the majority of the other Defendants) requiring dismissal under Fed. R. Civ. P. 12(b)(2). And even if jurisdiction was present, Plaintiffs' allegations against Mr. Grover fail to pass muster under Fed. R. Civ. P. 12(b)(6).

Focusing first on jurisdiction, Plaintiffs' Response attempts to connect Mr. Grover to California through a game of telephone. Mr. Grover allegedly communicated with fellow Venture participant Richard Hubbard ("Richard") regularly, and Richard communicated and had an association with fellow Venture participant and California resident Dr. Benjamin Todd Eller. To Plaintiffs, those allegations justify specific jurisdiction over Mr. Grover. However, Plaintiffs' argument ignores the Ninth Circuit's requirement that the defendant purposefully direct some conduct at the forum state, not found here for Mr. Grover. The claims should thus be dismissed, and Plaintiffs should not be permitted to waste time and money pursuing jurisdictional discovery on their baseless theory.

Turning to the merits, Plaintiffs' shotgun pleading fails to show any participation by Mr. Grover in a venture or RICO conspiracy, so their trafficking and RICO claims should be dismissed. At best, the Complaint pleads isolated misconduct, which cannot support either a trafficking or RICO claim. Additionally, Plaintiffs' RICO claims are time-barred to the extent they rest on conduct from before November 2017, their various arguments otherwise being foreclosed by binding precedent. Accordingly, the claims should be dismissed on the merits even if the Court decides the jurisdictional issue in Plaintiffs' favor.

A.    There is no specific jurisdiction over Mr. Grover.

Abandoning any attempt to establish general jurisdiction or RICO nationwide jurisdiction over Mr. Grover, Plaintiffs' Response focuses only on specific

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

jurisdiction by using the only defendant residing in California, Dr. Eller, as the hook.   Plaintiffs argue Mr. Grover purposefully availed himself of California because he participated in the alleged sex- and labor-trafficking Venture which included Dr. Eller as one of the participants. (ECF 88, <u>Resp.</u>, 4:16-23.)   This argument does not hold up.   As fully explained in Mr. Grover's Motion, the allegations against him are based on his supposed abusive, assaultive conduct toward Plaintiff Julia Hubbard ("Julia") while the two of them were in Texas. (ECF 72, <u>Mot.</u>, 14:23-26.)   These allegations lead to only one conclusion: the claims against Mr. Grover belong in Texas, not California.

Plaintiffs attempt to sidestep this obvious conclusion by positing an attenuated set of facts supposedly linking Mr. Grover to California.   Plaintiffs claim that Mr. Grover was a Venture participant, that he kept in "regular contact" with Julia's ex-husband Richard about Julia, mutually benefiting Richard and himself, and that he "knew or should have known" that a California resident Dr. Eller, was involved in the Venture.   (<u>Resp.</u>, 4:16-23; ECF 1, Compl., ¶ 47.)   But the law requires Mr. Grover to have taken an intentional action expressly aimed at California.  *See Mavrix Photo, Inc. v. Brand Tech., Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011) ("In tort cases, we typically inquire whether a defendant purposefully direct[s] his activities at the forum state, applying an 'effects' test that focuses on the forum in which the defendant's actions were felt, whether or not the actions themselves occurred within the forum.   The 'effects' test . . . requires that the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.") (cleaned up).   Taking Plaintiffs' allegations as true, Mr. Grover's mere awareness that someone linked to Richard was in California is not an intentional act "expressly aimed at" California.

Even if there were direct communications between Mr. Grover and Dr. Eller, that would still be insufficient for specific jurisdiction.  *See Walden v. Fiore*, 571

U.S. 277, 285 (2014) ("[O]ur 'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there."). But Plaintiffs are one degree removed even from that. Instead, they look to communications between two people where one participant knew or should have known the other participant was <u>associated with</u> a California resident. (Resp., 18-23.) This plainly fails the "effects test." *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) ("This 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the unilateral activity of another party or a third person[.]") (cleaned up); *Chirila v. Conforte*, No. 00–16878, 47 Fed.Appx. 838, 842 (9th Cir. Sept. 20, 2002) (unpublished) ("Chirila alleged that Conforte and Neves engaged in tortious acts with the knowledge and consent of the English defendants. The district court, however, in its thorough review of Chirila's allegations, correctly held that <u>knowledge and consent—passive states of mind—do not constitute intentional acts directed at the forum state</u>.") (emphasis added); *C.S. v. Corp. of the Catholic Bishop of Yakima*, No. 13–CV–3051–TOR, 2013 WL 5373144, at *5 (E.D. Wash. Sept. 25, 2013) (express aiming component of effects test unmet in pedophilia case where Texas diocese wrote letters to California diocese recommending that pedophile priest be installed there and priest then sexually assaulted plaintiff; though Beaumont diocese allegedly knew or should have known priest posed a danger to California residents, failure to individually target a known forum resident was fatal).

Stripping away the excess verbiage and irrelevant allegations from the Complaint and Response, Plaintiffs are left only with a conspiracy-based theory of personal jurisdiction. To Plaintiffs, if one member of the purported Venture was a California resident, then all Venture participants can be sued in California even if their individual contacts with California would otherwise be insufficient for jurisdiction. (<u>Resp.</u>, 4:16-23.) The Ninth Circuit has never approved such a theory

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

and has expressed skepticism of it. *See James Lee Constr., Inc. v. Gov't Emp. Ins. Agency*, 478 F.Supp.3d 1057, 1064 (D. Mont. 2020) ("The Ninth Circuit has neither recognized nor rejected the constitutional validity of basing personal jurisdiction on an alleged conspiracy, though it seems skeptical of the concept."); *Chirila*, 47 Fed.Appx. at 842-43 ("There is a great deal of doubt surrounding the legitimacy of this conspiracy theory of personal jurisdiction. . . . The use of the theory has been criticized by commentators, and we have rejected an analogous theory[.]" ); *In re W. States Wholesale Nat. Gas Litig.*, 605 F.Supp.2d 1118, 1139 (D. Nev. 2009) ("It is unclear whether and under what conditions the Ninth Circuit would find it consistent with due process to attribute a conspirator's forum-related contacts to his co-conspirators for personal jurisdiction purposes."). The absence of any precedent in this circuit for a conspiracy theory of personal jurisdiction runs against allowing Plaintiffs to proceed on it.

Additionally, courts in this circuit have rejected the particular conspiracy theory to which Plaintiffs subscribe. One case assumed without deciding that the conspiracy theory existed, but then observed, "[t]he defendant, not his co-conspirator, must choose to direct his activities at the forum in causing the effect in the forum." *W. States Wholesale*, 605 F.Supp.2d at 1140. That principle forecloses this conspiracy theory, where Mr. Grover never purposefully directed any act at California, and the only tie between Mr. Grover and California is the California residency of Mr. Grover's alleged co-conspirator, Dr. Eller. Accordingly, to the extent the Court prefers not to decide whether governing precedent allows a conspiracy theory of personal jurisdiction or believes it is allowed, the particular conspiracy theory Plaintiffs pled is unsound. *See id*. at 1140-41 (no personal jurisdiction over parent company in antitrust case where parent did not sell gas to Wisconsin residents, coconspirators did, and there was no allegation of a conspiratorial agreement concerning Wisconsin or its residents).

There are additional reasons why Plaintiffs' specific jurisdiction argument

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

fails.  Plaintiffs incorrectly argue that specific jurisdiction over Mr. Grover exists because "but for" Dr. Eller's actions, Plaintiffs' claims would not exist.  (Resp., 4:24 – 5:8.)  A "but for" test is used to determine whether the claims against a defendant arise out of the defendant's forum contacts.  *Harris Rutsky & Co. Ins. Serv., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1131-32 (9th Cir. 2003); *accord Menken v. Emm*, 503 F.3d 1050, 1058 (9th Cir. 2007).  Mr. Grover's Motion attacks the first prong of the specific jurisdiction inquiry which asks whether the nonresident defendant purposefully directed his activities to the forum state.  (Mot., 14:26 – 15:2.)  Plaintiffs' "but for" argument in their Response confusingly focuses on the second prong, assessing whether the plaintiff's claim arises out of the defendant's forum contacts.  *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (setting forth specific jurisdiction inquiry, and applying "effects test" in prong one); *Menken*, 503 F.3d at 1058 ("but for" test applies in prong two).

Plaintiffs' focus on whether their claims arise from Mr. Grover's forum contacts does not address whether Mr. Grover purposefully directed any relevant action to California, and as such, it fails to save the claims against Mr. Grover's jurisdictional challenge.  Alternatively, to the extent Plaintiffs' argument can be read as an argument about the "effects test," it fails for the reasons explained above, namely, that communicating with someone associated with a California resident is not expressly aiming an intentional act at California, and the conspiracy theory is disallowed categorically or on the particular facts pled here.  Plaintiffs' Response therefore fails to show that specific jurisdiction exists.

B.   Limited jurisdictional discovery is unnecessary.

In a last-ditch effort to avoid a 12(b)(2) dismissal, Plaintiffs ask the Court for limited jurisdictional discovery. (Resp., 5:11-26.)  That request should be denied as Plaintiffs do not explain how that discovery would be fruitful.

"Discovery should ordinarily be granted where 'pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the

facts is necessary.'" *Butcher's Union Local No. 498, United Food and Comm. Workers v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986); *accord Cochran v. Air & Liquid Sys. Corp.*, No.: 2:21-cv-09612-MEMF (PDx), 2022 WL 7609937, at *11 (C.D. Cal. Oct. 13, 2022).   However, "[w]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants, the Court need not permit even limited discovery[.]" *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1160 (9th Cir. 2006); *accord Cochran*, 2022 WL 7609937, at *11.   A request for discovery based only on a mere belief that discovery would be valuable is insufficient. *Butcher's Union*, 788 F.2d at 540; *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008).   A mere belief is all Plaintiffs have here.

Plaintiffs ask for jurisdictional discovery on Mr. Grover's communications with Richard and Mr. Grover's knowledge of Dr. Eller.   (Resp., 5:22-26.)   But Plaintiffs offer no reason as to why this discovery would be relevant to the jurisdiction inquiry.   The communications between Mr. Grover and Richard are immaterial because the only tie to California posited by Plaintiffs is Richard's alleged association with Dr. Eller. *See Cochran*, 2022 WL 7609937, at *11 (denying jurisdictional discovery where requesting parties did not explain how "any additional information may be helpful to the Court").   And Mr. Grover's knowledge, or lack thereof, about Dr. Eller is similarly irrelevant because mere knowledge fails to show the purposeful direction needed for specific jurisdiction.   *Chirila*, 47 Fed.Appx. at 842.   Plaintiffs' personal jurisdiction theory, resting only on Mr. Grover's alleged communications with someone who was allegedly connected to a California resident, is a paradigmatic "attenuated" theory unworthy of discovery. *Pebble Beach*, 453 F.3d at 1160.

C.   <u>Plaintiffs' Complaint is an improper shotgun pleading.</u>

Plaintiffs argue that their operative pleading is not a "shotgun" pleading because they "made specific allegations regarding each Defendant, including

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

1  Grover." (Resp., 6:10-11.)  Plaintiffs misunderstand what a shotgun pleading is.

2      Plaintiffs' Complaint is 62 pages long with 343 numbered paragraphs.
3  Plaintiffs name 23 Defendants and assert three different claims against all 23
4  Defendants: sex-trafficking, labor-trafficking, and RICO violations.  Each claim has
5  multiple theories (*e.g.* the trafficking claims have perpetrator and beneficiary
6  variants, and the RICO claim has substantive and conspiracy variants).   The
7  discussion of each claim incorporates all preceding paragraphs of the Complaint;
8  there are no substantive factual allegations in these claim sections.  Plaintiffs do not
9  granulate the claims by Defendant or even groups of Defendants.  Such nebulous
10 pleading results in Mr. Grover (and every other Defendant) having to guess what the
11 factual basis is for each claim against him.

12     In short, the Complaint is a classic shotgun pleading.  *See A.B. v. Hilton*
13 *Worldwide Holdings Inc.*, 484 F.Supp.3d 921, 943 (D. Or. 2020) ("Another type of
14 'shotgun' pleading is a complaint that asserts claims against 'multiple defendants
15 without specifying which of the defendants are responsible for which acts or
16 omissions.' Finally, a complaint may constitute impermissible 'shotgun' pleading if
17 it fails to connect its factual allegations to the elements comprising plaintiff's claims
18 such that it denies the parties adequate notice of the allegations supporting each
19 cause of action.") (citation omitted); *Destfino v. Kennedy*, No. CV–F–08–1269 LJO
20 DLB, 2009 WL 63566, at *4 (E.D. Cal. Jan. 8, 2009) ("Allegations, however, which
21 incorporate each preceding paragraph, regardless of relevancy, are not permitted.
22 This practice has been harshly criticized as a form of 'shotgun pleading' that
23 violates Rule 8's requirement of a 'short and plain statement' and interferes with the
24 court's ability to administer justice.").

25     That the Complaint has some specific allegations against Mr. Grover does not
26 alleviate the Federal Rule of Civil Procedure 8 violation.  The Complaint's claim
27 sections do not explain what the factual predicate is for each claim, and Mr. Grover
28 cannot resolve the problem by looking only to the factual background's discussion

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

1  of him since it is not clear whether all of those allegations are relevant to every

2  claim.  As an illustration of this problem, it was not clear until Plaintiffs filed their

3  Response that Plaintiff Kayla Goedinghaus was even pursuing claims against Mr.

4  Grover, since nowhere in the Complaint does it identify any interaction or tie

5  between her and him.

6      In summary, the Complaint violates Rule 8 by failing to state the factual

7  predicate for each claim against Mr. Grover in the claims section, either expressly or

8  by incorporation <u>only</u> of those paragraphs relevant to that claim against Mr. Grover.

9  *See In re Mortg. Ltd.*, No. 2:08–bk–07465–RJH, No. 2:12–ap–01849–RJH, 2013

10  WL 1336830, at *12 (D. Ariz. Mar. 29, 2013) ("[I]t [i.e., shotgun pleading] can

11  happen when one party pleads multiple counts, and does not identify which specific

12  facts fit that Count in that very Count, but instead rely on a blanket incorporation

13  clause that incorporates all of the statement of facts.").  Plaintiffs' Response does

14  nothing to alleviate this failure, and the Court should therefore dismiss the

15  Complaint.

16  D.    <u>Plaintiffs' Response fails to show Mr. Grover's participation in a sex-</u>

17  <u>trafficking venture or that he gained anything from such participation.</u>

18      Plaintiffs argue that their Complaint adequately pleads sex-trafficking claims,

19  saying Mr. Grover "supported the Venture by providing information to Rick

20  Hubbard about Plaintiff Hubbard's whereabouts," and that he benefitted from the

21  Venture because "Grover received information from Rick Hubbard concerning

22  Plaintiff Hubbard . . . , which Grover valued as it enabled him to further labor traffic

23  Hubbard." (<u>Resp.</u>, 7:18-19, 7:23-26.)  The first contention is an improper attempt to

24  defend the claims with factual assertions not pled, while the second contention is

25  conclusory.

26      Beginning with Plaintiffs' argument that Mr. Grover supported the Venture

27  by telling Richard where Julia was, that argument is an improper attempt to add to

28  the allegations in the Complaint.  The Complaint says Mr. Grover "was also in

regular contact with Rick, exchanging information concerning Hubbard for their mutual benefit and the advancement of the Venture." (<u>Compl.</u>, ¶ 47.) It nowhere says Mr. Grover told Richard of Julia's whereabouts, and Plaintiffs cannot now supplement their Complaint by adding new allegations in their Response. *See Schneider v. Cal. Dept. of Corr.*, 151 F.3d 1194, 1197 n. 1 (9th Cir. 1998) ("The "new" allegations contained in the inmates' opposition motion, however, are irrelevant for Rule 12(b)(6) purposes. In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."); *accord Morgan v. Aurora Loan Serv., LLC*, No. 14–55203, 646 Fed.Appx. 546, 549 n. 2 (9th Cir. Mar. 28, 2016) (unpublished). This same principle bars Plaintiffs' allegation, also raised for the first time in their Response, that the information Richard provided to Mr. Grover enabled him to further labor-traffic Julia.

With the Response's new factual contentions ignored, the focus turns to the allegations in the Complaint that Mr. Grover discussed Julia with Richard, and that these discussions benefitted one another and the Venture. The "benefitting" allegation is a conclusory recital of an element of the sex-trafficking cause of action, and therefore has no weight. *See Yagman v. Garcetti*, 852 F.3d 859, 864 (9th Cir. 2017) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements' are insufficient."). Plaintiffs are left, then, with a mere contention that Mr. Grover repeatedly communicated with Richard about Julia. This is insufficient to meet the plausibility standard, as Plaintiffs fail to rule out the many alternative explanations for those communications other than participation by both Mr. Grover and Richard in a sex-trafficking ring. *See id*. at 863 ("And dismissal is appropriate where the plaintiff failed to allege "enough facts to state a claim to relief that is plausible on its face.'"). For example, Richard, who at the time had custody of his child(ren) with Julia, may have used Mr. Grover as a go-between to relay

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

1   information about or requests concerning the children to Julia.  (*See* <u>Resp.</u>, ¶ 133

2   (stating that Julia obtained custody of her child in 2022).)   Since Plaintiffs'

3   allegations have not crossed the line from consistency to plausibility, their sex-

4   trafficking claims fail.

5   E.   <u>Plaintiffs fail to show a labor-trafficking claim against Mr. Grover.</u>

6        Plaintiffs' Response confirms that they pursue both beneficiary and

7   perpetrator labor-trafficking claims. (<u>Resp.</u>, 8:28 – 9:1.)   Neither should survive

8   dismissal.  With regard to the beneficiary theory, the only allegations Plaintiffs point

9   to in support are in Paragraphs 45-47 of the Complaint, with Paragraph 47 as the

10  only one having any relevance.[1]  Paragraph 47 is the only cited paragraph that even

11  addresses a venture (venture being a prerequisite for beneficiary liability) by stating

12  that Mr. Grover stayed in regular communication with Richard and exchanged

13  information about Julia with him.  However, as already explained above in the sex-

14  trafficking section of this Reply, these allegations fail to show the required venture.

15  The beneficiary theory is therefore deficient and proper for dismissal.  As for the

16  perpetrator theory, Plaintiffs' shotgun-pleading approach is improper and fails to

17  provide Mr. Grover (as well as every other Defendant) with proper notice of the

18  claim's basis, so Plaintiffs' labor-trafficking claim based on that theory should be

19  dismissed as well.

20  F.   <u>Plaintiffs' Response fails to show that the RICO claims are timely.</u>

21       Plaintiffs argue that the deadline to file their RICO claims against Mr. Grover

22

23  ---

[1] Paragraph 45 says that Mr. Grover confiscated Julia's wages for his own benefit

24  with the knowledge of Defendants Mark Molina, Richard Butler, and "RCI

    Entertainment, Inc."  This does not plausibly show a venture since Plaintiffs admit

25  that the confiscation was for Mr. Grover's benefit, not a group undertaking, and

26  mere knowledge of another's misconduct does not make someone a co-venturer.

    *See Does v. Reddit, Inc.*, 51 F.4th 1137, 1145 (9th Cir. 2015) ("Mere association

27  with sex traffickers is insufficient absent some knowing "participation" in the form

28  of assistance, support, or facilitation.").

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

1  only began to run when they sustained their last injuries from the Venture he was
2  supposedly part of.  The law does not justify this expansive view of limitations.

3  The Ninth Circuit has "continuously followed the 'injury discovery' statute of
4  limitations rule for civil RICO claims. Under this rule, 'the civil RICO limitations
5  period begins to run when a plaintiff knows or should know of the injury that
6  underlies his cause of action.' Thus, the 'injury discovery' rule creates a disjunctive
7  two-prong test of actual or constructive notice, under which the statute begins
8  running under either prong." *Pincay v. Andrews*, 238 F.3d 1106, 1109 (9th Cir.
9  2001) (cleaned up); *accord Wescott v. SC Anderson, Inc.*, No. 17-CV-05676-LB,
10 2018 WL 2317895, at *3 (N.D. Cal. May 21, 2018).

11 Plaintiffs' Complaint states that Mr. Grover forced Julia to work at a
12 gentlemen's club, confiscated her wages, physically abused her to the point of
13 breaking her ribs, threatened her with guns, and crashed her vehicle.  (Compl., ¶¶
14 45-46.)  Julia certainly would have been aware of this alleged misconduct when it
15 occurred, and Plaintiffs do not contend otherwise.  The Complaint goes on to
16 explain that Julia left Mr. Grover and her job at the aforementioned gentlemen's
17 club in or near October 2017 following a violent incident with him. (Id., ¶ 257.)
18 There are no allegations of later misconduct by Mr. Grover.  Accordingly, the
19 statute of limitations with respect to his acts began to run at the latest in November
20 2017, which makes the Complaint's November 2022 filing a year late.  (Mot., 23:3-
21 14.)

22 Plaintiffs' answer to these facts is that a RICO claim only starts to run when
23 the criminal enterprise inflicts its last injury on the plaintiff. (Resp., 9:17 – 10:1.)
24 That is not correct.  Plaintiffs cannot use a later, timely injurious act to recover for
25 an earlier, untimely one.  *See Klehr v. A.O. Smith Corp.*, 521 U.S. 179, 190 (1997)
26 ("[T]he [RICO] plaintiff cannot use an independent, new predicate act as a bootstrap
27 to recover for injuries caused by other earlier predicate acts that took place outside
28 the limitations period."); *accord CSX Transp., Inc. v. Norfolk S. Ry. Co.*, No.

1   2:18cv530, 2023 WL 25344, at *6 (E.D. Va. Jan. 3, 2023) (for pub.).

2    To the extent Plaintiffs argue that the limitations period does not begin to run

3   until the conspiracy ends, that theory is foreclosed by the above-described "injury

4   discovery rule" of the Ninth Circuit which starts the limitations clock when the

5   plaintiff knows or should know of her injury.  Plaintiffs' argument has also been

6   expressly rejected by at least one court in this circuit.  *See Borrego Cmty. Health*

7   *Found. v. Inland Valley Inv., LLC*, No.: 3:21-cv-1417-L-AGS, 2022 WL 673266, at

8   *4 (S.D. Cal. Mar. 7, 2022) ("BCHF also argues the statute of limitations for a

9   RICO conspiracy claim runs until the scheme's objectives are accomplished or

10   abandoned. BCHF does not cite Ninth Circuit or Supreme Court precedent to

11   support that assertion. . . . The civil RICO statute is focused on injuries. The statute

12   of limitations is meant, in part, to motivate plaintiffs to be diligent and seek relief

13   once they discover (or should discover) the injury, not wait for those injuries (and

14   treble damages) to increase. BCHF's above contention conflicts with that purpose.")

15   (cleaned up).

16    Plaintiffs' reliance on the Ninth Circuit's decision in *Diaz v. Gates* is

17   unpersuasive. 420 F.3d 897 (9th Cir. 2005). (Resp., 9:12-16.)  That case addressed

18   "whether a false imprisonment that caused the victim to lose employment and

19   employment opportunities is an injury to 'business or property' within the meaning

20   of RICO," not a RICO (or any) statute of limitations issue.  420 F.3d at 898.  It has

21   nothing relevant to say here.

22    Accordingly, Plaintiffs have no basis to hold Mr. Grover liable for any of the

23   misconduct she alleges Mr. Grover personally committed, and the RICO claims

24   against Mr. Grover should be dismissed to the extent they rest on allege misconduct

25   committed earlier than November 2017.

26   G.   Plaintiffs' Response does not adequately defend the RICO claims.

27    In order to preserve their RICO claims against Mr. Grover, Plaintiffs had to

28   explain how their Complaint plausibly set forth a RICO claim, and more

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

1  specifically, that Mr. Grover was a member of a RICO enterprise.  Plaintiffs'

2  Response fails at both tasks.

3       Plaintiffs again attempt to supplement their Complaint by alleging new facts

4  in the Response: that Mr. Grover confiscated Julia's wages for the benefit of both

5  himself and the Venture. (Resp., 10:6-9.)  That is not what the Complaint states.

6  According to the Complaint, Mr. Grover allegedly confiscated Julia's wages for

7  only his personal benefit.  (Compl., ¶¶ 45, 250.)  This supplementation is improper

8  and should be disregarded by the Court. *Schneider*, 151 F.3d at 1197 n. 1.  Ignoring

9  the material outside the Complaint, Plaintiffs are left with their allegations that Mr.

10  Grover communicated repeatedly with Richard, a supposed Venture member, about

11  Julia, exchanging information with Richard that was "for their mutual benefit and

12  the advancement of the Venture." (Compl., ¶ 47.)  As explained above, the "mutual

13  benefit" allegation is conclusory, and the "discussing Julia with Richard" allegation

14  does not cross the plausibility threshold.

15       Plaintiffs need to plead facts showing that Mr. Grover "has participated in the

16  operation or management of the enterprise[.]"  *Reves v. Ernst & Young*, 507 U.S.

17  170, 183 (1993); *accord Gianelli v. Schoenfeld*, No. 2:21-cv-0477-KJM-KJN (PS),

18  2022 WL 3230097, at *6 (E.D. Cal. Aug. 10, 2022).  They must also plead facts

19  demonstrating that the enterprise has a "'a structure for making decisions and

20  controlling the affairs of the group on an ongoing, rather than an ad hoc basis.'"

21  *Von Grabe v. Sprint PCS*, 312 F.Supp.2d 1285, 1310 (S.D. Cal. 2003).  Even "'a

22  group whose members collectively engage in an illegal act, in-and-of-itself, does not

23  constitute an "enterprise" for the purposes of RICO.'"  *Id*.  Nothing in the Complaint

24  comes even close to these requirements with regard to Mr. Grover.  At best,

25  Plaintiffs have pled isolated misconduct, so their substantive RICO claim fails, and

26  their RICO conspiracy claim with it.  *See Lu v. Deng*, No. 2:16-cv-07283-CAS

27  (RAOx), 2017 WL 373438, at *6 n. 5 (C.D. Cal. Jan. 23, 2017) (dismissing civil

28  RICO claims because the conduct alleged was at best isolated activity); *Jimenez v.*

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

1  *Serv. Emp. Int'l Union Loc. 775*, 590 F.Supp.3d 1349, 1362 (E.D. Wash. 2022)

2  ("Four seemingly unrelated incidents of forged signatures are insufficient to

3  establish the existence of a common purpose under the definition of a RICO

4  enterprise.").

5                              **<u>Conclusion</u>**

6        For the foregoing reasons, Plaintiffs' Response does not state a valid basis for

7  refusing to dismiss for want or jurisdiction or for failure to state a claim, and

8  therefore Mr. Grover's Motion to Dismiss should be granted.

9  DATED:  March 17, 2023                    YUKEVICH | CAVANAUGH

10

11

12  By: _____

13          Delmar S. Thomas
         Justin M. Marvisi

14          Olivia H. Kim

15          Attorneys for Defendant

16          CASEY GROVER and RCI
         HOSPITALITY HOLDINGS, INC.

17

18

19

20

21

22

23

24

25

26

27

28

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Casey Grover, certifies that this brief contains 14 substantive pages, which complies with the page limit set by the Court's Initial Standing Order in this case, dated December 5, 2022 (Dkt. 24).

DATED:  March 17, 2023                    YUKEVICH | CAVANAUGH


By: _____
        Delmar S. Thomas
        Justin M. Marvisi
        Olivia H. Kim

        Attorneys for Defendant
        CASEY GROVER and RCI
        HOSPITALITY HOLDINGS, INC.

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

## PROOF OF SERVICE

**JULIA HUBBARD and KAYLA GOEDINGHAUS v. TRAMMELL S. CROW, JR. et al.**

**United States District Court -- Central District Case No. 2:22-cv-07957**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 355 South Grand Avenue, Fifteenth Floor, Los Angeles, CA 90071-1560.

On March 17, 2023, I served true copies of the following document(s) described as **DEFENDANT CASEY GROVER'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR IN THE ALTERNATIVE, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 17, 2023, at Los Angeles, California.

_____
Chantel Y Estrada

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

**SERVICE LIST**

***JULIA HUBBARD and KAYLA GOEDINGHAUS v. TRAMMELL S. CROW, JR. et al.***

**United States District Court -- Central District Case No. 2:22-cv-07957**

| | |
|---|---|
| John G. Balestriere, Esq.<br>Matthew W. Schmidt<br>BALESTRIERE FARIELLO<br>225 Broadway, 29th Floor<br>New York, NY 10007 | Attorneys for PLAINTIFFS<br><br>Tel:  (415) 966-2656<br>Fax:  (212) 208-2613<br>Email:<br>john.balestriere@balestrierefariello.com<br>matthew.schmidt@balestrierefariello.com |
| Anastasia Mazzella, Esq.<br>KABATECK LLP<br>633 West Fifth St., Suite 3200<br>Los Angeles, CA 90071 | Attorneys for PLAINTIFFS<br><br>Tel:  (213) 217-5007<br>Fax:  (213) 217-5010<br>Email:   am@kbklawyers.com |
| QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP<br><br>Diane Doolittle, Esq.<br>555 Twin Dolphin Dr., 5th Floor<br>Redwood Shores, CA 94065 | Attorneys for DEFENDANT COE<br>JURACEK<br><br>Tel:  (650) 801-5000<br>Fax:  (650) 801-5100<br>Email:dianedoolittle@quinnemanuel.com |
| Alex Bergjans, Esq.<br>865 South Figueroa St., 10th Floor<br>Los Angeles, CA 90017-2543 | Tel:  (213) 443-3000<br>Fax:  (213) 443-3100<br>Email: alexbergjans@quinnemanuel.com |
| Adam J. DiClemente, Esq.<br>51 Madison Ave., 22nd Floor<br>New York, NY 10010 | Tel:  (212) 849-7000<br>Fax:  (212) 849-7100<br>Email:<br>adamdiclemente@quinnemanuel.com |

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788