MICHAEL J. TROTTER (SBN: 139034)
mjtrotter@cktflaw.com
DAVID P. PRUETT (SBN: 155849)
dppruett@cktflaw.com
CARROLL, KELLY, TROTTER & FRANZEN
111 West Ocean Boulevard, 14th Floor
Post Office Box 22636
Long Beach, California 90801-5636
Telephone No. (562) 432-5855 / Facsimile No. (562) 432-8785

Attorneys for Defendant, MELISSA B. MILLER, M.D.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA HUBBARD and KAYLA GOEDINGHAUS,<br><br>Plaintiffs,<br><br>vs.<br><br>TRAMMELL S. CROW, JR., DR. BENJAMIN TODD ELLER, RICHARD HUBBARD, DR. MELISSA MILLER, DR. JOSEPH BOLIN, DR. SCOTT WOODS, DR. MRUGESHKUMAR SHAH, MICHAEL CAIN, COE JURACEK, PHILIP ECOB, H.J. COLE, TEXAS RANGER CODY MITCHELL, KURT KNEWITZ, PAUL PENDERGRASS, RALPH ROGERS, ROBERT PRUITT, SCOTT BRUNSON, CASE GROVER, RICHARD BUTLER, MARK MOLINA, MICHAEL HYNES, JR., SHAWN MAYER, JADE MAYER, RCI HOSPITALITY HOLDINGS, INC., INTEGRITY BASED MARKETING, LLC, STORM FITNESS NUTRITION, LLC, ULTRA COMBAT NUTRITION, | CASE NO.:  2:22-cv-7957-FLA-MAA<br><br>Hon. Fernando L. Aenlle-Rocha<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OVER DEFENDANT MELISSA B. MILLER, M.D.; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Filed Concurrently with Declaration of Melissa B. Miller, M.D. and Proposed Order]<br><br>Date:  April 28, 2023<br>Time: 1:30 p.m.<br>Place: Courtroom 6B |

LLC, ECOLOFT HOMES LLC, ELEVATED WELLNESS PARTNERS LLC, DOE INDIVIDUALS 1–20, and DOE COMPANIES 21–30

Defendants.

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on April 28, 2023, at 1:30 p.m., or as soon thereafter as the matter may be heard, before the Honorable Fernando L. Aenlle-Rocha at the First Street Courthouse, 350 West Pt Street, Courtroom 6B, 6th Floor, Los Angeles, California 90012, defendant Melissa Miller, M.D. will and hereby does specially appear and move pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure for an order dismissing this action because the Court lacks personal jurisdiction over Dr. Miller.

This Motion is based on the following grounds:

1) This Court does not have general or specific jurisdiction over Dr. Miller because, among other things, she has no physical presence nor is she domiciled in California, nor are there any allegations of specific conduct by Dr. Miller in California;

2) Application of nationwide jurisdiction under the RICO statutes is not appropriate in this case as the ends of justice do not require this Court to assert personal jurisdiction over nearly every named party in this case (all of whom reside outside of California), save and except for a single medical defendant who resides and works in this District. Moreover, the ends of justice are not met by this Court asserting personal jurisdiction over all of these out-of-state parties in this case when nearly all of the conduct alleged in the Complaint occurred outside of California.

3) A more appropriate forum exists for this case in Texas, where nearly every defendant resides and where, apparently, all of the alleged conduct actually

took place.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the concurrently filed Declaration of Defendant Melissa B. Miller, M.D., those matters of which the Court properly may take judicial notice, on such further evidence and argument as may be presented to the Court in further briefing and at oral argument at the hearing on this Motion, and on the papers, records, and pleadings on file herein.

Compliance with Local Rule 7-3: This Motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on March 9, 2023.

DATED:  March 20, 2023                    CARROLL, KELLY, TROTTER & FRANZEN

By:_____
   MICHAEL J. TROTTER
   DAVID P. PRUETT
   Attorneys for Defendant, MELISSA B.
   MILLER, M.D.

# TABLE OF CONTENTS

I.     INTRODUCTION.................................................................................7

II.    SUMMARY OF PERTINENT FACTS ...............................................8

    A.    General Allegations................................................................8

    B.    Jurisdictional Allegations.......................................................9

    D.    Dr. Miller's Declaration Shows There is No Basis for Personal
        Jurisdiction Over Her in California .......................................11

III.   LEGAL ARGUMENT.........................................................................12

    A. Personal Jurisdiction. ...........................................................12

        1.    The Court lacks general jurisdiction over Dr. Miller...........16

        2. The Court lacks specific jurisdiction over Dr. Woods............16

    B. Nationwide RICO jurisdiction is inappropriate in this case. ...............17

IV.    CONCLUSION ...................................................................................18

Motion to Dismiss by Melissa Miller, M.D.

# TABLE OF AUTHORITIES

**Federal Cases**

*Bristol-Myers Squib Co. v. Superior Court*
    582 U.S., 137 S.Ct. 1773 (2017) ........................................................................12

*Bullion v. Gillespie*
    895 F.2d 213 (5th Cir. 1990) ..............................................................................14

*Butcher's Union Local No. 498, United Food & Commercial Workers v. SDC Inv., Inc.*
    788 F.2d 535 (9th Cir. 1986) ..............................................................................17

*Calder v. Jones*
    465 U.S. 783 (1984) ......................................................................................13, 16

*Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*
    456 U.S. 694, fn. 1 (1982) ..................................................................................12

*Int'l Shoe Co. v. State of Wash.*
    326 U.S. 310 (1945) ............................................................................................12

*Kennedy v. Freeman*
    919 F.2d 126 (10th Cir. 1990) ............................................................................15

*Omni Capital Int'l, Ltd. v. Rudolph Wolff & Co., Ltd.*
    484 U.S. 97 (1987) ..............................................................................................12

*Robinson v. Section 23, Prop. Owner's Association*
    785 F. Appx. 940 (3d Cir. 2019) ........................................................................14

*World-Wide Volkswagon Corp. v. Woodson*
    444 U.S. 286 ........................................................................................................15

**State Cases**

*Lebkuecher v. Loquasto*
    255 Pa. Super. 608 (1978) ..................................................................................14

**Federal Statutes**

18 U.S.C. § 1962(c) and (d) ................................................................16

18 U.S.C. §1962 .......................................................................................7

**Federal Rules**

Fed. R. Civ. P. 4(k)(1)(A) ...................................................................12

Rule 12(b)(2) of the Federal Rules of Civil Procedure...........................2

Motion to Dismiss by Melissa Miller, M.D.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Because there is no basis for personal jurisdiction in California over defendant Melissa Miller, M.D., this motion to dismiss should be granted.

The declaration of Dr. Miller confirms that she has no connection to California. Her only connection to the circumstances put at issue in this action is Dr. Miller's provision of medical services to plaintiff Kayla Goedinghaus in Cedar Park, Texas. Dr. Miller's provision of those medical services did not involve anyone in California. Dr. Miller has continuously resided in Texas for the last 40 years, including through all of her college and medical school education, here medical internship and residency training, and her medical career. Other than a four day vacation with her husband to Yosemite thirteen years ago, Dr. Miller has not been in California and her activities do not involve contacts with California.

Additionally, plaintiffs' filing in the Central District of California is inappropriate considering Texas is where the alleged events and circumstances at issue are said to have occurred, where plaintiffs themselves were, and where all of the defendants, except one, were located. Even the California defendant, Dr. Benjamin Todd Eller, allegedly directed his services as a psychologist to plaintiffs in Texas. Other than Dr. Eller, the witnesses and evidence are in Texas.

Traditional considerations demonstrate a lack of personal jurisdiction over Dr. Miller. And plaintiff's citation to the RICO jurisdictional statute, 18 U.S.C. §1962, does not result in personal jurisdiction over Dr. Miller. (Complaint, ECF No. 1, 14:1-10 (¶¶ 58-59); page references are to the ECF numbering, not the numbers plaintiffs put at the bottom of the pages.) The Complaint fails to show that the ends of justice would be met by allowing this Court to assert personal jurisdiction over at least 27 defendants who are outside of California when it would not otherwise have that jurisdictional power.  The Court should grant this motion.

## II.   SUMMARY OF PERTINENT FACTS

### A.   General Allegations.

Plaintiffs assert theories of liability of "Trafficking Victims Protection Act" and the "Racketeering Influenced Corrupted Organizations Act" ("RICO"). This motion pertains to jurisdiction and Dr. Miller reserves all rights to challenge the sufficiency of the facts stated to support any cause of action.

The Complaint asserts that the defendants engaged in an illegal enterprise wherein "sex-parties" and "human sex-trafficking" took place.  (ECF 1, 3:17-21 (¶1).)  Plaintiffs, Julia Hubbard and Kayla Goedinghaus, allege they were victims of this enterprise and they were the ex-wife and fiancé, respectively, of the defendant Richard "Rick" Hubbard, who is alleged to have been the "head" of the enterprise.  (*Ibid.*)

Plaintiffs have described the defendants as falling within four categories.

The first category is described as "The Medical Doctor Defendants"; Dr. Miller, the moving party, is alleged to be in that category. (ECF 1, 25:1-2 (¶141).) Plaintiffs allege the Medical Doctor Defendants illegally arranged or prescribed drugs to "control" the Plaintiffs and other women. (ECF 1, 2:21-6:9, 25:1-2 (¶¶7-16, 141).)

The second category is "The Fixer Defendants," including a law enforcement officer, a Texas Ranger, Cody Mitchell, who are alleged to have controlled plaintiffs by physical abuse, threats of abuse, and threats of subjecting plaintiffs to false arrest. (ECF 1, 6:10-5:24 (¶¶17-28).)

The third category is the "Investor Defendants," who are alleged to have funded the alleged activities and distributed profits. (ECF 1, 7:25-11:16 (¶¶29-40).)

And the fourth category is described as "The Labor Trafficking Defendants," who are alleged to be the managers of the "Silver City Cabaret (the 'Cabaret'), a gentleman's club in Dallas, Texas that is owned by [defendant] RCI Entertainment,

Inc.," who allegedly forced plaintiff Hubbard to work at the Cabaret as part of the enterprise. (ECF 1, 11:17-13:10 (¶¶41-52).)

### B. Jurisdictional Allegations.

The Complaint sets forth allegations of residency of the defendants, which demonstrate that California is not an appropriate choice for venue.

The facts alleged demonstrate that the activities alleged to be at issue occurred in Texas. Rick Hubbard, who was plaintiff Hubbard's husband and then plaintiff Goedinghaus's fiancé, is alleged to be a resident of Texas. (ECF 1, 14:22-23 (¶64).) The alleged strong-armed control was imposed by a Texas Ranger, defendant Cody Mitchell, whose control allegedly included his threats of exercising his power to falsely arrest plaintiffs. (ECF 1, 6:10-5:24 (¶¶17-28).) The Medical Doctor Defendants supposedly controlled the plaintiffs through medical services provided at their offices in Texas. (ECF 1, 14:24-15:4 (¶¶65-68).) A central scene of activities is alleged to have been the "Silver City Cabaret (the 'Cabaret')" in Dallas, Texas. (ECF 1, 11:17-13:10 (¶¶41-52).)

Considering all the activities that are alleged to have occurred, it is natural that the allegations disclose that twenty-five out of twenty-eight defendants reside in Texas. (ECF 1, 14:18-16:16 (¶¶ 62-89).) A little more scrutiny reveals that the three defendants alleged to be outside of Texas actually were present in Texas according to the allegations of the Complaint.

The most significant alleged exception to presence in Texas is "Defendant Dr. Benjamin Todd Eller is an individual who resides in Santa Monica, California." (ECF 1, 14:20-21 (¶63).) But, the role of Dr. Eller is described to have been as a psychologist who imposed controlling manipulation directed at Plaintiffs in Texas, with allegations that Dr. Eller's influence was somehow imposed through the medical practices of doctors in Texas. (ECF 1, 5:20-25 (¶14).)

Regarding the second exception to Texas residency, plaintiffs state: "Defendant Dr. Mrugeshkumar Shah is an individual who is currently incarcerated

Motion to Dismiss by Melissa Miller, M.D.

at FCI Butner in Butner, North Carolina." (ECF 1, 15:3-4 (¶68).) Prior to that incarceration, Dr. Shah "was a pain management doctor, practicing in Texas." (*Mrugeshkumar Shah,* (OI File No. 6-17-40234-9) (H.H.S. July 7, 2022) DAB No. CR6114 (2022).)

As to the third, and last, exception to Texas residency, plaintiffs state: "Defendant RCI Hospitality Holdings, Inc. is a Delaware corporation with a principal place of business in New York." (ECF 16:7-8 (¶84).) Their allegations also assert that role of RCI was as the owner of the Silver City Cabaret, "the gentleman's club" in Dallas, Texas. (ECF 1, 11:17-13:10 (¶¶41-52).)

While both Plaintiffs allege that they now reside in Virginia, the facts alleged demonstrate that they resided in Texas during the years that they put at issue. (ECF 1, 14:13-16 (¶¶60-61).)

"Third-parties" or "non-parties," as described in the Complaint, are all Texans. (ECF 1, 16:24-17:2 (¶¶92-94).)

**C.    Allegations against moving Party Dr. Miller**

As to Dr. Miller, the Complaint acknowledges that she is a resident of Texas. (ECF 1, 14:24-25 (¶65).)

Plaintiffs conclusorily assert that she was one of the Medical Doctor Defendants who prescribed medications to Plaintiffs for "the Venture," at the behest of Rick Hubbard and Dr. Eller. (ECF 1, 2:21-6:9, 25:1-2 (¶¶7-16, 141).) Plaintiffs allege that Dr. Eller, as a psychologist did not have the authority to write prescriptions, so "Rick found medical doctors who were willing to write prescriptions based on Eller's written recommendations," alleging that those physicians included Dr. Miller, as well as Dr. Joseph Bolin, Dr. Scott Woods, Dr. Mrugeshkumar Shah. (ECF 1, 5:20-25 (¶14).) Plaintiffs allege that the physicians "ignored Plaintiffs' pleas for assistance" and ignored signs of abuse, including physical abuse and use of medications for improper purposes. (ECF 1, 5:26-6:6 (¶15).)

1   Dr. Miller's alleged role was limited to plaintiff Goedinghaus, with the

2   Complaint stating: Miller is a primary care physician who Rick forced

3   Goedinghaus to visit starting in April or May 2019. Goedinghaus informed Miller

4   that Rick was withholding her medications, thus forcing her into withdrawal,

5   physically abusing her, including choking her out to the point of unconsciousness,

6   and raping her, but Miller continued to provide drugs to Goedinghaus and provided

7   no assistance. Miller's actions constituted a dealing in a controlled substance, a

8   predicate act under RICO." (ECF 1, 26:14-22 (¶145).)

9   As indicated, the Complaint acknowledges that Dr. Miller is a resident of

10  Texas. As also indicated, the circumstances alleged in the Complaint describe

11  activities in Texas.

12  The declaration of Dr. Miller confirms that Goedinghaus established a

13  physician-patient relationship at Dr. Miller's office in Cedar Park, Texas, and that

14  all the medical services were provided in Texas, not in California. (¶ 10.)

15  **D.    Dr. Miller's Declaration Shows There is No Basis for Personal**

16  **Jurisdiction Over Her in California**

17  The declaration of Dr. Miller, submitted in support of this motion,

18  demonstrates that there is not personal jurisdiction over her in California.

19  Dr. Miller was served in Cedar Park, Texas. (¶ 4.)

20  For the past 40 years, Dr. Miller has continuously resided in Texas and

21  intends to continue doing so. (¶ 5.)

22  All of Dr. Miller's education occurred in Texas, including: 1999, graduation

23  from the University of Texas, bachelor's degree; 2003, graduation from the

24  University of Texas Southwestern, Medical Doctor; 2003 to 2006, one year

25  internship and two year residency in Dallas, Texas. Since completing medical

26  training, Dr. Miller has only practiced medicine in the state of Texas and has never

27  practiced medicine anywhere else. (¶ 6.)

28  Dr. Miller never lived in California and has no property interest there. (¶ 7.)

Her only presence in California was a four day vacation, in Yosemite, in 2010. (¶ 8.)

Dr. Miller has never otherwise been in litigation in California. (¶ 9.)

Dr. Miller has declared the medical services she provided to plaintiff Goedinghaus were in Cedar Park, Texas; all of the medical services she provided to Ms. Goedinghaus were provided in Texas;  I did not provide any medical service to Ms. Goedinghaus in California; Dr. Miller had not contact with anyone in California relative to the medical services provided to Goedinghaus. (¶ 10.)

Dr. Miller never provided any medical services to plaintiff Julia Hubbard.

Dr. Miller had no contact with plaintiffs or defendants in California.

She has never conducted any business in California, has not paid any income tax or property taxes in the State of California.

Dr. Miller has never consented to California jurisdiction.  (¶ 15.)

## III.    LEGAL ARGUMENT

### A. Personal Jurisdiction.

Personal jurisdiction is required to present an action against a defendant. (*Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 711, fn. 1 (1982).) Generally, personal jurisdiction is limited to the locations where a defendant resides, is domiciled, and or has sufficient minimum contacts to justify exerting judicial authority over them. (*Omni Capital Int'l, Ltd. v. Rudolph Wolff & Co., Ltd.*, 484 U.S. 97, 104-05 (1987); Fed. R. Civ. P. 4(k)(1)(A).)

A person's domicile will provide the basis for general jurisdiction. (*Bristol-Myers Squib Co. v. Superior Court*, 582 U.S., 137 S.Ct. 1773, 1785 (2017).)

For specific  jurisdiction, there must be a reasonable connection between the forum and the underlying controversy. (*Ibid.*) Due process requires that a defendant have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." (*Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310, 316 (1945).)

Plaintiffs' thin allegation that venue is appropriate in the California just based on the fact that defendant Dr. Eller, resides and does business there is insufficient to support that conclusion. (ECF 1, 13:12-14 (¶53).) The allegations of the Complaint reflect Plaintiffs' contention that Dr. Eller provided medical services to them while the Plaintiffs were in Texas. All of the allegations of the Complaint indicate that the alleged acts of defendants were in or directed to Texas.

Plaintiffs asserts California jurisdiction based on the residency of one defendant, Dr. Eller, in California. Under the circumstances of this case, the authorities demonstrate that California courts could not exercise jurisdiction over Dr. Miller and all the other defendants besides Dr. Eller. Only Texas could provide a forum with personal jurisdiction over all the defendants, including Dr. Eller, because his psychology services were allegedly provided to plaintiffs in Texas.

*Calder v. Jones*, 465 U.S. 783 (1984) instructs that personal jurisdiction is properly exercised relative to a state that "is the focal point both of the story and the harm." (*Id.* at 789.) *Calder* addressed the National Enquirer gossip-tabloid's publication of an allegedly libelous story about the actress Shirley Jones. (*Id.* at 785.) Two defendants who were Florida residents challenged personal jurisdiction in California. One, the reporter, who "wrote the first draft of the challenged article, and his byline appeared on it," asserted "[h]e did most of his research in Florida, relying on phone calls to sources in California for the information contained in the article." (*Ibid.*) The other was "president and editor of the Enquirer," who oversaw "just about every function of the Enquirer," and "reviewed and approved the initial evaluation of the subject of the article and edited it in its final form." (*Id.* at 786.) The Court decided there was personal jurisdiction in California because the defendants had "expressly aimed" their conduct towards California, stating: "The allegedly libelous story concerned the California activities of a California resident. It impugned the professionalism of an entertainer whose television career was centered in California. The article was drawn from California sources, and the

13

brunt of the harm, in terms both of respondent's emotional distress and the injury to her professional reputation, was suffered in California." (*Id.* at 788-789.) "In sum, California is the focal point both of the story and of the harm suffered." (*Id.* at 789.)

It is the actual practice of a profession in [a State] and not the possession of the right to practice that brings a person within the jurisdiction of a ... [c]ourt.'" (*Robinson v. Section 23, Prop. Owner's Association*, 785 F. Appx. 940, 944 (3d Cir. 2019); quoting *Lebkuecher v. Loquasto*, 255 Pa. Super. 608, 611 (1978).)

In *Bullion v. Gillespie,* 895 F.2d 213 (5th Cir. 1990), the Court decided there were sufficient minimum contacts for the District Court in Texas to exercise personal jurisdiction over a California physician, Larrian Gillespie, M.D., a urologist who provided medical services to Carol Bullion, a Texas resident, for "interstitial cystitis." (*Id.* at 214.) Bullion's Texas physician, Dr. Reeves, recommended that she read Gillespie's nationally-distributed book, *You Don't Have To Live with Cystitis!* (*Ibid.*) "Reeves then proceeded to contact Gillespie in California in order to review Bullion's particular urological problem. As a consequence of those conversations, a professional relationship developed between Bullion and the two doctors. In fact, Reeves referred Bullion to Gillespie in California for an in-person consultation." (*Ibid.*) Bullion began participating in Gillespie's experimental treatment program, and continued to follow locally with Reeves who reported his findings to Gillespie. (*Id.* at 215.) Bullion received three separate mail deliveries of an experimental medication, along with some related correspondence from Gillespie. (*Ibid.*) In return, she made a series of payments to Gillespie. (*Ibid.*)

The Court stated: "The Supreme Court has interpreted due process as requiring federal courts seeking to exercise personal jurisdiction over nonresident defendants to conclude, first, that the defendant has purposefully established 'minimum contacts' with the forum state and, if so, that entertainment of the suit

against the nonresident would not offend 'traditional notions of fair play and substantial justice.'  That is, if 'minimum contacts' are shown to exist, federal courts still must decline to exercise jurisdiction over the defendant if prosecution of the action in the forum state would be 'unreasonable and unfair.'" (*Id.* at 216.)

*Bullion* recognized the importance of the purposeful actions of the defendant, stating: "Jurisdiction is improper if grounded in the unilateral activity of the plaintiff."  (*Ibid*; citing *World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 298.)

The Court found that Bullion was Gillespie's patient, Gillespie received compensation for her services, Gillespie maintained regular telephone contact with Reeves and administered to the medical needs of other patients in Texas. (*Id.* at 217.) "Texas has a strong interest in protecting its citizens from allegedly harmful experimental drugs, dispensed by those not licensed to practice within the state. We know of no burden upon the defendant that outweighs the interests of Texas, and of the plaintiff, in litigating this action in Texas." (*Ibid.*)

In *Kennedy v. Freeman*, 919 F.2d 126 (10th Cir. 1990), the Court found sufficient purposeful availment to warrant personal jurisdiction in Oklahoma over a Texas physician. Plaintiff, Marsha Kennedy, an Oklahoma resident, sought medical advice from her Oklahoma physician (Dr. Dosser) for a mole on her thigh. (*Id.* at 127.) Dosser sent the mole specimen to a specialist in Texas, Dr. Freeman, who "willingly accepted the sample" and "sent a report to Dosser indicating the thickness of the lesion, expecting that it would be used in the treatment of Kennedy." (*Ibid.*) "Four years later, she learned that malignant melonoma had spread over her entire body." (*Ibid.*) The complaint in an Oklahoma District Court alleged "Freeman negligently undermeasured and reported the size of the lesion" and "[a]s a result of the error, Kennedy was not given any treatment or follow-up care." (*Ibid.*)

Motion to Dismiss by Melissa Miller, M.D.

1   The Court held Freeman's actions were sufficient to establish jurisdiction,

2   stating: "While Freeman did not solicit Kennedy's business in Oklahoma, he did

3   purposefully direct his actions there. He willingly accepted the sample from

4   Oklahoma; he signed a report establishing the thickness of lesion; and he evidently

5   sent his bill there. Freeman rendered his diagnosis to Kennedy in Oklahoma,

6   through the mail, knowing its extreme significance and that it would be the basis of

7   Kennedy's further treatment there." (*Id.* at 129.)

8   While Plaintiff allege that "This Court has personal jurisdiction over the

9   parties, as the actions that constitute the violations of 18 U.S.C. § 1962(c) and (d)

10  were made possible by the acts of Defendant Eller," they erroneously conclude that

11  the acts of Eller and the other defendants "occurred in this District," referring to

12  Central District of California, and that all the defendants "purposefully availed

13  themselves of the legal protection of the State of California and purposefully

14  directed business to this State." (ECF 1, 14:1-7 (¶58).) Plaintiffs' formulation is

15  backwards.

16  In this action, "[i]n sum," Texas "is the focal point both of the story and of

17  the harm suffered." (*Calder v. Jones*, 465 U.S. at 789.) According to Plaintiffs, Dr.

18  Eller orchestrated the Medical Doctor Defendants' provision of care directed to

19  Plaintiffs receiving medical services as patients in the State of Texas. Under the

20  facts alleged, Dr. Eller purposely availed himself of the laws and benefits of Texas.

21  **1.  The Court lacks general jurisdiction over Dr. Miller**

22  This Court lacks general jurisdiction over Dr. Miller. Her declaration makes

23  demonstrates that she resides in Texas, works in Texas, treated one of the Plaintiffs

24  in Texas and that she has no connections with California.

25  Dr. Miller has not consented to California jurisdiction.

26  **2. The Court lacks specific jurisdiction over Dr. Woods.**

27  Dr. Miller's declaration also demonstrates the absence of sufficient

28  minimum contacts with California to establish specific jurisdiction over her in this

State. Dr. Miller's declaration demonstrates that she has no appreciable contacts with California; her only contact was a four day vacation in Yosemite in 2010.

### B. Nationwide RICO jurisdiction is inappropriate in this case.

Plaintiffs allege that the RICO jurisdictional statute provides nationwide jurisdiction in this case.  While the reach of the RICO jurisdictional statute is broad in the abstract, it remains limited by due process concerns of fairness and convenience.

Plaintiffs allege statutory nationwide jurisdiction under Section 1965(b) of RICO, which requires a showing that the ends of justice dictate that parties from other districts be brought before the Court.  (*Butcher's Union Local No. 498, United Food & Commercial Workers v. SDC Inv., Inc.*, 788 F.2d 535, 539 (9th Cir. 1986).) Plaintiffs have not and cannot make this showing because the ends of justice, apparently, dictate that the action should be in a District Court in Texas.

The jurisdictional facts of this case, discussed above, demonstrate it would be unfair to drag 27 defendants whose only connection to plaintiffs were in Texas to Court in California just because one defendant, Dr. Eller resides in California. That unfairness is amplified considering plaintiffs' allegations support a conclusion that Dr. Eller purposefully availed himself of the jurisdiction of Texas by directing his services to Plaintiffs in Texas, including the allegations that his influence was coordinated through Medical Doctor Defendants providing medical services to Plaintiffs in Texas.

**IV.    CONCLUSION**

The Court should conclude that it lacks personal jurisdiction over Dr. Miller (and 26 other defendants) and that California is an improper forum as to all defendants. This motion to dismiss should be granted.


DATED:  March 20, 2023                    CARROLL, KELLY, TROTTER & FRANZEN

By: _____
        MICHAEL J. TROTTER
        DAVID P. PRUETT
        Attorneys for Defendant, MELISSA B.
        MILLER, M.D.

# CERTIFICATE OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Post Office Box 22636, Long Beach, CA 90801-5636.  On March 20, 2023, I served a true and correct copy of the following document on the interested parties in this action as follows:

**NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OVER DEFENDANT MELISSA B. MILLER, M.D.; MEMORANDUM OF POINTS AND AUTHORITIES**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 20, 2023, at Los Angeles, California.

_/s/ A. Lorraine Orduno_
A. Lorraine Orduno

Motion to Dismiss by Melissa Miller, M.D.