DELMAR S. THOMAS (SBN 210825)
 *dthomas@yukelaw.com*
JUSTIN M. MARVISI (SBN 294498)
 *jmarvisi@yukelaw.com*
OLIVIA H. KIM (SBN 322535)
 *okim@yukelaw.com*
YUKEVICH | CAVANAUGH
355 S. Grand Avenue, 15th Floor
Los Angeles, California 90071-1560
Telephone:   (213) 362-7777
Facsimile:   (213) 362-7788
Email:          eservice@yukelaw.com

Attorneys for Defendants
CASEY GROVER AND
RCI HOSPITALITY HOLDINGS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JULIA HUBBARD and KAYLA GOEDINGHAUS,<br><br>                    Plaintiffs,<br><br>          vs.<br><br>TRAMMELL S. CROW, JR., DR. BENJAMIN TODD ELLER, RICHARD HUBBARD, DR. MELISSA MILLER, DR. JOSEPH BOLIN, DR. SCOTT WOODS, DR. MRUGESHKUMAR SHAH, MICHAEL CAIN, COE JURACEK, PHILIP ECOB, H.J. COLE, TEXAS RANGER CODY MITCHELL, KURT KNEWITZ, PAUL PENDERGRASS, RALPH ROGERS, ROBERT PRUITT, SCOTT BRUNSON, CASE GROVER, RICHARD BUTLER, MARK MOLINA, MICHAEL HYNES, JR., SHAWN MAYER, JADE MAYER, RCI HOSPITALITY HOLDINGS, INC., INTEGRITY BASED MARKETING, LLC, STORM FITNESS NUTRITION, LLC, ULTRA COMBAT NUTRITION, LLC, ECOLOFT HOMES LLC, ELEVATED WELLNESS PARTNERS LLC, DOE INDIVIDUALS 1–20, and DOE COMPANIES 21–30,<br><br>                    Defendants. | CASE NO. 2:22-cv-07957-FLA-MAA<br><br>**DEFENDANT RCI HOSPITALITY HOLDINGS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR, IN THE ALTERNATIVE, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**<br><br>Date:      April 7, 2023<br>Time:      1:30 p.m.<br>Dept:      6B, 6th Floor<br><br>Assigned to the Hon. Fernando L. Aenlle-Rocha |

1

2   TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

3       Defendant RCI Hospitality Holdings, Inc. ("RCIHH") files this <u>Reply In</u>

4   <u>Support of Its Motion to Dismiss for Lack of Personal Jurisdiction, or, in the</u>

5   <u>Alternative, Motion to Dismiss for Failure to State a Claim</u> (ECF 83).

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. 2:22-cv-07957-FLA-MAA
DEFENDANT RCI HOSPITALITY HOLDINGS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

# **<u>TABLE OF CONTENTS</u>**

<u>Page</u>

Arguments and Authorities ............................................................. 7

    A.    There is no specific jurisdiction over RCIHH. .................... 8

    B.    Limited jurisdictional discovery is unnecessary. ............... 11

    C.    Plaintiffs' Complaint is an improper shotgun pleading. .................... 13

    D.    Mr. Grover's alleged misconduct was not in the scope of his employment. ........................................................ 14

    E.    Plaintiffs' Response fails to show RCIHH's participation in a sex-trafficking venture or that it gained anything from such participation. ......................................... 16

    F.    Plaintiffs fail to show a labor-trafficking claim against RCIHH. ........ 17

    G.    Plaintiffs' Response fails to show that the RICO claims are timely. . 18

    H.    Plaintiffs' Response does not adequately defend the RICO claims. .. 20

Conclusion ........................................................................... 21

Certificate of Compliance .......................................................... 23

DEFENDANT RCI HOSPITALITY HOLDINGS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*A.B. v. Hilton Worldwide Holdings Inc.*,
   484 F.Supp.3d 921 (D. Or. 2020) ........................................................ 13

*Borrego Cmty. Health Found. v. Inland Valley Inv., LLC*,
   No.: 3:21-cv-1417-L-AGS, 2022 WL 673266 (S.D. Cal. Mar. 7,
   2022) .................................................................................................... 20

*Boschetto v. Hansing*,
   539 F.3d 1011 (9th Cir. 2008) ............................................................ 12

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462 (1985) .............................................................................. 9

*Burlington Indus., Inc. v. Ellerth*,
   524 U.S. 742 (1998) ............................................................................ 15

*Butcher's Union Local No. 498, United Food and Comm. Workers v.
   SDC Inv., Inc.*,
   788 F.2d 535 (9th Cir. 1986) .............................................................. 12

*C.S. v. Corp. of the Catholic Bishop of Yakima*,
   No. 13–CV–3051–TOR, 2013 WL 5373144 (E.D. Wash. Sept. 25,
   2013) ...................................................................................................... 9

*Chirila v. Conforte*,
   No. 00–16878, 47 Fed.Appx. 838 (9th Cir. Sept. 20, 2002)
   (unpublished) ............................................................................ 9, 10, 12

*Cochran v. Air & Liquid Sys. Corp.*,
   No.: 2:21-cv-09612-MEMF, 2022 WL 7609937 (C.D. Cal. Oct. 13,
   2022) .................................................................................................... 12

*CSX Transp., Inc. v. Norfolk S. Ry. Co.*,
   No. 2:18cv530, 2023 WL 25344 (E.D. Va. Jan. 3, 2023) ................... 19

*Destfino v. Kennedy*,
   No. CV–F–08–1269 LJO DLB, 2009 WL 63566 (E.D. Cal. Jan. 8,
   2009) .................................................................................................... 13

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

4

*Does v. Reddit, Inc.*,
  51 F.4th 1137 (9th Cir. 2015) ........................................................................ 18

*Gianelli v. Schoenfeld*,
  No. 2:21-cv-0477-KJM-KJN (PS), 2022 WL 3230097 (E.D. Cal.
  Aug. 10, 2022) ..............................................................................................21

*Harris Rutsky & Co. Ins. Serv., Inc. v. Bell & Clements Ltd.*,
  328 F.3d 1122 (9th Cir. 2003) ......................................................................11

*James Lee Constr., Inc. v. Gov't Emp. Ins. Agency*,
  478 F.Supp.3d 1057 (D. Mont. 2020) ...........................................................10

*Jimenez v. Serv. Emp. Int'l Union Loc. 775*,
  590 F.Supp.3d 1349 (E.D. Wash. 2022) ........................................................21

*Klehr v. A.O. Smith Corp.*,
  521 U.S. 179 (1997) ......................................................................................19

*Lu v. Deng*,
  No. 2:16-cv-07283-CAS, 2017 WL 373438 (C.D. Cal. Jan. 23,
  2017) .............................................................................................................21

*Mavrix Photo, Inc. v. Brand Tech., Inc.*,
  647 F.3d 1218 (9th Cir. 2011) ........................................................................ 8

*Menken v. Emm*,
  503 F.3d 1050 (9th Cir. 2007) ......................................................................11

*Moody v. Atl. Cty Bd. of Educ.*,
  870 F.3d 206 (3d Cir. 2017) .........................................................................15

*Morgan v. Aurora Loan Serv., LLC*,
  No. 14–55203, 646 Fed.Appx. 546 (9th Cir. Mar. 28, 2016)
  (unpublished) ...............................................................................................16

*In re Mortg. Ltd.*,
  No. 2:08–bk–07465–RJH, No. 2:12–ap–01849–RJH, 2013 WL
  1336830 (D. Ariz. Mar. 29, 2013) ................................................................14

*Pebble Beach Co. v. Caddy*,
  453 F.3d 1151 (9th Cir. 2006) ................................................................12, 13

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

DEFENDANT RCI HOSPITALITY HOLDINGS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

*Pincay v. Andrews*,
   238 F.3d 1106 (9th Cir. 2001) ............................................................... 19

*Reves v. Ernst & Young*,
   507 U.S. 170 (1993) ............................................................................... 21

*Saleh v. Bush*,
   848 F.3d 880 (9th Cir. 2017) ................................................................. 15

*Schneider v. Cal. Dept. of Corr.*,
   151 F.3d 1194 (9th Cir. 1998) ......................................................... 16, 20

*Schwarzenegger v. Fred Martin Motor Co.*,
   374 F.3d 797 (9th Cir. 2004) ................................................................. 11

*Von Grabe v. Sprint PCS*,
   312 F.Supp.2d 1285 (S.D. Cal. 2003) .................................................... 21

*In re W. States Wholesale Nat. Gas Litig.*,
   605 F.Supp.2d 1118 (D. Nev. 2009) ....................................................... 10

*Walden v. Fiore*,
   571 U.S. 277 (2014) ................................................................................. 9

*Wescott v. SC Anderson, Inc.*,
   No. 17-CV-05676-LB, 2018 WL 2317895 (N.D. Cal. May 21, 2018) ................................................................................................... 19

*Yagman v. Garcetti*,
   852 F.3d 859 (9th Cir. 2017) ................................................................. 17

**Statutes**

RICO ...................................................................................*passim*

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

## Arguments and Authorities

Plaintiffs' Response to Defendant RCI Hospitality Holdings, Inc.'s ("RCIHH") Motion to Dismiss fails repeatedly in convincing this Court to entertain their claims.  The Court simply lacks jurisdiction over RCIHH (as well as the majority of the other Defendants) requiring dismissal under Fed. R. Civ. P. 12(b)(2). And even if jurisdiction was present, Plaintiffs' allegations against RCIHH fail to pass muster under Fed. R. Civ. P. 12(b)(6).

Focusing first on jurisdiction, Plaintiffs' Response attempts to connect RCIHH to California through a game of telephone.  RCIHH's purported agent, Casey Grover, allegedly communicated with fellow Venture participant Richard Hubbard ("Richard") regularly, and Richard communicated and had an association with fellow Venture participant and California resident Dr. Benjamin Todd Eller. To Plaintiffs, those allegations justify specific jurisdiction over RCIHH.  However, Plaintiffs' argument ignores the Ninth Circuit's requirement that the defendant purposefully direct some conduct at the forum state, not found here for RCIHH.  The claims against RCIHH should thus be dismissed, and Plaintiffs should not be permitted to waste time and money pursuing jurisdictional discovery on their baseless theory.

Turning to the merits, Plaintiffs' shotgun pleading fails to show any participation by RCIHH in a venture or RICO conspiracy, or that any relevant alleged misconduct by RCIHH's alleged agents is imputable to RCIHH, so Plaintiffs' trafficking and RICO claims should be dismissed.  At best, the Complaint pleads isolated misconduct, which cannot support either a trafficking or RICO claim.  Additionally, Plaintiffs' RICO claims are time-barred to the extent they rest on conduct from before November 2017, their various arguments otherwise being foreclosed by binding precedent.  Accordingly, Plaintiffs' claims should be dismissed against RCIHH on the merits even if the Court decides the jurisdictional issue in Plaintiffs' favor.

A.      <u>There is no specific jurisdiction over RCIHH.</u>

Abandoning any attempt to establish general jurisdiction or RICO nationwide jurisdiction over RCIHH, Plaintiffs' Response focuses only on specific jurisdiction by using the only defendant residing in California, Dr. Eller, as the hook.  Plaintiffs argue RCIHH purposefully availed itself of California because its alleged agent, Casey Grover, participated in the alleged sex- and labor-trafficking Venture which included Dr. Eller as one of the participants. (ECF 99, <u>Resp.</u>, 4:22 – 5:1.)  This argument does not hold up.  As fully explained in RCIHH's Motion, the allegations against it are based on Mr. Grover's supposed abusive, assaultive conduct toward Plaintiff Julia Hubbard ("Julia") while the two of them were in Texas. (ECF 83, <u>Mot.</u>, 10:13 – 11:19, 16:21 – 17:1.)  These allegations lead to only one conclusion: the claims against RCIHH based on the acts of its alleged agent belong in Texas, not California.

Plaintiffs attempt to sidestep this obvious conclusion by positing an attenuated set of facts supposedly linking RCIHH to California.  Plaintiffs claim that Mr. Grover was a Venture participant, that he kept in "regular contact" with Julia's ex-husband Richard about Julia, mutually benefiting Richard and himself, and that RCIHH "knew or should have known" that a California resident, Dr. Eller, was involved in the Venture.  (<u>Resp.</u>, 4:22 – 5:1; ECF 1, <u>Compl.</u>, ¶ 47.)  But the law requires RCIHH to have taken an intentional action expressly aimed at California. *See Mavrix Photo, Inc. v. Brand Tech., Inc*., 647 F.3d 1218, 1228 (9th Cir. 2011) ("In tort cases, we typically inquire whether a defendant purposefully direct[s] his activities at the forum state, applying an 'effects' test that focuses on the forum in which the defendant's actions were felt, whether or not the actions themselves occurred within the forum.  The 'effects' test . . . requires that the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.") (cleaned up).  Taking Plaintiffs' allegations as true, RCIHH's mere

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
Telephone (213) 362-7777
Facsimile (213) 362-7788

1  awareness that someone linked to Richard was in California is not an intentional act

2  "expressly aimed at" California.

3     Even if there were direct communications between Mr. Grover and Dr. Eller,

4  that would <u>still</u> be insufficient for specific jurisdiction.  *See Walden v. Fiore*, 571

5  U.S. 277, 285 (2014) ("[O]ur 'minimum contacts' analysis looks to the defendant's

6  contacts with the forum State itself, not the defendant's contacts with persons who

7  reside there.").  But Plaintiffs are one degree removed even from that.  Instead, they

8  rely on purported communications between two people where one participant

9  (Casey Grover) knew or should have known the other participant (Richard Hubbard)

10  was <u>associated with</u> a California resident.  (Resp., 18-23.)  This plainly fails the

11  "effects test."  *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)

12  ("This 'purposeful availment' requirement ensures that a defendant will not be haled

13  into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated'

14  contacts, or of the unilateral activity of another party or a third person[.]") (cleaned

15  up); *Chirila v. Conforte*, No. 00–16878, 47 Fed.Appx. 838, 842 (9th Cir. Sept. 20,

16  2002) (unpublished) ("Chirila alleged that Conforte and Neves engaged in tortious

17  acts with the knowledge and consent of the English defendants. The district court,

18  however, in its thorough review of Chirila's allegations, correctly held that

19  <u>knowledge and consent—passive states of mind—do not constitute intentional acts</u>

20  <u>directed at the forum state</u>.") (emphasis added); *C.S. v. Corp. of the Catholic Bishop*

21  *of Yakima*, No. 13–CV–3051–TOR, 2013 WL 5373144, at *5 (E.D. Wash. Sept. 25,

22  2013) (express aiming component of effects test unmet in pedophilia case where

23  Texas diocese wrote letters to California diocese recommending that pedophile

24  priest be installed there and priest then sexually assaulted plaintiff; though

25  Beaumont diocese allegedly knew or should have known priest posed a danger to

26  California residents, failure to individually target a known forum resident was fatal).

27     Stripping away the excess verbiage and irrelevant allegations from the

28  Complaint and Response, Plaintiffs are left only with a conspiracy-based theory of

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

personal jurisdiction. To Plaintiffs, if one member of the purported Venture was a California resident, then all Venture participants can be sued in California even if their individual contacts with California would otherwise be insufficient for jurisdiction. (Resp., 5:7-14.) The Ninth Circuit has never approved such a theory and has expressed skepticism of it. *See James Lee Constr., Inc. v. Gov't Emp. Ins. Agency*, 478 F.Supp.3d 1057, 1064 (D. Mont. 2020) ("The Ninth Circuit has neither recognized nor rejected the constitutional validity of basing personal jurisdiction on an alleged conspiracy, though it seems skeptical of the concept."); *Chirila*, 47 Fed.Appx. at 842-43 ("There is a great deal of doubt surrounding the legitimacy of this conspiracy theory of personal jurisdiction. . . . The use of the theory has been criticized by commentators, and we have rejected an analogous theory[.]" ); *In re W. States Wholesale Nat. Gas Litig.*, 605 F.Supp.2d 1118, 1139 (D. Nev. 2009) ("It is unclear whether and under what conditions the Ninth Circuit would find it consistent with due process to attribute a conspirator's forum-related contacts to his co-conspirators for personal jurisdiction purposes."). The absence of any precedent in this circuit for a conspiracy theory of personal jurisdiction runs against allowing Plaintiffs to proceed on it.

Additionally, courts in this circuit have rejected the particular conspiracy theory to which Plaintiffs subscribe. One case assumed without deciding that the conspiracy theory existed, but then observed, "[t]he defendant, not his co-conspirator, must choose to direct his activities at the forum in causing the effect in the forum." *W. States Wholesale*, 605 F.Supp.2d at 1140. That principle forecloses this conspiracy theory, where RCIHH never purposefully directed any act at California, and the only tie between RCIHH and California is the California residency of RCIHH's alleged co-conspirator, Dr. Eller. Accordingly, to the extent the Court prefers not to decide whether governing precedent allows a conspiracy theory of personal jurisdiction or believes it is allowed, the particular conspiracy theory Plaintiffs pled is unsound. *See id.* at 1140-41 (no personal jurisdiction over

DEFENDANT RCI HOSPITALITY HOLDINGS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

1   parent company in antitrust case where parent did not sell gas to Wisconsin

2   residents, coconspirators did, and there was no allegation of a conspiratorial

3   agreement concerning Wisconsin or its residents).

4   There are additional reasons why Plaintiffs' specific jurisdiction argument

5   fails.   Plaintiffs incorrectly argue that specific jurisdiction over RCIHH exists

6   because "but for" Dr. Eller's actions, Plaintiffs' claims would not exist.   (Resp., 5:7-

7   14.)   A "but for" test is used to determine whether the claims against a defendant

8   arise out of the defendant's forum contacts.   *Harris Rutsky & Co. Ins. Serv., Inc. v.*

9   *Bell & Clements Ltd.*, 328 F.3d 1122, 1131-32 (9th Cir. 2003); *accord Menken v.*

10  *Emm*, 503 F.3d 1050, 1058 (9th Cir. 2007).   But RCIHH's Motion attacks the first

11  prong of the specific jurisdiction inquiry which asks whether the nonresident

12  defendant purposefully directed his activities to the forum state.   (Mot., 16:21 –

13  17:4.)   Plaintiffs' "but for" argument in their Response confusingly focuses on the

14  second prong, assessing whether the plaintiff's claim arises out of the defendant's

15  forum contacts.   *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802

16  (9th Cir. 2004) (setting forth specific jurisdiction inquiry, and applying "effects test"

17  in prong one); *Menken*, 503 F.3d at 1058 ("but for" test applies in prong two).

18  Plaintiffs' focus on whether their claims arise from RCIHH's forum contacts

19  does not address whether RCIHH purposefully directed any relevant action to

20  California, and as such, Plaintiffs fail to save their claims from RCIHH's

21  jurisdictional challenge.   Alternatively, to the extent Plaintiffs' argument can be read

22  as an argument about the "effects test," it fails for the reasons explained above,

23  namely, that communicating with someone associated with a California resident is

24  not expressly aiming an intentional act at California, and the conspiracy theory is

25  disallowed categorically or on the particular facts pled here.   Plaintiffs' Response

26  therefore fails to show that specific jurisdiction exists.

27  B.   Limited jurisdictional discovery is unnecessary.

28  In a last-ditch effort to avoid a 12(b)(2) dismissal, Plaintiffs ask the Court for

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

11

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

1    limited jurisdictional discovery from RCIHH. (<u>Resp</u>., 5:17-19.)  That request should
2    be denied as Plaintiffs do not explain how that discovery would be fruitful.

3         "Discovery should ordinarily be granted where 'pertinent facts bearing on the
4    question of jurisdiction are controverted or where a more satisfactory showing of the
5    facts is necessary.'"  *Butcher's Union Local No. 498, United Food and Comm.*
6    *Workers v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986); *accord Cochran v. Air*
7    *& Liquid Sys. Corp.*, No.: 2:21-cv-09612-MEMF (PDx), 2022 WL 7609937, at *11
8    (C.D. Cal. Oct. 13, 2022).   However, "[w]here a plaintiff's claim of personal
9    jurisdiction appears to be both attenuated and based on bare allegations in the face
10   of specific denials made by the defendants, the Court need not permit even limited
11   discovery[.]"  *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1160 (9th Cir. 2006);
12   *accord Cochran*, 2022 WL 7609937, at *11.  A request for discovery based only on
13   a mere belief that discovery would be valuable is insufficient.  *Butcher's Union*, 788
14   F.2d at 540; *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008).  A mere
15   belief is all Plaintiffs have here.

16        Plaintiffs ask for jurisdictional discovery on RCIHH's communications with
17   Richard and RCIHH's knowledge of Dr. Eller.  (<u>Resp</u>., 5:28 – 6:4.)  But Plaintiffs
18   offer no reason as to why this discovery would be relevant to the jurisdiction
19   inquiry.   The only alleged communications potentially relevant to RCIHH are
20   between Mr. Grover and Richard, and those are immaterial because the only tie to
21   California posited by Plaintiffs is Richard's alleged association with Dr. Eller. *See*
22   *Cochran*, 2022 WL 7609937, at *11 (denying jurisdictional discovery where
23   requesting parties did not explain how "any additional information may be helpful to
24   the Court").   RCIHH's knowledge, or lack thereof, about Dr. Eller is similarly
25   irrelevant because mere knowledge fails to show the purposeful direction needed for
26   specific jurisdiction. *Chirila*, 47 Fed.Appx. at 842.  Plaintiffs' personal jurisdiction
27   theory, resting only on the alleged communications by Mr. Grover, RCIHH's
28   alleged agent, with someone who was allegedly connected to a California resident,

is a paradigmatic "attenuated" theory unworthy of discovery. *Pebble Beach*, 453 F.3d at 1160.

## C.    Plaintiffs' Complaint is an improper shotgun pleading.

Plaintiffs argue that their operative pleading is not a "shotgun" pleading because they "made specific allegations regarding each Defendant, including [RCIHH] and its agents." (Resp., 6:13-15.) Plaintiffs misunderstand what a shotgun pleading is.

Plaintiffs' Complaint is 62 pages long with 343 numbered paragraphs. Plaintiffs name 23 Defendants and assert three different claims against all 23 Defendants: sex-trafficking, labor-trafficking, and RICO violations. Each claim has multiple theories (*e.g.* the trafficking claims have perpetrator and beneficiary variants, and the RICO claim has substantive and conspiracy variants). The discussion of each claim incorporates all preceding paragraphs of the Complaint; there are no substantive factual allegations in these claim sections. Plaintiffs do not granulate the claims by Defendant or even groups of Defendants. Such nebulous pleading results in RCIHH (and every other Defendant) having to guess what the factual basis is for each claim against it.

In short, Plaintiffs' Complaint is a classic shotgun pleading. *See A.B. v. Hilton Worldwide Holdings Inc.*, 484 F.Supp.3d 921, 943 (D. Or. 2020) ("Another type of 'shotgun' pleading is a complaint that asserts claims against 'multiple defendants without specifying which of the defendants are responsible for which acts or omissions.' Finally, a complaint may constitute impermissible 'shotgun' pleading if it fails to connect its factual allegations to the elements comprising plaintiff's claims such that it denies the parties adequate notice of the allegations supporting each cause of action.") (citation omitted); *Destfino v. Kennedy*, No. CV–F–08–1269 LJO DLB, 2009 WL 63566, at *4 (E.D. Cal. Jan. 8, 2009) ("Allegations, however, which incorporate each preceding paragraph, regardless of relevancy, are not permitted. This practice has been harshly criticized as a form of' "shotgun

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

DEFENDANT RCI HOSPITALITY HOLDINGS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

1  pleading' that violates Rule 8's requirement of a 'short and plain statement' and

2  interferes with the court's ability to administer justice.").

3      That the Complaint has some specific allegations against RCIHH does not

4  alleviate the Federal Rule of Civil Procedure 8 violation.  The Complaint's claim

5  sections do not explain what the factual predicate is for each claim, and RCIHH

6  cannot resolve the problem by looking only to the factual background's discussion

7  of him since it is not clear whether all of those allegations are relevant to every

8  claim.  As an illustration of this defect, it was not clear until Plaintiffs filed their

9  Response that Plaintiff Kayla Goedinghaus was even pursuing claims against

10  RCIHH, since nowhere in the Complaint does it identify any interaction or tie

11  between her and RCIHH.

12      In summary, the Complaint violates Rule 8 by failing to state the factual

13  predicate for each claim against RCIHH in the claims section, either expressly or by

14  incorporation <u>only</u> of those paragraphs relevant to that claim against RCIHH.  *See In*

15  *re Mortg. Ltd.*, No. 2:08–bk–07465–RJH, No. 2:12–ap–01849–RJH, 2013 WL

16  1336830, at *12 (D. Ariz. Mar. 29, 2013) ("[I]t [i.e., shotgun pleading] can happen

17  when one party pleads multiple counts, and does not identify which specific facts fit

18  that Count in that very Count, but instead rely on a blanket incorporation clause that

19  incorporates all of the statement of facts.").  Plaintiffs' Response does nothing to

20  alleviate this failure, and the Court should therefore dismiss the Complaint.

21  D.    <u>Mr. Grover's alleged misconduct was not in the scope of his employment</u>.

22      Plaintiffs argue that Mr. Grover's alleged egregious misconduct, including

23  physically abusing Julia, forcing her to work at a gentlemen's club, firing a weapon

24  at her house, tracking her movements using her phone's locator feature,

25  intentionally crashing her car, refusing to let Julia drive herself, fell within the scope

26  of his employment as a manager for Silver City Cabaret, allegedly owned by

27

28

DEFENDANT RCI HOSPITALITY HOLDINGS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

RCIHH.[1]  (<u>Resp</u>., 8:16-17.)  RCIHH's Motion already explained why Mr. Grover's supposed misconduct was not within the scope of his employment, and Plaintiffs' only answer is that "[t]he mere fact that [RCIHH's] conduct was illegal does not make it outside the scope of their employment."  (<u>Resp</u>., 9:2-3.)  But Plaintiffs are not arguing that Mr. Grover ran a red light while working as a driver; they argue instead that Mr. Grover engaged in a shocking, extended campaign of physical and psychological abuse against Julia.  Even Plaintiffs' own authority says that for an act to fall within the scope of employment it must occur "substantially within the authorized time and space limits" of the employee's work.  (<u>Resp</u>., 8:18-20.)  *Saleh v. Bush*, 848 F.3d 880, 890 (9th Cir. 2017).  A good deal of Mr. Grover's purported misconduct occurred away from the club in question, such as when he allegedly fired a gun at Julia's house.  (<u>Compl</u>., ¶ 251.)  Given the extreme nature of the conduct alleged, the commonsense fact that a manager's duties do not include, for example, forcing a subordinate to work against her will, or beating, stalking, intimidating, or refusing to pay a subordinate, and the fact that much of this conduct occurred away from the club in question, this conduct was not within the scope of employment and Plaintiffs cannot impute it to RCIHH.

---

[1] To the extent Plaintiffs seek to impute to RCIHH misconduct by other Defendants Mark Molina and Richard Butler, imputation would be meaningless.  The allegations against Mr. Molina are that he took no action when Julia complained to him about Mr. Grover's supposed abuse.  (<u>Compl</u>., ¶ 254.)  This nonfeasance is not a RICO or trafficking violation, so imputation would achieve nothing.  The allegations against Mr. Butler are that, like Mr. Molina, he failed to act on Julia's complaints about Mr. Grover, and also that he asked repeatedly asked Julia for sexual favors and threatened to fire her if she did not comply.  (<u>Id</u>.)  The nonfeasance provides nothing of substance to impute, and pressuring a subordinate for sex is plainly outside the scope of a club manager's employment.  *See Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 757 (1998) ("The general rule is that sexual harassment by a supervisor is not conduct within the scope of employment."); *accord Moody v. Atl. Cty Bd. of Educ.*, 870 F.3d 206, 216 (3d Cir. 2017).

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

DEFENDANT RCI HOSPITALITY HOLDINGS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

E.    <u>Plaintiffs' Response fails to show RCIHH's participation in a sex-trafficking venture or that it gained anything from such participation.</u>

Plaintiffs argue that their Complaint adequately pleads sex-trafficking claims, saying that RCIHH supported a sex-trafficking venture because its agent, Mr. Grover, "supported the Venture by providing information to [Richard] about Plaintiff Hubbard's whereabouts, and the Venture harmed Goedinghaus" and that RCIHH benefitted from the Venture because RCIHH, apparently through Mr. Grover, "received information from [Richard] concerning Plaintiff Hubbard . . . , which [RCIHH] valued as it allowed it, through its agents, to further labor traffic Hubbard." (<u>Resp.</u>, 7:23-25, 8:1-4.)  The first contention is an improper attempt to defend the claims with factual assertions not pled, while the second contention is conclusory.

Beginning with Plaintiffs' argument that RCIHH, through Mr. Grover, supported the Venture by telling Richard where Julia was, that argument is an improper attempt to add to the allegations in the Complaint.  The Complaint says Mr. Grover "was also in regular contact with [Richard], exchanging information concerning Hubbard for their mutual benefit and the advancement of the Venture." (<u>Compl.</u>, ¶ 47.)  It nowhere says Mr. Grover told Richard of Julia's whereabouts, and Plaintiffs cannot now supplement their Complaint by adding new allegations in their Response.  *See Schneider v. Cal. Dept. of Corr.*, 151 F.3d 1194, 1197 n. 1 (9th Cir. 1998) ("The "new" allegations contained in the inmates' opposition motion, however, are irrelevant for Rule 12(b)(6) purposes. In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."); *accord Morgan v. Aurora Loan Serv., LLC*, No. 14–55203, 646 Fed.Appx. 546, 549 n. 2 (9th Cir. Mar. 28, 2016) (unpublished).  This same principle bars Plaintiffs' allegation, also raised for the first time in their Response, that the information Richard provided to Mr. Grover enabled RCIHH to further

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

1   labor-traffic Julia.

2       With the Response's new factual contentions ignored, the focus turns to the

3   allegations in the Complaint that Mr. Grover discussed Julia with Richard, that these

4   discussions benefitted one another and the Venture, and that the Venture harmed

5   Goedinghaus. The "benefitting" allegation is a conclusory recital of an element of

6   the sex-trafficking cause of action, and therefore has no weight. *See Yagman v.*

7   *Garcetti*, 852 F.3d 859, 864 (9th Cir. 2017) ("Threadbare recitals of the elements of

8   a cause of action, supported by mere conclusory statements' are insufficient.").

9   With respect to Julia, Plaintiffs are left with a mere contention that Mr. Grover

10   repeatedly communicated with Richard about Julia. This is insufficient to meet the

11   plausibility standard, as Plaintiffs fail to rule out the many alternative explanations

12   for those communications other than participation by Mr. Grover, Richard, and

13   RCIHH in a sex-trafficking ring. *See id*. at 863 ("And dismissal is appropriate

14   where the plaintiff failed to allege "enough facts to state a claim to relief that is

15   plausible on its face.'"). For example, Richard, who at the time had custody of his

16   child(ren) with Julia, may have used Mr. Grover as a go-between to relay

17   information about or requests concerning the children to Julia. (*See* Compl., ¶ 133

18   (stating that Julia obtained custody of her child in 2022).) Finally, Plaintiffs'

19   allegation that the Venture harmed Goedinghaus is not just conclusory, that

20   allegation also fails to show that RCIHH participated in or benefitted from the

21   Venture. Since Plaintiffs' allegations have not crossed the line from consistency to

22   plausibility, their sex-trafficking claims fail.

23   F.   <u>Plaintiffs fail to show a labor-trafficking claim against RCIHH.</u>

24       Plaintiffs' Response confirms that they pursue both beneficiary and

25   perpetrator labor-trafficking claims against RCIHH. (<u>Resp.</u>, 9:25-26.) Neither

26   should survive dismissal. With regard to the beneficiary theory, the only allegations

27   Plaintiffs point to for support are in Paragraphs 45-47 and 251 of the Complaint,

28   with Paragraph 47 as the only one having any relevance. Paragraphs 45, 46, and

251 allege that Mr. Grover forced Julia through threats and abuse to work at a gentlemen's club allegedly owned by RCIHH, that Mr. Grover was otherwise abusive towards Julia (ex: firing an AK-47 at her house), that he confiscated her wages for his personal benefit, and that RCIHH was aware of this misconduct. Even assuming these allegations show that Mr. Grover engaged in labor-trafficking, they do not show a labor-trafficking <u>venture</u>, as needed to support a beneficiary claim against RCIHH, since they show only isolated misconduct by Mr. Grover.[2] Paragraph 47 is the only cited paragraph that even addresses a venture, and it states only that Mr. Grover stayed in regular communication with Richard and exchanged information about Julia with him. However, as already explained above in the sex-trafficking section of this Reply, these allegations fail to show the required venture. The beneficiary theory is therefore deficient and proper for dismissal. As for the perpetrator theory, Plaintiffs' shotgun-pleading approach is improper and fails to provide RCIHH (as well as every other Defendant) with proper notice of the claim's basis, so Plaintiffs' labor-trafficking claim based on that theory should be dismissed as well. That claim also fails because as explained above, Plaintiffs do not plead facts plausibly showing that Mr. Grover's alleged misconduct is imputable to RCIHH under the *respondeat superior* theory they plead.

G.      <u>Plaintiffs' Response fails to show that the RICO claims are timely.</u>

        Plaintiffs argue that the deadline to file their RICO claims against RCIHH only began to run when they sustained their last injuries from the Venture it was

---

[2] Paragraph 45 also says that Mr. Grover confiscated Julia's wages for his own benefit with the knowledge of Defendants Mark Molina, Richard Butler, and "RCI Entertainment, Inc." This does not plausibly show a venture since Plaintiffs admit that the confiscation was for Mr. Grover's benefit, not a group undertaking, and mere knowledge of another's misconduct does not make someone a co-venturer. *See Does v. Reddit, Inc*., 51 F.4th 1137, 1145 (9th Cir. 2015) ("Mere association with sex traffickers is insufficient absent some knowing 'participation' in the form of assistance, support, or facilitation.").

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

DEFENDANT RCI HOSPITALITY HOLDINGS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

1    supposedly part of.  The law does not justify this expansive view of limitations.

2        The Ninth Circuit has "continuously followed the 'injury discovery' statute of
3    limitations rule for civil RICO claims. Under this rule, 'the civil RICO limitations
4    period begins to run when a plaintiff knows or should know of the injury that
5    underlies his cause of action.' Thus, the 'injury discovery' rule creates a disjunctive
6    two-prong test of actual or constructive notice, under which the statute begins
7    running under either prong." *Pincay v. Andrews*, 238 F.3d 1106, 1109 (9th Cir.
8    2001) (cleaned up); *accord Wescott v. SC Anderson, Inc.*, No. 17-CV-05676-LB,
9    2018 WL 2317895, at *3 (N.D. Cal. May 21, 2018).

10       Plaintiffs' Complaint states that Mr. Grover forced Julia to work at a
11   gentlemen's club, confiscated her wages, physically abused her to the point of
12   breaking her ribs, threatened her with guns, and crashed her vehicle.  (Compl., ¶¶
13   45-46.)  Julia certainly would have been aware of this alleged misconduct when it
14   occurred, and Plaintiffs do not contend otherwise.   The Complaint goes on to
15   explain that Julia left Mr. Grover and her job at the aforementioned gentlemen's
16   club in or near October 2017 following a violent incident with him. (Id., ¶ 257.)
17   There are no allegations of later misconduct by Mr. Grover or anyone else allegedly
18   connected with RCIHH.   Accordingly, the statute of limitations with respect to
19   purported misconduct of RCIHH began to run at the latest in November 2017, which
20   makes the Complaint's November 2022 filing a year late.  (Mot., 27:20 – 28:2.)

21       Plaintiffs' answer to these facts is that a RICO claim only starts to run when
22   the criminal enterprise inflicts its last injury on the plaintiff. (Resp., 10:9-12.)  That
23   is not correct.  Plaintiffs cannot use a later, timely injurious act to recover for an
24   earlier, untimely one.  *See Klehr v. A.O. Smith Corp.*, 521 U.S. 179, 190 (1997)
25   ("[T]he [RICO] plaintiff cannot use an independent, new predicate act as a bootstrap
26   to recover for injuries caused by other earlier predicate acts that took place outside
27   the limitations period."); *accord CSX Transp., Inc. v. Norfolk S. Ry. Co.*, No.
28   2:18cv530, 2023 WL 25344, at *6 (E.D. Va. Jan. 3, 2023) (for pub.).

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

To the extent Plaintiffs argue that the limitations period does not begin to run until the conspiracy ends, that theory is foreclosed by the above-described "injury discovery rule" of the Ninth Circuit, which starts the limitations clock when the plaintiff knows or should know of her injury.  Plaintiffs' argument has also been expressly rejected by at least one court in this circuit.  *Borrego Cmty. Health Found. v. Inland Valley Inv., LLC*, No.: 3:21-cv-1417-L-AGS, 2022 WL 673266, at *4 (S.D. Cal. Mar. 7, 2022).[3]

Ergo, Plaintiffs have no basis to hold RCIHH liable for any of the misconduct allegedly committed by its agents, and the RICO claims against RCIHH should be dismissed to the extent they rest on allege pre November 2017 misconduct.

H.    <u>Plaintiffs' Response does not adequately defend the RICO claims.</u>

In order to preserve their RICO claims against RCIHH, Plaintiffs had to explain how their Complaint plausibly set forth a RICO claim, and more specifically, that RCIHH was a member of a RICO enterprise.  Plaintiffs' Response fails at both tasks.

Plaintiffs again attempt to supplement their Complaint by alleging new facts in the Response: that Mr. Grover confiscated Julia's wages for the benefit of the Venture, and that Mr. Grover "received directions from central Enterprise figure [Richard]."  (<u>Resp</u>., 11:5-8, 11:23-26.)   That is not what the Complaint states.  According to the Complaint, Mr. Grover allegedly confiscated Julia's wages for only his personal benefit.  (<u>Compl</u>., ¶¶ 45, 250.)  This supplementation is improper and should be disregarded.  *Schneider*, 151 F.3d at 1197 n. 1.  Ignoring the material outside the Complaint, Plaintiffs are left with their allegations that Mr. Grover communicated repeatedly with Richard, a supposed Venture member, about Julia,

---

[3] Plaintiffs' reliance on the Ninth Circuit's decision in *Diaz v. Gates* is unpersuasive.  420 F.3d 897 (9th Cir. 2005).  (<u>Resp</u>., 10:12-14.)  That case addressed "whether a false imprisonment that caused the victim to lose employment and employment opportunities is an injury to 'business or property' within the meaning of RICO," not a RICO (or any) statute of limitations issue.  420 F.3d at 898.  It has nothing relevant to say here.

exchanging information with Richard that was "for their mutual benefit and the advancement of the Venture." (Compl., ¶ 47.)  As explained above, the "mutual benefit" allegation is conclusory, and the "discussing Julia with Richard" allegation does not cross the plausibility threshold.

Plaintiffs need to plead facts showing that RCIHH "has participated in the operation or management of the enterprise[.]"  *Reves v. Ernst & Young*, 507 U.S. 170, 183 (1993); *accord Gianelli v. Schoenfeld*, No. 2:21-cv-0477-KJM-KJN (PS), 2022 WL 3230097, at *6 (E.D. Cal. Aug. 10, 2022).  They must also plead facts demonstrating that the enterprise has a "'a structure for making decisions and controlling the affairs of the group on an ongoing, rather than an ad hoc basis.'" *Von Grabe v. Sprint PCS*, 312 F.Supp.2d 1285, 1310 (S.D. Cal. 2003).  Even "'a group whose members collectively engage in an illegal act, in-and-of-itself, does not constitute an "enterprise" for the purposes of RICO.'"  *Id.*  Nothing in the Complaint comes even close to these requirements with regard to RCIHH.  At best, Plaintiffs have pled isolated misconduct, so their substantive RICO claim fails, and their RICO conspiracy claim with it.  *See Lu v. Deng*, No. 2:16-cv-07283-CAS (RAOx), 2017 WL 373438, at *6 n. 5 (C.D. Cal. Jan. 23, 2017) (dismissing civil RICO claims because the conduct alleged was at best isolated activity); *Jimenez v. Serv. Emp. Int'l Union Loc. 775*, 590 F.Supp.3d 1349, 1362 (E.D. Wash. 2022) ("Four seemingly unrelated incidents of forged signatures are insufficient to establish the existence of a common purpose under the definition of a RICO enterprise.").

## Conclusion

For the foregoing reasons, Plaintiffs' Response does not state a valid basis for the Court to dismiss for want or jurisdiction or for failure to state a claim, and therefore RCIHH's Motion to Dismiss should be granted.

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

1   DATED:  March 24, 2023          YUKEVICH | CAVANAUGH

2

3

4                               By: _____

5                                   Delmar S. Thomas
                                    Justin M. Marvisi
6                                   Olivia H. Kim

7                                   Attorneys for Defendants
8                                   CASEY GROVER and
                                    RCI HOSPITALITY HOLDINGS, INC.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT RCI HOSPITALITY HOLDINGS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for RCI Hospitality Holdings, Inc., certifies that this brief contains 15 substantive pages, which complies with the page limit set by the Court's Initial Standing Order in this case, dated December 5, 2022 (Dkt. 24).

DATED:  March 24, 2023          YUKEVICH | CAVANAUGH

By: _____
Delmar S. Thomas
Justin M. Marvisi
Olivia H. Kim

Attorneys for Defendants
CASEY GROVER and
RCI HOSPITALITY HOLDINGS, INC

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

DEFENDANT RCI HOSPITALITY HOLDINGS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

1

## PROOF OF SERVICE

2
**JULIA HUBBARD and KAYLA GOEDINGHAUS v. TRAMMELL S. CROW, JR. et al.**

3
**United States District Court -- Central District Case No. 2:22-cv-07957**

4
**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

5
       At the time of service, I was over 18 years of age and not a party to this
6 action.  I am employed in the County of Los Angeles, State of California.  My business address is 355 South Grand Avenue, Fifteenth Floor, Los Angeles, CA 90071-1560.

7

8       On March 24, 2023, I served true copies of the following document(s) described as **DEFENDANT RCI HOSPITALITY HOLDINGS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL

9 JURISDICTION, OR, IN THE ALTERNATIVE, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** on the interested parties in this action as

10 follows:

11                    **SEE ATTACHED SERVICE LIST**

12       **BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.

13 Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will

14 be served by mail or by other means permitted by the court rules.

15       I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office

16 of a member of the bar of this Court at whose direction the service was made.

17       Executed on March 24, 2023, at Los Angeles, California.

18

19 _____

20                    Chantel Y Estrada

21

22

23

24

25

26

27

28

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

1

**SERVICE LIST**

2

***JULIA HUBBARD and KAYLA GOEDINGHAUS v. TRAMMELL S. CROW, JR.***
***et al.***

3

**United States District Court -- Central District Case No. 2:22-cv-07957**

| | |
|---|---|
| 4    John G. Balestriere, Esq. | Attorneys for PLAINTIFFS |
|      Matthew W. Schmidt | |
| 5    BALESTRIERE FARIELLO | Tel: (415) 966-2656 |
|      225 Broadway, 29th Floor | Fax: (212) 208-2613 |
| 6    New York, NY 10007 | Email: |
| | john.balestriere@balestrierefariello.com |
| 7 | matthew.schmidt@balestrierefariello.com |
| 8 | |
|      Anastasia Mazzella, Esq. | Attorneys for PLAINTIFFS |
| 9    KABATECK LLP | |
|      633 West Fifth St., Suite 3200 | Tel: (213) 217-5007 |
| 10   Los Angeles, CA 90071 | Fax: (213) 217-5010 |
| | Email: am@kbklawyers.com |
| 11 | |
| 12   QUINN EMANUEL URQUHART & | Attorneys for DEFENDANT COE |
|      SULLIVAN, LLP | JURACEK |
| 13 | |
|      Diane Doolittle, Esq. | |
| 14   555 Twin Dolphin Dr., 5th Floor | Tel: (650) 801-5000 |
|      Redwood Shores, CA 94065 | Fax: (650) 801-5100 |
| 15 | Email: dianedoolittle@quinnemanuel.com |
|      Alex Bergjans, Esq. | |
| 16   865 South Figueroa St., 10th Floor | |
|      Los Angeles, CA 90017-2543 | Tel: (213) 443-3000 |
| 17 | Fax: (213) 443-3100 |
| | Email: alexbergjans@quinnemanuel.com |
| 18   Adam J. DiClemente, Esq. | |
|      51 Madison Ave., 22nd Floor | |
| 19   New York, NY 10010 | Tel: (212) 849-7000 |
| | Fax: (212) 849-7100 |
| 20 | Email: adamdiclemente@quinnemanuel.com |

21

22

23

24

25

26

27

28

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788