2/25/2022 4:52 PM
Velva L. Price
District Clerk
Travis County
D-1-FM-19-006725
Alyssa Butler

**NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA**

### Cause No. D-1-FM-19-006725

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | IN THE DISTRICT COURT OF |
| MARRIAGE OF | § | |
| | § | |
| RICHARD HUBBARD | § | |
| AND | § | |
| JULIA A. HUBBARD | § | TRAVIS COUNTY, TEXAS |
| | § | |
| AND IN THE INTEREST OF | § | |
| SUMMER L. HUBBARD | § | |
| A CHILD | § | 201st JUDICIAL DISTRICT |

### <u>JULIA HUBBARD'S PROPOSED DISPOSITION OF ISSUES</u>

**TO THE HONORABLE JUDGE OF SAID COURT:**

Counter Petitioner, JULIA HUBBARD, would ask the Court to make the following disposition of all issues incident to this suit and based upon Counter Petitioner's pleadings, and would testify in court under oath that the attached information is true and correct.

**Other Relief Denied**

Counter Petitioner requests that all other relief requested by Counter Respondent/Petitioner, if there be any, be denied.

Respectfully submitted,

LAW OFFICE OF AMERIN WHISNANT
9600 Escarpment Boulevard, Suite 745-151
Austin, Texas 78749
Ph. 512-808-0536
Fax: 1-833-520-1554

By:/s/ Amerin Whisnant
Elizabeth (Amerin) Francis-Whisnant
Attorney for Counter Petitioner/Respondent
State Bar No.:24012652
amerin@eamerin.com

**CERTIFICATE OF SERVICE**

I certify that a true copy of the above was served on each attorney of record or party in accordance with the Texas Rules of Civil Procedure on this 25th day of February 2022.

**Served via e-service issuance:**

1) Richard Hubbard via efile at rick@ecoloft.us and ricklhubbard@gmail.com

/s/Amerin Whisnant
Amerin Whisnant
Attorney for Counter Petitioner/Respondent

EXHIBIT B, page 218

## <u>PROPOSED DISPOSITION OF ISSUES</u>

1. Counter Petitioner/Respondent, JULIA HUBBARD, requests the Court to grant the divorce based upon the fact that the marriage has become insupportable because of discord or conflict of discord or conflict of personalities between the parties, and there is no possibility of reconciliation.

2. Counter Petitioner/Respondent, JULIA HUBBARD, further requests the Court to grant the divorce based upon cruel treatment toward Counter Petitioner during the marriage by Counter Respondent/Petitioner.

3. Counter Petitioner/Respondent, JULIA HUBBARD, further requests the Court to grant the divorce based upon the fact that JULIA HUBBARD and RICHARD HUBBARD, have lived apart without cohabitation for at least three years.

4. Counter Petitioner, JULIA HUBBARD, requests the Court to appoint her as the Sole Managing Conservator, with all the rights and duties of a sole managing conservator.

5. Counter Petitioner, JULIA HUBBARD, requests the Court find that family violence as defined by Texas Family Code section 71.004 has occurred between Counter Petitioner and Counter Respondent.

6. Counter Petitioner, JULIA HUBBARD, requests the Court to find that Counter Respondent has sexually abused and or assaulted Counter Petitioner of this suit and has engaged in sex trafficking of the Counter petitioner, and the appointment of Counter Respondent as a conservator would not be in the best interest of the child the subject of this suit.

7. Counter Petitioner, JULIA HUBBARD, shall be awarded the exclusive right to designate the primary residence of the child, without geographic restriction.

8. Counter Respondent/Petitioner, RICHARD HUBBARD, shall not be appointed as a conservator of the child the subject of this suit.

9. Strictly in the alternative, if the Court finds that RICHARD HUBBARD should be appointed as a conservator, that his access to the child, shall be through supervised visits only.

10. Counter Respondent/Petitioner, RICHARD HUBBARD, shall be ordered to pay child support, to Counter Petitioner/Respondent, JULIA HUBBARD.

11. Counter Respondent/Petitioner, RICHARD HUBBARD, shall be awarded the medical and legal fees debt incurred by Counter Petitioner/Respondent, JULIA HUBBARD, as RICHARD HUBBAR'S debt.

EXHIBIT B, page 219

12. JULIA HUBBARD requests the Court find that special restrictions should be placed on the distribution of the required information under Texas Family Code section 105.006(c) and redact the information as appropriate.

All relief requested by RICHARD HUBBARD should be denied.

The Court should make any other orders deemed just and right and in the best interest of the child who is the subject of this suit.

EXHIBIT B, page 220

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Elizabeth Francis-Whisnan on behalf of Elizabeth Francis-Whisnant
Bar No. 24012652
amerin@eamerin.com
Envelope ID: 62107158
Status as of 3/1/2022 8:48 AM CST

Associated Case Party: RICHARD HUBBARD

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Richard Hubbard | | ricklhubbard@gmail.com | 2/25/2022 4:52:43 PM | SENT |
| RICHARD LANEHUBBARD | | rick@ecoloft.us | 2/25/2022 4:52:43 PM | ERROR |

Associated Case Party: JULIAAHUBBARD

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Amerin Whisnant | | amerin@eamerin.com | 2/25/2022 4:52:43 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Cynthia Gonzalez | | Cynthiac.gonzalez@traviscountytx.gov | 2/25/2022 4:52:43 PM | SENT |

2/25/2022 4:52 PM
Velva L. Price
District Clerk
Travis County
D-1-FM-19-006725
Alyssa Butler

CAUSE NO. __D-1-FM-19-006725_____

| IN THE MATTER OF | § | IN THE DISTRICT COURT OF |
| THE MARRIAGE OF | § | |
| | § | |
| RICHARD HUBBARD | § | |
| AND | § | _Travis_____ COUNTY, TEXAS |
| JULIA HUBBARD | § | |
| | § | |
| AND | § | |
| IN THE INTEREST OF | § | _201st__ JUDICIAL DISTRICT |
| SUMMER L. HUBBARD | | |

### PROPOSED PROPERTY DIVISION

TO THE HONORABLE JUDGE OF SAID COURT:

_Counter Petitioner_____ , _Julia Hubbard_____ , hereby presents

to the Court the following proposed division of property.

Community Property Division

| Property | Fair Secured Market Value | Debt Balance | To Wife Net Value | To Husband Net Value |
|---|---|---|---|---|
| 1. _____ | $_____ | $_____ | $_____ | $_____ |
| 2. _____ | $_____ | $_____ | $_____ | $_____ |
| 3. _____ | $_____ | $_____ | $_____ | $_____ |
| 4. _____ | $_____ | $_____ | $_____ | $_____ |
| 5. _____ | $_____ | $_____ | $_____ | $_____ |
| 6. _____ | $_____ | $_____ | $_____ | $_____ |
| 7. _____ | $_____ | $_____ | $_____ | $_____ |
| 8. _____ | $_____ | $_____ | $_____ | $_____ |
| 9. _____ | $_____ | $_____ | $_____ | $_____ |
| 10. _____ | $_____ | $_____ | $_____ | $_____ |
| 11. _____ | $_____ | $_____ | $_____ | $_____ |
| 12. _____ | $_____ | $_____ | $_____ | $_____ |
| 13. _____ | $_____ | $_____ | $_____ | $_____ |
| 14. _____ | $_____ | $_____ | $_____ | $_____ |
| 15. _____ | $_____ | $_____ | $_____ | $_____ |
| 16. _____ | $_____ | $_____ | $_____ | $_____ |
| 17. _____ | $_____ | $_____ | $_____ | $_____ |
| 18. _____ | $_____ | $_____ | $_____ | $_____ |
| 19. _____ | $_____ | $_____ | $_____ | $_____ |
| 20. _____ | $_____ | $_____ | $_____ | $_____ |
| 21. _____ | $_____ | $_____ | $_____ | $_____ |
| 22. _____ | $_____ | $_____ | $_____ | $_____ |
| 23. _____ | $_____ | $_____ | $_____ | $_____ |
| 24. _____ | $_____ | $_____ | $_____ | $_____ |
| 25. _____ | $_____ | $_____ | $_____ | $_____ |

B

| Property | Fair Secured Market Value | Debt Balance | To Wife Net Value | To Husband Net Value |
|---|---|---|---|---|
| 26. _____ | $_____ | $_____ | $_____ | $_____ |
| 27. _____ | $_____ | $_____ | $_____ | $_____ |
| 28. _____ | $_____ | $_____ | $_____ | $_____ |
| 29. _____ | $_____ | $_____ | $_____ | $_____ |
| 30. _____ | $_____ | $_____ | $_____ | $_____ |
| 31. _____ | $_____ | $_____ | $_____ | $_____ |
| 32. _____ | $_____ | $_____ | $_____ | $_____ |
| 33. _____ | $_____ | $_____ | $_____ | $_____ |
| 34. _____ | $_____ | $_____ | $_____ | $_____ |
| 35. _____ | $_____ | $_____ | $_____ | $_____ |
| 36. _____ | $_____ | $_____ | $_____ | $_____ |
| 37. _____ | $_____ | $_____ | $_____ | $_____ |
| 38. _____ | $_____ | $_____ | $_____ | $_____ |
| 39. _____ | $_____ | $_____ | $_____ | $_____ |
| 40. _____ | $_____ | $_____ | $_____ | $_____ |
| 41. _____ | $_____ | $_____ | $_____ | $_____ |
| 42. _____ | $_____ | $_____ | $_____ | $_____ |
| 43. _____ | $_____ | $_____ | $_____ | $_____ |
| 44. _____ | $_____ | $_____ | $_____ | $_____ |
| 45. _____ | $_____ | $_____ | $_____ | $_____ |
| 46. _____ | $_____ | $_____ | $_____ | $_____ |
| 47. _____ | $_____ | $_____ | $_____ | $_____ |
| 48. _____ | $_____ | $_____ | $_____ | $_____ |
| 49. _____ | $_____ | $_____ | $_____ | $_____ |
| 50. _____ | $_____ | $_____ | $_____ | $_____ |
| 51. _____ | $_____ | $_____ | $_____ | $_____ |
| 52. _____ | $_____ | $_____ | $_____ | $_____ |
| 53. _____ | $_____ | $_____ | $_____ | $_____ |
| 54. _____ | $_____ | $_____ | $_____ | $_____ |
| 55. _____ | $_____ | $_____ | $_____ | $_____ |
| 56. _____ | $_____ | $_____ | $_____ | $_____ |
| 57. _____ | $_____ | $_____ | $_____ | $_____ |
| 58. _____ | $_____ | $_____ | $_____ | $_____ |
| 59. _____ | $_____ | $_____ | $_____ | $_____ |
| 60. _____ | $_____ | $_____ | $_____ | $_____ |
| 61. _____ | $_____ | $_____ | $_____ | $_____ |
| 62. _____ | $_____ | $_____ | $_____ | $_____ |
| 63. _____ | $_____ | $_____ | $_____ | $_____ |
| 64. _____ | $_____ | $_____ | $_____ | $_____ |
| 65. _____ | $_____ | $_____ | $_____ | $_____ |
| TOTAL COMMUNITY PROPERTY | $_____ | $_____ | $_____ | $_____ |

C

LESS UNSECURED COMMUNITY DEBTS:

| CREDITOR | Debt Balance | To Wife Net Value | To Husband Net Value | |
|---|---|---|---|---|
| 1. All debts in husbands name | $ | $ | $ attributed to Husband | and any debt accrued by husband after the date of separation, March 2017, are Richard Hubbard's debts. |
| 2. | $ | $ | $ | |
| 3. | $ | $ | $ | |
| 4. | | | | |
| 5. | | | | |
| 6. ___ $_____ $ $____ | $ | $ | $ | |
| 7. | $ | $ | $ | |
| 8. Medical Debts | $ 4000 | $ | $ 4000 - medical debts due to husbands abuse | |
| 9. | $ | $ | $ | |
| 10. Legal Fees | $ 4400 | $ | $ 4,4000 due to husband fraudulent statements | |
| 11. | $ | $ | $ and misdirection on Julia Hubbard;s regarding | |
| 12. | $ | $ | $ Julia Hubbard's other children. | |
| 13. | $ | $ | $ | |
| 14. | $ | $ | $ | |
| 15. | $ | $ | $ | |
| 16. | $ | $ | $ | |
| 17. | $ | $ | $ | |
| 18. | $ | $ | $ | |
| 19. | $ | $ | $ | |
| 20. | $ | $ | $ | |
| 21. | $ | $ | $ | |
| 22. | $ | $ | $ | |
| 23. | $ | $ | $ | |
| 24. | $ | $ | $ | |
| 25. | $ | $ | $ | |
| 26. | $ | $ | $ | |
| 27. | $ | $ | $ | |
| 28. | $ | $ | $ | |
| 29. | $ | $ | $ | |
| 30. | $ | $ | $ | |
| 31. | $ | $ | $ | |
| 32. | $ | $ | $ | |
| 33. | $ | $ | $ | |
| 34. | $ | $ | $ | |
| 35. | $ | $ | $ | |
| TOTAL COMMUNITY DEBTS | $ | $ | $ | |
| NET COMMUNITY | $ | $ | $ | |

D

EXHIBIT B, page 224

## SEPARATE PROPERTY OF WIFE

Confidential residence in Virginia.
Jeep Cherokee  2019
All other property currently in Julia
Hubbard's possession.

E

**<u>SEPARATE PROPERTY OF HUSBAND</u>**

F

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Elizabeth Francis-Whisnan on behalf of Elizabeth Francis-Whisnant
Bar No. 24012652
amerin@eamerin.com
Envelope ID: 62107158
Status as of 3/1/2022 8:48 AM CST

Associated Case Party: RICHARD HUBBARD

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Richard Hubbard | | ricklhubbard@gmail.com | 2/25/2022 4:52:43 PM | SENT |
| RICHARD LANEHUBBARD | | rick@ecoloft.us | 2/25/2022 4:52:43 PM | ERROR |

Associated Case Party: JULIAAHUBBARD

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Amerin Whisnant | | amerin@eamerin.com | 2/25/2022 4:52:43 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Cynthia Gonzalez | | Cynthiac.gonzalez@traviscountytx.gov | 2/25/2022 4:52:43 PM | SENT |

EXHIBIT B, page 227

2/25/2022 4:52 PM
Velva L. Price
District Clerk
Travis County
D-1-FM-19-006725
Alyssa Butler

CAUSE NO. ___D-1-FM-19-006725___

| | | |
|---|---|---|
| IN THE MATTER OF | § | |
| THE MARRIAGE OF | § | IN THE DISTRICT COURT OF |
| | § | |
| RICHARD HUBBARD | § | |
| AND | § | Travis_____ COUNTY, TEXAS |
| JULIA HUBBARD | § | |
| | § | |
| AND | § | |
| IN THE INTEREST OF | § | |
| SUMMER L. HUBBARD | § | 201st___ JUDICIAL DISTRICT |

**PROPOSED SUPPORT DECISION AND INFORMATION OF __Julia Hubbard_____**

(A)     GROSS MONEY EARNED PER MONTH:

      (1)  Gross wages and salary income      $__255.60_____
      _____

      (2)  Commissions, tips and bonuses      $__3700_____
      _____

      (3)  Self-employment income (net of
      expenses other than depreciation
      and tax credits)      $_____

      (4)  Rental income (net of expenses
      other than depreciation)      $_____
      _____

      (5)  All other income actually
      received (specify):
      _____      $_____
      _____      $_____
      _____      $_____

      GROSS MONEY EARNED PER MONTH  $__3,955.60_____ (A)

(B) ACTUAL DEDUCTIONS PER MONTH – Attach most recent pay stub from each

employer.

      (1) Income tax withholding      $_____
      (2) FICA (Social Security)      $_____
      (3) Health insurance      $_____
      (4) Union dues      $_____
      (5) Other (specify) :
      _____      $_____
      _____      $_____
      _____      $_____

      TOTAL ACTUAL DEDUCTIONS PER MONTH    $_____ (B)

(C) NET MONEY ACTUALLY RECEIVED PER MONTH. SUBSTRACT (B)

      $_____ (C) FROM (A).

H

EXHIBIT B, page 228

(D) STATUTORY NET RESOURCES DECUSTIONS ALLOWED PER MONTH:

| | | | |
|---|---|---|---|
| (1) | Income tax withholding for a single person claiming one personal exemption and standard deduction | $_____ |
| (2) | FICA (Social Security) | $_____ |
| (3) | Health insurance attributable to child(ren) | $_____ |
| (4) | Union dues | $_____ |

STATUTORY NET RESOURCES DEDUCTIONS ALLOWED PER MONTH $_____ (D)

(E) STATUTORY NET RESOURCES PER MONTH. SUBSTRACT (D) FROM $_____ (E) (A).

(F) TOTAL MONEY NEEDED PER MONTH BY ME AND MINOR CHILD(REN) LIVING WITH ME. For items which are not paid monthly, express the amount as a monthly average.

| | |
|---|---|
| (1) Rent or house payment | $ 1350 |
| (2) real property taxes (omit if part of house payment | $_____ |
| (3) Residence maint. (repairs, yard) | $ 100 |
| (4) Insurance – home or renters (omit if part of house payment) | $_____ |
| (5) Utilities – Gas | $ 40 |
| (6) Utilities – Electric and water | $ 300 |
| (7) Telephone (incl. avg. long dist.) | $ 250 |
| (8) Utilities – Garbage service | $ 20 |
| (9) Groceries and household items | $ 400 |
| (10) Meals away from home | $ 100 |
| (11) School lunches | $_____ |
| (12) Dental and orthodontia | $_____ |
| (13) Medical and prescriptions | $_____ |
| (14) Laundry and dry cleaning | $ 40 |
| (15) Car payment | $ 345 |
| (16) Gas and vehicle maintenance | $ 150 |
| (17) Clothing and Shoes | $ 100 |
| (18) Insurance – Car | $ 216 |
| (19) Insurance – Life | $_____ |
| (20) Insurance – Health (omit if payroll deduction) | $_____ |
| (21) Child care | $_____ |
| (22) Children's activities | $ 150 |
| (23) Entertainment | $ 150 |
| (24) Haircuts | $_____ |
| (25) Cable TV and newspaper | $ 100 |
| (26) Total monthly payments on debts (list below at G and only show total here) | $_____ |
| (27) Support or alimony payments to other persons | $ 75 |
| (28) Other (specify): | $_____ |
| _____ | $_____ |
| **TOTAL MONEY NEEDED PER MONTH** | $ 3,886 |

I

(G) TOTAL MONTHLY PAYMENTS ON DEBTS:

| Description Of Debt | Balance Now Owed | Date of Final Payment | Amount of Monthly Payment |
|---|---|---|---|
| Jeep Cherokee Loan | $20,739 | | $345, already included in above monthly payments |
| Medical | $4,000 | | |
| Legal Fees | $4,400 | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

TOTAL MONTHLY PAYMENTS ON DEBTS    $_____ (G)

(H)    DIFFERENCE BETWEEN MONEY RECEIVED AND MONEY NEEDED
       SUBSTRACT (F) FROM (C)                            $_____ (H)

(I)    STATUTORY PRESUMED CHILD SUPPORT – MULTIPLY (E) BY THE
       GUIDELINE PERCENTAGE _____%                  $_____ (I)

       I, ___Julia Hubbard_____, would testify under oath in open court that
the foregoing information is true and correct. I understand that at such a court hearing I may be
required to prove these amounts by testimony and by records such as pay vouchers, cancelled
checks, receipts, and bills.

       SIGNED this _25_____ day of _____February_____, 20, _22__ .

                              _____
                              Signature of Party

I intend to ask the court to set support at $_227.89_____ per month.

SIGNED this 25_____ day of __February_____, 20 _22___ .

                              _____
                              Signature of Party or Attorney

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Elizabeth Francis-Whisnan on behalf of Elizabeth Francis-Whisnant
Bar No. 24012652
amerin@eamerin.com
Envelope ID: 62107158
Status as of 3/1/2022 8:48 AM CST

Associated Case Party: JULIAAHUBBARD

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Amerin Whisnant | | amerin@eamerin.com | 2/25/2022 4:52:43 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Cynthia Gonzalez | | Cynthiac.gonzalez@traviscountytx.gov | 2/25/2022 4:52:43 PM | SENT |

Associated Case Party: RICHARD HUBBARD

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Richard Hubbard | | ricklhubbard@gmail.com | 2/25/2022 4:52:43 PM | SENT |
| RICHARD LANEHUBBARD | | rick@ecoloft.us | 2/25/2022 4:52:43 PM | ERROR |

3/7/2022 12:00 AM
Velva L. Price
District Clerk
Travis County
D-1-FM-19-006725
Norma Ybarra

CAUSE NO. __D-1-FM-19-006725__

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT OF |
| THE MARRIAGE OF | § | |
| | § | |
| RICHARD HUBBARD | § | |
| AND | § | Travis_____ COUNTY, TEXAS |
| JULIA HUBBARD | § | |
| | § | |
| AND | § | |
| IN THE INTEREST OF | § | |
| S██████L. H██████ | § | 201st___ JUDICIAL DISTRICT |

**AMENDED PROPOSED SUPPORT DECISION AND INFORMATION OF __Julia Hubbard__**

(A)    GROSS MONEY EARNED PER MONTH:

    (1) Gross wages and salary income    $__255.60____

    _____

    (2) Commissions, tips and bonuses    $__3700____

    _____

    (3) Self-employment income (net of
        expenses other than depreciation
        and tax credits)    $_____

    (4) Rental income (net of expenses
        other than depreciation)    $_____

    _____

    (5) All other income actually
        received (specify):

      _____  $_____

      _____  $_____

      _____  $_____

    GROSS MONEY EARNED PER MONTH  $__3,955.60____ (A)

(B) ACTUAL DEDUCTIONS PER MONTH – Attach most recent pay stub from each

employer.

    (1) Income tax withholding    $_____

    (2) FICA (Social Security)    $_____

    (3) Health insurance    $_____

    (4) Union dues    $_____

    (5) Other (specify) :

    _____  $_____

    _____  $_____

    _____  $_____

    TOTAL ACTUAL DEDUCTIONS PER MONTH  $_____ (B)

(C) NET MONEY ACTUALLY RECEIVED PER MONTH. SUBSTRACT (B)

    $_____ (C) FROM (A).

H

EXHIBIT B, page 232

(D) STATUTORY NET RESOURCES DECUSTIONS ALLOWED PER MONTH:

| | | | |
|---|---|---|---|
| (1) | Income tax withholding for a single person claiming one personal exemption and standard deduction | $_____ |
| (2) | FICA (Social Security) | $_____ |
| (3) | Health insurance attributable to child(ren) | $_____ |
| (4) | Union dues | $_____ |

STATUTORY NET RESOURCES DEDUCTIONS ALLOWED PER MONTH
$_____ (D)

(E)     STATUTORY NET RESOURCES PER MONTH. SUBSTRACT (D) FROM
$_____ (E)
(A).

(F) TOTAL MONEY NEEDED PER MONTH BY ME AND MINOR CHILD(REN) LIVING WITH ME. For items which are not paid monthly, express the amount as a monthly average.

| | |
|---|---|
| (1) Rent or house payment | $ 1350 |
| (2) real property taxes (omit if part of house payment | $_____ |
| (3) Residence maint. (repairs, yard) | $ 100 |
| (4) Insurance – home or renters (omit if part of house payment) | $_____ |
| (5) Utilities – Gas | $ 40 |
| (6) Utilities – Electric and water | $ 300 |
| (7) Telephone (incl. avg. long dist.) | $ 250 |
| (8) Utilities – Garbage service | $ 20 |
| (9) Groceries and household items | $ 400 |
| (10) Meals away from home | $ 100 |
| (11) School lunches | $_____ |
| (12) Dental and orthodontia | $_____ |
| (13) Medical and prescriptions | $_____ |
| (14) Laundry and dry cleaning | $ 40 |
| (15) Car payment | $ 345 |
| (16) Gas and vehicle maintenance | $ 150 |
| (17) Clothing and Shoes | $ 100 |
| (18) Insurance – Car | $ 216 |
| (19) Insurance – Life | $_____ |
| (20) Insurance – Health (omit if payroll deduction) | $_____ |
| (21) Child care | $_____ |
| (22) Children's activities | $ 150 |
| (23) Entertainment | $ 150 |
| (24) Haircuts | $_____ |
| (25) Cable TV and newspaper | $ 100 |
| (26) Total monthly payments on debts (list below at G and only show total here) | $_____ |
| (27) Support or alimony payments to other persons | $ 75 |
| (28) Other (specify): | $_____ |
| _____ | $_____ |
| **TOTAL MONEY NEEDED PER MONTH** | $ 3, 886 |

I

(G) TOTAL MONTHLY PAYMENTS ON DEBTS:

| Description Of Debt | Balance Now Owed | Date of Final Payment | Amount of Monthly Payment |
|---|---|---|---|
| Jeep Cherokee Loan | $20,739 | | $345, already included in above monthly payments |
| Medical | $4,000 | | |
| Legal Fees | $4,400 | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

TOTAL MONTHLY PAYMENTS ON DEBTS     $_____ (G)

(H)   DIFFERENCE BETWEEN MONEY RECEIVED AND MONEY NEEDED
SUBTRACT (F) FROM (C)                                    $_____ (H)

(I)   STATUTORY PRESUMED CHILD SUPPORT – MULTIPLY (E) BY THE
GUIDELINE PERCENTAGE _____%              $_____ (I)

I, ___Julia Hubbard_____, would testify under oath in open court that the foregoing information is true and correct. I understand that at such a court hearing I may be required to prove these amounts by testimony and by records such as pay vouchers, cancelled checks, receipts, and bills.

SIGNED this _3_ ____ day of __March_____, 2022____.

_____
Signature of Party

I intend to ask the court to set support at $_1,210.94____ per month.

SIGNED this ___3___ day of March                    2022

_____
Signature of Party or Attorney

J

EXHIBIT B, page 234

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Elizabeth Francis-Whisnan on behalf of Elizabeth Francis-Whisnant
Bar No. 24012652
amerin@eamerin.com
Envelope ID: 62337255
Status as of 3/8/2022 7:55 AM CST

Associated Case Party: RICHARD HUBBARD

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| RICHARD LANEHUBBARD | | rick@ecoloft.us | 3/6/2022 8:57:15 PM | SENT |
| Richard Hubbard | | ricklhubbard@gmail.com | 3/6/2022 8:57:15 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Cynthia Gonzalez | | Cynthiac.gonzalez@traviscountytx.gov | 3/6/2022 8:57:15 PM | SENT |

Associated Case Party: JULIAAHUBBARD

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Amerin Whisnant | | amerin@eamerin.com | 3/6/2022 8:57:15 PM | SENT |

3/7/2022 6:54 PM
Velva L. Price
District Clerk
Travis County
D-1-FM-19-006725
Alyssa Butler

**NOTICE: THIS DOCUMENT
CONTAINS SENSITIVE DATA**

## Affidavit for UCCJEA Information

Julia Hubbard appeared in person before me today and stated under oath:

"My name is Julia Hubbard. I am above the age of eighteen years, and I am fully competent to make this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

"I am the Counter Petitioner/Respondent in this case.

"DISCLOSURE OF IDENTIFYING INFORMATION WOULD JEOPARDIZE THE HEALTH, SAFETY, OR LIBERTY OF Julia Hubbard [Respondent and Counter petitioner and S▮▮▮▮ L▮ H▮▮▮ Child.] AFFIANT REQUESTS THAT THE COURT ORDER THAT IDENTIFYING INFORMATION CONCERNING Julia Hubbard and S▮▮▮ Hubbard BE AND REMAIN SEALED AND THAT THE INFORMATION NOT BE DISCLOSED TO Richard Hubbard OR TO THE PUBLIC.

"For the past five years immediately preceding the date of this affidavit, the child has lived at the following address[es] with the following person[s]:

Address[es]: Cannot be disclosed. Virginia.

Person[s] lived with: Julia Hubbard

From February 2020 until present.

"The present address[es] of Julia Hubbard and S▮▮▮ H▮▮▮ are protected.

Address[es]: 28827 Fine Rd. Marble Falls, Texas 78654

Person[s] lived with: Richard Hubbard; Rick Hubbard

From February 2020 - 2018

"I have participated as a party in other proceedings concerning the custody of or visitation with the child in the Commonwealth of Virginia in JA435485-01-00 in Juvenile and Domestic Relations District Court.

"The following proceeding could affect the current proceeding: In the Commonwealth of Virginia, JA435485-01-00 in Juvenile and Domestic Relations District Court, Protective Order – Family Abuse.

"I do not know of any person not a party to this proceeding who has physical custody of the child or claims rights of legal custody or physical custody of, or visitation with, the child.

EXHIBIT B, page 236

Julia Hubbard

SIGNED under oath before me on 7th day of March 2022

Notary Public, Commonwealth of Virginia

Steven Stewart
Commonwealth of Virginia
Notary Public
Commission No. 7868512
My Commission Expires 5/31/2024

EXHIBIT B, page 237

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Elizabeth Francis-Whisnan on behalf of Elizabeth Francis-Whisnant
Bar No. 24012652
amerin@eamerin.com
Envelope ID: 62380387
Status as of 3/8/2022 1:45 PM CST

Associated Case Party: RICHARD HUBBARD

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Richard Hubbard | | ricklhubbard@gmail.com | 3/7/2022 6:54:21 PM | SENT |
| RICHARD LANEHUBBARD | | rick@ecoloft.us | 3/7/2022 6:54:21 PM | ERROR |

Associated Case Party: JULIAAHUBBARD

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Amerin Whisnant | | amerin@eamerin.com | 3/7/2022 6:54:21 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Cynthia Gonzalez | | Cynthiac.gonzalez@traviscountytx.gov | 3/7/2022 6:54:21 PM | SENT |

3/10/2022 11:24 AM
Velva L. Price
District Clerk
Travis County
D-1-FM-19-006725
Irene Silva

**NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA**

### Cause No. D-1-FM-19-006725

| | | |
|---|---|---|
| **IN THE MATTER OF THE** | § | **IN THE DISTRICT COURT OF** |
| **MARRIAGE OF** | § | |
| | § | |
| **RICHARD HUBBARD** | § | |
| **AND** | § | |
| **JULIA A. HUBBARD** | § | **TRAVIS COUNTY, TEXAS** |
| | § | |
| **AND IN THE INTEREST OF** | § | |
| **S█████ L. H█████** | § | |
| **A CHILD** | § | **53ʳᵈ JUDICIAL DISTRICT** |

### REQUEST FOR ORDER TO ALLOW MEDIA COVERAGE,

### VIA RECORDING OF LIVESTREAMED YOUTUBE

Pursuant to Rule 18c of the Texas Rules of Civil Procedure and the Rules Governing the Recording and Broadcasting of Court Proceedings in the Civil District Courts of Travis County (Chapter 16 of the Local Rules of Civil Procedure and Rules of Decorum for the District Courts of Travis County) (Local Rules), I request permission to Record the livestream YouTube of the hearing set on March 11, 2022, at 9AM in the 53ʳᵈ Judicial District for the purpose of media coverage of the above described case as follows:

1. Case Style and Number: <u>D-1-FM-19-006725</u>
2. Courtroom: <u>Via Zoom; and livestreamed via YouTube in the 53ʳᵈ Judicial District Court, Travis County</u>
3. Date and Time proceeding is to begin: <u>March 11, 2022 at 9AM CST</u>
4. The type of coverage requested (for example, televising, recording or photographing) <u>We are requesting it to be recorded.</u>
5. The type and extent of equipment to be used: <u>No equipment will be required in the courtroom itself, as the recording will be made of the livestream on YouTube.</u>

The recording of this trial will be used in a documentary on trafficking, to tell the story of Ms. Hubbard's experiences as a victim of human trafficking, in educational trainings for those who work with individuals who have been trafficked, and for those who have been trafficked themselves.

EXHIBIT B, page 239

The Texas Supreme Court in their guidelines for recordings, "ADOPTION OF RULES FOR
RECORDING AND BROADCASTING COURT PROCEEDINGS IN CERTAIN CIVIL
COURTS OF TRAVIS COUNTY" states:

Pursuant to Rule 18c(a) of the Texas Rules of Civil Procedure, the following rules govern the
recording and broadcasting of court proceedings before the civil district courts, county courts at
law, and probate court of Travis County, and their masters and referees.

      1.     Policy.     The policy of these rules is to allow media coverage of public civil
court proceedings to facilitate the free flow of information to the public concerning the judicial
system, to foster better public understanding about the administration of justice, and to
encourage continuing legal education and professionalism by lawyers. These rules are to be
construed to provide the greatest access possible while at the same time maintaining the dignity,
decorum and impartiality of the court proceeding.

      3.     Media Coverage Permitted

      3.4. If media coverage is sought with consent as provided in Rule 18c(b) of the Texas
Rules of Civil Procedure, consent forms adopted by the court shall be used to evidence the
consent of the parties and witnesses. Original signed consent forms of the parties shall be
attached to and filed with the request for order. Consent forms of the witnesses shall be obtained
in the manner directed by the court. No witness or party shall give consent to media coverage in
exchange for payment or other consideration, of any kind or character, either directly or
indirectly. No media agency shall pay or offer to pay any consideration in exchange for such
consent.

      3.5. If media coverage is sought without consent, pursuant to Rule 18c(a) of the Texas
Rules of Civil Procedure, the decision to allow such coverage is discretionary and will be made
by the court on a case by case basis. Objections to media coverage should not be conclusory but
should state the specific and demonstrable injury alleged to result from media coverage. If the
court denies coverage, it shall set forth in its order the findings upon which such denial is based.
In determining an application for coverage, the court shall consider all relevant factors, including
but not limited to:

      (a) the type of case involved;
      (b) whether the coverage would cause harm to any participants;
      (c) whether the coverage would interfere with the fair administration of justice,
advancement of a fair trial, or the rights of the parties;
      (d) whether the coverage would interfere with any law enforcement activity;
      (e) the objections of any of the parties, prospective witnesses, victims, or other
participants in the proceeding of which coverage is sought;
      (f) the physical structure of the courtroom and the likelihood that any equipment required
to conduct coverage of proceedings can be installed and operated without disturbance to those
proceedings or any other proceedings in the courthouse;
      (g) the extent to which the coverage would be barred by law in the judicial proceeding of
which coverage is sought; and

(h) the fact that any party, prospective witness, victim, or other participant in the proceeding is a child, to which fact the court shall give great weight.  *See* "Rules Governing the Recording and Broadcasting of Court Proceedings in Certain Civil Courts of Travis County" [Attached as Exhibit 'A']

This is a final trial on a divorce and suit affecting the parent child relationship.  This case involves trafficking of the Respondent by the Petitioner as trafficking is defined in the Texas Penal Code, Chapter 20A, section 20A.01.  No one will be harmed by the recording of this trial, which is already livestreamed on YouTube.  There will not be any cameras or recording devices in the courtroom or even on the zoom, there will be a recoding by two individuals of Julia Hubbard's providing.

Julia Hubbard has been trafficked and her story is important for others who have been trafficked.  For many victims of trafficking the court is another tool used by their perpetrators to further victimize them.  Ms. Hubbard has finally broken free and after a year and a half of representing herself and now has legal representation and can see a light at the end of this horribly long and dark tunnel.  Her story needs to be told, and a recording of the already livestreamed YouTube will help with that, while also not interfering with justice, not interfering with the testimony of the witnesses and will not interfere with the operation of the judicial proceedings.

Further, as we are operating under COVID protocols the matter is being livestreamed already on YouTube which is publicly displayed across a wide array of public arenas.  This livestreaming, arguably, negates or speaks to many of the factors identified above (a-h).

Written consent of Ms. Hubbard's witnesses and herself is being obtained, and true copies of all completed consent forms will be provided to the Court before the proceedings begin.

There will be no recording of the testimony of any witness unless consent of that witness has been obtained in the manner required by the Court and filed with the District Clerk, with a copy delivered to the trial court.

Permission may be withdrawn by the Court at any time pursuant to the Local Rules, at which time media coverage will immediately cease.

The original of this request was filed with the District Clerk, on March 10, 2022, with a copy delivered to the trial court and the Court Administrator, on March 10, 2022.

Respectfully submitted,

LAW OFFICE OF AMERIN WHISNANT
9600 Escarpment Boulevard, Suite 745-151
Austin, Texas 78749
Ph. 512-808-0536
Fax: 1-833-520-1554

EXHIBIT B, page 241

By:/s/ Amerin Whisnant
Elizabeth (Amerin) Francis-Whisnant
Attorney for Counter Petitioner/Respondent
State Bar No.:24012652
amerin@eamerin.com

## CERTIFICATE OF SERVICE

I certify that a true copy of the above was served on each attorney of record or party in accordance with the Texas Rules of Civil Procedure on this 10th day of March 2022.

**Served via e-service issuance:**

1) Richard Hubbard via efile at rick@ecoloft.us and ricklhubbard@gmail.com

EXHIBIT B, page 242

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Elizabeth Francis-Whisnan on behalf of Elizabeth Francis-Whisnant
Bar No. 24012652
amerin@eamerin.com
Envelope ID: 62485823
Status as of 3/10/2022 12:59 PM CST

Associated Case Party: RICHARD HUBBARD

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| RICHARD LANEHUBBARD | | rick@ecoloft.us | 3/10/2022 11:24:58 AM | SENT |
| Richard Hubbard | | ricklhubbard@gmail.com | 3/10/2022 11:24:58 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Cynthia Gonzalez | | Cynthiac.gonzalez@traviscountytx.gov | 3/10/2022 11:24:58 AM | SENT |

Associated Case Party: JULIAAHUBBARD

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Amerin Whisnant | | amerin@eamerin.com | 3/10/2022 11:24:58 AM | SENT |

3/11/2022 7:38 AM
Velva L. Price
District Clerk
Travis County
D-1-FM-19-006725
Irene Silva

**NOTICE: THIS DOCUMENT
CONTAINS SENSITIVE DATA**

**NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA**

**Cause No. D-1-FM-19-006725**

| | | |
|---|---|---|
| **IN THE MATTER OF THE** | § | **IN THE DISTRICT COURT OF** |
| **MARRIAGE OF** | § | |
| | § | |
| **RICHARD HUBBARD** | § | |
| **AND** | § | |
| **JULIA A. HUBBARD** | § | **TRAVIS COUNTY, TEXAS** |
| | § | |
| **AND IN THE INTEREST OF** | § | |
| **S_____ L. H_____** | § | |
| **A CHILD** | § | **53ʳᵈ  JUDICIAL DISTRICT** |

## Statement of Health Insurance and Dental Insurance Availability

This statement is made by Julia Hubbard, Counter Petitioner/Respondent in accordance with sections 154.181 and 154.1815 of the Texas Family Code.

*1. Child*

The following child is the subject of this suit:

Name: S_____ L___ H_____

Birth date: _____, 2010

Social Security number:

*2.  Health Insurance Availability*

Private health insurance is not in effect for the child, S____ L. H____

The child is receiving Medicaid benefits under chapter 32, Human Resources Code, in the Commonwealth of Virginia.

The child is not receiving health benefits coverage under the Children's Health Insurance Program under chapter 62 of the Texas Health and Safety Code.

Julia Hubbard, mother of the child[ren], does not have access to private health insurance at reasonable cost to her at this time. Julia Hubbard will have access to private health insurance It is unknown if Richard Hubbard, father of the child, has or does not have access to private health

insurance at reasonable cost to him.

3.  *Dental Insurance Availability*

      Julia Hubbard, mother of the child, does have access to dental insurance at reasonable cost to her.

Date: _____3/10/2022_____.

_____
Julia Hubbard

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Elizabeth Francis-Whisnan on behalf of Elizabeth Francis-Whisnant
Bar No. 24012652
amerin@eamerin.com
Envelope ID: 62515863
Status as of 3/11/2022 3:02 PM CST

Associated Case Party: RICHARD HUBBARD

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Richard Hubbard | | ricklhubbard@gmail.com | 3/11/2022 7:38:24 AM | SENT |
| RICHARD LANEHUBBARD | | rick@ecoloft.us | 3/11/2022 7:38:24 AM | ERROR |

Associated Case Party: JULIAAHUBBARD

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Amerin Whisnant | | amerin@eamerin.com | 3/11/2022 7:38:24 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Cynthia Gonzalez | | Cynthiac.gonzalez@traviscountytx.gov | 3/11/2022 7:38:24 AM | SENT |

**NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA**

Cause No. D-1-FM-19-006725

| | | |
|---|---|---|
| **IN THE MATTER OF THE** | § | **IN THE DISTRICT COURT OF** |
| **MARRIAGE OF** | § | |
| | § | |
| **RICHARD HUBBARD** | § | |
| **AND** | § | |
| **JULIA A. HUBBARD** | § | **TRAVIS COUNTY, TEXAS** |
| | § | |
| **AND IN THE INTEREST OF** | § | |
| S███████. H██████ | § | |
| **A CHILD** | § | **201st JUDICIAL DISTRICT** |

## CONSENT OF PARTY OR WITNESS

Pursuant to Rule 18c of the Texas Rules of Civil Procedure and the Rules Governing the Recording and Broadcasting of Court Proceedings in the Civil District Courts of Travis County (Chapter 16 of the Local Rules), I _Yael Israel Roggen_ (name) a _witness_ (party) (witness) in the above captioned matter, consent to media coverage of my participation in the Court proceedings in this case. I certify that I have not given this consent in exchange for payment or other consideration, of any kind or character, either directly or indirectly. No media agency has paid or offered to pay any consideration in exchange for this consent.

_Yael Rogge_
Signature of Party or Witness

_Yael Israel Roggen_
Printed Name

**NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA**

### Cause No. D-1-FM-19-006725

| | | |
|---|---|---|
| **IN THE MATTER OF THE** | § | **IN THE DISTRICT COURT OF** |
| **MARRIAGE OF** | § | |
| | § | |
| **RICHARD HUBBARD** | § | |
| **AND** | § | |
| **JULIA A. HUBBARD** | § | **TRAVIS COUNTY, TEXAS** |
| | § | |
| **AND IN THE INTEREST OF** | § | |
| S████ L. H████████ | § | |
| **A CHILD** | § | **201st JUDICIAL DISTRICT** |

### CONSENT OF PARTY OR WITNESS

Pursuant to Rule 18c of the Texas Rules of Civil Procedure and the Rules Governing the Recording and Broadcasting of Court Proceedings in the Civil District Courts of Travis County (Chapter 16 of the Local Rules), I _Yael Israel Roggen_(name) a _witness_____ (party) (witness) in the above captioned matter, consent to media coverage of my participation in the Court proceedings in this case. I certify that I have not given this consent in exchange for payment or other consideration, of any kind or character, either directly or indirectly. No media agency has paid or offered to pay any consideration in exchange for this consent.

_Yael Rogge_____
Signature of Party or Witness

Yael Israel Roggen_____
Printed Name

EXHIBIT B, page 248

**Docket Notes**
**Cause #D1FM19006725**
**IN THE MATTER OF THE MARRIAGE OF RICHARD HUBBARD VS. JULIA HUBBARD AND IN THE INTEREST OF S. H. CHILD(REN)**

| Date Entered | Note | Note type | Date Last Edited | Last Edited By |
|---|---|---|---|---|
| 10/14/2019 | Mr. Merritt appeared at Duty court at 2:30 p.m. in accordance with the Writ of Attachment signed Oct. 4, 2019. Fa. has exclusive possession until the TO hearing on Oct. 16, 2019. D. Burgess/bdm. | Docket Sheet Entry | 10/14/2019 | MccabeB |
| 10/16/2019 | FA has possession of the child, he executed the writ of attachment in Utah, MO has not been served yet with the divorce petition. Mr. Merritt is requesting a new Show Cause Order as MO was not served with the Petition / Show Cause Order for today's hearing (claiming trouble having her served) and requesting that FA continue to have possession of the child until the Temp Orders hearing which is to be set on the 30th or 31st.  GRANTED.  Order signed. JAD | Docket Sheet Entry | 10/16/2019 | delaLIJ |
| 10/25/2019 | M/WD CNSL:Judge James L. Arth presiding.  Attorney Christopher Merritt appeared and presented order to the Court.  Order signed. JLA/ceu | Docket Sheet Entry | 10/25/2019 | UpshawC |
| 10/31/2019 | F appeared late this morning.  Has not been able to get M served.  Will seek alternative service; apparently she has left the state.  Advised F to consult with law library about proper forms.  F also will seek to extend ex parte order currently in place, will return with appropriate order to that effect.  Advised him he could bring back to me or take to uncontested docket.  AH | Docket Sheet Entry | 10/31/2019 | HathcoA |
| 2/7/2020 | Both parents appeared pro se.  Angie Hertel, CSR.  TO hrg.  ORDER: M=TMC; F=TPC; F no access pending further order.  No CS/MS at this time.  M may establish child's primary residence in Virginia or Texas.  DRO appt GAL to do custody evaluation.  Written GAL order and written TO prepared and signed.  AH | Docket Sheet Entry | 2/7/2020 | HathcoA |
| 2/14/2020 | Order to Appear or De Novo Hearing signed. Motion to Confer with child | Docket Sheet Entry | 2/14/2020 | SalinaE |

EXHIBIT B, page 249

filed in court. TS/es

| | | | | |
|---|---|---|---|---|
| 2/19/2020 | Judge Soifer on de novo. Richard Hubbard and Julia Hubbard pro se. GAL Chappel present but was just appointed last Thursday, so she has not had an opportunity to begin her investigation. Record by Michelle Williamson, court reporter for the 345th. Prior to beginning evidence Respondent noted that she did not receive proper notice of today's hearing. Hearing passed, but must be held by 3/13/20 in accordance with TFC 201.015(f). Parties ordered to confer with one another, GAL, and Court Admin. on new hearing date. JS/eb | Docket Sheet Entry | 2/19/2020 | BeckR |
| 3/9/2020 | Judge Crump presiding over de Novo hearing. Respondent Mother appears. Movant father appeared in restraints. He was arrested last Friday and has bonded but is waiting for ankle monitor. Movant father waives de novo. GAL Gonzales appears and has completed some but not all GAL tasks. Based upon current circumstances, GAL Gonzales makes several recommendations for an interim order including: (1) Summer to see a therapist, beginning no later than 3/31/20; (2) that all communication with Summer be in writing (letter form, not email) and delivered through the therapist; (3) Mother not have any paramours around the child; (4) Drug testing of both parents, as determined by GAL; (5) communication between parents via OFW only. Parties agree to all of above. GAL recommendations ordered. Parties admonished about Children's Bill of Rights and ordered. Mr. Hubbard plans to request modification of order at later date. Ms. Hubbard should scheduled any telephonic appearance(s) through court administration. Record by Jamie Foley. | Docket Sheet Entry | 3/9/2020 | CrumpK |
| 3/10/2020 | Additional Temporary Orders signed by Judge Crump on this date; Order | Docket Sheet Entry | 3/10/2020 | McgeeG |

| | | | | |
|---|---|---|---|---|
| | was filed with the District Clerk's office; File-marked copy of the signed Order was sent via email to GAL Marina Chapell, Cynthia C. Gonzalez, Manager of Family Court Services, Richard Hubbard, Pro Se Petitioner and Julia Hubbard, Pro Se Respondent; KC/gm | | | |
| 12/22/2021 | Motion Dismiss GAL:  VIA ZOOM.  Associate Judge James L. Arth presiding.  Carissa Crocker, CSR.  On the Record.  GAL Cynthia C. Gonzalez appeared, Petitioner FA did not appear, Respondent MO did not appear.  GAL Gonzalez presented motion to the Court.  Motion granted.  GAL Gonzalez to re-draft order and submit for Judge Arth's signature.  JLA/ceu | Docket Sheet Entry | 12/22/2021 | UpshawC |
| 3/11/2022 | Zoom hearing on the record on Final Merits, Mom's Mo to Record Proceedings and Dad's Oral MFC before Judge Cantu Hexsel. Here today is Mom w/ atty Amerin Whisnant and Pro se Dad. Dad did sign off during proceedings and did not return. Mo to Record denied and Oral MFC denied. Divorce granted. Ms. Whisnant will draft order for court to sign. | Docket Sheet Entry | 3/11/2022 | GouldT |
| 4/8/2022 | Final Decree of Divorce and IWO signed by Judge Cantu Hexsel. | Docket Sheet Entry | 4/8/2022 | GouldT |

EXHIBIT B, page 251

4/11/2022 10:24 AM
Velva L. Price
District Clerk
Travis County
D-1-FM-19-006725
Albert Tobeck

**NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA**

**Cause No. D-1-FM-19-006725**

| | | |
|---|---|---|
| **IN THE MATTER OF THE** | § | **IN THE DISTRICT COURT OF** |
| **MARRIAGE OF** | § | |
| | § | |
| **RICHARD HUBBARD** | § | |
| **AND** | § | |
| **JULIA A. HUBBARD** | § | **TRAVIS COUNTY, TEXAS** |
| | § | |
| **AND IN THE INTEREST OF** | § | |
| **S▅▅▅ L. H▅▅▅▅▅** | § | |
| **A CHILD** | § | **53rd JUDICIAL DISTRICT** |

## Final Decree of Divorce

On March 11, 2022, the Court heard this case.

*Appearances*

Petitioner, RICHARD HUBBARD appeared in person at the beginning of the trial and then left before the trial was completed.

Respondent, JULIA HUBBARD appeared in person and through attorney of record, AMERIN WHISNANT, and announced ready for trial.

*Record*

The record of testimony was duly reported by the court reporter for the District Court of Travis County Texas, 53rd Judicial District.

*Jurisdiction and Domicile*

The Court finds that the pleadings of Petitioner and Respondent are in due form and contain all the allegations, information, and prerequisites required by law. The Court, after receiving evidence, finds that it has jurisdiction of this case and of all the parties and that at least sixty days have elapsed since the date the suit was filed.

The Court further finds that, at the time this suit was filed, Petitioner had been a domiciliary of Texas for the preceding six-month period and a resident of the county in which this suit was filed for the preceding ninety-day period. All persons entitled to citation were properly cited.

*Dates of Marriage and Separation*

**EXHIBIT B, page 252**

The parties were married on or about February 27, 2010, and ceased to live together as spouses on or about March 11, 2017.

*Jury*

A jury was waived, and questions of fact and of law were submitted to the Court.

*Divorce*

IT IS ORDERED AND DECREED that JULIA HUBBARD, Respondent and Counter Petitioner, is granted a divorce from RICHARD HUBBARD, Petitioner/Counter Respondent, and the marriage between them is dissolved on the grounds of cruelty.

*Child of the Marriage*

The Court finds that Petitioner and Respondent are the parents of the following child:

Name: S█████ L███ H████

Sex: Female

Birth date: █████████ 2010

Home state: Virginia

Social Security number:

The Court finds no other children of the marriage are expected.

*Parenting Plan*

The Court finds that the provisions in this decree relating to the rights and duties of the parties with relation to the child, possession of and access to the child, child support, and optimizing the development of a close and continuing relationship between each party and the child, where appropriate, constitute the parenting plan established by the Court.

*Conservatorship and Support*

The Court, having considered the circumstances of the parents and of the child, finds that the following orders are in the best interest of the child.

The Court finds that RICHARD HUBBARD has a history of domestic violence and

sexual abuse, against JULIA HUBBARD within a two-year period preceding the filing of the

EXHIBIT B, page 253

suit or during the pendency of the suit.  The Court further finds that it is not in the best interest of

the child, S▮▮▮▮ L▮ H▮▮▮▮▮ for RICHARD LANE HUBBARD to be appointed as

Joint Managing Conservator or a possessory conservator.

The Court finds that it is in the best interest of the child, S▮▮▮▮ L▮ H▮▮▮▮▮

for JULIA HUBBARD to be appointed as Sole Managing Conservator.

THEREFOR, IT IS ORDERED that JULIA HUBBARD is appointed Sole Managing

Conservator of the following child:  S▮▮▮▮ L▮▮▮ H▮▮▮▮

IT IS FURTHER ORDERED that RICHARD HUBBARD is denied the appointment of

either a joint managing conservator or a possessory conservator of the following child:



IT IS ORDERED that, at all times, JULIA HUBBARD, as a parent sole managing
conservator, shall have the following rights:

1.      the right to receive information from RICHARD HUBBARD concerning the
health, education, and welfare of the child;

2.      the right to confer with the RICHARD HUBBARD to the extent possible before
making a decision concerning the health, education, and welfare of the child;

3.      the right of access to medical, dental, psychological, and educational records of
the child;

4.      the right to consult with a physician, dentist, or psychologist of the child;

5.      the right to consult with school officials concerning the child's welfare and
educational status, including school activities;

6.      the right to attend school activities, including school lunches, performances, and
field trips;

7.      the right to be designated on the child's records as a person to be notified in case
of an emergency;

8.      the right to consent to medical, dental, and surgical treatment during an
emergency involving an immediate danger to the health and safety of the child; and

9.      the right to manage the estate of the child to the extent the estate has been created by the parent's family or by the parent, other than by the community or joint property of the parents.

IT IS ORDERED that, at all times, JULIA HUBBARD, as a parent sole managing conservator, shall have the following duties:

1.      the duty to inform RICHARD HUBBARD if the conservator resides with for at least thirty days, marries, or intends to marry a person who the parent or conservator knows is registered as a sex offender under chapter 62 of the Texas Code of Criminal Procedure or is currently charged with an offense for which on conviction the person would be required to register under that chapter. IT IS ORDERED that notice of this information shall be provided to RICHARD HUBBARD as soon as practicable, but not later than the fortieth day after the date the conservator of the child begins to reside with the person or on the tenth day after the date the marriage occurs, as appropriate. IT IS ORDERED that the notice must include a description of the offense that is the basis of the person's requirement to register as a sex offender or of the offense with which the person is charged. WARNING: A CONSERVATOR COMMITS AN OFFENSE PUNISHABLE AS A CLASS C MISDEMEANOR IF THE CONSERVATOR FAILS TO PROVIDE THIS NOTICE;

2.      the duty to inform RICHARD HUBBARD if the conservator establishes a residence with a person who the conservator knows is the subject of a final protective order sought by an individual other than the conservator that is in effect on the date the residence with the person is established. IT IS ORDERED that notice of this information shall be provided to RICHARD HUBBARD as soon as practicable, but not later than the thirtieth day after the date the conservator establishes residence with the person who is the subject of the final protective order. WARNING: A CONSERVATOR COMMITS AN OFFENSE PUNISHABLE AS A CLASS C MISDEMEANOR IF THE CONSERVATOR FAILS TO PROVIDE THIS NOTICE;

3.      the duty to inform RICHARD HUBBARD if the conservator resides with, or allows unsupervised access to a child by, a person who is the subject of a final protective order sought by the conservator after the expiration of the sixty-day period following the date the final protective order is issued. IT IS ORDERED that notice of this information shall be provided to RICHARD HUBBARD as soon as practicable, but not later than the ninetieth day after the date the final protective order was issued. WARNING: A CONSERVATOR COMMITS AN OFFENSE PUNISHABLE AS A CLASS C MISDEMEANOR IF THE CONSERVATOR FAILS TO PROVIDE THIS NOTICE; and

4.      the duty to inform RICHARD HUBBARD if the conservator is the subject of a final protective order issued after the date of the order establishing conservatorship. IT IS ORDERED that notice of this information shall be provided to RICHARD HUBBARD as soon as practicable, but not later than the thirtieth day after the date the final protective order was issued. WARNING: A CONSERVATOR COMMITS AN OFFENSE PUNISHABLE AS A CLASS C MISDEMEANOR IF THE CONSERVATOR FAILS TO PROVIDE THIS NOTICE.

IT IS ORDERED that, at all times, RICHARD HUBBARD, shall have the following duties:

EXHIBIT B, page 255

1.    the duty to inform JULIA HUBBARD if RICHARD HUBBARD resides with for at least thirty days, marries, or intends to marry a person who RICHARD HUBBARD knows is registered as a sex offender under chapter 62 of the Texas Code of Criminal Procedure or is currently charged with an offense for which on conviction the person would be required to register under that chapter. IT IS ORDERED that notice of this information shall be provided to JULIA HUBBARD as soon as practicable, but not later than the fortieth day after the date RICHARD HUBBARD begins to reside with the person or on the tenth day after the date the marriage occurs, as appropriate. IT IS ORDERED that the notice must include a description of the offense that is the basis of the person's requirement to register as a sex offender or of the offense with which the person is charged. WARNING: RICHARD HUBBARD COMMITS AN OFFENSE PUNISHABLE AS A CLASS C MISDEMEANOR IF RICHARD HUBBARD FAILS TO PROVIDE THIS NOTICE;

2.    the duty to inform JULIA HUBBARD if RICHARD HUBBARD establishes a residence with a person who RICHARD HUBBARD knows is the subject of a final protective order sought by an individual other than RICHARD HUBBARD that is in effect on the date the residence with the person is established. IT IS ORDERED that notice of this information shall be provided to JULIA HUBBARD as soon as practicable, but not later than the thirtieth day after the date RICHARD HUBBARD establishes residence with the person who is the subject of the final protective order. WARNING: RICHARD HUBBARD COMMITS AN OFFENSE PUNISHABLE AS A CLASS C MISDEMEANOR IF RICHARD HUBBARD FAILS TO PROVIDE THIS NOTICE;

3.    the duty to inform JULIA HUBBARD if RICHARD HUBBARD resides with, or allows unsupervised access to a child by, a person who is the subject of a final protective order sought by the RICHARD HUBBARD after the expiration of the sixty-day period following the date the final protective order is issued. IT IS ORDERED that notice of this information shall be provided to JULIA HUBBARD as soon as practicable, but not later than the ninetieth day after the date the final protective order was issued. WARNING: RICHARD HUBBARD COMMITS AN OFFENSE PUNISHABLE AS A CLASS C MISDEMEANOR IF RICHARD HUBBARD FAILS TO PROVIDE THIS NOTICE; and

4.    the duty to inform JULIA HUBBARD if RICHARD HUBBARD is the subject of a final protective order issued after the date of the order establishing conservatorship. IT IS ORDERED that notice of this information shall be provided who JULIA HUBBARD as soon as practicable, but not later than the thirtieth day after the date the final protective order was issued. WARNING: RICHARD HUBBARD COMMITS AN OFFENSE PUNISHABLE AS A CLASS C MISDEMEANOR IF RICHARD HUBBARD FAILS TO PROVIDE THIS NOTICE.

IT IS ORDERED that, JULIA HUBBARD, as a parent sole managing conservator, shall have the following rights and duties:

1.    the duty of care, control, protection, and reasonable discipline of the child;

2.    the duty to support the child[ren], including providing the child with clothing, food, shelter, and medical and dental care not involving an invasive procedure;

EXHIBIT B, page 256

3.      the right to consent for the child to medical and dental care not involving an invasive procedure; and

4.      the right to direct the moral and religious training of the child.

IT IS ORDERED that JULIA HUBBARD, as parent sole managing conservator, shall have the following exclusive rights and duty:

1.      the right to designate the primary residence of the child, without geographic restriction;

2.      the right to consent to medical, dental, and surgical treatment involving invasive procedures;

3.      the right to consent to psychiatric and psychological treatment of the child;

4.      the right to receive and give receipt for periodic payments for the support of the child[ren] and to hold or disburse these funds for the benefit of the child;

5.      the right to represent the child in legal action and to make other decisions of substantial legal significance concerning the child;

6.      the right to consent to marriage and to enlistment in the armed forces of the United States;

7.      the right to make decisions concerning the child's education;

8.      except as provided by section 264.0111 of the Texas Family Code, the right to the services and earnings of the child;

9.      except when a guardian of the child's estate or a guardian or attorney ad litem has been appointed for the child, the right to act as an agent of the child in relation to the child's estate if the child's action is required by a state, the United States, or a foreign government;

10.     the right to apply for a passpor for the child, to renew the child's passport, and to maintain possession of the child's passport; and

11.     the duty to manage the estate of the child to the extent the estate has been created by the community or joint property of the parents.

IT IS ORDERED that JULIA HUBBARD shall have the exclusive right and duty to prepare and file income tax returns for the child's estate.

IT IS ORDERED that RICHARD HUBBARD shall furnish such information to JULIA HUBBARD as is requested to prepare federal income tax returns for the child's estates within thirty days of receipt of a written request for the information, and in no event shall the information be furnished later than March 1 of that year. As requested information becomes

EXHIBIT B, page 257

available after that date, it shall be furnished within ten days of receipt.

*Protective Order*

The Court finds that a protective order, cause number JA435485-01-00 has been issued in
the Commonwealth of Virginia, that is in effect at the time this decree is signed.   A copy of
which is attached to this Final Decree.

As such all communication will be sent to and through for JULIA HUBBARD:

c/o Yael Israel

███████████████

Arlington, Virginia 22205

In the event the protective order is not renewed, the address above is still the address all
communication will be sent to and through for JULIA HUBBARD.

*Possession Order*

There are no ordered periods of possession for RICHARD HUBBARD.

The Court finds that RICHARD HUBBARD has a history or pattern of committing
family violence and sexual assault during the two-year period preceding the filing of this suit or
during the pendency of this suit. The Court further finds that awarding RICHARD HUBBARD
access to the child would endanger the child's physical health or emotional welfare and would
not be in the best interest of the child.

Therefore, it is ORDERED that RICHARD HUBBARD shall not have any periods of
access to the child.  It is FURTHER ORDERED, that RICHARD HUBBARD may only
communicate with SUMMER HUBBARD through letter(s), which shall be sent directly to the
therapist for SUMMER HUBBARD. The therapist shall determine whether to share the contents
of the letter with SUMMER HUBBARD.

Address for therapist:

c/o Yael Israel

P.O. Box 5814

Arlington, Virginia 22205

IT IS FURTHER ORDERED that RICHARD HUBBARD shall have the
right, subject to any applicable protective order, to request in writing to
the therapist that he be permitted to visit S█████ H█████ under
supervision; provided, however, any such supervised visitation is
expressly contingent on a determination by the therapist that the
visitation would be in the best interests of the child. Additionally, the
location and duration of any such visitation must be approved in
advance by the therapist. (MCH)

The provisions of this decree relating to conservatorship, possession, or access terminate
on the remarriage of JULIA HUBBARD to RICHARD HUBBARD unless a nonparent or
agency has been appointed conservator of the child under chapter 153 of the Texas Family Code.

IT IS ORDERED that this decree shall serve as written authorization for JULIA

HUBBARD, Sole Managing Conservator, for international travel with the child, SUMMER HUBBARD.

IT IS ORDERED that RICHARD HUBBARD is obligated to pay and shall pay to JULIA HUBBARD child support of one thousand two hundred ten dollars ($1,210.94) per month, with the first payment being due and payable on April 1, 2022, and a like payment being due and payable on the 1st day of each month thereafter until the first month following the date of the earliest occurrence of one of the events specified below:

1.      the child reaches the age of eighteen years or graduates from high school, whichever occurs later, subject to the provisions for support beyond the age of eighteen years set out below;

2.      the child marries;

3.      the child dies;

4.      the child enlists in the armed forces of the United States and begins active service as defined by section 101 of title 10 of the United States Code; or

5.      the child's disabilities are otherwise removed for general purposes.

If the child is eighteen years of age and has not graduated from high school and RICHARD HUBBARD's obligation to support the child has not already terminated, IT IS ORDERED that RICHARD HUBBARD's obligation to pay child support to JULIA HUBBARD shall not terminate but shall continue for as long as the child is enrolled—

1.      under chapter 25 of the Texas Education Code in an accredited secondary school in a program leading toward a high school diploma or under section 130.008 of the Education Code in courses for joint high school and junior college credit and is complying with the minimum attendance requirements of subchapter C of chapter 25 of the Education Code or

2.      on a full-time basis in a private secondary school in a program leading toward a high school diploma and is complying with the minimum attendance requirements imposed by that school.

IT IS ORDERED that any employer of RICHARD HUBBARD shall be ordered to withhold the child support payments ordered in this order from the disposable earnings of RICHARD HUBBARD for the support of S███████H█████

IT IS FURTHER ORDERED that all amounts withheld from the disposable earnings of RICHARD HUBBARD by the employer and paid in accordance with the order to that employer shall constitute a credit against the child support obligation. Payment of the full amount of child support ordered paid by this decree through the means of withholding from earnings shall discharge the child support obligation. If the amount withheld from earnings and credited against the child support obligation is less than 100 percent of the amount ordered to be paid by this decree, the balance due remains an obligation of RICHARD HUBBARD, and it is hereby

EXHIBIT B, page 259

ORDERED that JULIA HUBBARD pay the balance due directly to the state disbursement unit
as specified below.

On this date the Court signed an Income Withholding for Support.

IT IS ORDERED that all payments shall be made through the state disbursement unit at
Texas Child Support Disbursement Unit, P.O. Box 659791, San Antonio, Texas 78265-9791, and
thereafter promptly remitted to JULIA HUBBARD for the support of the child. IT IS
ORDERED that all payments shall be made payable to the Office of the Attorney General and
include the ten-digit Office of the Attorney General case number (if available), the cause number
of this suit, RICHARD HUBBARD's name as the name of the noncustodial parent (NCP), and
JULIA HUBBARD's name as the name of the custodial parent (CP). Payment options are found
on the Office of the Attorney General's website at
**https://www.texasattorneygeneral.gov/cs/payment-options-and-types**.

IT IS ORDERED that each party shall pay, when due, all fees charged to that party by the
state disbursement unit and any other agency statutorily authorized to charge a fee.

IT IS FURTHER ORDERED that RICHARD HUBBARD shall notify this Court and
JULIA HUBBARD by U.S. certified mail, return receipt requested, of any change of address and
of any termination of employment. This notice shall be given no later than seven days after the
change of address or the termination of employment. This notice or a subsequent notice shall
also provide the current address of RICHARD HUBBARD and the name and address of his
current employer, whenever that information becomes available.

IT IS ORDERED that, on the request of a prosecuting attorney, the title IV-D agency, the
friend of the Court, a domestic relations office, JULIA HUBBARD, RICHARD HUBBARD, or
an attorney representing JULIA HUBBARD or RICHARD HUBBARD the clerk of this Court
shall cause a certified copy of the Income Withholding for Support to be delivered to any
employer.

IT IS ORDERED that RICHARD HUBBARD and JULIA HUBBARD shall each
provide additional child support for the child as set out in this order for as long as the Court may
order RICHARD HUBBARD and JULIA HUBBARD to provide support for the child under
sections 154.001 and 154.002 of the Texas Family Code. Beginning on the day RICHARD
HUBBARD and JULIA HUBBARD's actual or potential obligation to support the child under
sections 154.001 and 154.002 of the Family Code terminates, IT IS ORDERED that RICHARD
HUBBARD and JULIA HUBBARD are discharged from these obligations with respect to that
child, except for any failure by a parent to fully comply with these obligations before that date.
IT IS FURTHER ORDERED that the cash medical support payments, payments for the cost of
health insurance ordered below are payable through the state disbursement unit and subject to the
provisions for withholding from earnings provided above for other child support payments.

I.    Definitions—

"Health insurance" means insurance coverage that provides basic health-care services,
including usual physician services, office visits, hospitalization, and laboratory, X-ray, and

EXHIBIT B, page 260

emergency services, that may be provided through a health maintenance organization or other private or public organization, other than medical assistance under chapter 32 of the Texas Human Resources Code.

"Reasonable cost" of health insurance means the cost of health insurance coverage for a child that does not exceed 9 percent RICHARD HUBBARD's annual resources, as described by section 154.062(b) of the Texas Family Code.

"Dental insurance" means insurance coverage that provides preventive dental care and other dental services, including usual dentist services, office visits, examinations, X-rays, and emergency services, that may be provided through a single service health maintenance organization or other private or public organization.

"Reasonable cost" of dental insurance means the cost of dental insurance coverage for a child that does not exceed 1.5 percent of RICHARD HUBBARD's annual resources, as described by section 154.062(b) of the Texas Family Code.

"Health-care expenses" include, without limitation, medical, surgical, prescription drug, mental health-care services, dental, eye care, ophthalmological, and orthodontic charges but do not include expenses for travel to and from the provider or for nonprescription medication.

"Health-care expenses that are not reimbursed by insurance" ("unreimbursed expenses") include related copayments and deductibles.

"Furnish" means—

    a.    to deliver the document to the recipient by first-class mail or by certified mail, return receipt requested, to the recipient's last known mailing or residence address

For JULIA HUBBARD, the address to be used is:

c/o Yael Israel

██████████████

Arlington, Virginia 22205

    2.    Findings on Availability of Health Insurance—Having considered the cost, accessibility, and quality of health insurance coverage available to the parties, the Court finds:

No parent has access to private health insurance at a reasonable cost.

IT IS FURTHER FOUND that the following orders regarding health-care coverage are in the best interest of the child.

3.     Provision of Health-Care Coverage—

JULIA HUBBARD is ORDERED to maintain coverage under a governmental medical assistance program or health plan for the child as long as child support is payable for that child, by paying all applicable fees required for the coverage, including but not limited to enrollment fees and premiums. JULIA HUBBARD is ORDERED—

a.   to furnish to the Office of the Attorney General Child Support Division the following information no later than the thirtieth day after the date the notice of the rendition of this order is received:

   i.   JULIA HUBBARD's Social Security number;

   ii.   proof that coverage under a governmental medical assistance program or health plan has been provided for the child;

   iii.   the following documents, to the extent they are applicable for the coverage provided for the child:

      (a)   the name of the health insurance carrier;

      (b)   the number of the policy;

      (c)   a copy of the policy;

      (d)   a schedule of benefits;

      (e)   a health insurance membership card or Children's Medicaid card;

      (f)   claim forms; and

      (g)   any other information necessary to submit a claim; and

b.   to furnish to the Office of the Attorney General Child Support Division a copy of any renewals or changes to the coverage provided for the child and any additional information regarding that coverage of the child not later than the fifteenth day after JULIA HUBBARD receives or is provided with the renewal, change, or additional information;

c.   to notify the Office of the Attorney General Child Support Division of any termination or lapse of the coverage provided for the child not later than the fifteenth day after the date of the termination or lapse;

d.   after a termination or lapse of the coverage provided for the child, to notify the Office of the Attorney General Child Support Division of the availability to JULIA HUBBARD of additional health insurance for the child or coverage under a governmental medical assistance program or

health plan not later than the fifteenth day after the date the additional health insurance or coverage becomes available; and

e.       after a termination or lapse of the coverage provided for the child, to enroll the child in a medical assistance program under chapter 32 of the Texas Human Resources Code or a state child health plan under chapter 62 of the Texas Health and Safety Code if the child is eligible for enrollment in the program.

Pursuant to section 154.182(b)(3) of the Texas Family Code, RICHARD HUBBARD is ORDERED to pay JULIA HUBBARD cash medical support, as additional child support, of ZERO dollars ($0.00) per month, with the first installment being due and payable on April1, 2022 and a like installment being due and payable on or before the 1st day of each month thereafter until the termination of current child support for the child under this order.

IT IS FURTHER ORDERED that the Income Withholding Order for Support authorized above in this order shall include the payments for the cash medical support ordered herein.

IT IS FURTHER ORDERED that all payments of cash medical support shall be made through the state disbursement unit at Texas Child Support Disbursement Unit, P.O. Box 659791, San Antonio, Texas 78265-9791. IT IS ORDERED that all payments shall be made payable to the Office of the Attorney General and include the ten-digit Office of the Attorney General case number (if available), the cause number of this suit, RICHARD HUBBARD's name as the name of the noncustodial parent (NCP), and JULIA HUBBARD's name as the name of the custodial parent (CP). Payment options are found on the Office of the Attorney General's website at **https://www.texasattorneygeneral.gov/cs/payment-options-and-types**.

IT IS ORDERED that the cash medical support provisions of this order shall be an obligation of the estate of RICHARD HUBBARD and shall not terminate on his death.

RICHARD HUBBARD is allowed to discontinue payment of cash medical support, for the time RICHARD HUBBARD is providing coverage, if—

a.       health insurance for the child becomes available to RICHARD HUBBARD at a reasonable cost;

b.       RICHARD HUBBARD enrolls the child in the insurance plan; and

c.       RICHARD HUBBARD provides JULIA HUBBARD and the title IV-D agency the information required under section 154.185 of the Texas Family Code.

4.       Findings on Availability of Dental Insurance—Having considered the cost, accessibility, and quality of dental insurance coverage available to the parties, the Court finds:

No parent has access to dental insurance at a reasonable cost.

5.       Allocation of Unreimbursed Expenses—Pursuant to section 154.183(c) of the

Texas Family Code, the reasonable and necessary health-care expenses of the child that are not reimbursed by health insurance or dental insurance or are not otherwise covered by the amount of cash medical support ordered above are allocated as follows: JULIA HUBBARD is ORDERED to pay 50 percent and RICHARD HUBBARD is ORDERED to pay 50 percent of the unreimbursed health-care expenses that exceed the amount of cash medical support paid by RICHARD HUBBARD.

JULIA HUBBARD who incurs a health-care expense on behalf of the child is ORDERED to furnish to RICHARD HUBBARD all forms, receipts, bills, statements, and explanations of benefits reflecting the unreimbursed portion of the health-care expenses within thirty days after the incurring conservator receives them. If JULIA HUBBARD furnishes to RICHARD HUBBARD the forms, receipts, bills, statements, and explanations of benefits reflecting the unreimbursed portion of the health-care expenses within thirty days after JULIA HUBBARD receives them, then RICHARD HUBBARD is ORDERED to pay JULIA HUBBARD'S percentage of the unreimbursed portion of the health-care expenses either by paying the health-care provider directly or by reimbursing JULIA HUBBARD for any advance payment exceeding JULIA HUBBARD's percentage of the unreimbursed portion of the health-care expenses within thirty days after RICHARD HUBBARD receives the forms, receipts, bills, statements, and/or explanations of benefits. If JULIA HUBBARD fails to furnish to the RICHARD HUBBARD the forms, receipts, bills, statements, and explanations of benefits reflecting the unreimbursed portion of the health-care expenses within thirty days after JULIA HUBBARD receives them, then RICHARD HUBBARD is ORDERED to pay the JULIA HUBBARD's percentage of the unreimbursed portion of the health-care expenses either by paying the health-care provider directly or by reimbursing JULIA HUBBARD for any advance payment exceeding the incurring conservator's percentage of the unreimbursed portion of the health-care expenses within 120 days after RICHARD HUBBARD receives the forms, receipts, bills, statements, and/or explanations of benefits.

7.      Secondary Coverage—IT IS ORDERED that if JULIA HUBBARD provides secondary health insurance coverage or dental insurance coverage for the child, JULIA HUBBARD and RICHARD HUBBARD shall cooperate fully with regard to the handling and filing of claims with the insurance carrier providing the coverage in order to maximize the benefits available to the child and to ensure that the conservator who pays for health-care expenses for the child is reimbursed for the payment from both carriers to the fullest extent possible.

8.      Compliance with Insurance Company Requirements—JULIA HUBBARD is ORDERED to conform to all requirements imposed by the terms and conditions of any policy of health or dental insurance covering the child in order to assure the maximum reimbursement or direct payment by any insurance company of the incurred health-care expense, including but not limited to requirements for advance notice to any carrier, second opinions, and the like. JULIA HUBBARD is ORDERED to use "preferred providers" or services within the health maintenance organization or preferred provider network, if applicable. Disallowance of the bill by an insurance company shall not excuse the obligation of JULIA HUBBARD to make payment. Excepting emergency health-care expenses incurred on behalf of the child, if JULIA HUBBARD incurs health-care expenses for the child using "out-of-network" providers or

services or fails to follow the insurance company procedures or requirements, JULIA
HUBBARD shall pay all such health-care expenses incurred absent (1) written agreement of the
conservators allocating such health-care expenses or (2) further order of the Court.

9.      The conservator, JULIA HUBBARD, who is carrying the health or dental
insurance policy covering the child is ORDERED to submit all forms required by the insurance
company for payment or reimbursement of health-care expenses incurred by JULIA HUBBARD
on behalf of the child to the insurance carrier within fifteen days of that conservator's receiving
any form, receipt, bill, or statement reflecting the expenses.

10.      Constructive Trust for Payments Received—IT IS ORDERED that any insurance
payments received by JULIA HUBBARD from the health or dental insurance carrier as
reimbursement for health-care expenses incurred by or on behalf of the child shall belong to the
JULIA HUBBARD who paid those expenses. IT IS FURTHER ORDERED that the conservator,
JULIA HUBBARD, receiving the insurance payments is designated a constructive trustee to
receive any insurance checks or payments for health-care expenses paid by the other conservator,
and the conservator carrying the policy shall endorse and forward the checks or payments, along
with any explanation of benefits received, to the other conservator within three days of receiving
them.

11.      WARNING—A PARENT ORDERED TO PROVIDE HEALTH INSURANCE OR
DENTAL INSURANCE OR TO PAY THE OTHER PARENT ADDITIONAL CHILD SUPPORT FOR THE
COST OF HEALTH INSURANCE DENTAL INSURANCE WHO FAILS TO DO SO IS LIABLE FOR
NECESSARY MEDICAL EXPENSES OR DENTAL EXPENSES OF THE CHILD, WITHOUT REGARD
TO WHETHER THE EXPENSES WOULD HAVE BEEN PAID IF HEALTH INSURANCE OR DENTAL
INSURANCE HAD BEEN PROVIDED, AND FOR THE COST OF HEALTH INSURANCE PREMIUMS,
DENTAL INSURANCE PREMIUMS, OR CONTRIBUTIONS, IF ANY, PAID ON BEHALF OF THE
CHILD.

IT IS ORDERED that the child support as prescribed in this decree shall be exclusively
discharged in the manner ordered and that any direct payments made by RICHARD HUBBARD
to JULIA HUBBARD or any expenditures incurred by RICHARD HUBBARD during
RICHARD HUBBARD's periods of possession of or access to the child, as prescribed in this
decree, for food, clothing, gifts, travel, shelter, or entertainment are deemed in addition to and
not in lieu of the support ordered in this decree.

IT IS ORDERED that the provisions for child support in this decree shall be an
obligation of the estate of RICHARD HUBBARD and shall not terminate on the death of
RICHARD HUBBARD. IT IS ORDERED that payments received by JULIA HUBBARD for the
benefit of the child due to the death of RICHARD HUBBARD including payments from the
Social Security Administration, Department of Veterans Affairs, or other governmental agency
or life insurance proceeds, annuity payments, trust distributions, or retirement survivor benefits,
shall be a credit against this obligation. Any remaining balance of the child support is an
obligation of RICHARD HUBBARD's estate.

The provisions of this decree relating to current child support terminate on the remarriage of RICHARD HUBBARD to JULIA HUBBARD unless a nonparent or agency has been appointed conservator of the child under chapter 153 of the Texas Family Code. An obligation to pay child support under this decree does not terminate on the death of JULIA HUBBARD but continues as an obligation to S██████L. H██████

The information required for each party by section 105.006(a) of the Texas Family Code is as follows:

Name: RICHARD HUBBARD

    Social Security number: XXX-XX-X363

    Driver's license number and issuing state: Texas XXXXXX-012

    Current residence address: 28827 Fine Rd., Marble Falls, Texas 78654

    Mailing address: 28827 Fine Rd., Marble Falls, Texas 78654

    Home telephone number:

    Name of employer: Any employer of Richard Hubbard including, but not limited to his EcoLoft Homes LLC

    Address of employment: Any address of any employer of Richard Hubbard, including but not limited to Eco Loft Homes at *3610-2 N JOSEY LANE #223 CARROLLTON, TX 75007-0000*
    Work telephone number:

The Court has ordered restrictions be placed on the distribution of this information regarding JULIA HUBBARD pursuant to Texas Family Code section 105.006(c), to wit:

## NONDISCLOSURE FINDING

IT IS FOUND, pursuant to Texas Family Code section 105.006(c), that disclosure of information required by Texas Family Code sections 105.006(a) and (c) is likely to cause JULIA HUBBARD, or the child harassment, abuse, serious harm or injury. Therefore, it is ORDERED that JULIA HUBBARD is required to notify the State Case registry of her current and future information required by Texas Family Code section 105.006(e).

It is ORDERED that any custodian of records, including but not limited to judicial clerks, medical offices, and school offices, must delete all references in the records to the place of residence of JULIA HUBBARD or the child before release of the records to another party appointed as conservator or to RICHARD HUBBARD.

Name: JULIA HUBBARD

    Social Security number: CONFIDENTIAL

Driver's license number and issuing state: Virginia

Current residence address: CONFIDENTIAL

Mailing address: CONFIDENTIAL

Home telephone number: CONFIDENTIAL

Name of employer: CONFIDENTIAL

Address of employment: CONFIDENTIAL

Work telephone number: CONFIDENTIAL

NOTICE TO ANY PEACE OFFICER OF THE STATE OF TEXAS: YOU MAY USE REASONABLE EFFORTS TO ENFORCE THE TERMS OF CHILD CUSTODY SPECIFIED IN THIS ORDER. A PEACE OFFICER WHO RELIES ON THE TERMS OF A COURT ORDER AND THE OFFICER'S AGENCY ARE ENTITLED TO THE APPLICABLE IMMUNITY AGAINST ANY CLAIM, CIVIL OR OTHERWISE, REGARDING THE OFFICER'S GOOD FAITH ACTS PERFORMED IN THE SCOPE OF THE OFFICER'S DUTIES IN ENFORCING THE TERMS OF THE ORDER THAT RELATE TO CHILD CUSTODY. ANY PERSON WHO KNOWINGLY PRESENTS FOR ENFORCEMENT AN ORDER THAT IS INVALID OR NO LONGER IN EFFECT COMMITS AN OFFENSE THAT MAY BE PUNISHABLE BY CONFINEMENT IN JAIL FOR AS LONG AS TWO YEARS AND A FINE OF AS MUCH AS $10,000.

THE COURT MAY MODIFY THIS ORDER THAT PROVIDES FOR THE SUPPORT OF A CHILD, IF:

(1)  THE CIRCUMSTANCES OF THE CHILD OR A PERSON AFFECTED BY THE ORDER HAVE MATERIALLY AND SUBSTANTIALLY CHANGED; OR

(2)  IT HAS BEEN THREE YEARS SINCE THE ORDER WAS RENDERED OR LAST MODIFIED AND THE MONTHLY AMOUNT OF THE CHILD SUPPORT AWARD UNDER THE ORDER DIFFERS BY EITHER 20 PERCENT OR $100 FROM THE AMOUNT THAT WOULD BE AWARDED IN ACCORDANCE WITH THE CHILD SUPPORT GUIDELINES.

WARNINGS TO PARTIES: FAILURE TO OBEY A COURT ORDER FOR CHILD SUPPORT OR FOR POSSESSION OF OR ACCESS TO A CHILD MAY RESULT IN FURTHER LITIGATION TO ENFORCE THE ORDER, INCLUDING CONTEMPT OF COURT. A FINDING OF CONTEMPT MAY BE PUNISHED BY CONFINEMENT IN JAIL FOR UP TO SIX MONTHS, A FINE OF UP TO $500 FOR EACH VIOLATION, AND A MONEY JUDGMENT FOR PAYMENT OF ATTORNEY'S FEES AND COURT COSTS.

FAILURE OF A PARTY TO MAKE A CHILD SUPPORT PAYMENT TO THE PLACE AND IN THE MANNER REQUIRED BY A COURT ORDER MAY RESULT IN THE PARTY'S NOT RECEIVING

CREDIT FOR MAKING THE PAYMENT.

FAILURE OF A PARTY TO PAY CHILD SUPPORT DOES NOT JUSTIFY DENYING THAT PARTY COURT-ORDERED POSSESSION OF OR ACCESS TO A CHILD. REFUSAL BY A PARTY TO ALLOW POSSESSION OF OR ACCESS TO A CHILD DOES NOT JUSTIFY FAILURE TO PAY COURT-ORDERED CHILD SUPPORT TO THAT PARTY.

*Division of Marital Estate*

The Court finds that no community property other than personal effects has been accumulated by the parties.

IT IS ORDERED AND DECREED that the personal effects of the parties are awarded to the party having possession.

IT IS ORDERED AND DECREED that Petitioner, RICHARD HUBBARD, shall pay, as a part of the division of the estate of the parties, and shall indemnify and hold Respondent, JULIA HUBBARD and Respondent's property harmless from any failure to so discharge, these items:

P-1.    All debts, charges, liabilities, and other obligations incurred solely by Petitioner from and after March 10, 2017 unless express provision is made in this decree to the contrary.

IT IS ORDERED AND DECREED that Respondent, JULIA HUBBARD shall pay, as a part of the division of the estate of the parties, and shall indemnify and hold Petitioner, RICHARD HUBBARD, and Petitioner's property harmless from any failure to so discharge, these items:

R-1.    All debts, charges, liabilities, and other obligations incurred solely by Respondent from and after March 10, 2017 unless express provision is made in this decree to the contrary.

To effect an equitable division of the estate of the parties and as a part of the division, each party shall be responsible for his or her own attorney's fees, expenses, and costs incurred as a result of legal representation in this case.

IT IS ORDERED AND DECREED that RICHARD HUBBARD shall be solely responsible for all federal income tax liabilities of the parties allocable to the period from the date of marriage through December 31, 2019, and shall timely pay any taxes, penalties, and interest due thereon and shall indemnify and hold JULIA HUBBARD and JULIA HUBBARD's property harmless therefrom unless such additional tax, penalty, or interest resulted from JULIA HUBBARD's omission of income or claim of erroneous deduction, in which case JULIA HUBBARD shall pay, and hold RICHARD HUBBARD and RICHARD HUBBARD's property

EXHIBIT B, page 268

harmless from, the additional tax, penalty, and interest allocable to the omitted income or erroneous deduction.

IT IS ORDERED AND DECREED that if a refund of tax or other amounts is made for any year during the parties' marriage through December 31, 2019, each party shall be entitled to one-half of the refund amount, and the party receiving the refund check is designated a constructive trustee for the benefit of the other party to the extent of one-half of the refund amount, and the party receiving the refund check shall pay to the other party one-half of the refund amount within five days of receipt of the refund check. Each party is ORDERED to endorse the refund check on presentation by the other party.

IT IS ORDERED AND DECREED that each party shall be solely liable for the tax liability shown on his or her return and shall timely pay and hold the other party and the other party's property harmless from any liability of the reporting party for federal income taxes for the calendar year 2022.

IT IS ORDERED AND DECREED that for the calendar year 2022, each party shall indemnify and hold the other party and the other party's property harmless from any tax liability associated with the reporting party's federal income tax return for that year unless the parties have agreed to allocate their tax liability in a manner different from that reflected on their returns.

IT IS ORDERED AND DECREED that the parties shall cooperate with each other and exchange all relevant information, notices, and documents in the event of an audit or examination (or notice thereof) of their income tax returns for any period during their marriage through the date of divorce by the Internal Revenue Service or other governmental agency, and each party shall have the right to participate, at that participant party's cost and expense, in that audit or examination individually or by that party's designated representative.

IT IS ORDERED AND DECREED that any assets of the parties not awarded or divided by this Final Decree of Divorce are subject to future division as provided in the Texas Family Code.

IT IS FURTHER ORDERED AND DECREED, as a part of the division of the estate of the parties, that any liability not expressly assumed by a party under this decree is to be paid by the party incurring the liability, and the party incurring the liability shall indemnify and hold the other party and the other party's property harmless from any failure to so discharge the liability.

IT IS ORDERED AND DECREED that the following described property is confirmed as the separate property of RICHARD HUBBARD:

1999 Toyota 4Runner, as identified in RICHARD HUBBARD's Original Petition for Divorce under cause number D-1-FM-19-006725.

IT IS ORDERED AND DECREED that the following described property is confirmed as the separate property of JULIA HUBBARD:

2019 Jeep Cherokee

This decree shall serve as a muniment of title to transfer ownership of all property awarded to any party in this Final Decree of Divorce.

*Court Costs*

IT IS ORDERED AND DECREED that costs of court are to be borne by the party who incurred them.

IT IS ORDERED AND DECREED that Petitioner and Respondent are discharged from all further liabilities and obligations imposed by the temporary order of this Court rendered on March 9, 2020.

*Discharge from Discovery Retention Requirement*

IT IS ORDERED AND DECREED that the parties and their respective attorneys are discharged from the requirement of keeping and storing the documents produced in this case in accordance with rule 191.4(d) of the Texas Rules of Civil Procedure.

*Clarifying Orders*

Without affecting the finality of this Final Decree of Divorce, this Court expressly reserves the right to make orders necessary to clarify and enforce this decree.

*Relief Not Granted*

IT IS ORDERED AND DECREED that all relief requested in this case and not expressly granted is denied. This is a final judgment, for which let execution and all writs and processes necessary to enforce this judgment issue. This judgment finally disposes of all claims and all parties and is appealable.

This divorce judicially PRONOUNCED AND RENDERED in court at Austin, Travis County, Texas, on March 11, 2022 and further noted on the court's docket sheet on the same date, but signed on _____ April 8, 2022 _____.

_____
JUDGE PRESIDING

APPROVED AS TO FORM ONLY:

*Amerin Whisnant*

Amerin Whisnant
Attorney for Respondent
State Bar No.:24012652
amerin@eamerin.com
9600 Escarpment Blvd. Suite 745-151
512-808-0536
1-833-520-1554

APPROVED AND CONSENTED TO AS TO
BOTH FORM AND SUBSTANCE:

_____
Petitioner

_____
Respondent

EXHIBIT B, page 271

**PROTECTIVE ORDER – FAMILY ABUSE**
Commonwealth of Virginia    VA. CODE § 16.1-279.1

Case No. ........JA435485-01-00.........

FAIRFAX COUNTY J&DR - ADULT

[ ] Circuit Court
[X] Juvenile and Domestic Relations District Court

[ ] Amended Protective Order    [ ] Extension of Protective Order    [ ] Conviction for Violation of Protective Order

| PETITIONER | PETITIONER'S DATE OF BIRTH |
|---|---|
| HUBBARD, JULIA ALEXIS | 09/08/1981 |

LAST          FIRST          MIDDLE

And on behalf of minor family or household members:
(list each name and date of birth)
S███ HU██████          ███010

Other protected family or household members:
(list each name and date of birth)

v.

| RESPONDENT |
|---|
| HUBBARD, RICHARD LANE |

LAST          FIRST          MIDDLE

Petitioner's relationship to Respondent:
SPOUSE

28817 FINE RD
RESPONDENT'S ADDRESS
MARBLE FALLS, TX, 78654

**RESPONDENT IDENTIFIERS** (IF KNOWN)

| RACE | SEX | BORN | | | HT. | | WGT. | EYES | HAIR |
|---|---|---|---|---|---|---|---|---|---|
| | | MO. | DAY | YR. | FT. | IN. | | | |
| W | M | 09 | 10 | 73 | 5 | 10 | 175 | GRA | BRWN |

SSN          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

DRIVER'S LICENSE NO.    UNKNOWN          STATE  XX          EXP.

Distinguishing features:
TATTOOS: III ON RIGHT HAND, S█████

[ ] **CAUTION: Weapon Involved**

---

**THE COURT FINDS** that it has jurisdiction over the parties and subject matter, that the Respondent was given reasonable notice and an opportunity to be heard, AND that the Petitioner has proven the allegation of family abuse by a preponderance of the evidence, a motion to modify or extend a protective order was properly before the court, or the Respondent has been *Respondent failed to appear* convicted of a violation of a protective order pursuant to Va. Code § 16.1-253.2.

Accordingly, to protect the health and safety of the Petitioner and family or household members of the Petitioner, *after the Respondent will upon him*
**THE COURT ORDERS** that:

[X] The Respondent shall not commit acts of family abuse or criminal offenses that result in injury to person or property. *on 3/25/2020*

[X] The Respondent shall have no contact of any kind with the Petitioner

   [X] except as follows:          ORIGINAL DOCUMENT
      NONE. NO EXCEPTIONS.          STAMPED IN RED

[X] The Respondent shall have no contact of any kind with the family or household members of the Petitioner named above

   [X] except as follows:
      NONE. NO EXCEPTIONS.

[X] Additional terms of this order are set forth on page two.

THIS ORDER SHALL REMAIN IN FULL FORCE AND EFFECT UNTIL
| 04/07/2022 | | |
|---|---|---|
| MONTH | DAY | YEAR |
at 11:59 p.m.

---

**WARNINGS TO RESPONDENT:**          (See additional warnings to Respondent on page two.)

**Full Faith and Credit:** This order shall be enforced, even without registration, by the courts of any state, the District of Columbia, and any U.S. Territory, and may be enforced on Tribal Lands (18 U.S.C. § 2265).
**Federal Offenses:** Crossing state, territorial, or tribal boundaries to violate this order may result in federal imprisonment (18 U.S.C. § 2262). Federal law provides penalties for possessing, transporting, shipping, receiving or purchasing any firearm or ammunition while subject to a qualifying protective order and under the circumstances specified in 18 U.S.C. § 922(g)(8).
**Only the court can change this order.**

FORM DC-650 (MASTER, PAGE ONE OF  3  ) 07/16

Case No. ............ JA435485-01-00

It is further ORDERED as follows:

[ ] The Petitioner is granted possession of the residence occupied by the parties to the exclusion of the Respondent. The residence is located at .................................................................................................................... The Respondent shall immediately leave and stay away from the residence; however, no such grant of possession shall affect title to any real or personal property.

[ ] Until further order, being necessary for the protection of the Petitioner and family or household members of the Petitioner, [ ] temporary custody of [ ] temporary visitation with .................................................................... is as follows: .........................................................................................................................................................

[ ] The Respondent shall not terminate [ ] Respondent shall restore necessary utility service(s) to the premises indicated above, specifically, ....................................................................................................................................
UTILITY SERVICE(S)

[ ] The Petitioner is granted temporary exclusive possession or use of a motor vehicle jointly owned by the parties or owned by the Petitioner alone, described as follows:

.............................................................................. Such grant shall not affect title to the vehicle.
[ ] The Respondent shall not terminate the [ ] insurance [ ] registration [ ] taxes on this motor vehicle.
[ ] The Respondent shall maintain the [ ] insurance [ ] registration [ ] taxes for this motor vehicle.

[ ] The Respondent shall provide suitable alternative housing for the Petitioner [ ] and family or household members as follows: .......................................................................................................................................

[ ] The Respondent shall pay deposit(s) to connect or restore necessary utility service(s) in the alternative housing, specifically, ....................................................................................................................................................
UTILITY SERVICE(S)

[ ] The Respondent shall participate in the following treatment, counseling or other program: ..........................
..................................................................................................................................................................
PROGRAM NAME AND ADDRESS

[ ] The Petitioner is granted possession of the companion animal described as ...............................................
NAME/TYPE

[ ] The Petitioner [ ] and family or household members of the Petitioner is/are granted exclusive use and possession of a cellular telephone number or electronic device, as follows: ..........................................................................
[ ] The Respondent shall not terminate a cellular telephone number or electronic device before expiration of the contract term with a third-party provider, as follows: ...................................................................................
[ ] The Respondent shall not use a cellular telephone or other electronic device to locate the Petitioner.

[X] It is further ordered that RESPONDENT TO STAY 500 FEET AWAY FROM PETITIONER, AND OTHER PROTECTED FAMILY OR HOUSEHOLD MEMBER LISTED, AT ALL TIMES AND LOCATIONS.
..................................................................................................................................................................

[ ] Supplemental Sheet to Protective Order, Form DC-653, attached and incorporated by reference.
Number of supplemental pages ......................

[ ] Final judgment having been rendered on appeal from the juvenile and domestic relations district court, this matter is remanded to the jurisdiction of the juvenile and domestic relations district court pursuant to Va. Code §16.1-297.

04/07/2020
............................                    ...................................................
DATE                                              JUDGE

## ADDITIONAL WARNINGS TO RESPONDENT:
If Respondent violates the conditions of this order, Respondent may be sentenced to jail and/or ordered to pay a fine. This order will be entered into the Virginia Criminal Information Network. Either party may at any time file a motion with the court requesting a hearing to dissolve or modify this order; however, this order remains in full force and effect unless and until dissolved or modified by the court.

## VIRGINIA FIREARMS PROHIBITIONS:
Pursuant to Code of Virginia § 18.2-308.1:4, Respondent shall not purchase, transport or possess any firearm while this order is in effect. For a period of 24 hours after being served with this order, Respondent may, however, continue to possess and transport a firearm possessed by Respondent at the time of service for the purposes of selling or transferring that firearm to any person who is not prohibited by law from possessing that firearm.
If Respondent has a concealed handgun permit, Respondent must immediately surrender that permit to the court issuing this order.

FORM DC-650 (MASTER, PAGE TWO OF ___3___) 07/18

ORIGINAL DOCUMENT
STAMPED IN RED

Case No. .................. JA435485-01-00

**RETURNS:** Each person was served according to law, as indicated below, unless not found.

| RESPONDENT: | PETITIONER: (See form DC-621, Non-Disclosure Addendum) |
|---|---|
| NAME    HUBBARD, RICHARD LANE | NAME    HUBBARD, JULIA ALEXIS |

RESPONDENT:

NAME    HUBBARD, RICHARD LANE

ADDRESS .......... 28817 FINE RD
MARBLE FALLS, TX, 78654

[ ] PERSONAL SERVICE    TELEPHONE NUMBER ...........

[ ] NOT FOUND

_____
SERVING OFFICER
for ...........
_____
DATE AND TIME

RESPONDENT'S DESCRIPTION: (for VCIN entry):
RACE ...........    SEX ...........
DOB: ...........
HGT ...........    WGT ...........
EYES ...........    HAIR ...........
SSN ...........
Relationship to Petitioner/Plaintiff ...........
Distinguishing features ...........

PETITIONER: (See form DC-621, Non-Disclosure Addendum)

NAME    HUBBARD, JULIA ALEXIS

[✓] PERSONAL SERVICE

[ ] NOT FOUND

J. Blein 8th FCSO
SERVING OFFICER
Stacey A. Kincaid, Sheriff
Fairfax, VA
for ........... 4/7/20    10:15 am
DATE AND TIME

[ ] Copy delivered to

_____
_____
by ...........
TITLE
_____
SIGNATURE

**DEFINITIONS:**

"Family abuse" means any act involving violence, force, or threat that results in bodily injury or places one in reasonable apprehension of death, sexual assault, bodily injury and that is committed by a person against such person's family or household member. Such act includes, but is not limited to, any forceful detention, stalking, criminal sexual assault in violation of Article 7 (§ 18.2-61 et. seq.) of Chapter 4 of Title 18.2, or any criminal offense that results in bodily injury or places one in reasonable apprehension of death, sexual assault, or bodily injury.

"Family or household member" means (i) the person's spouse, whether or not he or she resides in the same home with the person, (ii) the person's former spouse, whether or not he or she resides in the same home with the person, (iii) the person's parents, stepparents, children, stepchildren, brothers, sisters, half-brothers, half-sisters, grandparents and grandchildren regardless of whether such persons reside in the same home with the person, (iv) the person's mother-in-law, father-in-law, sons-in-law, daughters-in-law, brothers-in-law and sisters-in-law who reside in the same home with the person, or (v) any individual who has a child in common with the defendant, whether or not the person and that individual have been married or have resided together at any time, or (vi) any individual who cohabits or who, within the previous twelve (12) months, cohabitated with the person, and any children of either of them residing in the same home with the person.

FORM DC-650 (MASTER, PAGE THREE OF    3    ) 07/14

ORIGINAL DOCUMENT
STAMPED IN RED

FAIRFAX COUNTY
JUVENILE & DOMESTIC RELATIONS DISTRICT COURT
I, the undersigned clerk or deputy clerk of the above-named court, authenticate pursuant to Va. Code 8.01-391(C) on this date that the document to which this authentication is affixed is a true copy of a record in the above-named court, made in performance of my official duties.

04/07/2020
DATE

CLERK/DEPUTY CLERK

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 63439132
Status as of 4/11/2022 2:33 PM CST

Associated Case Party: RICHARD HUBBARD

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| RICHARD LANEHUBBARD | | rick@ecoloft.us | 4/11/2022 10:24:44 AM | SENT |
| Richard Hubbard | | ricklhubbard@gmail.com | 4/11/2022 10:24:44 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Cynthia Gonzalez | | Cynthiac.gonzalez@traviscountytx.gov | 4/11/2022 10:24:44 AM | SENT |

Associated Case Party: JULIAAHUBBARD

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Amerin Whisnant | | amerin@eamerin.com | 4/11/2022 10:24:44 AM | SENT |

## INCOME WITHHOLDING FOR SUPPORT

**OMB 0970-0154**
**Expiration Date: 09/30/2023**

### I. Sender Information: (Completed by the Sender)

Date: 03/22/2022

[✓] **INCOME WITHHOLDING ORDER/NOTICE FOR SUPPORT (IWO)**   [ ] **AMENDED IWO**

[ ] **ONE-TIME ORDER/NOTICE FOR LUMP SUM PAYMENT**   [ ] **TERMINATION OF IWO**

[ ] Child Support Enforcement (CSE) Agency [✓] Court [ ] Attorney [ ] Private Individual/Entity  (Check One)

**NOTE:** This IWO must be regular on its face. Under certain circumstances you must reject this IWO and return it to the sender (see IWO instructions www.acf.hhs.gov/css/resource/income-withholding-for-support-instructions). If you receive this document from someone other than a state or tribal CSE agency or a court, a copy of the underlying support order must be attached.

State/Tribe/Territory  Texas
City/County/Dist./Tribe Austin/Travis/
Private Individual Entity _____

Remittance ID (include w/payment) _____
Order ID D-1-FM-19-006725
Case ID D-1-FM-19-006725

### II. Employer and Case Information: (Completed by the Sender)

Any employer of Richard Hubbard
Employer/Income Withholder's Name

Employer/Income Withholder's Address
_____
_____

Employer/Income Withholder's FEIN _____

Child(ren)'s Name(s) (Last, First, Middle)
Hubbard, S███████ L███████
_____
_____
_____
_____

RE:  Hubbard, Richard Lane
XXX-XX-X363
Employee/Obligor's Name (Last, First, Middle)

Employee/Obligor's Social Security Number
███████973
Employee/Obligor's Date of Birth
Hubbard, Julia
Custodial Party/Obligee's Name (Last, First, Middle)

Child(ren)'s Birth Date(s)
█████ ██, 2010
_____
_____
_____

4/11/2022 10:28 AM

Velva L. Price

District Clerk

Travis County
D-1-FM-19-006725
Albert Tobeck

### III. Order Information: (Completed by the Sender)

This document is based on the support order from   Texas                                    (State/Tribe).
You are required by law to deduct these amounts from the employee/obligor's income  until further notice.

| | | | |
|---|---|---|---|
| $ 1, 210.94 | Per month | current child support | |
| $_____ | Per _____ | past-due child support - Arrears greater than 12 weeks? [ ] Yes [ ] No | |
| $ 0.00 | Per month | current cash medical support | |
| $_____ | Per _____ | past-due cash medical support | |
| $_____ | Per _____ | current spousal support | |
| $_____ | Per _____ | past-due spousal support | |
| $_____ | Per _____ | other (must specify) _____ | |

for a **Total Amount to Withhold** of $  1, 210.94  per month             .

### IV. Amounts to Withhold: (Completed by the Sender)

You do not have to vary your pay cycle to be in compliance with the *Order Information*. If your pay cycle does not match the ordered payment cycle, withhold one of the following amounts:

$   279.45  per weekly pay period                    $   605.47   per semimonthly pay period (twice a month)
$   558.45  per biweekly pay period (every two weeks)  $   1,210.94  per monthly pay period
$_____   **Lump Sum Payment:** Do not stop any existing IWO unless you receive a termination order.

PAPERWORK REDUCTION ACT OF 1995 (Pub. L. 104-13) STATEMENT OF PUBLIC BURDEN: The purpose of this information collection is to provide uniformity and standardization. Public reporting burden for this collection of information is estimated to average two to five minutes per response, including the time for reviewing instructions, gathering and maintaining the data needed, and reviewing the collection of information. This is a mandatory collection of information in accordance with 45 CFR 303.100 of the Child Support Enforcement Program. An agency may not conduct or sponsor, and a person is not required to respond to, a collection of information subject to the requirements of the Paperwork Reduction Act of 1995, unless it displays a currently valid OMB control number. If you have any comments on this collection of information, please contact the Employer Services Team by email at employerservices@acf.hhs.gov.

EXHIBIT B, page 277

Employer/Income Withholder's Name: _Any employer of Richard_ #:2224 Employer/Income Withholder's FEIN: _____

Employee/Obligor's Name: Richard Hubbard _____     SSN: xxx-xx-x363 _____

Case ID: _D-1-FM-19-006725_____     Order ID: _D-1-FM-19-006725_____

### V. Remittance Information:  (Completed by the Sender except for the "Return to Sender" check box.)

If the employee/obligor's principal place of employment is _Texas_____ (State/Tribe), you must begin withholding no later than the first pay period that occurs _1___ days after the date of _receipt_____ of the order/notice. Send payment within _2____ business days of the pay date. If you cannot withhold the full amount of support for any or all orders for this employee/obligor, withhold _50___ % of disposable income for all orders. If the employee/obligor's principal place of employment is not _Texas_____ (State/Tribe), obtain withholding limitations, time requirements, the appropriate method to allocate among multiple child support cases/orders and any allowable employer fees from the jurisdiction of the employee/obligor's principal place of employment.

State-specific withholding limit information is available at www.acf.hhs.gov/css/resource/state-income-withholding-contacts-and-program-requirements. For tribe-specific contacts, payment addresses, and withholding limitations, please contact the tribe at www.acf.hhs.gov/sites/default/files/programs/css/tribal_agency_contacts_printable_pdf.pdf or www.bia.gov/tribalmap/DataDotGovSamples/tld_map.html.

You may not withhold more than the lesser of: 1) the amounts allowed by the Federal Consumer Credit Protection Act (CCPA) [15 USC §1673 (b)]; or 2) the amounts allowed by the law of the state of the employee/obligor's principal place of employment if the place of employment is in a state; or the tribal law of the employee/obligor's principal place of employment if the place of employment is under tribal jurisdiction. The CCPA is available at www.dol.gov/sites/dolgov/files/WHD/legacy/files/garn01.pdf. If the Order Information section does not indicate that the arrears are greater than 12 weeks, then the employer should calculate the CCPA limit using the lower percentage.

If there is more than one IWO against this employee/obligor and you are unable to fully honor all IWOs due to federal, state, or tribal withholding limits, you must honor all IWOs to the greatest extent possible, giving priority to current support before payment of any past-due support.

If the obligor is a nonemployee, obtain withholding limits from the **Supplemental Information** section in this IWO. This information is also available at www.acf.hhs.gov/css/resource/state-income-withholding-contacts-and-program-requirements.

| | |
|---|---|
| **Remit payment to** _Texas State Disbursement Unit_____ | (SDU/Tribal Order Payee) |
| at  _P.O. Box 659791, San Antonio, Texas 78265-9791_____ | (SDU/Tribal Payee Address) |

Include the Remittance ID with the payment and if necessary this locator code of the SDU/Tribal order payee _____ on the payment.

To set up electronic payments or to learn state requirements for checks, contact the State Disbursement Unit (SDU). Contacts and information are found at www.acf.hhs.gov/css/resource/sdu-eft-contacts-and-program-requirements.

☐ **Return to Sender (Completed by Employer/Income Withholder).** Payment must be directed to an SDU in accordance with sections 466(b)(5) and (6) of the Social Security Act or Tribal Payee (see Payments in Section VI). If payment is not directed to an SDU/Tribal Payee or this IWO is not regular on its face, you must check this box and return the IWO to the sender.

| |
|---|
| **If Required by State or Tribal Law:**                ~~MCH~~ |
| Signature of Judge/Issuing Official: _____ |
| Print Name of Judge/Issuing Official: _Maria Cantu Hexsel_ |
| Title of Judge/Issuing Official: _53rd District Court Judge_         _signed on April 8, 2022_ |
| Date of Signature: _____ |

If the employee/obligor works in a state or for a tribe that is different from the state or tribe that issued this order, a copy of this IWO must be provided to the employee/obligor.

☐ If checked, the employer/income withholder must provide a copy of this form to the employee/obligor.

EXHIBIT B, page 278

Employer/Income Withholder's Name: __Any employer of Richard that__   Employer/Income Withholder's  FEIN: _____

Employee/Obligor's Name:  __Richard Hubbard__                                        SSN:  __xxx-xx-x363__

Case ID: __D-1-FM-19-006725__                    Order ID: __D-1-FM-19-006725__

**VI.  Additional Information for Employers/Income Withholders:  (Completed by the Sender)**

**Priority:**  Withholding for support has priority over any other legal process under State law against the same income (section 466(b)(7) of the Social Security Act). If a federal tax levy is in effect, please notify the sender.

**Payments:**  You must send child support payments payable by income withholding to the appropriate State Disbursement Unit or to a tribal CSE agency within 7 business days, or fewer if required by state law, after the date the income would have been paid to the employee/obligor and include the date you withheld the support from his or her income.  You may combine withheld amounts from more than one employee/obligor's income in a single payment as long as you separately identify each employee/obligor's portion of the payment.  Child support payments may not be made through the federal Office of Child Support Enforcement (OCSE) Child Support Portal.

**Lump Sum Payments:**  You may be required to notify a state or tribal CSE agency of upcoming lump sum payments to this employee/obligor such as bonuses, commissions, or severance pay.  Contact the sender to determine if you are required to report and/or withhold lump sum payments.  Employers/income withholders may use OCSE's Child Support Portal (ocsp.acf.hhs.gov/csp/) to provide information about employees who are eligible to receive lump sum payments and to provide contacts, addresses, and other information about their companies.  Child support payments may not be made through the federal OCSE Child Support Portal.

**Liability:**  If you have any doubts about the validity of this IWO, contact the sender.  If you fail to withhold income from the employee/obligor's income as the IWO directs, you are liable for both the accumulated amount you should have withheld and any penalties set by state or tribal law/procedure.  _____

_____

_____

_____

_____

**Anti-discrimination:**  You are subject to a fine determined under state or tribal law for discharging an employee/obligor from employment, refusing to employ, or taking disciplinary action against an employee/obligor because of this IWO.

_____

_____

_____

_____

**Supplemental Information:** _____

_____

_____

_____

_____

_____

_____

_____

EXHIBIT B, page 279

Employer/Income Withholder's Name: __Any emplyer of Richard Hubbard__   Employer/Income Withholder's FEIN: _____

Employee/Obligor's Name: __Richard Hubbard_____   SSN: __xxx-xx-x363_____

Case ID: __D-1-FM-19-006725_____   Order ID: __D-1-FM-19-006725_____

**VII. Notification of Employment Termination or Income Status:  (Completed by the Employer/Income Withholder)**

If this employee/obligor never worked for you or you are no longer withholding income for this employee/obligor, you must promptly notify the CSE agency and/or the sender by returning this form to the address listed in the **Contact Information** section below or using OCSE's Child Support Portal (ocsp.acf.hhs.gov/csp/).  Please report the new employer or income withholder, if known.

☐ This person has never worked for this employer nor received periodic income.

☐ This person no longer works for this employer nor receives periodic income.

Please provide the following information for the employee/obligor:

Termination date: _____   Last known telephone number: _____

Last known address: _____

_____

Final payment date to SDU/Tribal Payee: _____   Final payment amount: _____

New employer's or income withholder's name: _____

New employer's or income withholder's address: _____

_____

**VIII.  Contact Information:  (Completed by the Sender)**

**To Employer/Income Withholder:**  If you have questions, contact _____ (sender name) by

telephone: _____ , by fax: _____ , by email or website: _____ .

Send termination/income status notice and other correspondence to: _____

_____ (sender address).

**To Employee/Obligor:**  If the employee/obligor has questions, contact _____ (sender name)

by telephone: _____ , by fax: _____ , by email or website: _____ .

IMPORTANT:  The person completing this form is advised that the information may be shared with the employee/obligor.

**Encryption Requirements:**
When communicating this form through electronic transmission, precautions must be taken to ensure the security of the data. Child support agencies are encouraged to use the electronic applications provided by the federal Office of Child Support Enforcement. Other electronic means, such as encrypted attachments to emails, may be used if the encryption method is compliant with Federal Information Processing Standard (FIPS) Publication 140-2 (FIPS PUB 140-2).

EXHIBIT B, page 280

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 63439404
Status as of 4/11/2022 2:34 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Cynthia Gonzalez | | Cynthiac.gonzalez@traviscountytx.gov | 4/11/2022 10:28:51 AM | SENT |

Associated Case Party: RICHARD HUBBARD

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Richard Hubbard | | ricklhubbard@gmail.com | 4/11/2022 10:28:51 AM | SENT |
| RICHARD LANEHUBBARD | | rick@ecoloft.us | 4/11/2022 10:28:51 AM | ERROR |

Associated Case Party: JULIAAHUBBARD

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Amerin Whisnant | | amerin@eamerin.com | 4/11/2022 10:28:51 AM | SENT |

EXHIBIT B, page 281



VELVA L. PRICE
DISTRICT CLERK, TRAVIS COUNTY
PO BOX 679003, AUSTIN TX 78767
(512) 854-9457

To:

ELIZABETH FRANCIS-WHISNANT

9600 ESCARPMENTBLVD SUITE 745-151

AUSTIN TX  78749

4/12/2022

NOTICE OF ORDER
**D-1-FM-19-006725**

**www.traviscountytx.gov/district-clerk/online-case-information**

You are hereby notified that an order has been signed and entered on 04/11/2022 in the 201st District Court of Travis County Texas in the above numbered and entitled cause.  A copy of the **Order** is available at the office of the clerk of the court, located at 1000 Guadalupe Street, 1st floor, room 103, Austin, Texas 78701.  **THE ORDER MAY BE SUBJECT TO APPEAL.**

VELVA L. PRICE, District Clerk



VELVA L. PRICE
DISTRICT CLERK, TRAVIS COUNTY
PO BOX 679003, AUSTIN TX 78767
(512) 854-9457

To:

RICHARD HUBBARD

28827 FINE ROAD

MARBLE FALLS TX  78654

4/12/2022

NOTICE OF ORDER

**D-1-FM-19-006725**

**www.traviscountytx.gov/district-clerk/online-case-information**

You are hereby notified that an order has been signed and entered on 04/11/2022 in the 201st District Court of Travis County Texas in the above numbered and entitled cause.  A copy of the **Order** is available at the office of the clerk of the court, located at 1000 Guadalupe Street, 1st floor, room 103, Austin, Texas 78701. **THE ORDER MAY BE SUBJECT TO APPEAL.**

VELVA L. PRICE, District Clerk

EXHIBIT B, page 283