1 | Gerald E. Hawxhurst (Bar No. 220327)
    jerry@hawxhurstllp.com
2 | Patrick B. Nichols (Bar No. 294389)
    pat@hawxhurstllp.com
3 | Kyle Foltyn-Smith (Bar No. 307835)
    kyle@hawxhurstllp.com
4 | HAWXHURST LLP
    11111 Santa Monica Blvd., Suite 620
5 | Los Angeles, California 90025
    Telephone:   (310) 893-5150
6 | Facsimile:   (310) 893-5195

7 | Ken C. Stone (pro hac vice)
    kstone@grayreed.com
8 | London England (pro hac vice)
    lengland@grayreed.com
9 | GRAY REED & McGRAW LLP
    1601 Elm St., Suite 4600
10 | Dallas, Texas 75201
    Telephone:   (214) 954-4135
11 | Facsimile:   (214) 953-1332

12 | Attorneys for Defendant Trammell S. Crow, Jr.

13 | Additional Counsel on Signature Page

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JULIA HUBBARD, et al., | Case No. 2:22-cv-7957-FLA-MAA |
|     Plaintiffs, | |
|     v. | **DEFENDANTS' JOINT RESPONSE TO ORDER TO SHOW CAUSE [DKT. NO. 87]** |
| TRAMMELL S. CROW, JR., et al., | |
|     Defendants. | |

1

## **Table of Contents**

2   ARGUMENT ................................................................................................. 2

3       A.  The Case Should Be Transferred to Texas. ................................... 2

4       B.  The Western District of Texas Is the Proper Venue for the Case. ............ 6

5       C.  The Court Should Determine the Pending Rule 12(b)(6) Motions

6           to Dismiss ................................................................................. 10

7   CONCLUSION ............................................................................................ 12

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' JOINT BRIEF IN RESPONSE TO ORDER TO SHOW CAUSE

# Table of Authorities[*]

## CASES

Amaru Ent., Inc. v. Heritage Cap. Corp.,
    2022 WL 18142555 (C.D. Cal. Nov. 30, 2022)................................................10

Calder v. Jones,
    465 U.S. 783 (1984) ..........................................................................................3

Decker Coal Co. v. Commonwealth Edison Co.,
    805 F.2d 834 (9th Cir. 1986).............................................................................2

Decter v. MOG Sales, LLC,
    2006 WL 3703368 (E.D. Cal. Dec. 14, 2006)...................................................4

Fluence Energy, LLC v. M/V BBC Finland,
    584 F. Supp. 3d 878 (S.D. Cal. 2022) ...............................................................3

Hernandez v. Baxter Healthcare Corp.,
    2015 WL 13756017 (C.D. Cal. Sept. 10, 2015).................................................5

In re Apple, Inc.,
    602 F.3d 909 (8th Cir. 2010)..............................................................................5

In re Bozic,
    888 F.3d 1048 (9th Cir. 2018)............................................................................5

Jones v. GNC Franchising, Inc.,
    211 F.3d 495 (9th Cir. 2000)..........................................................................2, 3

Klamath Tribes v. U.S. Bureau of Reclamation,
    2018 WL 3570865 (N.D. Cal. July 25, 2018)....................................................6

Koninklijke Philips N.V. v. Elec-Tech Int'l Co.,
    2015 WL 1289984 (N.D. Cal. Mar. 20, 2015)..................................................11

Libby, McNeill, & Libby v. City Nat. Bank,
    592 F.2d 504 (9th Cir. 1978)............................................................................11

---

[*] Unless stated otherwise, all emphasis is added, and internal quotations and citations are omitted.

DEFENDANTS' JOINT BRIEF IN RESPONSE TO ORDER TO SHOW CAUSE

*Lindora, LLC v. Isagenix Int'l, LLC,*

    198 F. Supp. 3d 1127 (S.D. Cal. 2016) ........................................................ 6

*Mrugeshkumar Shah, M.D.,*

    DAB No. 3079 (2022) (H.H.S. Dec. 12, 2022).................................................. 3

*Park v. Dole Fresh Vegetables, Inc.,*

    964 F. Supp. 2d 1088 (N.D. Cal. 2013) ..................................................... 2, 6

*Roe v. Intellicorp Records, Inc.,*

    2012 WL 3727323 (N.D. Cal. Aug. 27, 2012).................................................. 4

*Trujillo v. Intermex Prod. USA, Ltd,*

    2018 WL 6528428 (E.D. Cal. Dec. 12, 2018).................................................. 6

*Van Dusen v. Barrack,*

    376 U.S. 612 (1964) ................................................................................ 2, 12

*Williams v. Bowman,*

    157 F. Supp. 2d 1103 (N.D. Cal. 2001) ......................................................... 5

## **STATUTES**

28 U.S.C.A. § 1391(b)(2) ..................................................................................... 3

28 U.S.C.A. § 1404(a) ............................................................................... 1, 2, 11

- iii -

Defendants Trammell S. Crow, Jr., Dr. Benjamin Todd Eller, Dr. Melissa Miller, Dr. Scott Woods, Coe Juracek, Robert Pruitt, Cody Mitchell, Casey Grover (erroneously sued as Case Grover) and RCI Hospitality Holdings, Inc. (collectively, "Defendants")[1] respectfully submit this joint response to the Court's March 6, 2023 Order to Show Cause (Dkt. No. 87) ("OSC").

As the OSC correctly notes, only one defendant resides in California, the majority of events alleged occurred in Texas and most, if not all, witnesses and evidence are located in Texas.  (See OSC (Dkt. No. 87) at 2.)  As the OSC further notes, several (but not all) defendants moved to be dismissed for lack of personal jurisdiction.  (Id.; see also Dkt. Nos. 50, 55, 72, 76, 83, 102.)  Defendants agree that a United States District Court in Texas would be a more convenient forum for most of the parties and non-party witnesses and that transfer would be in the interest of justice.

Although a plaintiff's decision to file and prosecute its case in a particular forum is typically a significant factor in deciding transfer to another court under section 1404(a), plaintiffs' choice of venue in this instance should be given little weight because they do not reside in this forum, nor did any significant alleged conduct occur here.  While plaintiffs resided in Texas during the period when the alleged events supposedly occurred, according to their complaint they now live in Virginia—they do not live in California or Texas.  Moreover, because plaintiffs had the "first choice" of venue and clearly chose wrongly (because of forum shopping or other unexplained reasons), they should have no (or little) say about which judicial district or division the case is transferred to in Texas.

For the reasons identified in the OSC and shown below, the Court should transfer this case to the United States District Court for the Western District of Texas (the San Antonio or Austin Division).  In the interest of judicial economy and

---

[1] According to the Court's docket Plaintiffs have not served several named defendants.  (See 21-Day Summons Issued (Dkt. No. 95) at 5-6.)

DEFENDANTS' JOINT BRIEF IN RESPONSE TO ORDER TO SHOW CAUSE

preserving litigation resources, Defendants respectfully request that before ruling on whether and where to transfer the case, that the Court first determine the fully-briefed Rule 12(b)(6) motions to dismiss (Dkt. Nos. 26, 72, 76), set to be heard March 31, 2023.  If granted, these motions would end the case.

<u>Argument</u>

A.    **The Case Should Be Transferred to Texas.**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C.A. § 1404(a).  The purpose of section 1404(a) "is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense... ."  <u>Van Dusen v. Barrack</u>, 376 U.S. 612, 616 (1964).  Courts employ a two-step analysis to determine whether transfer is appropriate: first, courts consider whether the case could have been brought in the proposed transferee forum; and second, courts consider whether transfer would be convenient and fair.  <u>See Park v. Dole Fresh Vegetables, Inc.</u>, 964 F. Supp. 2d 1088, 1093 (N.D. Cal. 2013).

Transfer pursuant to 1404(a) lies within the discretion of the district court and depends on the facts of each particular case.  <u>See Jones v. GNC Franchising, Inc.</u>, 211 F.3d 495, 498 (9th Cir. 2000).  In making the transfer decision a court must consider both "public" factors, which go to the interests of justice, and "private" factors, which go to the convenience of the parties and witnesses.  <u>See Decker Coal Co. v. Commonwealth Edison Co.</u>, 805 F.2d 834, 843 (9th Cir. 1986).  Such factors include: (1) the location where relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the parties' respective contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel

- 2 -

1  attendance of unwilling non-party witnesses; (8) the ease of access to sources of

2  proof; (9) the presence of a forum selection clause; and (10) the relevant public

3  policy of the forum state, if any.  See Jones, 211 F.3d at 498-99 (describing factors

4  courts should consider when determining forum (the "Jones factors")).  In the

5  transfer inquiry, courts may evaluate evidence outside the pleadings.  Fluence

6  Energy, LLC v. M/V BBC Finland, 584 F. Supp. 3d 878, 886 (S.D. Cal. 2022).

7  Applying the relevant factors leads to a transfer of this case, if necessary, to Texas.

8      The allegations of the complaint and evidence in the Court record (see infra

9  n.3, 4) shows that the action could have been initiated in Texas federal district

10  courts.  (See, e.g., Compl. (Dkt. No. 1) ¶¶ 62-89, 132-33, 216, 225-26, 282, 286-89,

11  300, 302 (alleging facts showing most defendants reside in Texas and alleged

12  conduct in Central Texas (San Antonio and Austin areas).)[2]  The complaint and

13  record also show that venue would be proper in the Western District of Texas.  See

14  28 U.S.C.A. § 1391(b)(2) (providing for venue in "a judicial district in which a

15  substantial part of the events or omissions giving rise to the claim occurred); see

16  also Calder v. Jones, 465 U.S. 783, 789 (1984) (instructing appropriate forum would

17  be "the focal point both of the story and the harm").

18      The Jones factors weigh in favor of transferring the case to the Western

19  District of Texas.  Any supposed agreements between the parties would have been

20  negotiated and executed in Texas:  Mr. Hubbard (the center of plaintiffs'

21

22  _____

   [2] The complaint alleges that Dr. Shah is incarcerated in North Carolina (Compl.

23  (Dkt. No. 1) ¶ 68), however that information is outdated because plaintiffs now seek
   to serve process on him at a facility in Texas.  (21-Day Summons Issued (Dkt.

24  No. 95) at 1.)  Moreover, prior to his incarceration, Dr. Shah's medical practice was
   in Texas.  See Mrugeshkumar Shah, M.D., DAB No. 3079 (2022) (H.H.S. Dec. 12,

25  2022).  The complaint also alleges that RCI Hospitality Holdings, Inc. ("RCI") has
   its principal place of business in New York (Compl. Dkt. No. 1 ¶ 84), however RCI

26  submitted testimony that its principal place of business is in Houston, Texas.

27  (Sherman Decl. (Dkt. No. 83-1) ¶ 3.)  RCI is also alleged to own the Silver City

28  Cabaret, which is located in Texas.  (Compl. (Dkt. No. 1) ¶ 44.)

DEFENDANTS' JOINT BRIEF IN RESPONSE TO ORDER TO SHOW CAUSE

allegations) and his businesses are domiciled in Central Texas (in and around the Austin-San Antonio area) (<u>Jones</u> Factors 1, 4, 8).  (<u>See</u> Compl. (Dkt. No. 1) at 190.) The center of gravity for plaintiffs' allegations is clearly Central Texas (<u>Jones</u> Factor 5).  The alleged events took place in Texas and all or nearly all witnesses are located there (<u>Jones</u> Factor 4).  <u>See</u> <u>Decter v. MOG Sales, LLC</u>, 2006 WL 3703368, *2 (E.D. Cal. Dec. 14, 2006) ("The convenience of the witnesses is said to be the most important factor in considering a transfer motion").

The complaint also identifies several non-party witnesses who reside in Texas, and all of the complained-of social gatherings, domestic abuse, divorces and related civil actions are alleged to have taken place in Texas (<u>Jones</u> Factors 7, 8). (<u>Id.</u> ¶¶ 92-94; <u>see</u> <u>also</u> Jnt. Rule 26(f) Rpt. (Dkt. No. 58) at 12 (plaintiffs estimating 64 trial witnesses).)  Many of the physical records that will be subject to discovery are maintained within courts located in Central Texas (San Antonio and Austin family courts) and or within the Domestic Defendants' and Rick Hubbard's several companies' physical possession, which makes Central Texas a more convenient (and therefore less-expensive) forum (<u>Jones</u> Factors 6, 8).  <u>See</u> <u>Roe v. Intellicorp Records, Inc.</u>, 2012 WL 3727323, at *3 (N.D. Cal. Aug. 27, 2012) (documents pertaining to defendants' business practices are most likely to be found at their principal place of business).

Aside from being filed here, the only connection to California that plaintiffs have identified is defendant Eller, who is alleged to reside and operate his business here.  (<u>Id.</u> ¶ 55.)  There is no material, non-conclusory allegations that any defendant (beside defendant Rick Hubbard) had direct contact with Eller and there are no allegations that any other defendant or plaintiff was ever in California as part of the alleged Venture or Enterprise, or otherwise.[3]  At most, the complaint makes

[3] The record before the Court confirms the lack of any California contacts.  (<u>See</u> Rule 12(b)(2) Motions to Dismiss (Dkt. Nos. 50, 55, 72, 76, 83, 102); <u>see</u> <u>also</u> Eller Rule 12(b)(6) Motion to Dismiss (Dkt. No 93).)  Indeed, if the situation were

DEFENDANTS' JOINT BRIEF IN RESPONSE TO ORDER TO SHOW CAUSE

1    conclusory allegations that some of the medical doctor defendants wrote

2    prescriptions for plaintiffs solely based on written recommendations sent from Eller

3    in California.  (Id. ¶ 139.)  That is the extent of the alleged California connection,

4    which calls into question the basis for plaintiffs' forum selection.  For these reasons,

5    little—if any—weight should be given to plaintiffs' forum choice (Jones Factor 3).

6    See Hernandez v. Baxter Healthcare Corp., 2015 WL 13756017, at *2 (C.D. Cal.

7    Sept. 10, 2015) ("When a plaintiff does not reside in the selected forum, the Court

8    may afford plaintiff's choice considerably less weight.") (citing In re Apple, Inc.,

9    602 F.3d 909, 913 (8th Cir. 2010)); Williams v. Bowman, 157 F. Supp. 2d 1103,

10   1106 (N.D. Cal. 2001) (deference to plaintiff's selection is "substantially reduced"

11   where the forum lacks significant connections to the alleged conduct or "[i]f there is

12   any indication that plaintiff's choice of forum is the result of forum shopping").

13        The remaining Jones factors—(2), (9) and (10)—are neutral.  Plaintiffs'

14   claims are based on federal statutes, there is no contractual forum selection clause,

15   and neither California's nor Texas' state public policy is a litigated issue in the case

16   (state law is generally not at issue, except for Texas' rules pertaining to certain prior

17   domestic court litigations between plaintiffs and Domestic Defendants).

18        On balance, the Jones factors favor transfer to Central Texas.  Should the

19   complaint survive the pending Rule 12(b)(6) motions to dismiss, the Court should

20   transfer the case to either the San Antonio or Austin Division of the Western District

21   of Texas.

22

23

24   _____

     reversed, a Texas court could not seriously consider transferring the case to
25   California.  See In re Bozic, 888 F.3d 1048, 1053 (9th Cir. 2018) (discretionary
     transfer limited to "district or division where [the action] might have been brought,"
26   i.e., where plaintiffs "could have originally filed suit").  Additionally, defendant
     Dr. Eller has filed a Supplemental Statement in response to the OSC, along with
27   supporting Declarations, which Defendants request that the Court also consider in
     connection with this joint response.  (See Eller's Supp. Statement (Dkt. No. 108).)
28

DEFENDANTS' JOINT BRIEF IN RESPONSE TO ORDER TO SHOW CAUSE

**B.    The Western District of Texas Is the Proper Venue for the Case.**

Because the <u>Jones</u> factors favor transfer to Texas, the Court must also determine which district or division in Texas to transfer the case.  <u>See</u> <u>Lindora, LLC v. Isagenix Int'l, LLC</u>, 198 F. Supp. 3d 1127, 1146 (S.D. Cal. 2016) ("Because California is a state with multiple judicial districts, the Court must conduct a district-specific jurisdictional analysis, treating the Southern District of California as a separate state."); <u>see also</u> <u>Trujillo v. Intermex Prod. USA, Ltd</u>, 2018 WL 6528428, at *3 (E.D. Cal. Dec. 12, 2018) ("Venue may be proper in multiple districts if a substantial part of the underlying events took place in each of those districts.").

While the complaint alleges events that took place in both the Northern and Western Districts of Texas, the most suitable venue for transfer is the Western District of Texas.  <u>See</u>, <u>e.g.</u>, <u>Klamath Tribes v. U.S. Bureau of Reclamation</u>, 2018 WL 3570865, at *6-8 (N.D. Cal. July 25, 2018) (balancing <u>Jones</u> factors and transferring case to district of Oregon, one of many districts in which case could have been brought).

The Western District of Texas is the most convenient and most relevant forum.  The case could have been initiated in the Western District because multiple defendants are domiciled there, and it would be a convenient and fair venue for the case because nearly all defendants reside in that district or an adjoining district.  <u>See</u> <u>Park</u>, 964 F. Supp. 2d at 1093.

Courts consider the transferee forums' interest in having localized controversies decided at home.  <u>See</u> <u>Klamath Tribes</u>, 2018 WL 3570865, at *7 (transferring to district court where, inter alia, the challenged actions of the defendants occurred and where their offices are located, because that district had "a direct and acute interest in the outcome of th[e] case").  Between the district courts of Texas, the Western District has the greatest localized interest weighing in favor of transferring the case there.

As alleged in the complaint, the central figure in the case is Richard Hubbard,

- 6 -

who is Ms. Hubbard's ex-husband and Ms. Goedinghaus's ex-boyfriend and domestic partner.  Mr. Hubbard lives in Marble Falls, Texas, which is located in the Western District near San Antonio and Austin.  (See Compl. (Dkt. No. 1) ¶ 64; Proof of Service (Dkt. No. 45) at 1.)  Mr. Hubbard is also the sole member of the five limited liability company defendants that plaintiffs allege Mr. Hubbard used as "false fronts" for his alleged misdeeds.  (See Compl. (Dkt. No. 1) ¶ 290.)  Each of these companies is alleged to be located in Marble Falls, within the Western District of Texas.  (Id. ¶¶ 85-89).

In addition to Mr. Hubbard and his companies, at least five other named defendants reside in the Western District: Cody Mitchell, Ralph Rogers, Scott Brunson, Paul Pendergrass and Dr. Melissa Miller.  (Id. ¶¶ 73, 75, 77; 21-Day Summons Issued (Dkt. No. 5) at 2.)[4]  It appears that eleven of the named defendants reside in the Western District of Texas, while seven of the named defendants reside in the Northern District of Texas,[5] and five of the named defendants reside in the Eastern District of Texas.

To the extent the location of alleged events is identifiable from the complaint, some of the earlier events involving Ms. Hubbard are alleged to have occurred in and around Dallas.  In contrast, nearly all of the alleged events from 2018 onward and those involving Ms. Goedinghaus are alleged to have occurred geographically within the Western District.  For example, the complaint alleges the following:

---

[4] According to his LinkedIn Profile, Paul Pendergrass resides in the Austin metro area: https://www.linkedin.com/in/paulpendergrass/.

[5] Although the complaint alleges that Richard Butler and Michael Cain reside in Dallas (Compl. (Dkt. No. 1) ¶¶ 69, 79), that does not appear to be so: according to their recent filing, plaintiffs are attempting to serve them in Arizona and Colorado, respectively.  (21-Day Summons Issued (Dkt. No. 95) at 5.)  The complaint also alleges that Mark Molina resides in Dallas (Compl. Dkt. No. 1) ¶ 80), but that appears not to be the case: plaintiffs are attempting to serve him in Brownsville, Texas, which is located in the Southern District of Texas.  (21-Day Summons Issued (Dkt. No. 95) at 6.)

DEFENDANTS' JOINT BRIEF IN RESPONSE TO ORDER TO SHOW CAUSE

1    - In the summer of 2019, defendant Pendergrass allegedly "witnessed
2      numerous Forced Sex Parties" involving Mr. Hubbard and Ms. Goedinghaus
3      at 501 Havana Street, Austin, Texas (Compl. (Dkt. No. 1) ¶ 216);
4    - In February 2019, Mr. Hubbard allegedly forced Ms. Goedinghaus to
5      perform sex acts "including with Scott Brunson in Austin, Texas" (id. ¶ 286);
6    - Mr. Hubbard allegedly forced Ms. Goedinghaus to attend "Friends," a private
7      sex club in Austin, where he would allegedly force her to engage in sex acts
8      while others watched and forced Ms. Goedinghaus to find other women
9      whom he would also force to perform sex acts (id. ¶¶ 287-89);
10   - Mr. Hubbard "would host Forced Sex Parties" at his "lake house" in Marble
11     Falls, Texas (id. ¶¶ 225-26);
12   - Ms. Goedinghaus allegedly lived with Mr. Hubbard in Austin and at his
13     Marble Falls lake house (id. ¶ 282); and
14   - Ms. Goedinghaus allegedly stayed at a domestic violence shelter in Austin
15     (id. ¶ 300).

16   Also, it is a matter of public record that plaintiffs and Rick Hubbard's several
17   domestic litigations against each other (including divorce and child custody actions),
18   took place in courts located in San Antonio and Austin, Texas.  These litigations
19   between plaintiffs and their ex-husbands and ex-boyfriends are relevant to and
20   concern allegations in the complaint.  For example, on May 1, 2017, Mr. Hubbard
21   initiated a divorce action against Ms. Hubbard in the Family Law Court for Bexar
22   County, which geographically is within the San Antonio Division of the Western
23   District.[6]  On October 3, 2019, Mr. Hubbard initiated a second divorce action
24   against Ms. Hubbard in the Family Law Court for Travis County, which is
25   geographically located within the Austin Division of the Western District, and
26   eventually obtained a Final Decree of Divorce from that Travis County District

27   _____
     [6] Richard L. Hubbard v. Julia A. Hubbard, Case No. 2017-CI-07925, before the
28   407th District Court (Family) for Bexar County, Texas.

- 8 -
DEFENDANTS' JOINT BRIEF IN RESPONSE TO ORDER TO SHOW CAUSE

Court.[7]  The complaint specifically refers to the Travis County divorce action as an example of Mr. Hubbard trying to bring Ms. Hubbard "back to the venture by maintaining control of [her] children."  (Id. ¶ 132.)  And relevant to the present action, the Travis County family court later found that Mr. Hubbard "has a history of domestic violence and sexual abuse, against [Ms.] Hubbard within a two-year period preceding the filing of the [case]."  (Id. ¶ 133.)

Additionally, on February 28, 2019, the Texas Department of Family and Protective Services initiated a case against Ms. Goedinghaus in the Family law Court for Travis County regarding the termination of parental rights.[8]  On October 16, 2019, Ms. Goedinghaus filed her application for a protective order against Mr. Hubbard, alleging numerous incidents of domestic violence, rape, death threats and threats against her daughter.[9]  Allegedly, this eventually led Mr. Hubbard "to be arrested on harassment charges" in Travis County and to Ms. Goedinghaus obtaining a "lifetime order of protection" against him.  (Id. ¶ 302.) Again, these domestic disputes between Ms. Goedinghaus and Mr. Hubbard took place in courts located in the geographic areas covered by the Western District.

There are other recent litigations in Central Texas against Mr. Hubbard, his defendant companies, and other defendants.  For example, there is an assault case concerning defendants Ralph Rogers and Mr. Hubbard,[10] and there is a commercial

---

[7] Richard Hubbard v. Julia A. Hubbard, Case No. D-1-FM-19-006726, before the 201st District Court (Family) for Travis County, Texas.

[8] TDFPS vs. Kayla Goedinghaus, et al., Case No. D-1-FM-19-001391, before the 345th District Court (Family – Termination of Parental Rights) for Travis County, Texas.

[9] Kayla Goedinghaus v. Richard Hubbard, Case No. C-1-CV-19-008481, pending in the County Court at Law No. 4 for Travis County, Texas.

[10] Steven B. Fowler v. Ralph Rogers, et al., Case No. D-1-GN-21-001713, before the 459th District Court for Travis County, Texas.

DEFENDANTS' JOINT BRIEF IN RESPONSE TO ORDER TO SHOW CAUSE

litigation pending against defendant EcoLoft Homes LLC (alleged by plaintiffs to be a fake business).[11]

To the extent specific events are alleged to have taken place in the Northern District of Texas, most are alleged to have taken place earlier in time, which gives them less weight in connection with the venue decision.  See Amaru Ent., Inc. v. Heritage Cap. Corp., 2022 WL 18142555, at *3 (C.D. Cal. Nov. 30, 2022) ("The events Amaru highlights occurred years ago, so they are not particularly indicative of where evidence likely will be found or how strong extant contacts with the forum are.").  For example, the complaint alleges that in 2009 Ms. Hubbard "was working as a waitress at Plush Nightclub in Dallas."  (Compl. (Dkt. No. 1) ¶ 167.)  Allegations such as these, which specifically relate to the Northern District, took place several years before the events that plaintiffs allege occurred in the Western District.  (See id. ¶¶ 216, 225-26, 286-89 (alleging events in the Western District between 2018 and 2019).)  See Amaru Ent., Inc., 2022 WL 18142555, at *3 (giving more weight to location of more recent events when choosing among possible fora).

For these reasons, transferring this case to either the San Antonio or Austin Division of the Western District, as opposed to the Dallas Division of the Northern District, would convenience most of the parties and witnesses and serve the interest of justice.

## C.     The Court Should Determine the Pending Rule 12(b)(6) Motions to Dismiss.

There are presently six pending motions to dismiss the complaint pursuant to Rule 12(b)(6) for failure to state a claim.  (Dkt. Nos. 26, 72, 76, 83, 93, 105.)[12]

---

[11] Cruz Santa Ana III v. EcoLoft Homes LLC, et al., Case No. D-1-GN-19-004141, before the 345th District Court for Travis County, Texas.

[12] The motion to dismiss filed by Mr. Crow seeks dismissal solely based on Rule 12(b)(6) while four other defendants' motions also seek dismissal based on lack of personal jurisdiction.  Dr. Eller seeks dismissal seeks dismissal based on Rule 12(b)(6) and failure to comply with Rule 8(a) pleading standards.

- 10 -

DEFENDANTS' JOINT BRIEF IN RESPONSE TO ORDER TO SHOW CAUSE

1    Three of the motions to dismiss are fully briefed and are scheduled for a hearing on

2    March 31, 2023.  The other two are scheduled for hearings on April 7 and April 28,

3    2023, and their briefing is ongoing.

4            As a matter of judicial efficiency and fairness, before entering an order

5    transferring the case under section 1404(a), Defendants respectfully request that the

6    Court rule on the motions to dismiss pursuant to Rule 12(b)(6).  It certainly has the

7    power to do so.  See Libby, McNeill, & Libby v. City Nat. Bank, 592 F.2d 504, 510

8    (9th Cir. 1978) ("Venue is not jurisdictional.").  To be sure, although jurisdiction is

9    often decided first, a "court may assume the existence of personal jurisdiction and

10   adjudicate the merits in favor of [a] defendant without making a definitive ruling on

11   jurisdiction." Koninklijke Philips N.V. v. Elec-Tech Int'l Co., 2015 WL 1289984,

12   at *2 (N.D. Cal. Mar. 20, 2015).  Given plaintiff's choice to file suit here and certain

13   defendants' consent for the Court to determine whether plaintiffs have stated claims

14   under Rule 12(b)(6), the Court should determine the pending motions before

15   addressing transfer.

16           When determining a transfer under section 1404(a), courts consider the

17   convenience of the parties and interests of justice.  Convenience and justice weigh in

18   favor of ruling on the Rule 12(b)(6) motions because doing so has the very real

19   potential of ending the case. There may be no reason to force the parties to start all

20   over in another venue when, after all, plaintiffs have consented to the having this

21   Court determine the Rule 12(b)(6) motions.  Ruling on the Rule 12(b)(6) motions

22   now is prudent because plaintiffs have not demonstrated that they could amend their

23   complaint to cure significant defects in all of their claims.  (See Opp'n (Dkt. No. 67)

24   at 24.)  Allowing claims to linger that are, for example, plainly barred by the

25   applicable statute of limitations or for which neither plaintiff has standing, inhibits,

26   rather than furthers, justice.  (See, e.g., Crow MTD (Dkt. No. 26) at 23-24

27   (demonstrating RICO claims barred by statute of limitations and no standing).)

28   Furthermore, failing to rule on these motions now, most of which are fully briefed,

- 11 -

DEFENDANTS' JOINT BRIEF IN RESPONSE TO ORDER TO SHOW CAUSE

will undoubtedly cause further waste of time, energy and money for defendants who would have to begin anew in a transferee court.  See <u>Van Dusen</u>, 376 U.S. at 616.

This is especially true for the motions where the defendant is not challenging this Court's jurisdiction, the issues are fully briefed, and the hearing is scheduled for March 31, 2023.  Again, granting these motions could be dispositive as to all defendants, while transferring the case to Texas before ruling on the pending Rule 12(b)(6) motions could unnecessarily impose costs on the defendants and benefit plaintiffs by, among other things, giving them an undeserved do-over.

## **Conclusion**

For the foregoing reasons, Defendants respectfully request that the Court determine the pending Rule 12(b)(6) motions to dismiss and, if still necessary, transfer the case to the United States District Court for the Western District of Texas, San Antonio or Austin Division, for the reasons set forth above.

Respectfully submitted,

DATED:  March 24, 2023          By: _____
                                    Gerald E. Hawxhurst
                                    jerry@hawxhurstllp.com
                                    HAWXHURST LLP
                                    11111 Santa Monica Blvd., Suite 620
                                    Los Angeles, California 90025

                                    Ken C. Stone
                                    kstone@grayreed.com
                                    London England (pro hac vice)
                                    lengland@grayreed.com
                                    GRAY REED & McGRAW LLP
                                    1601 Elm St., Suite 4600
                                    Dallas, Texas 75201

                                    *Attorneys for Defendant*
                                    *Trammell S. Crow, Jr.*

- 12 -

DEFENDANTS' JOINT BRIEF IN RESPONSE TO ORDER TO SHOW CAUSE

DATED:  March 24, 2023        By:    /s/ Indira J. Cameron-Banks
                                     Indira J. Cameron-Banks
                                     indira@cameronjones.law
                                     Terrence Matthew Jones
                                     terrence@cameronjones.law
                                     CAMERON JONES LLP
                                     8383 Wilshire Boulevard, Suite 800
                                     Beverly Hills, CA 90211

                                     *Attorneys for Defendant*
                                     *Dr. Benjamin Todd Eller*


DATED:  March 24, 2023        By:    /s/ David P. Pruett
                                     Michael J. Trotter
                                     mjtrotter@cktflaw.com
                                     David P. Pruett
                                     dppruett@cktflaw.com
                                     CARROLL, KELLY, TROTTER &
                                     FRANZEN
                                     111 West Ocean Boulevard, 14th Floor
                                     Post Office Box 22636
                                     Long Beach, California 90801-5636

                                     *Attorneys for Defendant*
                                     *Melissa B. Miller, M.D.*


DATED:  March 24, 2023        By:    /s/ David Jonathan Rubaum
                                     Brian L. Hoffman
                                     bhoffman@wshblaw.com
                                     David Jonathan Rubaum
                                     DRubaum@wshblaw.com
                                     WOOD SMITH HENNING BERMAN
                                     LLP
                                     10960 Wilshire Boulevard 18th Floor
                                     Los Angeles, CA 90024

                                     *Attorneys for Defendant*
                                     *Dr. Scott Woods*

- 13 -

DEFENDANTS' JOINT BRIEF IN RESPONSE TO ORDER TO SHOW CAUSE

| | | |
|---|---|---|
| 1 | DATED: March 24, 2023 | By: /s/ Diane Doolittle |
| 2 | | Diane Doolittle |
| | | dianedoolittle@quinnemanuel.com |
| 3 | | Alex Bergjans |
| | | alexbergjans@quinnemanuel.com |
| 4 | | Adam J. DiClemente (pro hac vice |
| | | application forthcoming) |
| 5 | | adamdiclemente@quinnemanuel.com |
| 6 | | QUINN EMANUEL URQUHART & |
| | | SULLIVAN, LLP |
| 7 | | 865 S. Figueroa Street, 10th Floor |
| 8 | | Los Angeles, CA 90017 |
| 9 | | |
| | | *Attorneys for Defendant* |
| 10 | | *Coe Juracek* |
| 11 | | |
| 12 | DATED: March 24, 2023 | By: /s/ Philip E. Cook |
| 13 | | Philip E. Cook |
| | | pcook@cooklawfirm.la |
| 14 | | Brian J. Wright |
| | | bwright@cooklawfirm.la |
| 15 | | THE COOK LAW FIRM, P.C. |
| 16 | | 601 S. Figueroa Street, Suite 2050 |
| 17 | | Los Angeles, CA 90017 |
| 18 | | |
| | | *Attorneys for Defendant* |
| 19 | | *Robert Pruitt* |
| 20 | | |
| 21 | DATED: March 24, 2023 | By: /s/ Alec R. Simpson |
| 22 | | Alec R. Simpson |
| | | alec.simpson@oag.texas.gov |
| 23 | | Office of the Texas Attorney General |
| | | Law Enforcement Defense Division |
| 24 | | P.O. Box 12548 |
| 25 | | Austin, TX 78711-2548 |
| 26 | | |
| | | *Attorneys for Defendant* |
| 27 | | *Cody Mitchell* |
| 28 | | |

- 14 -

DEFENDANTS' JOINT BRIEF IN RESPONSE TO ORDER TO SHOW CAUSE

DATED:  March 24, 2023      By:     /s/ Justin M. Marvisi

                                              Delmar S. Thomas
                                              dthomas@yukelaw.com
                                              Justin M. Marvisi
                                              jmarvisi@yukelaw.com
                                              Olivia H. Kim
                                              okim@yukelaw.com
                                              YUKEVICH | CAVANAUGH
                                              355 S. Grand Avenue, 15th Floor
                                              Los Angeles, California 90071-1560

                                              *Attorneys for Defendants Casey Grover and RCI Hospitality Holdings, Inc.*

## ATTESTATION PURSUANT TO LOCAL RULE 5-4.3.4(a)(2)(i)

Pursuant to Local Rule of Civil Procedure 5-4.3.4(a)(2)(i), the filer of this document attests that all the other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED:  March 24, 2023

By: _____
                       Gerald E. Hawxhurst

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Trammell S. Crow, Jr., certifies that this brief contains 15 pages, which complies with the page limit set by the Court's Order to Show Cause (Dkt. No. 87).

DATED:  March 24, 2023

By: _____
                       Gerald E. Hawxhurst

DEFENDANTS' JOINT BRIEF IN RESPONSE TO ORDER TO SHOW CAUSE