QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Diane Doolittle (Bar No. 142046)
  dianedoolittle@quinnemanuel.com
  Alex Bergjans (Bar No. 302830)
  alexbergjans@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443 3000
Facsimile:   (213) 443 3100

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Adam J. DiClemente (*pro hac vice* application pending)
  adamdiclemente@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New  York 10010
Telephone:  (212) 849 7000
Facsimile:   (212) 849 7100

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA HUBBARD and KAYLA GOEDINGHAUS, <br><br> Plaintiffs, <br><br> v. <br><br> TRAMMELL S. CROW, JR., DR. BENJAMIN TODD ELLER, RICHARD HUBBARD, DR. MELISSA MILLER, DR. JOSEPH BROLIN, DR. SCOTT WOODS, DR. MRUGESHKUMAR SHAH, MICHAEL CAIN, COE JURACEK, PHILIP ECOB, H.J. COLE, TEXAS RANGER CODY MITCHELL, KURT KNEWITZ, PAUL PENDERGRASS, RALPH ROGERS, ROBERT PRUITT, SCOTT BRUNSON, CASE GROVER, RICHARD BUTLER, MARK | Case No. 2:22-cv-7957-FLA-MAA <br><br> Hon. Fernando L. Aenlle-Rocha <br><br> **DEFENDANT COE JURACEK'S REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS THE COMPLAINT FOR LACK OF PERSONAL JURISDICTION (12(b)(2)) AND FAILURE TO STATE A CLAIM (12(b)(6))** <br><br> Date:  April 28, 2023 <br> Time:  1:30 p.m. <br> Place:  Courtroom 6B |

1 | MOLINA, MICHAEL HYNES, JR.,
2 | SHAWN MAYER, JADE MAYER,
RCI HOSPITALITY HOLDINGS,
3 | INC., INTEGRITY BASED
MARKETING, LLC, STORM
4 | FITNESS NUTRITION, LLC, ULTRA
COMBAT NUTRITION, LLC,
5 | ECOLOFT HOMES LLC, ELEVATED
6 | WELLNESS PARTNERS LLC, DOE
INDIVIDUALS 1-20, and DOE
7 | COMPANIES 21-30
8 |
9 | Defendants.

DEFENDANT COE JURACEK'S REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................... 1

REPLY ARGUMENT ............................................................................ 1

I.  PLAINTIFFS FAIL TO ESTABLISH THAT MR. JURACEK IS SUBJECT TO PERSONAL JURISDICTION ................................................ 2

II.  PLAINTIFFS FAIL TO DEFEND ANY CLAIM UNDER RULE 12(b)(6) ................................................................................................. 4

    A.  THE COMPLAINT DOES NOT STATE A TVPA CLAIM ................. 4

        1.  The Complaint Does Not Adequately Allege "Participation" ........................................................................ 5

        2.  The Complaint Does Not Adequately Allege "Thing Of Value" .............................................................................. 6

    B.  THE COMPLAINT DOES NOT STATE A LABOR TRAFFICKING CLAIM .......................................................... 9

    C.  THE COMPLAINT FAILS TO STATE A RICO CLAIM ................. 10

        1.  The Complaint Does Not Allege Multiple Essential Elements Of A 1962(C) RICO Claim Against Mr. Juracek ...... 11

        2.  The Complaint Does Not Allege A 1962(D) Conspiracy .......... 15

CONCLUSION ................................................................................. 15

# TABLE OF AUTHORITIES

**Page**

## Cases

*Ally Bank v. Castle, 11-CV-896-YGR*,
   2012 WL 3627631 (N.D. Cal. Aug. 20, 2012) ........................................... 12

*AMA Multimedia, LLC v. Wanat*,
   970 F.3d 1201 (9th Cir. 2020) ........................................................... 2, 3

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ........................................................................ 8

*Burger King v. Rudzewicz*,
   471 U.S. 462 (1985) ..................................................................... 2, 3

*Calder v. Jones*,
   465 U.S. 783 (1984) ........................................................................ 3

*Canyon Cnty. v. Syngenta Seeds, Inc.*,
   519 F.3d 969 (9th Cir. 2008) .......................................................... 14

*Comm. to Protect our Agric. Water v. Occidental Oil & Gas Corp.*,
   235 F. Supp. 3d 1132 (E.D. Cal. 2017) ........................................... 10, 11

*Davis v. Powell*,
   No. 10CV01891 JLS RBB, 2011 WL 4344251 (S.D. Cal. Aug. 9, 2011),
   *R&R adopted*, No. 10CV1891 JLS RBB, 2011 WL 4344240 (S.D. Cal.
   Sept. 15, 2011) ............................................................................. 6

*Doe v. Fitzgerald*,
   No. CV-2010713-MWFRAOX, 2022 WL 2784805 (C.D. Cal. May 13,
   2022) .......................................................................................... 7

*Doe v. Fitzgerald*,
   No. CV2010713MWFRAOX, 2022 WL 425016 (C.D. Cal. Jan. 6, 2022) ............ 7

*Does 1-6 v. Reddit, Inc.*,
   51 F.4th 1137 (9th Cir. 2022) ................................................ 4, 5, 7, 8, 12

*Doe v. Twitter*,
   555 F. Supp. 3d 889 (N.D. Cal. 2017) ........................................... 7, 8

*Downey Surgical Clinic, Inc. v. Ingenix, Inc.*,
   No. CV 09-5457 PSG(CTX), 2013 WL 1214070 (C.D. Cal. Dec. 11, 2013)....... 12

*Eclectic Props. East, LLC v. Marcus & Millichap Co.*,
   751 F.3d 990 (9th Cir. 2014) ................................................................. 9, 10

*Gianelli v. Schoenfeld*,
   2021 WL 4690724 (E.D. Cal. Oct 7, 2021)...................................... 13, 14

*Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*,
   328 F.3d 1122 (9th Cir. 2003) ........................................................... 3

*Howard v. America Online, Inc.*,
   208 F.3d 741 (9th Cir. 2000) ....................................................... 14, 15

*J.C. v. Choice Hotels*,
   No. 20-CV-00155-WHO, 2020 WL 6318707 (N.D. Cal. Oct. 28, 2020).............. 8

*People v. Johnson*,
   57 Cal. 4th 250 (2013) .................................................................. 15

*Jones v. Hollywood Unlocked, Inc.*,
   No. 2:21-CV-07929, 2022 WL 18674460 (C.D. Cal. Nov. 22, 2022)................. 10

*In re JUUL Labs, Inc., Mktg., Sales Pracs. & Prod. Liab. Litig.*,
   497 F. Supp. 3d 552 (N.D. Cal. 2014) ............................................... 10

*Kelmar v. Bank of Am. Corp.*,
   No. CV 12-6826 PSG(EX), 2012 WL 12850425 (C.D. Cal. Oct. 26, 2012)........ 12

*Lazar v. Kroncke*,
   862 F.3d 1186 (9th Cir. 2017) ........................................................ 2

*Lee v. City of Beaumont*,
   12 F.3d 933 (9th Cir. 1993) ........................................................... 1

*Marshall v. Goguen*,
   604 F. Supp. 3d 980 (D. Mont. 2022) ............................................... 14

*Moore v. Bushman*,
   559 S.W. 3d 645 (Tex. App. 2018) ................................................... 10

*Noble v. Weinstein*,
   335 F. Supp. 3d 504 (S.D.N.Y. 2018) ............................................... 5, 9

*Odom v. Microsoft Corp.*,
  486 F.3d 541 (9th Cir. 2007) ...................................................................... 13

*Oei v. N. Star Cap. Acquisitions, LLC*,
  486 F. Supp. 2d 1089 (C.D. Cal. 2006) ........................................................ 6

*People v. Johnson*,
  57 Cal. 4th 250 (2013) ............................................................................... 15

*In re Platinum & Palladium Commodities Litig.*,
  828 F. Supp. 2d 588 (S.D.N.Y. 2011) ........................................................ 11

*Sakala v. BAC Home Loans Servicing*,
  CV. NO. 10–00578 DAE–LEK, 2011 U.S. Dist. LEXIS 17890 15 (D.
  Haw. Feb. 22, 2011) .................................................................................... 6

*Salinas v. United States*,
  552 U.S. 52 (1997) ..................................................................................... 15

*Sedima, S.P.R.L. v. Imrex Co., Inc.*,
  473 U.S. 479 (1985) ................................................................................... 10

*State Farm Mut. Auto. Ins. Co. v. Lee*,
  193 Cal. App. 4th 34 (2011) ........................................................................ 9

*Travelers Health Assn. v. Virginia*,
  339 U.S. 643 (1950) ..................................................................................... 3

*Treminio v. Crowley Mar. Corp.*,
  No. 3:22-CV-174-MMH-PDB, 2023 WL 113565 (M.D. Fla. Jan. 5, 2023) .......... 7

*U.S. v. Cook*,
  782 F.3d 983 (8th Cir. 2015) ........................................................................ 7

*United States v. Loveland*,
  825 F.3d 555 (9th Cir. 2016) ...................................................................... 15

*United States v. Maneri*,
  353 F.3d 165 (2d Cir. 2003) ......................................................................... 8

*Walter v. Drayson*,
  538 F.3d 1244 (9th Cir. 2008) .................................................................... 12

*In re Wellpoint, Inc. Rates Litig.*,
  865 F. Supp. 2d 1002 (C.D. Cal. 2011) ...................................................... 11

*Wells Fargo & Co. v. Wells Fargo Exp. Co.*,
    556 F.2d 406 (9th Cir. 1977) .......................................................................... 3

*World-Wide Volkswagen Corp. v. Woodson*,
    444 U.S. 286 (1980) ........................................................................................ 3

*Yagman v. Wunderlich*,
    No. 2:21-CV-06093-SB-MRW, 2021 WL 6804219 (C.D. Cal. Oct. 4,
    2021) ......................................................................................................... 4, 12

**Statutes and Rules**

Fed. R. Civ. P. 8 ................................................................................................... 11

Fed. R. Civ. P. 12(b)(6) ....................................................................... 2, 4, 6, 15

Fed. R. Civ. P. 12(b)(2) ......................................................................................... 2

Local Rule 7-9 ................................................................................................. 4, 12

## **PRELIMINARY STATEMENT**

The claims against Mr. Juracek have no basis in fact and, critically here, find no support in the law. As established in Mr. Juracek's Motion to Dismiss (Dkt. 105, "Opening Brief" and "Br."), the handful of allegations actually addressing him are insufficient to show wrongdoing. At most, the Complaint asserts that Mr. Juracek was acquainted with individuals engaged in mistreatment of the Plaintiffs and alleges that he possessed some "knowledge" of that alleged mistreatment. Even if those allegations were true, and they are not, they fall far short of the requirements for bringing suit under the federal sex trafficking, labor trafficking, and racketeering laws. This lawsuit reflects Plaintiffs' desire to ensnare Mr. Juracek in litigation for treble damages, motivated by the incorrect belief that his position at Crow Holdings (a non-party company with no alleged role in this case) will somehow yield them a windfall. Not so. Mr. Juracek has established that dismissal is required on multiple grounds. Plaintiffs' Opposition (Dkt. 113, "Opp.") does not seriously engage with most of the authorities compelling dismissal of the claims against Mr. Juracek and, as documented below, it misapprehends the others. Instead, the Opposition opts for bombastic rhetoric in an effort to salvage the Complaint. Plainly recognizing that their allegations against Mr. Juracek are legally insufficient, Plaintiffs use their Opposition to purvey pulp fiction. While disgraceful, this strategy does not change the required result—the Complaint should be dismissed against Mr. Juracek for failure to state a claim and for the additional reason that the Court lacks personal jurisdiction over him.

## **REPLY ARGUMENT**

Rule 12 provides two independent bases for dismissal as to Mr. Juracek—personal jurisdiction and failure to state a claim. As set forth in the Opening Brief and in Defendants' Joint Response to this Court's Order to Show Cause, a court may rule on the merits *in favor of a movant* without first determining personal jurisdiction. *See* Br. at 4 n.2 and Dkt. 109 at 11-12; *Lee v. City of Beaumont*, 12 F.3d 933, 937 (9th Cir. 1993). Given the significant expenditures of time and other resources already

necessitated by Plaintiffs' strategic decision to sue here, Mr. Juracek respectfully requests that the Court determine his, and other moving defendants' Rule 12(b)(6) arguments before acting under Rule 12(b)(2) or 28 U.S.C. § 1404. Granting the Rule 12(b)(6) motions would be the most fair and efficient use of the Court's and the parties' resources.

## I.   PLAINTIFFS FAIL TO ESTABLISH THAT MR. JURACEK IS SUBJECT TO PERSONAL JURISDICTION

Plaintiffs do not contest that Mr. Juracek is not subject to general jurisdiction. *Cf.* Br. at 6. As to specific jurisdiction, the Opposition wrongly asserts that jurisdiction can arise from Mr. Juracek's alleged knowledge and awareness of Dr. Eller's activities in California. Opp. at 6-7 (asserting that Mr. Juracek had "familiarity with the Venture" and "knowledge of the Forced Sex Parties," claiming that he "knew or recklessly disregarded Eller's central role in the Venture," and that he acted (while in Texas) "knowing that a central part of the Venture was based in California"). In this, Plaintiffs seek to rewrite more than half a century of precedent dating back to *International Shoe*. Finding personal jurisdiction based on an out-of-state defendant's alleged mental impressions about another defendant's in-forum conduct, rather than focusing on ***that defendant's actual forum activities***, finds no support in the law and would invalidate the gatekeeping function of "minimum contacts" analysis. *See, e.g.*, *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1207 (9th Cir. 2020) (describing the appropriate test as focused on a defendant "direct[ing] his ***activities*** toward the forum" or availing "privileges of conducting ***activities*** in the forum") (emphasis added); *accord Lazar v. Kroncke*, 862 F.3d 1186, 1201-02 (9th Cir. 2017) (cited by Plaintiffs (Opp. at 6) for the same propositions). A defendant's knowledge of another party's actions is not an "activity" that occurs in or is directed toward a forum and is therefore not a forum contact. Indeed, Plaintiffs rely on *Burger King v. Rudzewicz*, 471 U.S. 462 (1985) as alleged support for their position, but disregard that each of the court's multiple examples of "purposefully direct[ing]" activities at a forum concern tangible

or legal projections by a defendant into a forum: *i.e.*, "delivering … products into the stream of commerce," *id.* (quoting *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980)); "distribut[ing] magazines in a distant State," *id.* (citing *Calder v. Jones*, 465 U.S. 783 (1984)); and, as to contract, "creat[ing] continuing relationships and obligations with citizens of another state," *id.* (quoting *Travelers Health Assn. v. Virginia*, 339 U.S. 643, 647 (1950)). None of these rules are consistent with treating "knowledge" of distant activities as a sufficient jurisdictional "minimum contact." Under Plaintiffs' purported rule, a person being told (or even reading) about someone else's activities in a forum would give rise to jurisdiction over that person in the forum. That cannot be the law; and it is not.

Plaintiffs do not contend that Mr. Juracek ever set foot in California in connection with the allegations, that he directed any conduct that caused harm in California, or that he had any communication (in person or otherwise) with Dr. Eller, who was allegedly in California at relevant times.[1] Opp. at 6-7. Thus, to satisfy the *Calder* test (which the Opposition fails to address), Plaintiffs must show that Mr. Juracek "committed an intentional act" that was "expressly aimed" at California and which caused harm "likely to be suffered in the forum state." Br. at 6 (quoting *Wanat*, 970 F.3d at 1208). The Complaint hardly alleges that Mr. Juracek took ***any*** affirmative actions in connection with the alleged "venture" or "enterprise," describing his "conduct" as having passive knowledge. *See* Br. at 3 (reviewing each allegation addressing Mr. Juracek). And as to the two single-sentence allegations that he took an action—"providing financial support" and "threaten[ing] Hubbard with his testimony"—even if true, neither was even allegedly "aimed at California," and therefore any resulting harm would not have occurred in California (but would have occurred in Texas, where Plaintiffs resided at all relevant times). Br. at 6-7. The

---

[1] Dr. Eller's alleged activity cannot be attributed to Mr. Juracek for the additional reason that "jurisdiction over each defendant must be analyzed separately." *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1130 (9th Cir. 2003).

Opposition gives no response to these arguments because there is none. *See also* Dkt. 109 (Def's Joint OSC Response).[2]

Mr. Juracek has additionally demonstrated that personal jurisdiction could not arise through 18 U.S.C. § 1965(b) (RICO). Br. at 8-10. Recognizing that their RICO claims are invalid, Plaintiffs ignore this showing and therefore concede the point. *Yagman v. Wunderlich*, No. 2:21-CV-06093-SB-MRW, 2021 WL 6804219, at *2 (C.D. Cal. Oct. 4, 2021) ("If a party fails to respond to an argument made on a motion to dismiss, a court may find such failure constitutes waiver or abandonment of the issue."); *see also* C.D. Cal. Local Rule 7-9 (requiring non-movant to file a memorandum containing "a statement of all the reasons in opposition" to a motion).

## II.   PLAINTIFFS FAIL TO DEFEND ANY CLAIM UNDER RULE 12(b)(6)

### A.   THE COMPLAINT DOES NOT STATE A TVPA CLAIM

The Opposition fails to support the TVPA claim which, as established (Br. at 11), may be pleaded only against a "perpetrator" or a "beneficiary" of a trafficking venture. *Doe v. Fitzgerald*, No. CV-2010713-MWFRAOX, 2022 WL 2784805, at *1 (C.D. Cal. May 13, 2022). Plaintiffs abandon any claim for "perpetrator" liability, asserting only that the Complaint states a beneficiary claim. Opp. at 9. As established by Mr. Juracek (Br. at 13-16), this fails because: (1) the Complaint does not contain any facts (as they are actually alleged, and not as embellished in the Opposition) showing that he participated in, assisted, or supported the alleged venture; and (2) Plaintiffs' Opposition misrepresents the meaning of a "thing of value."[3]

---

[2]   This Court should reject Plaintiffs' boilerplate request for jurisdictional discovery (Opp. at 9) because they do not identify any factual dispute which discovery would resolve. *Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977) (no discovery where "it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction").

[3]   Plaintiffs' Opposition fails to respond to the principal argument made in Mr. Juracek's Motion concerning the TVPA allegations—that the Complaint does not attempt to establish "a ***causal relationship*** between affirmative conduct furthering the

### 1.    The Complaint Does Not Adequately Allege "Participation"

As Mr. Juracek explained, under TVPA "[*m*]*ere association with sex traffickers is insufficient* absent some knowing 'participation' in the form of assistance, support, or facilitation." *Does 1-6 v. Reddit, Inc.*, 51 F.4th 1137, 1145 (9th Cir. 2022) (emphasis added); *see also Noble v. Weinstein*, 335 F. Supp. 3d 504, 524 (S.D.N.Y. 2018) (noting that liability cannot be "established by association alone," and that a plaintiff must "allege specific conduct that furthered the sex trafficking venture"). The Opposition attempts to avoid this legal reality by painting Mr. Juracek as "an active and knowing supporter of the Venture" rather than a mere associate. Opp. at 10-11. But association is all that the Complaint alleges—Mr. Juracek is described as a passive and incidental bystander to Rick Hubbard's alleged trafficking venture without actual knowledge of its operations. *See* Compl. ¶¶ 40, 209-212 (containing all material allegations); Br. at 3. The only connection that Mr. Juracek is alleged to have had to the "venture" is that of a "fixer" for Trammell Crow, Jr. (¶ 209), but even as to this role the Complaint only alleges a single action allegedly constituting "participation"—supposedly "threaten[ing] Hubbard with his testimony" in a custody dispute. Compl., ¶ 211. As explained in the Opening Brief (Br. at 15, 18), this allegation does not constitute "participation" for at least two reasons.

**First**, there is nothing improper or illegal about offering testimony in a judicial proceeding and it is entirely unclear—and the Opposition fails to clarify—how this alleged potential testimony might have "***assisted***" or "***supported***" sex trafficking as the law requires for beneficiary liability. *Reddit*, 51 F.4th at 1145. Plaintiffs' argument is pure *ipse dixit* that this sentence suffices to establish a sex trafficking claim. **Second**, likely recognizing this infirmity, Plaintiffs disregard the Complaint's actual

---

sex-trafficking venture and receipt of a benefit." *Does 1-6 v. Reddit, Inc.*, 51 F.4th 1137, 1145 (9th Cir. 2022) (emphasis added). That is, for either "benefit" Plaintiffs contend Mr. Juracek received—whether "naked photographs" or, somehow, compensation—Plaintiffs fail to allege that he received them **because of some affirmative action** he undertook.

language and assert that Juracek both threatened "*false* testimony," Opp. at 2, 5, 10 (emphasis added) and intended to "*misuse* the legal process." *Id.* at 9 (emphasis added). Neither of these allegations appear in the Complaint. *See* Compl. ¶¶ 40, 211, 213. Plaintiffs use the Opposition in an impermissible effort to salvage the claim by reinventing their allegation as one that could possibly benefit sex traffickers.[4] *See Oei v. N. Star Cap. Acquisitions, LLC*, 486 F. Supp. 2d 1089, 1102 (C.D. Cal. 2006) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."); *see also Davis v. Powell*, No. 10CV01891 JLS RBB, 2011 WL 4344251, at *18 n.8 (S.D. Cal. Aug. 9, 2011), *R&R adopted*, No. 10CV1891 JLS RBB, 2011 WL 4344240 (S.D. Cal. Sept. 15, 2011) ("Any additional arguments and facts in support of the [plaintiff's] claims not raised in the Complaint initially may not be considered by the Court."); *Sakala v. BAC Home Loans Servicing*, CV. NO. 10–00578 DAE–LEK, 2011 U.S. Dist. LEXIS 17890, at *15 (D. Haw. Feb. 22, 2011) ("[Briefing] is not a proper vehicle for adding claims to [a] complaint.").

There are there are no allegations plausibly showing that Mr. Juracek actively participated in or furthered the alleged sex trafficking venture. The Complaint portrays Mr. Juracek, at most, as a distant bystander who, by mere association with Rick Hubbard, allegedly knew about wrongful conduct. That is wholly insufficient to drag someone into court and label them a sex trafficker. *Reddit*, 51 F. 4th at 1145.

### 2.    *The Complaint Does Not Adequately Allege "Thing Of Value"*

The only allegation in the Complaint potentially referring to a benefit obtained by Mr. Juracek is that he allegedly received "naked photos of Hubbard."[5] Compl. ¶¶

---

[4]    These concepts ("false" and "misuse") are *not* in the Complaint for a reason— no reasonable investigation could yield a good faith belief that this is true. Mr. Juracek continues to reserve all rights, including under Rule 11. Br. at n.1.

[5]    The Complaint also alludes to Mr. Juracek's employment at Crow Holdings as a potential thing of "value." but as explained in Opening Brief, there are no allegations

40, 211. Specifically, the allegation is that "Juracek supported the Venture by providing financial support . . . and benefitted by receiving naked photos of Hubbard." *Id.* ¶ 40. The Complaint also alleges (attributing conduct to Rick Hubbard, and not Mr. Juracek) that "Rick informed [Julia] Hubbard that he had provided Juracek with naked photos of Hubbard." (*Id.* ¶ 211).

Even if true, which is hotly disputed, the alleged photographs do not constitute a thing of value sufficient to sustain a TVPA claim. Mr. Juracek's Opening Brief unambiguously described the law in this District—which is that "sexual gratification alone" is not a "thing of value" under TVPA. *Doe v. Fitzgerald*, No. CV2010713MWFRAOX, 2022 WL 425016, at *6–7 (C.D. Cal. Jan. 6, 2022); *see Treminio v. Crowley Mar. Corp.*, No. 3:22-CV-174-MMH-PDB, 2023 WL 113565, at *3 (M.D. Fla. Jan. 5, 2023). Plaintiffs insist that these photos satisfy the "thing of value" standard, but the Opposition misapprehends the case law and asks this Court to extend it far beyond its proper context.

Plaintiffs rely on *Doe v. Twitter* and *Does 1-6 v. Reddit* for the premise that "child pornography" is a "thing of value" under TVPA. Opp. at 11-12. That does not bear on the facts at hand. Child pornography is flatly illegal and for that reason is not the equivalent of "naked photographs" of an adult. The cases cited in the Opening highlight this distinction.[6] Moreover, the Opposition misapplies both *Twitter* and *Reddit*—neither holds that nude photos were themselves a thing of value, but rather,

that connect Mr. Juracek's employment to the alleged trafficking venture and no facts would ever support it. Mr. Hubbard does not work for or have any connection to Crow Holdings, so he could not provide Mr. Juracek "value" for working there. The Opposition has abandoned this tortured theory in any event.

[6] In this regard, Plaintiffs have additionally failed to distinguish non-commercial nude photographs from the "multi-billion dollar [pornography] industry." *See* Opp. at 12. Plaintiffs offer no grounds for equating the private transmission of images from one person to another with pornography. Surely, the difference in settings—where only the latter is a commercial market—is a critical distinction for assessing whether something possesses "value" under TVPA.

that the defendants' **ability to monetize them** could be a thing of value. *See Doe v. Twitter*, 555 F. Supp. 3d 889, 924 N.D. Cal. 2021 (stating that pornographic videos were "monetized by Twitter and [received] financial benefit from their distribution on [the] platform"); *Reddit*, 51 F.4th 1137, 1145 (prohibiting TVPA liability against those "that merely turn a blind eye to the source of their revenue") (citation omitted)*; see also U.S. v. Cook*, 782 F.3d 983, 989 (8th Cir. 2015) (explaining that live streamed sexual torture videos had "value" because the defendant **traded them** for his own videos, photos, and advice). There are simply no allegations (and none would have merit) that Mr. Juracek ever profited, or sought to profit, from the photographs Plaintiffs alleged he received. Indeed, Mr. Juracek is alleged only to have had passive involvement—he "received" the photographs; there are no allegations that he solicited, asked for, inquired about, paid for, or traded them for any other item, favor, service, or money.

Plaintiffs also rely on *J.C. v. Choice Hotels*, which describes an instance of TVPA liability against a hotel that had knowingly rented rooms to known sex traffickers. No. 20-CV-00155-WHO, 2020 WL 6318707, at *7 (N.D. Cal. Oct. 28, 2020). Nothing in the Complaint comes close to describing any analogous behavior by Mr. Juracek (or any of the other so-called "Investor" defendants). The Complaint makes the sweeping, non-specific and unsupported allegation that Mr. Juracek provided "financial support to the Venture," without detailing when, why, in what form, how much, or to whom. This Court should treat vague allegations that Mr. Juracek supported the venture financially for what they are—threadbare recitals of fact which "fail to cross the line from merely possible to being plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

As their last-ditch argument to ensnare Mr. Juracek, Plaintiffs suggest that a "sexual opportunity" is a sufficient "thing of value" to establish TVPA beneficiary liability. *See United States v. Maneri*, 353 F.3d 165, 168 (2d Cir. 2003); Opp. at 11. But Plaintiffs do not state, or even suggest, that Mr. Juracek sought any kind of

"sexual opportunity" with either Plaintiff.

A central claim in Plaintiffs' Opposition concerning TVPA is their argument that defendants who have been absolved of liability in previous cases were "employees and companies with ***incidental connections*** to trafficking." Opp. at 11 (emphasis added). But this almost perfectly describes how the Complaint describes Mr. Juracek, even when read favorably for Plaintiffs. Br. at 3 (cataloging allegations). *See Reddit, Inc.*, 51 F.4th at 1145 (declining TVPA liability because "the defendant must have actually engaged in some aspect of sex trafficking") (citation omitted); *see also Eclectic Props. East, LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014) (affirming dismissal "because, when faced with two possible explanations, only one of which can be true and only one of which results in liability, plaintiffs cannot offer allegations that are merely consistent with their favored explanation but are also consistent with the alternative explanation"). Because liability cannot be "established by association alone," *Noble*, 335 F. Supp. 3d at 524, and because there is no plausible showing of active participation by Mr. Juracek, the TVPA sex trafficking claim must be dismissed.

## B.   THE COMPLAINT DOES NOT STATE A LABOR TRAFFICKING CLAIM

Plaintiffs' labor trafficking claim suffers many of the same infirmities as the TVPA claim. *See* Br. at 16-18. Here too, the Opposition focuses on beneficiary liability, which follows when a defendant "knowingly benefit[ed], financially or by receiving anything of value, from participation in a venture which has engaged in the providing or obtaining of labor or services by any of the means described in subsection (a), knowing or in reckless disregard of the fact that the venture has engaged in the providing or obtaining of labor or services by any of such means." 18 U.S.C. § 1589(b). For the same reasons shown above, Mr. Juracek is not a beneficiary because he neither participated in the venture, nor received anything of value from his alleged participation. On its face, the Complaint alleges only that Mr. Juracek

1   indicated he would give "testimony in court." *See* Br. at 18; *State Farm Mut. Auto.*
2   *Ins. Co. v. Lee*, 193 Cal. App. 4th 34, 40 (2011) (noting that abuse of process requires
3   an ulterior motive in using the process willfully and in a wrongful manner); *Moore v.*
4   *Bushman*, 559 S.W. 3d 645, 653 (Tex. App. 2018) (similar standard in Texas).[7]

5   **C.   THE COMPLAINT FAILS TO STATE A RICO CLAIM**

6       A RICO plaintiff must plausibly plead (and ultimately establish) multiple
7   discrete elements as defined by both the statutory text and the extensive caselaw
8   applying it. RICO cannot be stated through abstraction: "***Each element of the claim***
9   ***is necessary*** to sustain an action under RICO," *Jones v. Hollywood Unlocked, Inc*.,
10  No. 2:21-CV-07929, 2022 WL 18674460, at *5 (C.D. Cal. Nov. 22, 2022) (emphasis
11  added), and a plaintiff "must, of course, allege ***each of these elements*** to state a
12  claim." *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985) (emphasis
13  added). Moreover, a viable complaint must specify each element as to each defendant;
14  vague grouping will not suffice. *See In re JUUL Labs, Inc.*, *Mktg., Sales Pracs. &*
15  *Prod. Liab. Litig.*, 497 F. Supp. 3d 552, 594 (N.D. Cal. 2014) (dismissing RICO
16  claims and stating that, "[t]o state a RICO claim, plaintiffs must plausibly allege that
17  ***each defendant*** acted" in violation of the four core elements of a RICO claim) (citing
18  *Eclectic Props. E., LLC*, 751 F.3d at 996). That is, "***each claim and the involvement***
19  ***of each defendant must be sufficiently alleged***." *Comm. to Protect our Agric. Water*
20  *v. Occidental Oil & Gas Corp.*, 235 F. Supp. 3d 1132, 1188 (E.D. Cal. 2017)
21  (emphasis added).

22      Mr. Juracek's Opening Brief showed that the Complaint fails to allege multiple
23  essential elements against him. Br. at 18-24. Failure on any one of these necessitates

24  _____

25      [7] Once again, the Opposition improperly takes liberties with what is actually
26  alleged in the Complaint. *Compare* Opp. at 7 (stating that "Juracek also threatened
    Hubbard with ***misuse*** of legal process by threatening to provide ***false*** testimony in
27  court") and *id.* at 8, 9, 11, 16, 17 (similar), *with* Compl. ¶ 211 ("Juracek also
    threatened Hubbard with his testimony in court that could have Hubbard's children
28  taken away from her.").

dismissal. The Opposition utterly fails to support each element. Plaintiffs fail to explain how the Complaint specifically asserts conduct by Mr. Juracek (not the "Enterprise" generally), and in the few instances they actually address Mr. Juracek directly, they veer far from the actual contents of the pleading's cursory text.

### 1. The Complaint Does Not Allege Multiple Essential Elements Of A 1962(C) RICO Claim Against Mr. Juracek

#### (a) Insufficient Pattern of Racketeering Activity Allegations

In a multiple defendant case, as here, "a plaintiff must allege at least two predicate acts **by each defendant**." *In re Wellpoint, Inc. Rates Litig.*, 865 F. Supp. 2d 1002, 1035 (C.D. Cal. 2011) (emphasis added). The Complaint does not adequately allege that Mr. Juracek engaged in two or more RICO predicate acts, and the Opposition fails to establish otherwise, for two primary reasons.

**First**, as set forth by Mr. Juracek in the Opening Brief, Plaintiffs expressly (and improperly) allege that broad categories of predicate acts were undertaken by "all Defendants" or all members of "the Enterprise." Br. at 20. That assertion fails to provide adequate notice to Mr. Juracek (or, indeed, almost any defendant) of the claims against him and calls for dismissal. *See Comm. to Protect our Agric. Water*, 235 F. Supp. 3d at 1188; *see also In re Platinum & Palladium Commodities Litig.*, 828 F. Supp. 2d 588, 602 (S.D.N.Y. 2011) (dismissing RICO claim where "**[p]laintiffs rely impermissibly on group pleading to allege the existence of predicate acts underpinning their RICO claim**" (emphasis added)); Fed. R. Civ. P. 8. Remarkably, the Opposition adopts this exact form of impermissible pleading as its argument, asserting that "Plaintiffs have pleaded numerous related predicate acts (at least two of which[8] accrue to Juracek)," and citing a host of paragraphs absent any specified connection to Mr. Juracek. Opp. at 18.

**Second**, Plaintiffs are patently incorrect in claiming that Mr. Juracek "offers no

---

8   Tellingly, Plaintiffs either cannot or decline to state which "two."

rebuttal" to these categorical predicate act allegations, "except that TVPA claims do not lie against" him. *Id.* The TVPA claims, to be sure, fail as a matter of law (*supra*) and thus, cannot constitute predicate conduct. In fact, the Opposition explains why there is no TVPA liability for Mr. Juracek by ***confirming*** that Plaintiffs' allegations against him are merely that he allegedly "***was aware***" of parties allegedly hosted by Trammell Crow, Jr. Opp. at 18 (emphasis added). Knowledge alone is universally insufficient for TVPA liability, which requires, *inter alia*, "affirmative conduct furthering" the venture. *Reddit*, 51 F.4th at 1145; *supra* n.3; Br. at 11-14. Mr. Juracek also detailed how the Complaint fails to adequately allege that he committed unspecified predicate acts in the form of CSA violations, wire fraud, and witness tampering. Br. at 21-22. The Opposition makes no arguments in response to these critical points or the authorities Mr. Juracek cited in support of dismissal, waiving any contention that these allegations can stand as predicate acts against Mr. Juracek. *See Yagman*, 2021 WL 6804219, at *2; C.D. Cal. L.R. 7-9. Here, Plaintiffs abandon any argument that Mr. Juracek committed two predicates (apart from the otherwise invalid TVPA claims). Because the Complaint does not allege viable predicate acts against Mr. Juracek, there is no "pattern of racketeering," and the RICO claim fails.

### (b)   Insufficient "Conduct" or "Direction" Allegations

Mr. Juracek established that the Complaint does not allege that he played any managerial role in the "Enterprise" sufficient to meet the "conduct" element. Br. at 24. Plaintiffs attempt to avoid this result by mischaracterizing both the legal standard and the Complaint. ***First***, Plaintiffs cite *Kelmar v. Bank of Am. Corp.*, No. CV 12-6826 PSG (EX), 2012 WL 12850425 (C.D. Cal. Oct. 26, 2012) for the proposition that this element "does not require even 'significant control' over the Enterprise." Opp. at 19. But Plaintiffs omit the very next sentence from *Kelmar*, which confirms that "more is required than simply being involved, and simply performing services for the enterprise does not rise to the level of direction." 2012 WL 12850425, at *7 (internal quotations omitted). Like Mr. Juracek (Br. at 24), the court in *Kelmar* cited

*Walter v. Drayson*, 538 F.3d 1244, 1249 (9th Cir. 2008) for these rules and—as would be appropriate here—dismissed the RICO claim as "deficient in many respects." 2012 WL 12850425, at *7. It remains that RICO requires allegations of "managerial control over the enterprise," *Ally Bank v. Castle*, 11-CV-896-YGR, 2012 WL 3627631 (N.D. Cal. Aug. 20, 2012) (internal quotations omitted), such that the defendant "controlled the other members in the associated-in-fact enterprise." *Downey Surgical Clinic, Inc. v. Ingenix, Inc.*, No. CV 09-5457 PSG (CTX), 2013 WL 1214070, at *4 (C.D. Cal. Dec. 11, 2013). Nothing in the scant allegations addressing Mr. Juracek suggests anything beyond a passive role. Br. at 3.

**Second**, Plaintiffs cling to their sole allegation that Mr. Juracek took any affirmative action—a single sentence from Paragraph 211 claiming, in full, that "Juracek also threatened Hubbard with his testimony in court that could have Hubbard's children taken away from her." Opp. at 19. Again, Plaintiffs mischaracterize this allegation by insisting that it claims "misuse of legal process" and that the threat was "at the behest of the Enterprise." *Id.* Neither of those assertions appear or are suggested in the text of the Complaint and, in any event, Mr. Juracek already explained that this allegation would not support liability—the alleged "threat" is, at most, a "service" to the enterprise's ends, not managerial "conduct" necessary to "direct" it. *See* Br. at 24. Plaintiffs have no response and give none.

### (c)   Insufficient Enterprise Allegations

To sustain the premise that the twenty-nine disparate defendants in this action (which Plaintiffs concede allegedly operated in different groups) constitute an "association in fact enterprise," Plaintiffs were required to allege facts establishing that all defendants share the same common purpose. They failed to do so. *See* Br. at 22-23. Plaintiffs do not engage with, and surely do not rebut, the cases establishing that a common purpose is not established when there are "sets of defendants . . . . allegedly operating with rather distinct purposes." *Gianelli v. Schoenfeld*, 2021 WL 4690724, at *12 (E.D. Cal. Oct 7, 2021). That is exactly what Plaintiffs assert here.

Indeed, the Opposition's own quote from the Complaint contains two distinct purposes: trafficking women "to [1] the financial benefit of Mr. [Rick] Hubbard, Eller, and the Medical Doctor Defendants, **and** [2] for the sexual gratification and other benefits of all Defendants." Opp. at 15-16 (quoting Compl. ¶ 341) (emphasis added). The decision in *Odom v. Microsoft Corp.*, 486 F.3d 541, 452 (9th Cir. 2007) (cited in Opp. at 16) is not to the contrary. There, the plaintiff alleged that Microsoft and Best Buy shared both the purpose of "increasing the number" of users **and** "doing so by fraudulent means." Here, while the "trafficking" allegation is common, the groups were allegedly engaged in trafficking for different purposes—financial benefit **or** sexual gratification. Compl. ¶ 341. This exact type of difference defeated the common purpose element in *Gianelli*, where the court found some defendants "work[ed] to defraud PG&E to their own profit, while the only identified goal of [others] was to punish plaintiff." 2021 WL 4690724, at *12; *see also Marshall v. Goguen,* 604 F. Supp. 3d 980, 1013 (D. Mont. 2022) (similar). Moreover, Plaintiffs cannot prevail based on a single paragraph in their recital of the RICO claim (as Paragraph 341 is to Count Four), whereas the factual assertions throughout the pleading establish distinct purposes. *See* Br. at 23 (describing and citing defendants' diverse purposes).

### (d)   Plaintiffs Do Not Establish RICO Standing

To sustain a RICO claim, Plaintiffs must establish that a concrete loss to business or property was caused by the alleged racketeering conduct. *Canyon Cnty. v. Syngenta Seeds, Inc.*, 519 F.3d 969, 975 (9th Cir. 2008); *see* Br. at 19-20. For efficiency before this Court, Mr. Juracek incorporated the argument of Trammell Crow, Jr., and likewise does so for this Reply. *See* Dkt. 90 at 8-10.

### (e)   Plaintiff Hubbard's Claims Are Time Barred

Plaintiff Julia Hubbard opposes the showing that her claims are time barred with an offer to "allege additional facts" regarding events allegedly taking place in December 2018; one month within the four-year limitations period for a RICO claim. Opp. at 19. Concededly, then, the bulk of the allegations in the Complaint occurred

outside the limitations period. For efficiency before this Court, Mr. Juracek incorporated the argument of Trammell Crow, Jr. and likewise does so for this Reply. *See* Dkt. 90 at 14.

### 2.   *The Complaint Does Not Allege A 1962(D) Conspiracy*

At the outset, Plaintiffs do not dispute that a RICO conspiracy claim fails where a complaint does not adequately allege a substantive RICO violation. *Howard v. America Online, Inc.*, 208 F.3d 741, 751 (9th Cir. 2000); *see* Br. at 25; *cf.* Opp. at 20. The conspiracy claim fails on this basis. Additionally, it fails because nothing in the Complaint indicates that Mr. Juracek "agreed to commit, or participated in, a violation of two predicate offenses." *Howard*, 208 F.3d at 751; Br. at 25. The crux of any legal "conspiracy" is a defendant's agreement. *E.g.*, *United States v. Loveland*, 825 F.3d 555, 557 (9th Cir. 2016) ("Conspiracy means an agreement to commit a crime[.]"); *People v. Johnson*, 57 Cal.4th 250, 258 (2013) ("[C]onspiracy punishes the agreement itself[.]"). Plaintiffs' Opposition misstates Mr. Juracek's argument—it is irrelevant for Plaintiffs to allege that he "at all relevant times had full knowledge" about the Enterprise because they do not (and cannot) allege that he agreed to commit racketeering predicate acts. *See Salinas v. United States*, 552 U.S. 52 (1997) (holding that a RICO conspiracy claim requires establishing that a defendant "knew about ***and agreed to facilitate*** the [RICO] scheme") (emphasis added). Plaintiffs cannot proceed under 1962(d).

### CONCLUSION

Nothing in the Complaint plausibly suggests that Mr. Juracek was engaged in sex trafficking, labor trafficking, or racketeering, and nothing in the Opposition shows otherwise. There are no grounds for Mr. Juracek to remain in this lawsuit, both as a matter of substance under Rule 12(b)(6) and on the question of jurisdiction under Rule 12(b)(2). Accordingly, Mr. Juracek respectfully requests dismissal of the Complaint against him with prejudice.

1   DATED: April 14, 2023              QUINN EMANUEL URQUHART & SULLIVAN, LLP

2

3

4                                      By _____/s/ *Diane Doolittle*_____

5

6                                         Diane Doolittle
                                          Alex Bergjans
7                                         Adam J. DiClemente

8                                         *Attorneys for Defendant Coe Juracek*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Coe Juracek, certifies that this brief contains 15 pages, which complies with the page limit set by the Court's Initial Standing Order in this case, dated December 5, 2022 (Dkt. 24).

DATED: April 14, 2023                QUINN EMANUEL URQUHART &
                                     SULLIVAN, LLP


                                     By ___/s/ *Diane Doolittle*_____

                                        Diane Doolittle
                                        Alex Bergjans
                                        Adam J. DiClemente

                                        *Attorneys for Defendant Coe Juracek*