Indira J. Cameron-Banks (Cal. Bar No. 248634)
 *indira@cameronjones.law*
Terrence M. Jones (Cal. Bar No. 256603)
 *terrence@cameronjones.law*
C A M E R O N | J O N E S LLP
8383 Wilshire Boulevard, Suite 800
Beverly Hills, California 90211
424.757.0585 | www.cameronjones.law

Attorneys for DEFENDANT
Benjamin Todd Eller

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA HUBBARD and KAYLA GOEDINGHAUS,<br><br>       Plaintiff(s),<br><br>vs.<br><br>TRAMMELL S. CROW JR., et al.<br><br>       Defendant(s). | Case No.: 2:22-CV-7957-FAR-MAA<br><br>DEFENDANT BENJAMIN TODD ELLER'S REPLY BRIEF IN SUPPORT OF HIS MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) and 8(a)<br><br>DATE:  April 28, 2023<br>TIME:  1:30 p.m.<br>CRTM:  6B<br><br>Honorable Fernando L. Aenlle-Rocha |

## I. INTRODUCTION

Plaintiffs allege to have suffered abuse at the hands of their shared partner, Defendant Richard Hubbard, and with this action have sought to capitalize on their traumatic experiences by suing everyone they believed had some interaction with him during the timeframe of their relationships. Defendant Benjamin Todd Eller ("Eller") is one of these individuals under federal criminal statutes, namely provisions of the Trafficking Victims Reauthorization Act ("TVPRA"), 18 U.S.C. § 1589 and/or § 1591, or the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. 1962(c) and (d).

However, as set forth in Eller's Motion to Dismiss ("Motion"), the Complaint fails to any set of facts giving rise to any plausible claim that Eller engaged in misconduct for which he should be held liable under these statutes.

In their opposition brief, Plaintiffs were given an opportunity to specifically explain and set forth how the factual allegations in the Complaint allow this Court to reasonably infer that there are sufficient facts to establish any claim for relief against Eller under the TVPRA and/or RICO. Plaintiffs highlighted eleven (11) paragraphs which fall far below that threshold, and accordingly the Complaint should be dismissed pursuant to Fed. R. Civ. P. 8(a) or 12(b)(6) for failing to set forth any plausible claim for relief against Eller.

## II. THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 8(a) FOR IMPERMISSIBLE SHOTGUN PLEADING OF CLAIMS

Plaintiffs do not oppose what Eller described in his Motion as an impermissible shotgun pleading that violates Fed. R. Civ. P. 8(a) because it is specifically intended to overwhelm Eller, and all the defendants, "with an unclear mass of allegations" and make it impossible for Eller or any defendant to respond in an informed manner. (Def. Mtn., 4-6; see *Sollberger v. Wachovia Sec.*, LLC, No. SACV 09-0766-AG-ANx, 2010 U.S. Dist. LEXIS 66233, *11 (C.D. Cal. June 30, 2010).)

Moreover, it is impossible for Eller, or any other Defendant, to know exactly what he is accused of doing wrong, or why he is being sued for violation of federal criminal statutes in federal court.

Accordingly, this shotgun pleading Complaint should be dismissed because it is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action" and "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015) (setting forth four common types of shotgun pleading in complaints); see also Fed. R. Civ. P. 41(b); *Sollberger,* 2010 U.S. Dist. LEXIS 66233, *13 (shotgun pleading warrants dismissal)  For this reason alone, the instant Complaint should be dismissed because each and every cause of action relies on a threadbare recitation of the elements against all the defendants, collectively, without any indication about what specific conduct or factual circumstances liability rests for each and every defendant specifically.

### III. THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 8(a) and 12(b)(6) FOR FAILING TO PLEAD ANY PLAUSIBLE CLAIMS FOR RELIEF

To survive a motion to dismiss, a complaint must comport with Fed. R. Civ. P. 8 and "contain sufficient factual matter, accepted as true, to 'state a claim to relief that **is plausible** on its face.'" (emphasis added) *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Moreover, the factual content in the complaint must give rise to "the reasonable inference" that the defendant is liable for the alleged misconduct.  *Id*. at 663 (*citing Twombly*, 550 U.S. at 556) based on the court's "judicial experience and common sense." *Id*. at 664 (*citing Twombly*, 550 U.S. at 556).  While plausibility is not probability, it is

"**more than a sheer possibility**" that Plaintiffs are entitled to relief. (emphasis added) *Id.* at 678; Fed. Rule Civ. Proc. 8(a)(2); see also Pl. Opp. 5, 13-15.) As the Court in *Iqbal* explained, Rule 8 requires a complaint to contain factual allegations that "nudge" a pleaded claim "across the line from conceivable to plausible." *Id.* at 680. The instant Complaint does not cross that line, nor come anywhere near that line.

In their opposition brief, Plaintiffs argue that following eleven (11) paragraphs are what the Court should focus on in order to establish plausible claims under the TVPRA and RICO against Eller. (Pl. Opp. 5, 15-28; 7, 9-14; 7, 22-27; 8, 17-18l; and 9, 11-23)[1] However, these following eleven (11) allegations fall short stating a possible actionable claim of misconduct under *any* theory, let alone plausible one under the TVPRA or RICO:

> 122. First, the Venture needed women to traffic, but Rick was ready and willing to traffic his wife, Hubbard. While Rick knew that

---

[1] The Plaintiff's opposition briefing also seemingly cites other allegations in Paragraph 11 that Plaintiffs purportedly told Eller that Richard (Rick) Hubbard "was fraudulently obtaining drugs in order to force them to commit sex acts," (Pl. Opp. 8, 16; 9, 14-17); and Paragraphs 19-21 that Defendant Cody Mitchell would threaten Plaintiffs and had naked photographs of them (Pl. Opp. 10, 19-25); and the location of Plaintiffs' residences (Pl. Opp. 10, 19-25). These allegations are about Plaintiffs and other Defendants, adding nothing to the Court's ability to make a reasonable inference that Defendant Eller violated either the TVPRA or RICO.

While for the purposes of the instant Motion to Dismiss the Court is supposed to accept all pleaded facts as true. *See Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). The Federal Rules of Civil Procedure, specifically Rule 11, sets forth an expectation that the pleaded allegations reasonably based on a belief they are true, will have evidentiary support, are non-frivolous, and not presented for an improper purpose. However, Defendant Eller's Statement in response to the Court's Order to Show Cause regarding venue highlights allegations that Plaintiffs and their counsel knew or should have known were false, fraudulent and/or intentionally misrepresented, including the images on pages 20 and 22 of the Complaint, and factual allegations in paragraphs 8, 14, 16, 18, 124, 127, 130-33, 138-40, 144, 288, 304, 305, and 310 of the Complaint.

Hubbard would not agree to this, Rick realized that he could use the sex parties they had been arranging as a cover.

 124. Rick and Eller's scheme worked like this: Eller would claim that Hubbard was his patient and had serious psychological issues requiring heavy medication. Rick would then procure high doses of drugs, including Xanax, Adderall, Oxycodone, Marinol, Soma, Lorezapan, Ambien, and Trazadone, and force Hubbard to take them in high doses order to make her pliable. Rick kept these drugs in what he called his "prescription bar."

 129. Beyond the drugs themselves, Eller's credibility as a respected psychologist—including the very fact that he represented such drugs as necessary for Hubbard—gave Rick and the Venture even further control over Hubbard.

 130. As Eller knew very well, psychologists are given great deference when giving what they represent as their professional opinion, especially psychologists with a respectable professional background who insist that their patient needs medication. If Eller said that Hubbard was a danger to herself and her daughter, and particularly if he was willing to say so under oath, few people would believe Hubbard over him.

 131. Eller, having been a psychologist for decades, realized how powerful this was: it meant that Hubbard would be unlikely to be believed by the police or by courts, meaning that she had no recourse to anything that Rick might force her to do, and if she did try to resist, she was unlikely to retain any custody of her daughter. Any protests that Hubbard made would simply be dismissed as paranoid delusions.

 283. After Goedinghaus confided in Rick of past sexual abuse, Rick introduced Goedinghaus to Defendant Eller, whom he claimed was the "best" psychologist, and told Goedinghaus that Eller was the "life coach" of famed motivational speaker Tony Robbins.

 284. Goedinghaus began having phone calls with Eller one a week beginning in January or February 2019.

 285. Eller first presented himself as a therapist and life coach. However, it gradually became apparent that Eller had an ulterior motive in his role in the Venture, and Eller began insisting that Goedinghaus

needed medication and needed to stay with Rick because he provided a highly supportive environment for her.

286. In February 2019, Rick began forcing Goedinghaus to perform sex acts, including with Scott Brunson in Austin, Texas, and then with Ralph Rogers in the summer of 2019 in exchange for Rick to avoid an eviction.

287. Rick would also force Goedinghaus to attend sex clubs, including one called Friends, where he forced Goedinghaus to walk around naked, have public sex with Rick, or a woman that Rick found, while others watched. At one of these parties in Austin, Goedinghaus was forced to have sex with a woman while twenty men watched her and masturbated. Rick further forced Goedinghaus to find women at these parties, who Rick would also force to perform sex acts.

288. Rick would force Goedinghaus to perform these forced commercial sex acts by beatings, choking (on at least twenty-five occasions, often until she was unconscious), threats, and drugs procured by the assistance of Defendants Eller and Miller.

(Compl. ¶¶ 122, 124, 129-131, 283-288; *See* Pl. Opp. 5, 15-28; 7, 9-14; 7, 22-27; 8, 17-18l; and 9, 11-23)

These eleven (11) paragraphs detail **at best how Richard (Rick) Hubbard** -- not Eller: (a) used Plaintiffs' sex parties to traffic Plaintiffs, (b) procured drugs that he kept and forced Hubbard to take to make her pliable, (c) forced Goedinghaus to perform sex acts, and (d) made representations to Plaintiffs about Eller's reputation. **That is all**.

These allegations do not – and cannot -- lead to any plausible claim that Eller violated the TVPRA, or could be held liable for such claims as set forth in either the First or Second Causes of Action because none of these allegations give rise to a reasonable inference that Eller engaged in the necessary requisite conduct to establish a violation under the TVPRA. (Def. Mtn, 7-11) Specifically, these allegations do not lead to the reasonable inference that Eller (a) knowingly recruited, enticed, harbored, transported, provided, obtained, maintained, patronized or solicited Plaintiffs to

engage in a commercial sex act that he knew was being performed by force or threats of force; (b) knowingly caused Plaintiff's to engage in a commercial sex act; (c) had actual knowledge of the purported trafficking "venture" involving Plaintiffs and assisted, supported and/or facilitated it; (d) knowingly benefited from the purported trafficking "venture" involving Plaintiffs; (e) actually knew, or should have known, about the purported trafficking venture that was providing or obtaining the labor or services of Plaintiffs through threats, harm, physical restraint, or abuse of process; (f) knowingly provided or obtained the labor or services of Plaintiffs' for anyone through force, threats of force, physical restraint, harm, threats of harm, abuse of law or legal process; or (g) knowingly received anything of value from knowing participation in the purported trafficking "venture." (Id.)

Further, these allegations <u>do not</u> lead to any plausible claim that Eller violated RICO, or could be held liable for such claims as set forth in either the Third or Fourth Causes of Action because none of these allegations give rise to a reasonable inference that Eller engaged in the necessary requisite conduct to establish a violation under the RICO. (Def. Mtn, 12-15) Specifically, these allegations do not lead to the reasonable inference that Eller (a) operated or managed a purported RICO enterprise or (b) that there was even a purported RICO enterprise; (c) participated in a pattern of racketeering activity that (d) harmed Plaintiffs' "business or property"; or (e) had actual knowledge of a conspiracy, or criminal objective of an agreement to commit a substantive violation of RICO by other defendants. (Id.)

In sum, even when given the opportunity to explain and specifically identify the allegations against Eller that "nudge" the four pleaded claims against him under the TVPRA and RICO statutes "across the line from conceivable to plausible" Plaintiffs are unable to do so. Accordingly, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 8(a) and 12(b)(6) for failure to state any claim against Eller.

## IV. CONCLUSION

For the reasons set forth in his Motion and herein, Defendant Eller seeks dismissal of the Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and 8(a).

DATED: April 14, 2023                                   CAMERON JONES LLP

                                                                 */s/ Indira J. Cameron-Banks*
                                                                 Indira J. Cameron-Banks
                                                                 Terrence M. Jones

                                                                *Attorneys For* DEFENDANT
                                                                 Benjamin Todd Eller

BENJAMIN TODD ELLER'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT